# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERRY CAPITAL LLC,<br><br>                    Plaintiff,<br>      v.<br><br>JACOB J. LEW, *et al.*,<br><br>                    Defendants. | Civil Action No. 13-cv-1025 (RLW) |
| FAIRHOLME FUNDS, INC., *et al*.,<br><br>                    Plaintiffs,<br>      v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>                    Defendants. | Civil Action No. 13-cv-1053 (RLW) |
| ARROWOOD INDEMNITY COMPANY,<br>*et al.*,<br><br>                    Plaintiffs,<br>      v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, *et al.*,<br><br>                    Defendants. | Civil Action No. 13-cv-1439 (RLW) |
| In re Fannie Mae/Freddie Mac Senior Preferred<br>Stock Purchase Agreement Class Action Litigations<br>_____<br>This document relates to:<br>ALL CASES | Misc. Action No. 13-mc-01288 (RLW) |

## MOTION FOR JUDICIAL NOTICE BY DEFENDANTS FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR FANNIE MAE AND FREDDIE MAC, <u>FHFA DIRECTOR MELVIN L. WATT, FANNIE MAE, AND FREDDIE MAC</u>

Pursuant to Federal Rule of Evidence 201, Defendants Federal Housing Finance Agency

("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association

("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," together with Fannie Mae, the "Enterprises"), Melvin L. Watt, in his official capacity as Director of FHFA[1] (together with FHFA, the "FHFA Defendants"), and the Enterprises hereby move the Court to take judicial notice of the documents identified herein for purposes of resolving the FHFA Defendants' and the Enterprises' Motion to Dismiss and also to consider the materials indentified herein as having been incorporated by reference into the complaints.[2]

## ARGUMENT

Federal Rule of Evidence 201 provides that, "if a party requests it and the court is supplied with the necessary information," a court "must" take judicial notice of a fact "not subject to reasonable dispute" in that it is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2), (c)(2). "A court may take judicial notice of a matter of public record without converting a motion to dismiss into a motion for summary judgment." *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 38 n.3 (D.D.C. 2008); *see also Hollie v. Smith*, 813 F. Supp. 2d 214, 219 n.6 (D.D.C. 2011) (courts may consider "verifiable public document[s] . . . without converting [a] motion to dismiss into a motion for summary judgment"); *Wise v. Glickman*, 257 F. Supp. 2d 123, 129 n.5 (D.D.C. 2003) (courts may take notice of matters "in the general public record").

---

[1]    Because he has succeeded Edward DeMarco, the originally-named defendant, as FHFA Director, Melvin L. Watt "is automatically substituted as a party" under Federal Rule of Civil Procedure 25(d).

[2]    The Treasury Defendants in the above-captioned actions also join in this request.

Counsel for the FHFA Defendants informed counsel for Plaintiffs of their intention to file this motion and provided a list of the documents identified herein. Counsel for Plaintiffs indicated that Plaintiffs will oppose the motion.

Additionally, documents referred to and relied upon in a complaint are effectively incorporated by reference into the complaint, and therefore can be considered by the Court in resolving a motion to dismiss without converting it into a motion for summary judgment. *See Hinton v. Corrections Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2006); *Krooth & Altman v. N. Am. Life Assurance Co.*, 134 F. Supp. 2d 96, 99 (D.D.C. 2001).

Each of the documents identified below are public records or publicly available documents that are capable of accurate and ready determination, and for which FHFA has provided the necessary information.  Accordingly,  FHFA respectfully requests that the Court take judicial notice of these documents.  Additionally, the complaints in these actions refer to and rely upon many of these documents, and thus effectively incorporate the documents into the complaints by reference.  The Court may also consider the documents on this basis alone.

## I.    Judicially-Noticeable Documents

### A.    Government Documents

Government documents located on government websites are considered part of the public record and are thus proper subjects for judicial notice.  *See, e.g., Hyson v. Architect of Capitol*, 802 F. Supp. 2d 84, 91 n.4 (D.D.C. 2011) ("The Court takes judicial notice of this description of federal agency EAPs, which comes from the website of the U.S. Office of Personnel Management" because "a document from OPM's website [is] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal citation and quotation marks omitted); *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n.15 (D.D.C. 2008), *rev'd on other grounds*, 666 F.3d 1344 (D.C. Cir. 2010) ("due to the fact that the document is located on the website for the United States Office of Personnel Management, it is capable of accurate and ready determination by resort to sources whose accuracy cannot

reasonably be questioned, and therefore is subject to judicial notice by the Court.") (internal

quotation marks omitted).  Thus, courts routinely take judicial notice of such documents and

records.  *See, e.g.*, *Seifert v. Winter*, 555 F. Supp. 2d 3, 11 n.5 (D.D.C. 2008) (collecting cases

permitting judicial notice of governmental agency documents); *see also Kaempe v. Myers*, 367

F.3d 958, 965 (D.C. Cir. 2004).

Accordingly, the Court may take judicial notice of the following documents, which are

true and correct copies of records of federal government entities:

- **FHFA0252, at 0252-0253**:[3] FHFA, Mortgage Market Note (Dec. 5, 2008), *available at* http://www.fhfa.gov/webfiles/1241/mmnote084.pdf.

- **FHFA0686, at 0693**: FHFA, 2008 Report to Congress (May 18, 2009), *available at* http://www.fhfa.gov/webfiles/2335/FHFA_ReportToCongress2008508rev.pdf.

- **FHFA1198, at 1203**: FHFA, 2009 Report to Congress (May 25, 2010), *available at* http://www.fhfa.gov/webfiles/15784/FHFAReportToCongress52510.pdf.

- **FHFA1148, at 1165**: Congressional Budget Office, Budgetary Treatment of Fannie Mae and Freddie Mac (Jan. 13, 2010)), *available at* http://www.cbo.gov/sites/default/files/cbofiles/ftpdocs/108xx/doc10878/01-13-fanniefreddie.pdf.

- **FHFA1391, at 1392**: U.S. Dept. of the Treasury, 2010 Performance and Accountability Report (Nov. 15, 2010), *available at* http://www.treasury.gov/about/organizational-structure/offices/Mgt/Documents/2010_Treasury_complete_PAR%20Nov30.pdf.

- **FHFA4047**: FHFA Statement (Aug. 17, 2012), *available at* http://www.fhfa.gov/webfiles/24203/FINAL_FHFA_PSPA_8172012.pdf.

- **FHFA4088, at 4089**: Data as of November 14, 2013 on Treasury and Federal Reserve Purchase Programs for GSE & Mortgage-Related Securities, *available at* http://www.fhfa.gov/webfiles/25784/TSYSupport%202013-11-13.pdf.

---

[3]    Documents contained in FHFA's Document Compilation (Doc. # 27 (No. 13-cv-1025)) are referred to herein by reference to their Bates number.  The first Bates number refers to the first page of the document, and the second Bates number or range refers to the pertinent portion of the document.  Documents not contained in FHFA's Document Compilation are attached hereto as Exhibits.

- **FHFA1178, at 1181**: Letter from Edward J. DeMarco to Senators Dodd and Shelby and Representatives Frank and Bachus (Feb. 2, 2010).[4]

- **Exhibit A**: Treasury Press Release (Aug. 17, 2012), *available at* http://www.treasury.gov/press-center/press-releases/Pages/tg1684.aspx.

### B.        Congressional Testimony

Courts may take "judicial notice of the content of hearings and testimony before . . . congressional committees and subcommittees." *Adarand Constructors v. Slater*, 228 F.3d 1147, 1168 n.12 (10th Cir. 2000); *see also Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 n.5 (2d Cir. 2008) (explaining that "congressional testimony is an appropriate subject for judicial notice as a public record for the fact that the statements were made" and taking judicial notice of defendant's statements to Congress in reversing district court's decision on motion to dismiss).

Accordingly, the Court may take judicial notice of the following documents, which are true and correct copies of records of congressional testimony:

- **FHFA0029, at 0103, 0105, 0106, 0107**: Statement of James B. Lockhart III, FHFA Director, at the Oversight Hearing to Examine Recent Treasury and FHFA Actions Regarding the Housing GSEs Before the House Committee on Financial Services, 110th Congress (Sept. 25, 2008), *available at* http://www.gpo.gov/fdsys/pkg/CHRG-110hhrg45626/pdf/CHRG-110hhrg45626.pdf.

- **FHFA1187, at 1191, 1192**: Written Testimony of Timothy F. Geithner, Secretary of the United States Department of the Treasury, Before the House Committee on Financial Services (Mar. 23, 2010), *available at* http://www.treasury.gov/press-center/press-releases/Pages/tg603.aspx.

- **FHFA2359, at 2362**: Statement of Deborah Lucas, CBO Assistant Director for Financial Analysis Before the House Committee on the Budget (June 2, 2011), *available at* http://www.cbo.gov/sites/default/files/cbofiles/ftpdocs/122xx/doc12213/06-02-gses_testimony.pdf.

---

[4]     This letter is judicially noticeable as official correspondence between government officials, not subject to reasonable dispute. *See, e.g.*, *LeBoeuf, Lamb, Greene & MacRae, LLP v. Abraham*, 347 F. 3d 315, 325 (D.C. Cir. 2003) (taking judicial notice of a letter sent by the Secretary of the Department of Energy to the Speaker of the House of Representatives); *Anacostia Watershed Society v. Babbitt*, 871 F. Supp. 475, n.5 (D.D.C. 1994) (taking judicial notice of letter from the Assistant Secretary of the Interior to a member of Congress).

C.     **SEC Filings and Other Corporate Documents of the Enterprises**

Filings with the Securities and Exchange Commission ("SEC") "are matters of public record" and thus "are properly the subject of judicial notice." *DiLorenzo v. Norton*, No. 07-cv-144, 2009 WL 2381327, at *2, n.7 (D.D.C. July 31, 2009) (citing *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993)).  "[T]herefore [a] [c]ourt may . . . consider them on review of [a] motion to dismiss." *Id.*  Accordingly, the Court may take judicial notice of the following documents, which are true and correct copies of public filing made by the Enterprises with the SEC, available on the SEC's website (EDGAR):

- **FHFA0258, at 0293**: Fannie Mae, Form 10-K 2008 (Feb. 13, 2009).

- **FHFA1419, at 1457, 1480**: Fannie Mae Form 10-K 2010 (Fed. 24, 2011).

- **FHFA1822, at 1832**: Freddie Mac, Form 10-K 2010 (Feb. 24, 2011).

- **FHFA2193, at 2251**: Fannie Mae, Form 10-Q Q1 (May 6, 2011).

- **FHFA2423, at 2437**: Freddie Mac, Form 10-Q Q3 (Nov. 3, 2011).

- **FHFA3584, at 3680**: Freddie Mac, Form 10-Q Q2 (Aug. 7, 2012).

- **FHFA3842, at 3857, 3858**: Fannie Mae, Form 10-Q  Q2 (Aug. 8, 2012).

- **Exhibit B**: Fannie Mae, Form 10-K 2009 at 198-201, 247-48 (Feb. 26, 2010).

Other corporate records and documents are likewise the proper subjects of judicial notice when they satisfy the requirements of Rule 201.  *See, e.g.*, *In re Lorazepam & Clorazepate Antitrust Litig.*, 900 F. Supp. 2d 8, 18 (D.D.C. 2012) (taking judicial notice of "corporate filings stored online in public records"); *Sears v. Magnolia Plumbing, Inc.*, 778 F. Supp. 2d 80, 84 (D.D.C. 2011) (permitting "judicial notice of certain corporate resolutions filed . . . with the Maryland Department of Assessments and Taxation"); *Alvara v. Aurora Loan Servs., Inc.*, No.

09-cv-1512, 2009 WL 168940, at *1 n.3 (N.D. Cal. June 16, 2010) (taking judicial notice of

material from Fannie Mae's website).

Accordingly, the Court may take judicial notice of the following, which are true and

correct copies of Enterprise corporate records and documents, accessible through the Fannie Mae

or Freddie Mac websites, making them "publically available" and "verifiable public document[s]

. . . subject to judicial notice."  *Sears*, 778 F. Supp. 2d at 84 n.6.

- **FHFA2178, at 2187**:  Press Release, Freddie Mac, Freddie Mac Announces Q4 2010 Financial Results (Feb. 24, 2011), *available at* http://freddiemac.mwnewsroom.com/manual-releases/2011/Freddie-Mac-Reports-Fourth-Quarter-and-Full-Year-2.

- **Exhibit C**: Freddie Mac, Certificate of Designation for Series M Preferred Stock (Jan. 26, 2001), *available at* http://www.freddiemac.com/investors/pdffiles/0101cir.pdf.

- **Exhibit D**: Fannie Mae, Certificate of Designation for Series T Preferred Stock (May 13, 2008), *available at*  http://www.fanniemae.com/resources/file/ir/pdf/stock-info/series_T_05152008.pdf.

- **Exhibit E**: Freddie Mac, Eighth Amended and Restated Certificate of Designation for Common Stock (Sept. 10, 2008), *available at* http://www.freddiemac.com/investors/pdffiles/8th-cert-of-designation.pdf.

- **Exhibit F**: Fannie Mae Bylaws (as amended through Jan. 30, 2009), *available at* http://www.fanniemae.com/resources/file/aboutus/pdf/bylaws.pdf.

Similarly, the Court may take judicial notice of the Preferred Stock Purchase Agreements

("PSPAs") between the Enterprises and Treasury, which are likewise publically available.[5]

- **FHFA0128-0141**: Fannie Mae, Amended and Restated Senior Preferred Stock Purchase Agreement (Sept. 26, 2008), *available at* http://www.fhfa.gov/webfiles/23898/seniorpreferredstockpurchaseagreementfnm1.pdf.

- **FHFA0676-0680**: Fannie Mae, First Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (May 6, 2009), *available at* http://www.fhfa.gov/webfiles/23892/FannieMae509Amendment.pdf.

---

[5]    The PSPA for Freddie Mac is materially identical to the PSPA for Fannie Mae, and is thus not included here.  The PSPA for Freddie Mac and its corresponding Amendments can be found in FHFA's Document Compilation at FHFA0142-0155, FHFA0681-0685, FHFA1142-1147, FHFA4039-4046.

- **FHFA1136-1141**: Fannie Mae, Second Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (Dec. 24, 2009), *available at* http://www.fhfa.gov/webfiles/23899/FanniesecondAmendment.pdf.

- **FHFA4031-4038**: Fannie Mae, Third Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (Aug. 12, 2012), *available at* http://www.treasury.gov/press-center/press-releases/Documents/Fannie.Mae.Amendement.pdf.

### D.    Publications and News Articles

Courts routinely take judicial notice of news articles and other publications. *See, e.g., Ieradi v. Mylan Labs., Inc.*, 230 F. 3d 594, 597-98 n.2 (3d Cir. 2000) (taking judicial notice of the terms of a settlement agreement between defendant and the FTC through "an article in the New York Times"); *Winder v. Erste*, 905 F. Supp. 2d 19, 37 n.8 (D.D.C. 2012) (article from the Washington Times was a "matter[] of a general public nature," and thus the proper subject of judicial notice); *United States v. Philip Morris USA Inc.*, No. 99-cv-2496, 2004 WL 5355971, at *1 (D.D.C. Aug. 2, 2004) (taking judicial notice of the publication and circulation of various newspaper and magazine articles); *Gov't of Rwanda v. Rwanda Working Grp.*, 227 F. Supp. 2d 45, 60 n.6 (D.D.C. 2002) ("The court takes judicial notice of the [Washington Post] article, which ran on October 19, 1994").

Accordingly, the Court may take judicial notice of the following publications:

- **FHFA4026**: Nick Timiraos, *Fannie Mae Posts Profit as Home Prices Rise*, Wall St. J. (Aug. 8, 2012).

- **FHFA2403, at 2404**: Moody's, *Sector Comment: Plan To Raise Fannie Mae and Freddie Mac Guarantee Fees Raises Question of Support* (Sept. 26, 2011).

- **FHFA3096, at 3101**: Deutsche Bank, *The Path of US Support for Fannie Mae, Freddie Mac* (Mar. 14, 2012).

- **FHFA4026, at 4028**: Moody's, *Issuer Comment: Fannie Mae's and Freddie Mac's Return to Profitability is Fleeting* (Aug. 13, 2012).

- **FHFA4048, at 4049**: Barclays, *Interest Rates Research, Treasury Changes the PSPAs: Initial Thoughts* (Aug. 17, 2012).

- **FHFA4051**: Moody's, *Issuer Comment*: *US Treasury Amends Fannie Mae's and Freddie Mac's Capital Agreement, a Credit Positive* (Aug. 23, 2012).

## II.    Documents Incorporated by Reference into the Complaints

In addition to taking judicial notice under Federal Rule of Evidence 201, courts may also consider "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant on a motion to dismiss." *Hinton*, 624 F. Supp. 2d at 46 (internal quotation marks and citations omitted); *see also Ruffin v. Gray*, 443 F. App'x 562, 562-63 (D.C. Cir. 2011) (district court properly considered documents "incorporated by reference in the complaint" without converting a motion to dismiss to one for summary judgment); *Berry v. Coastal Int'l Sec. Inc.*, -- F. Supp. 2d --, 2013 WL 4831940, at *1 n.1 (D.D.C. Sept. 11, 2013) (considering on motion to dismiss documents "referred to in the complaint and . . . therefore incorporated by reference").

Thus, the following documents may be considered by the Court for purposes of resolving FHFA's motion to dismiss on the independent basis that these documents are cited to and relied on in the complaints:

## Preferred Stock Purchase Agreement ("PSPAs") and Amendments

- **FHFA0128-0141**: Fannie Mae, Amended and Restated Senior Preferred Stock Purchase Agreement (Sept. 26, 2008).

- **FHFA0676-0680**: Fannie Mae, First Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (May 6, 2009).

- **FHFA1136-1141**: Fannie Mae, Second Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (Dec. 24, 2009).

- **FHFA4031-4038**: Fannie Mae, Third Amendment to Amended and Restated Senior Preferred Stock Purchase Agreement (Aug. 12, 2012).

**Common and Preferred Stock Certificates**[6]

- **Exhibit C:** Freddie Mac, Certificate of Designation for Series M (Jan. 26, 2001).

- **Exhibit D**: Fannie Mae, Certificate of Designation for Series T Preferred Shares (May 13, 2008).

- **Exhibit E**: Freddie Mac, Eighth Amended and Restated Certificate of Designation for Common Stock (Sept. 10, 2008).

**FHFA and Treasury Announcements Regarding Third Amendment**

- **FHFA4047**: FHFA Statement (Aug. 17, 2012) (cited at Consol. Compl. ¶ 95; Arrowood Compl. ¶ 90; Fairholme Compl. ¶¶ 71-72; Perry Compl. ¶¶ 52, 55).

- **Exhibit A**: Treasury Press Release (Aug. 17, 2012) (cited at Consol. Compl. ¶¶ 17, 72, 94,111; Arrowood Compl. ¶¶ 74-78; Fairholme Compl. ¶¶ 10, 65, 71; Perry Compl. ¶¶ 17, 48, 52).

**FHFA OIG Reports**

- **FHFA3533, at 3534, 3545, 3557, 3558**: FHFA Office of Inspector General Report, Fannie Mae and Freddie Mac: Where the Taxpayers' Money Went, WPR-2012-02 (May 24, 2012) (cited at Perry Compl. ¶ 17).

- **Exhibit G**: FHFA Office of Inspector General, Analysis of the 2012 Amendments to the Government Stock Purchase Agreements (Mar. 20, 2013) (cited at Consol. Compl. ¶¶ 19, 96; Fairholme Compl. ¶¶ 58, 63, 64, 73; Perry Compl. ¶ 49).

**Enterprise SEC Filings**

- **FHFA0258, at 0293**: Fannie Mae, Form 10-K 2008 (Feb. 13, 2009) (cited at Arrowood Compl. ¶ 57).

- **FHFA1419, at 1457, 1480**: Fannie Mae Form 10-K 2010 (Fed. 24, 2011) (cited at Arrowood Compl. ¶ 61).

- **FHFA1822, at 1832**: Freddie Mac, Form 10-K 2010 (Feb. 24, 2011) (cited at  Arrowood Compl. ¶ 62).

---

[6]    Because the stock certificates are the contracts underlying Plaintiffs' breach of contract claims, the certificates are also considered to be incorporated by reference in the complaints on this basis.  *See, e.g.*, *Prince George's Hosp. Ctr. v. Advantage Healthplan, Inc.*, 865 F. Supp. 2d 47, 50-51 (D.D.C. 2012) (considering contract that was "central to [plaintiff's] claims . . . in determining the motion to dismiss"); *Uhar & Co. v. Jacob*, 710 F. Supp. 2d 45, 49 n.5 (D.D.C. 2010) ("Although the plaintiff did not attach the lease as an exhibit to the complaint, it does reference the lease in its complaint" and "[t]herefore, the court may consider the lease in resolving this motion").

- **FHFA3584, at 3680**: Freddie Mac, Form 10-Q Q2 (Aug. 7, 2012) (cited at Arrowood Compl. ¶ 71; Perry Compl. ¶ 45).

- **FHFA3842, at 3857, 3858**: Fannie Mae, Form 10-Q  Q2 (Aug. 8, 2012) (cited at Arrowood Compl. ¶ 69; Perry Compl. ¶ 45).

- **Exhibit B**: Fannie Mae, Form 10-K 2009 (Feb. 26, 2010) (cited at Arrowood Compl. ¶ 60).

## <u>CONCLUSION</u>

For the foregoing reasons, the FHFA Defendants and the Enterprises respectfully request

that the Court grant this motion and (a) take judicial notice of the documents identified herein

and attached as Exhibits A-G or contained in FHFA's Document Compilation and (b) consider

the materials identified herein as being incorporated by reference into the complaints.

Dated:  January 17, 2014

Respectfully submitted,


/s/ Howard N. Cayne
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
David B. Bergman (D.C. Bar # 435392)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C.  20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Howard.Cayne@aporter.com
Asim.Varma@aporter.com
David.Bergman@aporter.com

*Attorneys for Defendants Federal Housing
Finance Agency and Director Melvin L.
Watt*


s/ Michael Joseph Ciatti
Michael Joseph Ciatti (D.C. Bar # 467177)
mciatti@kslaw.com
Graciela Maria Rodriguez
(D.C. Bar # 438955)
gmrodriguez@kslaw.com
KING & SPALDING, LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C.  20006
Telephone:  202.626.5508
Facsimile:  202.626.3737

*Attorneys for the Federal Home Loan
Mortgage Corporation*

/s/ Paul D. Clement
Paul D. Clement (D.C. Bar # 433215)
pclement@bancroftpllc.com
Stephen V. Potenza (D.C. Bar # 1010066)
(*admitted pro hac vice*)
spotenza@bancroftpllc.com
BANCROFT PLLC
1919 M Street, N.W., Suite 470
Washington, D.C.  20036
Telephone:  202.234.0090
Facsimile:  202.234.2806

*Attorneys for the Federal National
Mortgage Association*