**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations**<br><br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL CASES** | **Misc. Action No. 13-mc-1288 (RCL)**<br><br><br>CLASS ACTION<br><br>**MOTION FOR ENLARGEMENT**<br>**OF TIME** |

**CONSOLIDATED CLASS ACTION AND DERIVATIVE PLAINTIFFS'**
**MOTION FOR ENLARGEMENT OF TIME FOR OPPOSITION TO**
**MOTIONS TO DISMISS AND REQUEST FOR EXPEDITED DECISION**

Consolidated Class Action and Derivative Plaintiffs ("Class Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for an Order enlarging the deadline for their opposition to defendants' motions to dismiss and for summary judgment to the later of: (a) if the Court grants the Discovery Motion (as defined herein),[1] the same deadline the Court sets for the filing of the Fairholme plaintiffs' opposition to defendants' dispositive motions; or (b) if the Court denies the Discovery Motion, 5 days after the Court enters an Order denying the Discovery Motion. Class Plaintiffs' further respectfully request that the Court rule on the instant Motion on or before March 21, 2014. Class Plaintiffs respectfully submit the requested relief will promote judicial efficiency and conservation of Court and party resources, as explained further below and in Class Plaintiffs' forthcoming response in support of their joinder to the Discovery Motion. The Discovery Motion concerns matters highly relevant to defendants'

---

[1] All capitalized but undefined terms shall have the meanings given to such terms in the Class Plaintiffs' Consolidated Amended Class Action and Derivative Complaint [ECF No. 4].

motion to dismiss and, if granted, will render premature briefing on the motions to dismiss under the current schedule.

On November 18, 2013, this Court entered an Order (the "Initial Scheduling Order") [ECF No. 2] setting a schedule for the briefing of dispositive motions in the above-captioned consolidated class and derivative action as well as the related individual actions *Perry Capital, LLC v. Lew*, No. 13-cv-1025-RCL, *Fairholme Funds, Inc., et al. v. Federal Housing Finance Agency, et al.*, No. 13-cv-1053-RCL and *Arrowood Indemnity Co., et al. v. Federal National Mortgage Association, et al.*, No. 13-cv-1439-RCL.

On January 17, 2014, in accordance with the Initial Scheduling Order, defendants filed dispositive motions, including motions to dismiss the Class Plaintiffs' claims for breach of fiduciary duty, breach of contract, and violation of the Takings Clause.  [ECF Nos. 19 and 20]. Pursuant to the Initial Scheduling Order, plaintiffs' responses to defendants' dispositive motions were to be due to be filed on or before February 19, 2014.

After defendants filed their dispositive motions, on February 12, 2014, the Fairholme plaintiffs filed a Motion for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference (the "Discovery Motion") [13-cv-1053-RCL, ECF No. 31].  The Discovery Motion argues, *inter alia*, that limited discovery is necessary to allow the Fairholme plaintiffs to present facts essential to their opposition to defendants' motion for summary judgment on the Fairholme plaintiffs' claim for breach of fiduciary duty.  Two days later, on February 14, 2014, the parties entered into and filed with the Court a Joint Stipulation Regarding Briefing Schedule in All Cases (the "Joint Stipulation") [13-cv-1025, ECF No. 35].  Pursuant to the Joint Stipulation,

plaintiffs' responses to defendants' dispositive motions are currently due to be filed on or before March 21, 2014.

On February 18, 2014, Class Plaintiffs filed a Notice of Joinder and Joinder to the Discovery Motion [ECF No. 23] stating, *inter alia*, that "the relief sought in the [Discovery] Motion is necessary and appropriate, including as to Plaintiffs' class and derivative claims and should be granted."

On February 26, 2014, the United States Court of Federal Claims issued an order granting the Fairholme plaintiffs' motion to take discovery with respect to several factual issues placed in dispute by the Government's motion to dismiss the Fairholme plaintiffs' Takings Clause claim in that court.  In granting such discovery, the Court of Federal Claims suspended briefing on the Government's motions to dismiss.

On March 4, 2014, defendants filed oppositions to the Discovery Motion [13-cv-1053, ECF Nos. 33, 34].

Class Plaintiffs hereby seek an Order enlarging the deadline for their opposition to defendants' motions to dismiss and for summary judgment to the later of: (a) if the Court grants the Discovery Motion (in whole or in part), the same deadline the Court sets for the filing of the Fairholme plaintiffs' opposition to defendants' dispositive motions; or (b) if the Court denies the Discovery Motion, 5 days after the Court enters an Order denying the Discovery Motion.

Good cause exists for the requested enlargement sought by Class Plaintiffs.  First, with respect to the requested extension if the Court enters an Order granting the Discovery Motion (in whole or in part): the Class Plaintiffs and Fairholme plaintiffs advance similar claims – including common claims for breach of fiduciary duty – and the relief sought in the Discovery Motion is necessary and appropriate given similar or identical arguments made in defendants' motions for

dismissal in both cases.  For example, the FHFA defendants rely on disputed material facts to support their motions to dismiss the Fairholme plaintiffs' and the Class Plaintiffs' fiduciary duty claim, and the FHFA defendants and the Treasury defendants proffer jurisdictional arguments for dismissal in both actions under 12 U.S.C. § 4617(f), which necessitates discovery sought by the Discovery Motion, including discovery highly relevant to whether the Net Worth Sweep was outside the FHFA's statutory powers as Conservator to the Companies.

In addition, under the Court's November 18, 2013 Order for Consolidation [ECF No. 1], the two cases are to be coordinated for both "discovery" and "scheduling."  Thus, if the Court grants the Discovery Motion, it would be in the interest of all parties and the Court to coordinate further proceedings, both to allow the Class Plaintiffs to review any discovery obtained in response to the Discovery Motion, to incorporate that discovery into their dispositive briefing, and to file their briefs on the same schedule as the Fairholme plaintiffs.

Further, as noted above and as the Fairholme plaintiffs point out in their March 5, 2014 filing with the Court [13-cv-1053, ECF No. 35], on February 26, 2014, the Court of Federal Claims issued an order: (i) granting the Fairholme plaintiffs' motion to take discovery with respect to several factual issues placed in dispute by the Government's motion to dismiss in that court; and (ii) suspending briefing on the Government's motions to dismiss in that court.  *See Fairholme Funds, Inc. v. U.S.*, No. 13-465 C, 2014 WL 784359 (Fed. Cl. Feb. 26, 2014).  In issuing this order, the Court of Federal Claims found that defendant had raised factual arguments regarding the ripeness of the Fairholme plaintiffs' Takings Clause claims and whether the FHFA could be considered the "United States" for the purpose of Takings Clause claims, and that the Fairholme plaintiffs were entitled to discovery in order to respond to those arguments.  *See id.* at *2.  Significantly, defendants raise exactly the same arguments in opposition to the Class

Plaintiffs' Takings Clause claims.  *See* Treasury Motion To Dismiss/Summary Judgment Briefing [ECF No. 19-1] at 66-68; FHFA Motion To Dismiss/Summary Judgment Briefing [ECF No. 20] at 59-60.  Given the overlap in claims in the Court of Federal Claims and the Class Plaintiffs' complaint here, the factual overlap between the discovery sought in the Court of Federal Claims and the discovery sought here, and the overlap in defendants' arguments for dismissal in both courts, the instant Motion would conserve Court and party resources and avoid unnecessary briefing.

Second, with respect to the requested extension if the Court enters an Order denying the Discovery Motion: Class Plaintiffs seek a short additional amount of time (5 days) to finalize their opposition to defendants' motions to dismiss in the event the Discovery Motion is denied.

Finally, an expedited decision on the Motion is necessary because, as noted above, Class Plaintiffs' opposition to the motions to dismiss is currently due on or before March 21, 2014, 8 days from today.  Accordingly, Class Plaintiffs respectfully request that the Court rule on the instant Motion on or before March 21, 2014.

On March 12 and 13, 2014, counsel for the Class Plaintiffs asked counsel for defendants if they would agree to the relief requested in this Motion.  Counsel for Treasury refused to agree and counsel for Fannie Mae, Freddie Mac and FHFA did not respond.

Accordingly, Class Plaintiffs request that the Motion be granted. A Proposed Order is attached.

Dated:  March 13, 2014                    Respectfully Submitted,

                                          BERNSTEIN LITOWITZ BERGER &
                                          GROSSMANN LLP

                                          */s/ David L Wales*
                                          David L. Wales (Bar No. 417440)
                                          1285 Avenue of the Americas

New York, NY 10019
Tel:  (212) 554-1409
Fax:  (212) 554-1444 (fax)
dwales@blbglaw.com

Blair A. Nicholas
David R. Kaplan
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
blairn@blbglaw.com
davidk@blbglaw.com

BOIES, SCHILLER & FLEXNER LLP

*/s/ Hamish P.M. Hume*
Hamish P.M. Hume
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Tel:  (202) 237-2727
Fax:  (202) 237-6131
hhume@bsfllp.com

GRANT & EISENHOFER, P.A.

*/s/ Geoffrey C. Jarvis*
Jay W. Eisenhofer
485 Lexington Avenue
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:  (646) 722-8501
jeisenhofer@gelaw.com

Geoffrey C. Jarvis
Michael J. Barry
123 Justison Street
Wilmington, DE  19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100
gjarvis@gelaw.com
mbarry@gelaw.com

-6-

KESSLER TOPAZ MELTZER & CHECK, LLP

*/s/ Lee D. Rudy*
Lee D. Rudy
Eric L. Zagar
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
lrudy@ktmc.com
ezagar@ktmc.com
mgoldstein@ktmc.com

*Interim Co-Lead Class Counsel*