UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | Misc. Action No. 13-mc-1288 (RCL) |
| | <u>CLASS ACTION</u> |
| **THIS DOCUMENT RELATES TO: ALL CASES** | NOTICE OF JOINDER, JOINDER AND REPLY BRIEF |

**CONSOLIDATED CLASS ACTION AND DERIVATIVE PLAINTIFFS' NOTICE OF JOINDER, JOINDER AND REPLY BRIEF IN SUPPORT OF THE FAIRHOLME PLAINTIFFS' MOTION FOR SUPPLEMENTATION OF THE ADMINISTRATIVE RECORDS, FOR LIMITED DISCOVERY, FOR SUSPENSION OF BRIEFING ON DEFENDANTS' DISPOSITIVE <u>MOTIONS, AND FOR A STATUS CONFERENCE</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:**

Please take notice that the consolidated class action and derivative plaintiffs in the above-captioned action ("Class Plaintiffs") hereby join in the Fairholme plaintiffs' reply brief in support of their Motion for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference, filed in the related and coordinated action captioned *Fairholme Funds, Inc., et al. v. Federal Housing Finance Agency, et al.*, No. 13-cv-1053-RCL on March 13, 2014 (the "Reply Brief").[1]  The Fairholme plaintiffs' arguments regarding the relevance of the requested discovery to its claims for breach of fiduciary duty are equally applicable to Class Plaintiffs' claims for breach of fiduciary duty and are also applicable to Class Plaintiffs' claims for breach of contract. Reply Brief at 22-24.  One of defendants' central arguments is their contention that Class Plaintiffs' demand for declaratory and injunctive relief is barred by HERA, because their actions in implementing the Third Amendment were purportedly "taken to carry on the business of the Enterprises, put the [Enterprises] in a sound and solvent condition . . . and promote what the Conservator determined to be in the best interests of the [Enterprises] or the [FHFA.]"  FHFA Defendants' Briefing in Support of Their Motion to Dismiss ("FHFA MTD") [13-mc-1288, ECF No. 20] at 26; *see also* Treasury Defendants' Briefing in Support of Their Motion to Dismiss ("Treasury MTD") [13-mc-1288, ECF No. 19-1] at 24 (arguing for dismissal because "HERA grants FHFA, as conservator, the power to 'carry on the business' of the GSEs, and 'put the [GSEs] in a sound and solvent condition" and the Third Amendment was purportedly agreed to for that purpose).  Class Plaintiffs should be given the opportunity to test that contention.

---

[1] A copy of the Reply Brief and supporting papers are attached hereto as Exhibit A.

Class Plaintiffs also write separately to address an issue of particular relevance to their case, namely, a recent court order by the U.S. Court of Federal Claims (the "CFC") in a case involving the same facts as Class Plaintiffs' action, holding that plaintiffs asserting Takings Clause claims in that court are entitled to discovery before responding to the government's motion to dismiss.

As this Court is aware, the Fairholme plaintiffs are proceeding with a parallel action before the CFC, captioned *Fairholme Funds, Inc., et al. v. United States*, No. 13-465 C (Fed. Cl.) (the "Fairholme CFC Action").  Like Class Plaintiffs' action, the Fairholme CFC Action asserts that FHFA and the Treasury should be required to pay just compensation under the Takings Clause of the U.S. Constitution because they have expropriated all of the dividend rights and liquidation rights owned by shareholders of Fannie Mae and Freddie Mac (together, the "Companies"), without offering any compensation to those shareholders.  On December 20, 2013, the Fairholme plaintiffs filed a motion for a continuance to permit discovery in the CFC. On February 26, 2014, the CFC entered an order granting that motion and holding that the Fairholme plaintiffs were "entitled to conduct fact discovery for the purposes of addressing whether this court possesses jurisdiction and responding to defendant's motion to dismiss for failure to state a claim."  *Fairholme Funds, Inc. v. U.S.*, No. 13-465 C, 2014 WL 784359, at *3 (Fed. Cl. Feb. 26, 2014).

The CFC found that the Fairholme plaintiffs were entitled to discovery in order to resolve three factual disputes that had arisen based on assertions made in the government's motion to dismiss brief: (1) whether uncertainty regarding the future profitability of the Companies renders the plaintiffs' claims unripe; (2) whether the conservatorships of the Companies renders the plaintiffs' claims unripe; and (3) whether the FHFA is the "United States" for the purposes of

Takings Clause claims.  *Fairholme*, 2014 WL 784359, at *2.  Defendants raise **each** of these arguments in their pending motions to dismiss Class Plaintiffs' complaint.[2]  Indeed, Class Plaintiffs' action presents Takings Clause claims that are identical in every respect to those at issue in the Fairholme CFC Action except as to the size of individual claims.

Given that discovery is already proceeding in the Fairholme CFC Action, and that such discovery largely, if not entirely, overlaps with the discovery sought before this Court, there is an obvious interest in efficiency and coordination between the two cases that will be served by granting the Fairholme motion.  Moreover, it makes no sense, and is inconsistent with the shared interest in efficiency and coordination of these related cases, to brief the Takings Clause claim in the CFC based on one record, while briefing the Takings Clause claim in this case on a different record.  While the requested discovery is not necessary for the Class Plaintiffs to successfully oppose defendants' motions to dismiss and for summary judgment, granting it would serve the interests of coordinating this action with the Takings Clause claims in the CFC, and will serve the general interest in judicial efficiency.

Accordingly, for the reasons set forth herein and in the Fairholme plaintiffs' briefing, the relief sought in the Fairholme plaintiffs' discovery motion should be granted.

Dated:  March 14, 2014                     Respectfully Submitted,

                                           BOIES, SCHILLER & FLEXNER LLP

                                           */s/ Hamish P.M. Hume*
                                           Hamish P.M. Hume
                                           5301 Wisconsin Ave., NW, Suite 800
                                           Washington, DC 20015
                                           Tel:  (202) 237-2727
                                           Fax:  (202) 237-6131

---

[2] *See, e.g.*, FHFA MTD at 59-60; Treasury MTD at 66-68.

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

*/s/ David L Wales*

David L. Wales (Bar No. 417440)
1285 Avenue of the Americas
New York, NY 10019
Tel:  (212) 554-1409
Fax:  (212) 554-1444 (fax)
dwales@blbglaw.com

Blair A. Nicholas
David R. Kaplan
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  (858) 793-0070
Fax:  (858) 793-0323
blairn@blbglaw.com
davidk@blbglaw.com

GRANT & EISENHOFER P.A.

/s/ *Geoffrey C. Jarvis*

Jay W. Eisenhofer
485 Lexington Avenue
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:  (646) 722-8501
jeisenhofer@gelaw.com

Geoffrey C. Jarvis
Michael J. Barry
123 Justison Street
Wilmington, DE  19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100
gjarvis@gelaw.com
mbarry@gelaw.com

KESSLER TOPAZ MELTZER & CHECK, LLP

*/s/ Lee D. Rudy*
Lee D. Rudy
Eric L. Zagar

5

        Matthew A. Goldstein
        280 King of Prussia Road
        Radnor, PA 19087
        Tel: (610) 667-7706
        Fax: (610) 667-7056

        *Interim Co-Lead Class Counsel*