UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br><br> THIS DOCUMENT RELATES TO: ALL CASES | Misc. Action No. 13-mc-1288 (RCL) <br><br> CLASS ACTION <br><br> DECLARATION OF HAMISH HUME |

**DECLARATION OF HAMISH HUME**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)**

I, HAMISH HUME, hereby declare as follows:

1. I am a partner at the law firm of Boies, Schiller & Flexner, LLP, one of the Co-Lead Counsel for Plaintiffs in the above-captioned action.

2. I submit this declaration in accordance with Federal Rule of Civil Procedure 56(d).

3. The United States Treasury ("Treasury") defendants have moved to dismiss Plaintiffs' Consolidated Amended Class Action and Derivative Complaint (the "Complaint"), or in the alternative for summary judgment. In support of their motion, they have proffered alleged facts outside, or in direct contradiction of, the allegations in the Complaint. Similarly, the Federal Housing Finance Agency ("FHFA") defendants proffer alleged facts outside, or in direct contradiction of, the allegations in the Complaint.

4. At this early stage of the litigation, Plaintiffs have had no opportunity to take discovery. To the extent that the Court is prepared to entertain any motion under Federal Rule of Civil Procedure 56, whether the motion has been explicitly made under that Rule (as with

Treasury) or is to be treated as such pursuant to Federal Rule of Civil Procedure 12(d), Plaintiffs request time and leave to take discovery into, *inter alia*, the following issues raised by defendants' motions:

a. The contention that defendants' actions in implementing the Third Amendment were purportedly "taken to 'carry on the business' of the Enterprises, 'put the [Enterprises] in a sound and solvent condition' . . . and promote what the Conservator determined to be 'the best interests of the [Enterprises] or the [FHFA.]'" *See* FHFA Defendants' Briefing In Support Of Their Motion to Dismiss ("FHFA Memo") [ECF No. 20] at 26.

b. The contention that defendants' actions were part of their response to the 2008 financial crisis, rather than an attempt to expropriate value for the Treasury. FHFA Memo at 1.

c. The contention that Plaintiffs' Takings claims are not ripe because Plaintiffs purportedly cannot show any economic injury. *See* Treasury Defendants' Briefing In Support Of Their Motion To Dismiss ("Treasury MTD") [ECF No. 19-1] at 66-67.

d. The contention that "the conservatorships must end before the plaintiffs' [Takings Clause] claims can ripen," and the related dispute over each party's assessment of future profitability, and over when and how the conservatorship will end. Treasury Memo at 67-68.

e. The contention that Plaintiffs' Takings claims fail because FHFA is not the United States for Takings Clause purposes, and the related question whether the

    FHFA acted at the direct behest or under pressure or influence from the Treasury, or as the Treasury's agent. FHFA Memo at 59-60.

  f. The contention that "When it agreed with FHFA to modify the PSPAs (and, indeed, when it chose to invest in the GSEs in the first place), Treasury was a commercial actor acting as an investor entering into a contractual relationship." Treasury Memo at 64.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my information and belief. Executed this 21st day of March, 2014, at Washington, D.C.

                 _____
                 Hamish Hume