**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br> Defendants. | Civil Action No. 13-cv-1053 (RCL) |
| ARROWOOD INDEMNITY COMPANY, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, <br><br> Defendants. | Civil Action No. 13-cv-1439 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br> _____ <br> This document relates to: <br> ALL CASES | Misc. Action No. 13-mc-01288 (RCL) |

**NOTICE OF SUPPLEMENTAL AUTHORITY BY DEFENDANTS FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR FANNIE MAE AND FREDDIE MAC, FHFA DIRECTOR MELVIN L. WATT, FANNIE MAE, AND FREDDIE MAC IN FURTHER OPPOSITION TO
PLAINTIFFS' MOTION FOR SUPPLEMENTATION OF THE ADMINISTRATIVE RECORDS, FOR LIMITED DISCOVERY, FOR SUSPENSION OF BRIEFING ON <u>DEFENDANTS' DISPOSITIVE MOTIONS, AND FOR A STATUS CONFERENCE</u>**

Defendants the Federal Housing Finance Agency ("FHFA" or the "Conservator"), as Conservator of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," together with Fannie Mae, the "Enterprises"), FHFA Director Melvin L. Watt, Fannie Mae, and Freddie Mac[1] hereby notify the Court of a recent ruling (attached as **Exhibit A**)—issued in a related litigation—in further opposition to Plaintiffs' Motion for Supplementation of the Administrative Records, for Limited Discovery, for Suspension of Briefing on Defendants' Dispositive Motions, and for a Status Conference, *Fairholme Funds, Inc. v. FHFA*, No. 1:13cv01053 (Feb. 12, 2012) (Doc. # 31) (the "Motion for Supplementation").  In this recent decision, another federal district court denied essentially the same relief Plaintiffs seek here—to conduct discovery and expand the administrative record before resolving threshold legal issues.

On February 5, 2014, Continental Western Insurance Company, initiated an action in the U.S. District Court for the Southern District of Iowa against FHFA, its director, and the Department of the Treasury ("Treasury").  *See Continental Western Ins. Co. v. FHFA, et al.*, No. 4:14cv0042 (S.D. Iowa) (the "Iowa Action"); *see also* Doc. # 49 (1:13cv1053) (identifying the Iowa Action as a related action).  The Iowa Action is directly related to the actions pending in this Court.  The plaintiff in the Iowa Action is a corporate subsidiary of one of the Plaintiffs in the *Fairholme* action (Berkeley Regional Insurance Company) and is represented by the same counsel as the *Fairholme* plaintiffs (Cooper & Kirk, PLLC).  The Iowa Action presents the same controversy as the present actions—whether the FHFA as Conservator and Treasury acted unlawfully by executing the Third Amendment to the Senior Preferred Stock Purchase Agreements ("PSPAs")—and the same claims as the present actions.  Defendants filed their

---

[1]   The Department of the Treasury also joins this Notice of Supplemental Authority.

motions to dismiss in the present actions on January 17, 2014.  Fairholme's subsidiary commenced the Iowa Action less than three weeks later.

FHFA and Treasury filed motions to dismiss the Iowa Action.  In response, the plaintiff filed a Motion to Compel Production of the Administrative Record and for Suspension of the Briefing Schedule (the "Iowa Motion to Compel").  In that motion, the plaintiff sought to compel Defendants to produce "complete" administrative records—that is, beyond the administrative record and document compilation already produced in the actions pending before this Court—and to suspend briefing on the motions to dismiss until such production.  The plaintiff argued that this relief was mandated because Defendants' briefs in support of the motions to dismiss allegedly raised factual issues "about the necessity and purpose of the net worth sweep [that were] inconsistent with the Complaint's allegations on the same subjects." Ex. A at 4.

On August 5, 2014, the court denied the Iowa Motion to Compel.  *See* Ex. A at 6-7.  The court held that no discovery was warranted because Defendants' motions to dismiss presented only facial challenges to the court's jurisdiction that can be resolved purely as a matter of law.  *Id*. at 6.  The court explained:

> As noted, defendants contend that they make only a facial challenge to the Complaint.  It is true that in their briefing they describe the net worth sweep in positive terms as a means to save the Companies from the insolvency they were facing under the dividend structure in effect prior to the Third Amendment.  It is natural they would explain the sweep from their perspective in view of the allegations in the Complaint about the invalidity of the sweep, but that does not mean defendants make a factual challenge to jurisdiction.  ***At bottom the motions to dismiss do appear to advance purely legal arguments.  Defendants having disclaimed a factual challenge,*** the Court must take Continental Western's factual assertions bearing on its jurisdictional theory -- that the net worth sweep was unnecessary and improperly motivated -- as true.  ***There is no need to adjudicate the truth of the matter in order to determine the motions to dismiss***.

*Id*. (emphases added).  The court also observed that there were other, potentially dispositive issues raised by the motions concerning the plaintiff's standing to pursue its claims that "clearly present purely legal issues which may be decided without resort to an administrative record."  *Id*.  Finally, the court identified various practical problems with granting the relief requested:

> The Court is also concerned with the practical consequences to the progression of the case if Continental Western's motion is granted.  The time necessary to put together an administrative record, the inevitable disputes about its adequacy, requests for additional discovery at which Continental Western hints, and the time required to digest and incorporate the administrative record in what promises to be extensive briefing, all portend ***months of delay in resolving the motions to dismiss to no obvious benefit or purpose***.

*Id*. at 6-7 (emphasis added).  Accordingly, the court denied the Motion to Compel and ordered the plaintiff to file its brief in response to the motions to dismiss by August 29, 2014.  *Id*. at 7.

The Iowa Order is directly relevant here because Plaintiffs in this action are pursuing substantially the same strategy as is the plaintiff in Iowa.  Here, Plaintiffs accuse Defendants of "rely[ing] on disputed material facts to support their motion to dismiss."  *See* Memo in Supp. of Motion for Suppl. at 4 (Doc. # 32); *see also id*. at 29 (arguing that Defendants "responded to Plaintiffs' well-pled factual allegations by disputing them on the merits.").  As in Iowa, Plaintiffs argue that the Defendants have made "factual contentions regarding the purposes underlying" the Third Amendment that are "in direct conflict with those allegations [in the complaint]," and thus warrant discovery.  *Id*. at 30.  Further, as in Iowa, Plaintiffs argue that the discovery issues they raise should be addressed before the Court resolves the (now fully-briefed) motions to dismiss.  *Id*. at 34-37.

This Court also should reject each of these arguments, deny the Motion for Supplementation, and resolve the motions to dismiss on the basis of the briefing already completed.

3

Dated:  August 26, 2014	Respectfully submitted,


/s/ Howard N. Cayne
Howard N. Cayne (D.C. Bar # 331306)
Asim Varma (D.C. Bar # 426364)
David B. Bergman (D.C. Bar # 435392)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C.  20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Howard.Cayne@aporter.com
Asim.Varma@aporter.com
David.Bergman@aporter.com

*Attorneys for Defendants Federal Housing Finance Agency and Director Melvin L. Watt*