# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 14-5243**  **September Term, 2016**

1:13-cv-01025-RCL
1:13-cv-01053-RCL
1:13-cv-01439-RCL
1:13-mc-01288-RCL

**Filed On:** July 17, 2017

Perry Capital LLC, for and on behalf of investment funds for which it acts as investment manager,

      Appellant

  v.

Steven T. Mnuchin, in his official capacity as the Secretary of the Department of the Treasury, et al.,

      Appellees

---

Consolidated with 14-5254, 14-5260, 14-5262

**BEFORE:**  Brown and Millett, Circuit Judges; Ginsburg, Senior Circuit Judge

### O R D E R

Upon consideration of the petitions of Fairholme and Arrowood Plaintiffs and the Class Plaintiffs for panel rehearing, the responses thereto, the motion of the Class Plaintiffs for leave to file a reply to FHFA's response to their petition for panel rehearing and the lodged reply, it is

**ORDERED** that the motion for leave to file a reply be denied.  The Clerk is directed to note the docket accordingly.  It is

**FURTHER ORDERED** that the petitions be granted and the opinion issued February 21, 2017 be amended, both as set forth in the opinion issued this date.  The amendments in *Perry Capital LLC v. Mnuchin*, 848 F.3d 1072 (D.C. Cir. 2017), are as follows:

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 14-5243**                                              **September Term, 2016**

     (1) 848 F.3d at 1097-98:  In the first paragraph following the section "IV. The Class Plaintiffs' Claims", delete:

> in district court (in addition to their APA claims), but they did not preserve their appeal against the dismissal of those claims:  They did not raise in their opening brief their claims for breach of contract.  The Fairholme plaintiffs also forfeited their claim for breach of fiduciary duty against the FHFA by failing to raise in their opening brief the district court's alternative holding that the "claim is derivative . . . and, therefore, barred under § 4617(b)(2)(A)(i)," *Perry Capital LLC*, 70 F. Supp. 3d at 229 n.24.  *See Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007).

In lieu thereof, insert:

> (in addition to their APA claims) in district court.  Because they neither made their arguments for breach of contract and breach of the implied covenant of good faith and fair dealing in their opening brief nor incorporated those arguments by reference to the class plaintiffs' brief, they did not properly preserve their appeal against the dismissal of those claims.  In view, however, of the unusual circumstances presented by the separate briefing for the consolidated cases that we required in this case, we shall exercise our discretion under Federal Rule of Appellate Procedure 2 to permit appeal of the order dismissing those claims as if their arguments had been properly preserved.  Therefore, subsequent references to the class plaintiffs are also applicable to the Arrowood and Fairholme plaintiffs insofar as they concern claims for breach of contract and breach of the implied covenant of good faith and fair dealing.
>
>      The Fairholme plaintiffs also forfeited their claim for breach of fiduciary duty against the FHFA by failing to raise in their opening brief the district court's alternative holding that the "claim is derivative . . . and, therefore, barred under § 4617(b)(2)(A)(i)," *Perry Capital LLC*, 70 F. Supp. 3d at 229 n.24.  *See Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007).  We see no reason to relieve them of the consequences of this forfeiture.

# United States Court of Appeals
### For The District of Columbia Circuit

**No. 14-5243**                                                      **September Term, 2016**

(2) 848 F.3d at 1111: In the paragraph beginning "Under Delaware law" delete:

What is arbitrary or unreasonable depends upon "the parties' reasonable expectations at the time of contracting." *Nemec*, 991 A.2d at 1126; *see also Gerber*, 67 A.3d at 419.

(3) 848 F.3d at 1111-12: Delete the paragraph beginning "We remand this claim", and in lieu thereof, insert:

> We remand this claim, insofar as it seeks damages, for the district court to evaluate it under the correct legal standard, namely, whether the Third Amendment violated the reasonable expectations of the parties. We note that the class plaintiffs specifically allege that some class members purchased their shares before the Recovery Act was enacted in July 2008 and the FHFA was appointed conservator the following September, while others purchased their shares later, but the class plaintiffs define their class action to include more broadly "all persons and entities who held shares . . . and who were damaged thereby," J.A. 262-63. The district court may need to redefine or subdivide the class depending upon what that court determines were the various plaintiffs' reasonable expectations. If the district court determines the enactment of the Recovery Act and the FHFA's appointment as conservator affected these expectations, then it should consider, *inter alia*, (1) Section 4617(b)(2)(J)(ii) (authorizing the FHFA to act "in the best interests of the [Companies] or the Agency"), (2) Provision 5.1 of the Stock Agreements, J.A. 2451, 2465 (permitting the Companies to declare dividends and make other distributions only with Treasury's consent), and (3) pertinent statements by the FHFA, *e.g.*, J.A. 217 ¶ 8, referencing *Statement of FHFA Director James B. Lockhart at News Conference Announcing Conservatorship of Fannie Mae and Freddie Mac* (Sept. 7, 2008) (The "FHFA has placed Fannie Mae and Freddie Mac into conservatorship. [Conservatorship] is a statutory process designed to stabilize a troubled institution with the objective of returning the entities to normal business operations. FHFA will act as the conservator to operate the Enterprises until they are stabilized.").

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 14-5243**　　　　　　　　　　　　　　　　　　　　　**September Term, 2016**

---

(4) 848 F.3d at 1114: Delete the paragraph in section "V. Conclusion", and in lieu thereof, insert:

　　We affirm the judgment of the district court denying the institutional plaintiffs' claims against the FHFA and Treasury alleging arbitrary and capricious conduct and conduct in excess of their statutory authority because those claims are barred by 12 U.S.C. § 4617(f).  With respect to the class plaintiffs' claims and those of the Arrowood and Fairholme plaintiffs, we affirm the judgment of the district court except for the claims alleging breach of contract and breach of the implied covenant of good faith and fair dealing regarding liquidation preferences and the claim for breach of the implied covenant with respect to dividend rights, which claims we remand to the district court for further proceedings consistent with this opinion.

　　The Clerk is directed to issue the mandate seven days after the issuance of this order.  *See* Fed. R. App. P. 41; D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:　/s/
　　Ken Meadows
　　Deputy Clerk