UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>**THIS DOCUMENT RELATES TO:**<br><br>    ALL CASES | Misc. Action No. 13-mc-1288 (RCL)<br><br>CLASS ACTION |

**CLASS PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Class Plaintiffs respectfully submit this motion pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file a Second Amended Consolidated Class Action and Derivative Complaint ("Second Amended Complaint"). A copy of the proposed Second Amended Complaint is attached as Exhibit A.

**BACKGROUND**

As fully articulated in the attached proposed Second Amended Complaint, this is a class action brought by Plaintiffs on behalf of themselves and several classes of holders of Preferred and Common Stock issued by the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"; Fannie Mae and Freddie Mac together, the "Companies"). Plaintiffs seek damages from the Companies and their Conservator, the Federal Housing Finance Agency ("FHFA"), in connection with the August 17, 2012 Third Amendment to the Senior Preferred Stock Purchase Agreement between FHFA and the United States Department of the Treasury.

This action was commenced by way of multiple, separate class action complaints filed in this court. In 2013, the cases were consolidated before Judge Robert Wilkins and Class Plaintiffs

filed a Consolidated Amended Class Action and Derivative Complaint. Dkt. 1 & 4. This Complaint asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, and a Taking without Just Compensation against the Companies, FHFA, and Treasury, and included certain derivative claims on behalf of Fannie Mae. Dkt. 4. Certain Class Plaintiffs also filed a separate Derivative Complaint on behalf of Freddie Mac. Dkt. 39. The consolidated case was reassigned by consent to this Court upon Judge Wilkins' elevation to the Court of Appeals.

In September 2014, this Court granted Defendants' motions to dismiss all claims. Dkt. 46. On appeal, the D.C. Circuit affirmed in part and reversed in part. In July 2017, the Court of Appeals granted Class Plaintiffs' Petition for Panel Rehearing and issued an amended decision. *Perry Capital LLC v. Mnuchin,* 864 F.3d 591 (D.C. Cir. 2017).

In its amended decision, the D.C. Circuit ruled that Class Plaintiffs could pursue their claim that the Companies (through FHFA as their conservator) violated the implied covenant of good faith and fair dealing by depriving them of the opportunity to receive dividends. *Id.* at 630-32. The Court of Appeals held that this claim is direct, not derivative (*id.* at 628), is not preempted by federal law (*id.* at 630), and is a claim upon which relief could be granted (*id.* at 631). The D.C. Circuit remanded the claim for this Court to evaluate it under the "correct legal standard": namely, "whether the Third Amendment violated the reasonable expectations of the parties." *Id.*

The D.C. Circuit also held that Class Plaintiffs could pursue their claims that, by adopting the Third Amendment, the Companies (through FHFA as their conservator) breached Class Plaintiffs' express and implied contractual rights to a share of the Companies' assets upon liquidation because it ensured there would be no assets to distribute. *Id.* at 632. The opinion

explained that these claims are direct, not derivative (*id.* at 628), are "better understood as claims for anticipatory breach" (*id.* at 633), and are both prudentially and constitutionally ripe for adjudication (*id.* at 632). The D.C. Circuit remanded for this Court to revisit and reconsider its conclusion that these claims failed to state claims upon which relief could be granted because this Court's "earlier conclusion in the negative was made for 'largely the same reasons' that it had held the claims unripe." *Id.* at 633.

Further, the D.C. Circuit determined that Class Plaintiffs had stated only *derivative* claims for breach of fiduciary duties, and invited Class Plaintiffs to seek leave from this Court on remand to amend their complaint to add a *direct* claim under this theory. *Id.* at 627.[1]

After the amended opinion was issued, Class Plaintiffs and Defendants reached an agreement regarding a proposed schedule on remand. All parties filed a Joint Stipulation and Proposed Scheduling Order in this Court. Dkt. 61. The stipulation provides a proposed schedule for the instant Motion for Leave to File a Second Amended Complaint as well as a full briefing schedule for FHFA's planned motion to dismiss. *Id.*

Pursuant to the stipulation, Class Plaintiffs disclosed to FHFA the general nature of the proposed amendments to their Complaint. *See* Exhibit B, Letter from Hamish Hume to Howard Cayne (Oct. 13, 2017). Based on these disclosures, FHFA and the Companies informed Class Plaintiffs that they intend not to oppose the motion for leave to file an Amended Complaint, but reserve the right to oppose the motion if the as-filed proposed amended complaint does not

---

[1] Class Plaintiffs have filed a petition for a writ of certiorari in the U.S. Supreme Court challenging other holdings of the D.C. Circuit's opinion. *See Cacciapalle v. Federal Housing Finance Agency* (U.S. No. 17-578, petition filed Oct. 16, 2017).

conform to Plaintiffs' disclosures. Exhibit C, Letter from Asim Varma to Hamish Hume (Oct. 20, 2017).

## PROPOSED AMENDMENTS

As Class Plaintiffs previously disclosed to FHFA, *see* Ex. B, Class Plaintiffs now seek to amend their Complaint to add:

(1) Direct claims against FHFA and the Companies for breach of fiduciary duties (Ex. A at ¶¶ 86-93, 166-177);

(2) Claims against FHFA based on the fact that the Net Worth Sweep is barred by Delaware and Virginia law applicable to preferred stock (*id.* at ¶¶ 94-97, 178-192);

(3) New class representatives (*id.* at ¶¶ 18, 26, 27);

(4) Additional factual material drawn from documents disclosed in the Court of Federal Claims and the public record (*id.* at ¶¶ 11, 40, 52-55, 61-65, 68-70); and

(5) Fannie Mae and Freddie Mac as defendants with respect to all claims (to the extent they were not already named) (*id*. at ¶¶ 124-192).

Class Plaintiffs also seek to amend their complaint to delete, update, and clarify several allegations to account for the D.C. Circuit's opinion and the current posture of the action. The Proposed Second Amended Complaint deletes certain allegations related to Treasury, which, pursuant to the Joint Stipulation, Dkt. 61, is no longer named as a Defendant in this action. *See* Ex. A at ¶ 30 n.4. It also deletes allegations related to Class Plaintiffs' Taking claim, which they are no longer pursuing in this action. And it deletes and updates allegations related to the derivative claims and claims for equitable relief to reflect the fact that the D.C. Circuit has ruled that these claims are barred, and to clarify that these claims are being included solely for the purpose of preserving them in the event the D.C. Circuit's opinion is reversed or otherwise abrogated. *See id.* at ¶¶ 1 n.1, 111-123, 193-208. There are also additional minor changes throughout the proposed amended complaint.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), Class Plaintiffs may file the attached Second Amended Complaint "with the opposing party's written consent or the court's leave." Leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 37–38 (D.C. Cir. 2014) (quotations and citation omitted). "The decision to grant or deny leave to amend rests in the sound discretion of the trial court; however, it is an abuse of discretion to deny leave without a sufficient justification for doing so." *Flaherty v. Pritzker*, 2017 WL 3605347, at *2 (D.D.C. Aug. 21, 2017) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Defendants do not oppose this motion. Pursuant to LCvR 7(m), Class Plaintiffs conferred with Defendants with respect to the proposed amendments and Defendants informed Class Plaintiffs in writing that they intend not to oppose Class Plaintiffs' attempt to file this Second Amended Complaint. *See* Ex. C. Defendants provided this assurance based on Class Plaintiffs' disclosures regarding the general nature of the proposed amendments. *See* Ex. B. The amendments in the proposed Second Amended Complaint, attached as Exhibit A, conform to these disclosures.

Nor is there any reason for the Court to deny leave. There is no undue delay, dilatory motive, bad faith, or prejudice. Rather, this motion for leave to amend is filed in accordance with the proposed schedule agreed to by the parties. Dkt. 61.

To the extent Defendants intend to challenge the legal basis for any of the claims included in the Second Amended Complaint, Class Plaintiffs understand that they intend to do so through a motion to dismiss, rather than by opposing this motion. *See* Dkt. 61 (proposing a briefing schedule for a motion to dismiss).

## **CONCLUSION**

Class Plaintiffs respectfully request that the Court grant leave to file the proposed Second Amended Class Action and Derivative Complaint, attached to this motion as Exhibit A.

Dated: November 1, 2017

Respectfully submitted,

　　*/s/ Hamish Hume*
Hamish P.M. Hume

KESSLER TOPAZ MELTZER & CHECK LLP
Eric L. Zagar (*Pro Hac Vice*)
 280 King of Prussia Rd.
 Radnor, PA 19087
 Tel: (610) 667-7706
 Fax: (610) 667-7056
 ezagar@ktmc.com

GRANT & EISENHOFER, P.A.
Michael J. Barry (*Pro Hac Vice*)
 123 Justison Street
 Wilmington, DE 19801
 Tel: (302) 622-7000
 Fax: (302) 622-7100
 mbarry@gelaw.com

BOIES SCHILLER FLEXNER LLP
Hamish P.M. Hume (D.C. Bar No. 449914)
Stacey K. Grigsby (D.C. Bar No. 491197)
Jonathan M. Shaw (D.C. Bar No. 446249)
Alexander I. Platt (D.C. Bar No. 1019844)
 1401 New York Ave. NW
 Washington, DC 20005
 Tel: (202) 237-2727
 Fax: (202) 237-6131
 hhume@bsfllp.com
 sgrigsby@bsfllp.com
 jshaw@bsfllp.com
 aplatt@bsfllp.com

BERNSTEIN LITOWITZ BERGER & GROSSMANN  LLP
Blair A. Nicholas (*Pro Hac Vice*)
David R. Kaplan  (*Pro Hac Vice*)
 12481 High Bluff Drive
 Suite 300
 San Diego, CA 92130
 Tel: (858) 793-0070
 Fax: (858) 793-0323
 blairn@blbglaw.com
 davidk@blbglaw.com

*Interim Co-Lead Class Counsel*