# Exhibit C

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | **Misc. Action No. 13-mc-1288 (RCL)** |
| **THIS DOCUMENT RELATES TO:** | CLASS ACTION |
| ALL CASES | |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1), Plaintiffs make the following initial disclosures.

**I.     Individuals Likely To Have Discoverable Information that Plaintiffs May Use To Support Their Claims**

**A.     Defendant Custodians**

The following individuals are likely to have information that Plaintiffs may use to show that Defendants acted arbitrarily and unreasonably in imposing the Net Worth Sweep, thereby violating the reasonable expectations of the holders of shares of common stock and junior preferred shares in Fannie Mae and Freddie Mac ("the Companies") that Plaintiffs now own.  Per the Court's Memorandum Opinion of September 28, 2018, such information is relevant to Plaintiffs' claim that Defendants breached the implied covenant of good faith and fair dealing.

Plaintiffs are currently unaware of these individuals' addresses and telephone numbers, but relevant current or former positions are listed based upon information and belief.

**i.     FHFA Custodians**

- Peter Brereton, Associate Director for Congressional Affairs.
- Jan Brown, Office of the Director.
- Wanda DeLeo, Deputy Director, Division of Examination Programs and Support.
- Ed DeMarco, Acting Director.
- Christopher Dickerson, Office of Systemic Risk and Market Surveillance.
- John Greenlee, Deputy Director, Enterprise Regulation.

- Patrick Lawler, Chief Economist.
- James Lockhart, Director.
- Thomas Jamie Newell, Miscellaneous Administration and Program.
- Nick Satriano, Chief Accountant.
- Scott Smith, Associate Director, Capital Policy.
- Jeffrey Spohn, Deputy Director, Conservatorship Operations.
- Naa Awaa Tagoe, Senior Associate Director.
- Mary Ellen Taylor, Associate Director, Division of Conservatorship; Associate Director for Agency Communication.
- Mario Ugoletti, Special Advisor (also Director, Treasury Office of Financial Institutions).

**ii.  Fannie Mae Custodians**

- David Benson, Executive Vice President, Capital Markets.
- Duane Creel, Examiner-in-Charge (also for Freddie Mac).
- Terry Edwards, Executive Vice President, Credit Portfolio Management.
- Andre Galeano, Associate Director of Credit Risk (also for Freddie Mac).
- Alan Goldblatt, Vice President, Capital Markets Finance.
- Timothy Mayopoulos, President and Chief Executive Officer.
- Susan McFarland, Executive Vice President and Chief Financial Officer.

**iii.  Freddie Mac Custodians**

- Devajyoti Ghose, Senior Vice President, Division of Investment and Capital Markets.
- Edward Golding, Senior Vice President, Division of Models, Mission, and Research.
- Ross Jay Kari, Chief Financial Officer.
- Donald Layton, Chief Executive Officer.
- Paul Mullings, Senior Vice President and Interim Head of Single-Family Business, Operations, and Information Technology.
- Jerry Weiss, Executive Vice President and Chief Administrative Officer.

**B.      Third-Party Custodians**

The following individuals are also likely to have information that Plaintiffs may use to show that Defendants acted arbitrarily and unreasonably in conducting the Net Worth Sweep. Plaintiffs again are unaware of these individuals' addresses and telephone numbers, but relevant current or former positions are listed based upon information and belief.

**i.   Treasury Custodians**

- Timothy Bowler, Deputy Assistant, Office of Capital Markets.
- Adam Chepenik, Senior Policy Advisor.
- Jeff Foster, Senior Policy Advisor.
- Timothy Geithner, Treasury Secretary.
- Jeffrey Goldstein, Under Secretary for Domestic Finance.
- Dan Jester, Contractor.
- Taylor Kawan, Acting Director of Accounting.
- Mary Miller, Under Secretary for Domestic Finance.
- Beth Mlynarczyk, Senior Advisor to the Counselor on Housing Finance Policy; Office of Capital Markets.
- Jeremiah Norton, Deputy Assistant Secretary for Financial Institutions.
- Henry Paulson, Secretary.
- Michael Stegman, Counselor to the Secretary for Housing Finance Policy.
- Sam Valverde, Deputy Executive Secretary.

**ii.   Other Government Officials**

- Jim Parrott, Senior Advisor, National Economic Council.
- Ben Bernanke, Chair of the Federal Reserve.
- Gene Sperling, Director, National Economic Council.

**iii.   Grant Thornton Custodians**

- Anne Eberhardt, Forensics and Investigation Practice.
- Lee Errickson, Executive Director.

**iv.   PwC Custodians**

- Michael English, Partner.
- Ben Evans, Senior Manager.
- Bill Lewis, Partner.
- John Oliver, Partner.
- Diana Stoltzfus, Partner.
- Ryan Trzasko, Senior Manager.

**v.   Deloitte Custodians**

- Jeff Swormstedt, Lead Client Service Partner.
- Adam VanFossen, Audit Senior Manager.
- Troy Vollertsen, Partner.

C.    **Plaintiffs**

The following individuals are likely to have information that Plaintiffs may use to show the number of shares of common stock and each series of junior preferred shares in the Companies that Plaintiffs own, which is relevant to Plaintiffs' damages computations:

    i.  **Plaintiff John Cane**
        33 Bilodeau Parkway
        Burlington, VT 05401
        802-363-5991

    ii.  **Plaintiff Timothy J. Cassell**
        2462 Berwick Blvd.
        Bexley, OH 43209
        614-270-1966

    i.  **Plaintiff Joseph Cacciapalle**
        100 Glenbrook Road
        Freehold Township, NJ  07728
        913-888-2755

        **Plaintiff Michelle Miller**
        4602 Ringer Road
        St. Louis, MO  63129
        314-894-3947

    ii.  **Plaintiff Charles E. Rattley, Jr.**
        47 Quartz Way
        Savannah, GA  31419
        954-336-0992

    iii.  **Plaintiff Nicholas Bradford Isbell**
        18 McKay Circle
        Cabin John, MD  20818
        202-357-9370

    iv.  **Plaintiff Marneu Holdings, Co.**
        Philippe Katz, Esq., General Counsel
        160 Broadway, 1st Floor
        New York, NY 10011
        212-791-5362

    v.  **Plaintiff 111 John Realty Corp.**
        Philippe Katz, Esq., General Counsel
        160 Broadway, 1st Floor
        New York, NY 10011
        212-791-5362

    vi.  **Plaintiff United Equities Commodities, Co.**
        Philippe Katz, Esq., General Counsel
        160 Broadway, 1st Floor
        New York, NY 10011
        212-791-5362

## II.     Documents, Electronically Stored Information, and Tangible Things In Plaintiffs' Custody that Plaintiffs May Use To Support Their Claims

### A.     Liability

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiffs herein describe the category and location of the documents and other information showing that Defendants acted arbitrarily and unreasonably in conducting the Net Worth Sweep, thereby violating the reasonable expectations of the holders of the shares of common stock and junior preferred shares that Plaintiffs now own.  This evidence includes:

- Materials produced by the United States and third parties in *Fairholme Funds, Inc. v. United States,* Case No. 1:13-cv-00465-MMS (Fed. Cl.).

- Certain of the Defendants' own public statements and other publicly available information, which have been described or provided over the course of this litigation.  *See, e.g.,* Joint Appendix at 78, 83, 89, 95, 97, 206, 125, 528, 2428, 2438, 4026, *Perry Capital LLC v. Mnuchin,* Case No. 14-5243 (Feb. 16, 2016); see generally Amended Complaint, Doc. 67-1; Response to Motion to Dismiss, Doc. 76.

- The provisions of the stock certificates for each series of junior preferred shares that Plaintiffs own, which are in Defendants' possession.  *See, e.g.,* Ex. C. to Defs.' Mtn. to Dismiss (Jan. 10, 2018) (Fannie preferred); Ex. D. to Defs.' Mtn. to Dismiss (Jan. 10, 2018) (Freddie preferred).  Provisions of each series are also described in the offering documents for those series, compiled at Fannie Mae's Stock Information webpage[1] and Freddie Mac's Preferred Stock webpage.[2]

Plaintiffs reserve the right to use any information already shared between the parties or referred to in filings in this or in the Court of Federal Claims litigation to prove all elements of their claim.

### B.     Damages

The documents relevant to Plaintiffs' damages computations are described in Part III and produced as noted therein.

---

[1] http://www.fanniemae.com/portal/about-fm/investor-relations/stock-information.html.

[2] http://www.freddiemac.com/investors/preferred-stock.html.

III.   **Computation of Each Category of Damages that Plaintiffs Claim**

Plaintiffs are entitled to recover the highest of either restitution, expectancy damages, or reliance damages for Defendants' breach of the implied covenant of good faith and fair dealing. *See* RESTATEMENT (SECOND) CONTRACTS § 378. The following computations of each category are preliminary. Plaintiffs' final computations will presumptively rely upon expert reports and testimony, which Plaintiffs will disclose pursuant to Rule 26(a)(2) and any scheduling order entered in this case.

A.   **Restitution**

Plaintiffs are entitled to restitution equal to the prices originally paid for any common stock or series of junior preferred shares that Plaintiffs own in the Companies, plus prejudgment interest including at a minimum interest running from the time of the last dividend received. This amount might be reduced by any dividends on those shares that the Companies paid, but Plaintiffs do not concede that it would be.

The original share prices are provided in the offering documents for each series of share. Although these documents are already in Defendants' possession,[3] Plaintiffs can provide copies if necessary.

The dividends paid on the shares owned by Plaintiffs can be calculated by using the Companies' annual 10-K statements and quarterly 10-Q statements and records reflecting Plaintiffs' holdings. In particular, the 10-K statements show the total amount of dividends paid on common stock and preferred shares each year, as well as the dividend rate and the total value of outstanding shares for each series of preferred shares. This information can be used to determine

---

[3] The offering documents for the Companies' preferred shares are compiled as referenced above in footnotes 1 and 2.

how the total common and preferred dividends were allocated among the various series of stock. By comparing the total number of shares of a particular series outstanding to the total number held by Plaintiffs, one can calculate the proportion of the dividends that are attributable to Plaintiffs' shares.

The prejudgment interest rate is set by state law. *See* 6 Del. Code § 2301(a) (interest rate under Delaware law, which Fannie Mae bylaws designate as controlling); Va. Code § 6.2-302 (interest rate under Virginia law, which Freddie Mac bylaws designate as controlling).

### B.   Expectancy Damages

Plaintiffs are entitled to expectancy damages equal to the value that holders of Plaintiffs' junior preferred shares and common stock would have enjoyed from those shares—including the current value of the shares and their liquidation preferences, and the value of dividend payments on those shares—absent the Defendants' breach of the implied covenant of good faith and fair dealing, plus prejudgment interest including interest running from the time of the last dividend received.

Information potentially relevant to this computation includes the financial status and capital structure of the Companies absent the Net Worth Sweep, as well as the amount (if **any) of the** quarterly periodic commitment fee that Treasury would have collected from the Companies. Plaintiffs intend to rely on an expert witness to calculate expectancy damages based on all relevant information, and thus are not yet able to offer an exact computation. But Plaintiffs note that a Freddie document shows that the periodic commitment fee would have been at most a small fraction of the outstanding amount of Treasury's funding commitment to the Companies.

Defendants also have possession of this document, since they produced it in discovery in the Court of Federal Claims,[4] but Plaintiffs again can provide a copy if necessary.

### C.      Reliance Damages

Plaintiffs are entitled to reliance damages equal to the costs of preparing to perform and of performing the shareholder's obligations under Plaintiffs' shares of common stock and junior preferred shares.

These damages equal the original price of Plaintiffs' shares, plus prejudgment interest including at a minimum interest running from the time of the last dividend received.  This amount might be reduced by any dividends on those shares that the Companies paid, but Plaintiffs do not concede that it would be.  The documents relevant to this computation are discussed above in Part III.A.  Plaintiffs also intend to rely on expert analysis of the information discussed in Part III.B to show that Defendants cannot meet their burden to prove that Plaintiffs' shares would have lost value absent Defendants' breach of the implied covenant of good faith and fair dealing.

## IV.      Insurance Agreements

Plaintiffs are unaware of any insurance policies applicable under Rule 26(a)(1)(A)(iv).

$$*        *        *$$

Plaintiffs reserve the right to supplement this disclosure upon discovery of additional material information.

---

[4] The de-designated version has Bates number FHFA00102167.

Dated: November 5, 2018

David R. Kaplan (*Pro Hac Vice*)
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 High Bluff Drive
Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
davidk@blbglaw.com

Michael J. Barry (*Pro Hac Vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

*Interim Co-Lead Counsel*

BOTTINI & BOTTINI, INC.
Frank A. Bottini
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
fbottini@bottinilaw.com

GLANCY PRONGAY &MURRAY LLP
Lionel Z. Glancy
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
lglancy@glancylaw.com
esams@glancylaw.com

___/s/_Hamish P.M. Hume_____
Hamish P.M. Hume (Bar No. 449914)
Stacey K. Grigsby (Bar No. 491197)
James A. Kraehenbuehl (Bar No. 1017809)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, D.C. 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
sgrigsby@bsfllp.com
jkraehenbuehl@bsfllp.com

Eric L. Zagar (*Pro Hac Vice*)
KESSLER TOPAZ MELTZER
& CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

*Interim Co-Lead Counsel*

POMERANTZ LLP
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com

Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

LOWEY DANNENBERG, P.C.
Barbara Hart (pro hac vice)
Thomas M. Skelton
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
bhart@lowey.com

*Additional Class Counsel*

FINKELSTEIN THOMPSON LLP
Michael G. McLellan (Bar #489217)
3201 New Mexico Avenue NW, Suite 395
Washington, DC 20016
Telephone: (202) 337-8000
Facsimile: (202) 337-8090
mmclellan@finkelsteinthompson.com

*Additional Class Counsel*