**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

In re Fannie Mae/Freddie Mac Senior Preferred
Stock Purchase Agreement Class Action Litigations

_____

This document relates to:
ALL CASES

Miscellaneous No. 13-1288 (RCL)

CLASS ACTION

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**
**SECOND AMENDED CONSOLIDATED CLASS ACTION**
**AND DERIVATIVE COMPLAINT**

Defendant Federal Housing Finance Agency ("FHFA"), Director Melvin L. Watt, the

Federal National Mortgage Association ("Fannie Mae"), and the Federal Home Loan Mortgage

Corporation ("Freddie Mac") (collectively, "Defendants"), by and through their undersigned

counsel, hereby provide the following Answer and Affirmative Defenses to the Second Amended

Consolidated Class Action and Derivative Complaint (the "Complaint"), filed by Plaintiffs in the

above-captioned action.

**NATURE AND SUMMARY OF THE ACTION**

1.      Answering Paragraph 1, Defendants state that the allegations of this paragraph

constitute characterizations of Plaintiffs' claims and legal conclusions to which no response is

required.  To the extent any response is required, Defendants admit that Plaintiffs have brought a

purported class action and have asserted various claims seeking various forms of relief as set

forth in the Complaint.  Defendants state that, as a result of the Court's ruling on September 28,

2018, the only claims that currently remain in this case are Counts IV through VI for breach of

the implied covenant of good faith and fair dealing.  Answering Footnote 1, Defendants admit

that Plaintiffs purport to bring derivative claims and Defendants state that such claims are barred

by this Court's opinion on September 30, 2014, which was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018.  Defendants lack knowledge or information sufficient to form a belief regarding the allegations of the second sentence of Footnote 1, and therefore deny those allegations.

2.      Answering Paragraph 2, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 2 and therefore deny those allegations.

3.      Defendants admit that Fannie Mae's and Freddie Mac's debt and equity securities have been publicly traded for years, including at times by employees of Fannie Mae and Freddie Mac, but Defendants lack knowledge or information sufficient to form a belief regarding who has owned the securities.  Defendants admit the remainder of Paragraph 3 and further state that, upon its appointment, the Conservator immediately succeeded to all rights, titles, powers and privileges of the GSEs and of any shareholder, officer or director of the GSEs with respect to the GSEs and their assets.  Each GSE's directors serve on behalf of the Conservator and exercise their authority as directed by and with the approval, where required, of the Conservator.

4.      Answering Paragraph 4, Defendants admit that Fannie Mae and Freddie Mac have issued stock, which is bought and sold on the secondary market.  Defendants otherwise deny the allegations of Paragraph 4.

5.      Answering Paragraph 5, Defendants admit that Fannie Mae and Freddie Mac have issued several series of stock, which are bought and sold on the secondary market.  Defendants further admit that Fannie Mae issued preferred stock in 2007 and 2008, and Freddie Mac issued

2

preferred stock in 2007.  Defendants otherwise deny the allegations of Paragraph 5 not specifically admitted herein.

6.    Answering Paragraph 6, Defendants admit the first sentence of Paragraph 6.  The second sentence of Paragraph 6 constitutes legal conclusions to which no response is required. The second sentence of Paragraph 6 also purports to characterize HERA, and Defendants refer to HERA for its contents.

7.    Answering Paragraph 7, Defendants admit that Fannie Mae and Freddie Mac were placed into conservatorship on September 6, 2008.  Defendants further admit that the Companies' stock continued to trade publicly after September 6, 2008.  Defendants further admit that FHFA's director issued a statement on September 7, 2008, and Defendants refer to that statement for its contents.  Defendants further state that the third sentence of allegations in Paragraph 7 constitutes legal conclusions to which no response is required.  Defendants refer to HERA for its contents.  Defendants deny all allegations of Paragraph 7 not specifically admitted herein.

8.    Answering Paragraph 8, Defendants admit that, in September 2008, FHFA as Conservator, on behalf of Fannie Mae and Freddie Mac, executed the PSPAs with the U.S. Department of the Treasury.  Defendants further admit that, pursuant to the PSPAs, Treasury purchased senior preferred stock from Fannie Mae and Freddie Mac (referred to herein as the "senior preferred stock").  Defendants state that the remaining allegations in Paragraph 8 purport to characterize the PSPAs and senior preferred stock certificates of designation, and Defendants refer to those documents for their contents.  To the extent any further response is required, Defendants deny all allegations of Paragraph 8 not specifically admitted herein.

9.      Answering Paragraph 9, Defendants admit that, in mid-2012, Treasury's combined liquidation preference for both Companies was approximately $189 billion. Defendants further state that the allegations of Paragraph 9 constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants refer to the PSPAs and senior preferred stock certificates of designation for their contents.  Defendants deny all allegations of Paragraph 9 not specifically admitted herein.

10.     Answering Paragraph 10, Defendants admit that for the second quarter of 2012, Fannie Mae announced comprehensive income of $5.4 billion and Freddie Mac announced comprehensive income of $2.9 billion.  Defendants deny the remaining allegations of Paragraph 10.

11.     Answering Paragraph 11, Defendants admit that FHFA as Conservator, on behalf of Fannie Mae and Freddie Mac, executed the PSPAs with Treasury, and that, pursuant to the PSPAs, Treasury purchased senior preferred stock from Fannie Mae and Freddie Mac. Defendants refer to the PSPAs and the senior preferred stock certificates of designation for their contents.  Defendants deny the remaining allegations of Paragraph 11.

12.     Answering Paragraph 12, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in the first sentence of Paragraph 12.  Defendants admit that on August 17, 2012, FHFA as Conservator, on behalf of Fannie Mae and Freddie Mac, executed the Third Amendment to the PSPAs.  Defendants refer to that amendment for its contents.  Defendants further state that, on December 21, 2017, the Conservator and Treasury agreed to reinstate a $3 billion capital reserve amount under the PSPAs for each Enterprise beginning in the fourth quarter of 2017.  Defendants deny all allegations of Paragraph 12 not specifically admitted herein.  Answering Footnote 2, Defendants

state that Footnote 2 purports to characterize Plaintiffs' claims in this case and therefore no response is required.

13.     Answering Paragraph 13, Defendants admit that dividend payments to Treasury do not reduce Treasury's outstanding liquidation preference.  Defendants deny the remaining allegations of Paragraph 13.

14.     Answering Paragraph 14, Defendants admit that Treasury issued a press release concerning the Third Amendment on August 17, 2012, and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 14 not specifically admitted herein.

15.     Answering Paragraph 15, Defendants deny the first sentence of Paragraph 15. Defendants further state that the second sentence of Paragraph 15 constitutes a purported description of this action to which no response is required.  Answering Footnote 3, Defendants admit that some Plaintiffs in this action filed a putative class action in the Court of Federal Claims, and Defendants refer to the complaint in that action for its contents.  Defendants further state that the second and third sentences of Footnote 3 purport to characterize Plaintiffs' actions and claims, and therefore no response is required.  Defendants further state that the allegations of the fourth sentence of Footnote 3 constitute legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the fourth sentence of Footnote 3.

16.     Answering Paragraph 16, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.

17.     Answering Paragraph 17, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.

18.     Answering Paragraph 18, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

19.     Answering Paragraph 19, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

20.     Answering Paragraph 20, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

21.     Answering Paragraph 21, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

22.     Answering Paragraph 22, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

23.     Answering Paragraph 23, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

24.     Answering Paragraph 24, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

25.     Answering Paragraph 25, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

26.     Answering Paragraph 26, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

27.     Answering Paragraph 27, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

28.     Answering Paragraph 28, Defendants deny that FHFA, when acting as Conservator, is an agency of the United States government.  Defendants otherwise admit Paragraph 28 and further state that FHFA's current zip code is 20219.

29.     Answering Paragraph 29, Defendants admit that Fannie Mae is a federally-chartered company with its principal executive offices located within the District of Columbia, and that Fannie Mae is a citizen of the District of Columbia.  Defendants deny the remaining allegations in Paragraph 29.

30.     Answering Paragraph 30, Defendants admit that Freddie Mac is a federally chartered company with its principal executive offices located at 8200 Jones Branch Drive, McLean, Virginia.  Whether Freddie Mac is a citizen of Virginia is a legal conclusion to which no response is required.  Answering Footnote 4, Defendants admit the first sentence of Footnote 4.  Defendants admit the existence of the Joint Stipulation and Proposed Scheduling Order (Oct. 4, 2017), ECF No. 61, and Defendants refer to that document for its contents.

31.     Answering Paragraph 31, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

32.     Answering Paragraph 32, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

33.     Answering Paragraph 33, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph and therefore deny the paragraph.

34.     Defendants admit Paragraph 34.

35.     Answering Paragraph 35, Defendants admit that the Companies had programs that permitted certain employees to purchase Company stock.  Defendants further admit that Fannie Mae and Freddie Mac marketed their securities to potential investors in 2008.  With respect to the fourth and fifth sentences of Paragraph 35, Defendants admit that Fannie Mae created a presentation entitled "Fannie Mae Capital Raise Roadshow" dated May 2008, and Defendants refer to that document for its contents.  Defendants admit the sixth sentence of Paragraph 35.  Defendants deny all allegations of Paragraph 35 not specifically admitted herein.

36.     Answering Paragraph 36, Defendants state that, from the time that each of the three major credit rating agencies began providing credit ratings in the offering circulars for Freddie Mac's Preferred Stock until 2007, they assigned high investment-grade ratings on Freddie Mac's Preferred Stock.  Defendants further state that from the time that each of the three major credit rating agencies began providing credit ratings in the offering circulars for Fannie Mae's Preferred Stock until 2008, they assigned high investment-grade ratings on Fannie Mae's

Preferred Stock.  Defendants state that they lack knowledge or information sufficient to form a belief regarding the second sentence of Paragraph 36 and therefore deny that sentence.

37.      Answering Paragraph 37, Defendants admit the existence of a June 9, 2008 OFHEA Press Release, and Defendants refer to that document for its contents.  Defendants further admit that it was reported that James Lockhart made the statements quoted in the fourth and fifth sentences of Paragraph 37.  Defendants otherwise deny the allegations in Paragraph 37.

38.      Answering Paragraph 38, Defendants admit the first sentence of Paragraph 38. Defendants further state that the remaining allegations of Paragraph 38 constitute characterizations of HERA for which no response is required.  Defendants refer to HERA for its contents.

39.      Answering Paragraph 39, Defendants admit that Henry Paulson and Ben Bernanke testified before the House Financial Services Committee and Defendants refer to the transcript of their testimony for its contents.  Defendants further admit that it was reported that OFHEO Director Lockhart made the statement quoted in the fourth sentence of Paragraph 39, and Defendants refer to that reporting for its contents.  Defendants further admit that Senator Isakson issued a statement containing the sentences quoted in the last sentence of Paragraph 39. Defendants deny all allegations of Paragraph 39 not specifically admitted herein.

40.      Answering Paragraph 40, Defendants admit the first sentence of Paragraph 40. Defendants state that the second sentence of Paragraph 40 constitutes legal conclusions to which no response is required.  To the extent any response to the second sentence is required, Defendants refer to HERA for its contents.  Defendants further admit that then-Director Lockhart made a statement on September 7, 2008 that included the text quoted in the third and fourth sentences of Paragraph 40, and Defendants refer to that statement for its contents.  Defendants

further admit that FHFA issued a fact sheet on or around September 7, 2008 that contained the text quoted in the fifth sentence of Paragraph 40, and Defendants refer to that document for its contents.  Defendants further admit the existence of an FHFA document dated October 20, 2008 (FHFA00047705), and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 40 not specifically admitted herein.

41.    Answering Paragraph 41, Defendants admit that the two articles cited exist and Defendants refer to those articles for their contents.  Defendants otherwise deny the allegations of Paragraph 41.

42.    Answering Paragraph 42, Defendants deny the first sentence of Paragraph 42.  Defendants admit that FHFA's director issued a statement that contains the words quoted in the second sentence of Paragraph 42, and Treasury Secretary Paulson issued a statement that contains the words quoted in the third sentence of Paragraph 42.  Defendants admit that Freddie Mac issued a Form 8-K on or around September 11, and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 42 not specifically admitted herein.

43.    Answering Paragraph 43, Defendants admit that Fannie Mae issued a Form 8-K on or around September 11, and Defendants refer to that document for its contents.  Defendants state that the third sentence of Paragraph 43 constitutes legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the third sentence of Paragraph 43.

44.    Answering Paragraph 44, Defendants admit that FHFA's Director issued a statement that included the text quoted in the first sentence of Paragraph 44, and Defendants refer to that statement for its contents.  Defendants otherwise deny Paragraph 44.

45.     Answering Paragraph 45, Defendants admit that, in September 2008, FHFA as Conservator, on behalf of Fannie Mae and Freddie Mac, executed the PSPAs with Treasury. Defendants further admit that, pursuant to the PSPAs, Treasury purchased senior preferred stock from Fannie Mae and Freddie Mac.  Defendants state that the remaining allegations in Paragraph 45 purport to characterize the PSPAs and senior preferred stock certificates of designation, and Defendants refer to those documents for their contents.  To the extent any further response is required, Defendants deny all allegations of Paragraph 45 not specifically admitted herein.

46.     Defendants deny Paragraph 46.

47.     Answering Paragraph 47, Defendants admit that, after FHFA was appointed Conservator, Fannie Mae and Freddie Mac recorded in their respective consolidated balance sheets loss reserves and deferred tax asset valuation allowances.  Defendants deny the remaining allegations of Paragraph 47.

48.     Answering Paragraph 48, Defendants admit that, after FHFA was appointed Conservator, Fannie Mae and Freddie Mac at times drew on Treasury's funding commitment to pay quarterly dividends to Treasury.  Defendants further admit that all draws on the commitment increased Fannie Mae and Freddie Mac's liquidation preference, which increased the amount of dividends due to Treasury.  Defendants lack knowledge or information sufficient to form a belief regarding the last sentence of Paragraph 48 and therefore deny that sentence.  Defendants deny all allegations of Paragraph 48 not specifically admitted herein.

49.     Answering Paragraph 49, Defendants state that the first sentence of Paragraph 49 constitutes a legal conclusion to which no response is required.  Defendants further admit that Treasury and FHFA amended the PSPAs in May 2009 and in December 2009, and refer to those

amendments for their contents.  To the extent any further response is required, Defendants deny all allegations of Paragraph 49 not specifically admitted herein.

50.     Answering Paragraph 50, Defendants admit the first sentence of Paragraph 50. Defendants state that the allegations of the second sentence of Paragraph 50 constitute legal conclusions to which no response is required.  Defendants refer to HERA for its contents. Defendants admit the existence of FHFA's Strategic Plan issued on or around February 21, 2012, and refer to that document for its contents.  Defendants admit the last sentence of Paragraph 50.

51.     Answering Paragraph 51, Defendants admit that Fannie Mae and Freddie Mac (collectively) earned more than $10 billion in comprehensive income in the first two quarters of 2012.  With respect to the fifth sentence, Defendants refer to the contents of the Companies' SEC filings.  Defendants deny all allegations of Paragraph 51 not specifically admitted herein.

52.     Answering Paragraph 52, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of the first sentence of Paragraph 52 pertaining to Treasury, and therefore deny those allegations.  Defendants otherwise deny the first sentence of Paragraph 52.  Defendants admit the existence of a Grant Thornton report dated November 8, 2012 (bearing the bates number GT007342), and a December 2011 internal Treasury memorandum (bearing the bates number UST00473633), and Defendants refer to these documents for their contents.  Defendants deny all allegations of Paragraph 52 not specifically admitted herein.

53.     Answering Paragraph 53, Defendants admit the existence of documents bearing the bates numbers UST00533645 and UST00385572 and refer to those documents for their contents.  Defendants otherwise lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 53, and therefore deny those allegations.

54.     Answering Paragraph 54, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of the first sentence of Paragraph 54 pertaining to Treasury, and therefore deny those allegations.  Defendants otherwise deny the first sentence of Paragraph 54.  Defendants admit that Susan McFarland was deposed in 2015 and refer to the transcript of her deposition for its contents.  Defendants admit that certain documents were circulated among FHFA officials on July 13, 2012 (FHFA00047889) and refer to those documents for their contents.  Defendants admit that a report by David Benson dated July 19, 2012 was sent to the Fannie Mae board of directors, and refer to that document (FM_Fairholme_CFC-00000220) for its contents.  Defendants deny all allegations of Paragraph 54 not specifically admitted herein.

55.     Answering Paragraph 55, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of the first sentence of Paragraph 55 pertaining to Treasury, and therefore deny those allegations.  Defendants otherwise admit the first sentence of Paragraph 55.  Defendants admit the existence of an agenda dated May 29, 2012 (at UST00405880) and refer to that document for its contents.  Defendants admit the existence of the e-mail chain on August 14, 2012 (at FHFA00038592) and refer to that document for its contents.  Defendants admit that Susan McFarland was deposed in 2015 and refer to the transcript of her deposition for its contents.  Defendants deny all allegations of Paragraph 55 not specifically admitted herein.

56.     Answering Paragraph 56, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations pertaining to Treasury, and therefore deny those allegations.  Defendants otherwise deny Paragraph 56.

57.     Defendants deny Paragraph 57.

58.     Answering Paragraph 58, Defendants admit that on August 17, 2012, FHFA as Conservator, on behalf of Fannie Mae and Freddie Mac, executed the Third Amendment to the PSPAs, and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 58 not specifically admitted herein.

59.     Answering Paragraph 59, Defendants deny the first sentence of paragraph 59. Defendants admit that Treasury issued a press release concerning the Third Amendment on August 17, 2012, and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 59 not specifically admitted herein.

60.     Answering Paragraph 60, Defendants admit that, under the PSPAs, dividends paid to Treasury do not reduce Treasury's outstanding liquidation preference.  Defendants deny all allegations of Paragraph 60 not specifically admitted herein.

61.     Answering Paragraph 61, Defendants admit the existence of a draft document with the heading "PSPA Amendment Q&A" (at UST00406551) and refer to that document for its contents.  Defendants deny all allegations of Paragraph 61 not specifically admitted herein.

62.     Answering Paragraph 62, Defendants admit the existence of e-mails among Treasury officials on August 15, 2012 (at UST00505919) and refer to those e-mails for their contents.  Defendants deny all allegations of Paragraph 62 not specifically admitted herein.

63.     Answering Paragraph 63, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of the first sentence of Paragraph 63, and therefore deny those allegations.  Defendants admit the existence of an "ACTION MEMORANDUM" dated December 20, 2012 (at TREASURY-0201) and refer to that document for its contents.

64.     Answering Paragraph 64, Defendants admit that Mary Miller sent FHFA's then-Acting Director DeMarco an agenda on January 4, 2012 (at FHFA00025815-16) and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 64 not specifically admitted herein.

65.     Answering Paragraph 65, Defendants admit the existence of the e-mail chain on August 14, 2012 (at FHFA00038592) and Defendants refer to that document for its contents.  Defendants further admit that Mario Ugoletti e-mailed FHFA colleagues on August 17, 2012 (at FHFA00031721) and Defendants refer to that document for its contents.  Defendants deny all allegations of Paragraph 65 not specifically admitted herein.

66.     Answering Paragraph 66, Defendants admit that, before the Third Amendment was executed, the total annual dividends owed by Fannie Mae and Freddie Mac to Treasury under the PSPAs were approximately $18.9 billion combined.  Defendants also admit the existence of a Fortune magazine article dated July 8, 2013 entitled *What's Behind Perry Capital's Fannie and Freddie Gambit*, and Defendants refer to that article for its contents.  Defendants deny all allegations of Paragraph 66 not specifically admitted herein.

67.     Answering Paragraph 67, Defendants admit that Treasury issued a press release concerning the Third Amendment on August 17, 2012, and that FHFA Director DeMarco sent a letter to certain members of Congress on February 2, 2010, and Defendants refer to those documents for their contents.  Defendants deny all allegations of Paragraph 67 not specifically admitted herein.

68.     Answering Paragraph 68, Defendants admit the existence of a document entitled "PSPA Modification: Key Points to Make" (UST00061421-22) and an e-mail of August 13,

2012 e-mail to Timothy Bowler (at UST00061143), and Defendants refer to those documents for their contents.  Defendants deny all allegations of Paragraph 68 not specifically admitted herein.

69.     Answering Paragraph 69, Defendants admit that, under the PSPAs, dividends paid to Treasury do not reduce Treasury's outstanding liquidation preference.  Defendants admit the second sentence of Paragraph 69.  Defendants deny all allegations of Paragraph 69 not specifically admitted herein.

70.     Answering Paragraph 70, Defendants deny the first sentence of Paragraph 70. Defendants deny the amount of the settlement announced on May 28, 2013, and the amount of the settlement with General Electric.  Defendants otherwise admit the allegations of the second through ninth sentences of Paragraph 70.  Defendants admit that after payment of any settlement sums identified in Paragraph 70 occurred, the Companies paid Treasury a dividend based on the Companies' net worth pursuant to the PSPAs and senior preferred stock certificates of designation.

71.     Defendants deny Paragraph 71.

72.     Answering Paragraph 72, Defendants admit the first sentence of Paragraph 72. Defendants further admit that prior to September 6, 2008, Fannie Mae had issued Common Stock and several series of Preferred Stock.  Defendants refer to Fannie Mae's 10-K (filed on Feb. 14, 2018) for a complete list of outstanding preferred stock.

73.     Defendants admit that prior to September 6, 2008, Freddie Mac had issued Common Stock and several series of Preferred Stock.  Defendants refer to Freddie Mac's 10-K (filed on Feb. 15, 2018) for a complete list of outstanding preferred stock.

74.     Answering Paragraph 74, Defendants admit that the Companies' preferred and common stock was issued prior to the senior preferred stock issued to Treasury, but lack

knowledge or information sufficient to form a belief regarding who has owned the stock. Defendants admit that, as of December 31, 2012, the Companies' outstanding Preferred Stock had an aggregate liquidation preference of approximately $33 billion.  Defendants admit the preferred stock certificates of designation address dividends and liquidation preferences and Defendants refer to those documents for their contents.

75.     Answering Paragraph 75, Defendants admit the first and second sentences of Paragraph 75.  Defendants admit that Fannie Mae and Freddie Mac at times declared and paid dividends on each series of their respective Preferred Stock.  Defendants deny all allegations of Paragraph 75 not specifically admitted herein.

76.     Answering Paragraph 76, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the first and second sentences of Paragraph 76 and refer to the Companies' bylaws for their contents.  Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law. Defendants refer to the Certificates of Designation for their contents.  Defendants deny all allegations of Paragraph 76 not specifically admitted herein.

77.     Answering Paragraph 77, Defendants state that the first sentence of Paragraph 77 constitutes legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the

corporation is formed and regulated—in this case, federal law.  Defendants refer to the certificates of designation for their contents.  Defendants deny all allegations of Paragraph 77 not specifically admitted herein.

78.     Answering Paragraph 78, Defendants state that the first sentence of Paragraph 78 constitutes legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.  Defendants refer to the certificate of designation for its contents.  Defendants deny all allegations of Paragraph 78 not specifically admitted herein.

79.     Answering Paragraph 79.  Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny Paragraph 79.

80.     Answering Paragraph 80, Defendants admit the first sentence of Paragraph 80 and further state that no such permission was required to be sought or obtained.  Defendants state that the remaining allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the remaining allegations of Paragraph 80.

81.     Answering Paragraph 81, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 81.

82.     Answering Paragraph 82, Defendants state that the first and second sentences of Paragraph 82 purport to characterize the Third Amendment, and Defendants refer to that amendment for its contents.  Defendants state that the third sentence of Paragraph 82 constitutes legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in the third sentence of Paragraph 82.  Defendants deny all allegations of Paragraph 82 not specifically admitted herein.

83.     Answering Paragraph 83, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.

84.     Answering Paragraph 84, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 84.

85.     Answering Paragraph 85, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that Fannie Mae has publicly stated that its board of directors is "not obligated to consider the interests of the company, [or] the holders of our equity or debt securities . . . unless specifically directed to do so by the conservator" Fannie Mae 2014 10-K, and that Freddie Mac has publicly stated that it is "under the control of FHFA, as our conservator, and [is] not managed to maximize stockholder returns."  Freddie Mac 2016 10-K. Defendants deny all allegations of Paragraph 85 not specifically admitted herein.

86.     Answering Paragraph 86, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this

Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 86.

87.     Answering Paragraph 87, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 87.

88.     Answering Paragraph 88, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that Fannie Mae's 2012 Form 10-K contains the text quoted in the first and second sentences of Paragraph 88, and Defendants refer to that document for its contents.  Defendants further state that the third sentence of Paragraph 88 appears to characterize portions of certain delegations by the Conservator to the boards of directors, and Defendants refer to the Companies' 10-K filings for their content of those delegations.

89.     Answering Paragraph 89, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that Freddie Mac's 2013 Form 10-K contains the text quoted in the first and second sentences of Paragraph 89, and Defendants refer to that document for its contents.  Defendants further state that the third sentence of Paragraph 89 appears to

characterize portions of certain delegations by the Conservator to the boards of directors, and Defendants refer to the Companies' 10-K filings for their content of those delegations.

90.     Answering Paragraph 90, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that FHFA's Acting Director sent a letter to Congress on February 2, 2010, and refer to that document for its contents.  Defendants deny all allegations of Paragraph 90 not specifically admitted herein.

91.     Answering Paragraph 91, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 91.

92.     Answering Paragraph 92, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 92.

93.     Answering Paragraph 93, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this

Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 93.

94.     Answering Paragraph 94, Defendants state that this paragraph pertains to claims that were dismissed by the Court on September 28, 2018, and thus does not require a response.

95.     Answering Paragraph 95, Defendants state that this paragraph pertains to claims that were dismissed by the Court on September 28, 2018, and thus does not require a response.

96.     Answering Paragraph 96, Defendants state that this paragraph pertains to claims that were dismissed by the Court on September 28, 2018, and thus does not require a response.

97.     Answering Paragraph 97, Defendants state that this paragraph pertains to claims that were dismissed by the Court on September 28, 2018, and thus does not require a response.

98.     Answering Paragraph 98, Defendants state that this paragraph pertains in part to claims that were dismissed by the Court (Counts I-III), and thus does not require a response. With respect to Count IV, Defendants state that this paragraph purports to describe an alleged class Plaintiffs seek to represent, and thus does not require a response.  Defendants deny that any class certification is appropriate.

99.     Answering Paragraph 99, Defendants state that this paragraph pertains in part to a claim that was dismissed by the Court (Count II), and thus does not require a response.  With respect to Count V, Defendants state that this paragraph purports to describe an alleged class Plaintiffs seek to represent, and thus does not require a response.  Defendants deny that any class certification is appropriate.

100.     Answering Paragraph 100, Defendants state that this paragraph pertains in part to a claim that was dismissed by the Court (Count III), and thus does not require a response.  With respect to Count VI, Defendants state that this paragraph purports to describe an alleged class

Plaintiffs seek to represent, and thus does not require a response.  Defendants deny that any class certification is appropriate.

101.    Answering Paragraph 101, Defendants state that this paragraph pertains to claims that were dismissed by this Court, and thus does not require a response.

102.    Answering Paragraph 102, Defendants state that this paragraph pertains to claims that were dismissed by this Court, and thus does not require a response.

103.    Answering Paragraph 103, Defendants admit that Plaintiffs have brought a purported class action and named their proposed classes as the "Classes."

104.    Answering Paragraph 104, Defendants state that the allegations of the first sentence of Paragraph 104 constitute legal conclusions to which no response is required. Defendants lack knowledge and information sufficient to form a belief regarding the allegations of the second sentence of Paragraph 104, and therefore deny those allegations.  Defendants admit the third, fourth, and fifth sentences of Paragraph 104, and admit that record owners may be identified by Fannie Mae and Freddie Mac's transfer agent.  Defendants further state that Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 104 and therefore deny those allegations.  Defendants deny that any class certification is appropriate.

105.    Answering Paragraph 105, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny Paragraph 105 and deny that Plaintiffs are entitled to any class certification.

106.    Answering Paragraph 106, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent any response is

required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 106 and therefore deny those allegations. Defendants deny that Plaintiffs are entitled to any class certification.

107. Answering Paragraph 107, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 107 and therefore deny those allegations. Defendants deny that Plaintiffs are entitled to any class certification.

108. Answering Paragraph 108, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 108 and therefore deny those allegations. Defendants deny that Plaintiffs are entitled to any class certification.

109. Answering Paragraph 109, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 109 and therefore deny those allegations. Defendants deny that Plaintiffs are entitled to any class certification.

110. Answering Paragraph 110, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required. To the extent any response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 110 and therefore deny those allegations. Defendants deny that Plaintiffs are entitled to any class certification.

111.    Answering Paragraph 111, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that Plaintiffs purported to bring Counts XI and XII derivatively, and Plaintiffs named Fannie Mae and Freddie Mac as nominal defendants. Defendants further admit that, under the D.C. Circuit's decision in this case, Plaintiffs cannot assert derivative claims on behalf of Fannie Mae or Freddie Mac.  Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 111 and therefore deny those allegations.

112.    Answering Paragraph 112, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 112.

113.    Answering Paragraph 113, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that, under the PSPAs, dividends paid to Treasury do not reduce Treasury's outstanding liquidation preference.  Defendants deny all allegations of Paragraph 113 not specifically admitted herein.

114.     Answering Paragraph 114, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that Treasury issued a press release concerning the Third Amendment on August 17, 2012, and Defendants refer to that document for its contents. Defendants otherwise deny the allegations of Paragraph 114.

115.     Answering Paragraph 115, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that FHFA issued a statement concerning the Third Amendment on August 17, 2012, that FHFA Director DeMarco issued a statement to a Senate Committee on April 18, 2013, and that FHFA issued a report to Congress 2012, and Defendants refer to those documents for their contents.  Defendants deny all allegations of Paragraph 115 not specifically admitted herein.

116.     Answering Paragraph 116, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 116 and therefore deny those allegations.

117.    Answering Paragraph 117, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants deny Paragraph 117.

118.    Answering Paragraph 118, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the existence of Fannie Mae's 2012 Form 10-K, and refer to that document for its contents.  Defendants deny all allegations of Paragraph 118 not specifically admitted herein.

119.    Answering Paragraph 119, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 119.

120.    Answering Paragraph 120, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  Defendants also

27

state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 120.

121.    Answering Paragraph 121, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit the existence of Va Code Ann. 13.1-672.1, and refer to that code provision for its contents.  Defendants deny all allegations of Paragraph 121 not specifically admitted herein.

122.    Answering Paragraph 122, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that AEIC, Cacciapalle, and Miller each sent a letter to Freddie Mac dated January 6 or 7, 2014, and Defendants refer to those letters for their contents. Defendants deny all allegations of Paragraph 122 not specifically admitted herein.

123.    Answering Paragraph 123, Defendants state that this paragraph pertains to claims that were dismissed by this Court on September 30, 2014, which dismissal was affirmed by the D.C. Circuit on February 21, 2017 (with an opinion reissued on July 17, 2017), and also by this Court's opinion on September 28, 2018, and thus does not require a response.  To the extent a response is required, Defendants admit that certain letters have been filed in this action at Doc. # No. 39-1, Exhibits D, E, and F, and Defendants refer to those letters for their contents.

124.     Answering Paragraph 124, Defendants incorporate by reference Paragraphs 1 through 123 of this Answer as though fully stated herein.

125.     Answering Paragraph 125, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

126.     Answering Paragraph 126, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

127.     Answering Paragraph 127, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

128.     Answering Paragraph 128, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

129.     Answering Paragraph 129, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

130.     Answering Paragraph 130, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

131.     Answering Paragraph 131, Defendants incorporate by reference Paragraphs 1 through 130 of this Answer as though fully stated herein.

132.     Answering Paragraph 132, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

133.     Answering Paragraph 133, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

134.     Answering Paragraph 134, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

135.     Answering Paragraph 135, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

136.     Answering Paragraph 136, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

137.     Answering Paragraph 137, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

138.     Answering Paragraph 138, Defendants incorporate by reference Paragraphs 1 through 137 of this Answer as though fully stated herein.

139.     Answering Paragraph 139, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

140.     Answering Paragraph 140, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

141.     Answering Paragraph 141, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

142.    Answering Paragraph 142, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

143.    Answering Paragraph 143, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

144.    Answering Paragraph 144, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

145.    Answering Paragraph 145, Defendants incorporate by reference Paragraphs 1 through 144 of this Answer as though fully stated herein.

146.    Answering Paragraph 146, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.

147.    Answering Paragraph 147, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is

required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 147 and therefore deny those allegations.

148.    Answering Paragraph 148, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.  Defendants refer to the preferred stock certificates of designation for their contents.  Defendants deny all allegations of Paragraph 148 not specifically admitted herein.

149.    Answering Paragraph 149, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 149.

150.    Answering Paragraph 150, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 150.

151.    Answering Paragraph 151, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 151.

152.    Answering Paragraph 152, Defendants incorporate by reference Paragraphs 1 through 151 of this Answer as though fully stated herein.

153.    Answering Paragraph 153, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is

required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.

154.    Answering Paragraph 154, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 154 and therefore deny those allegations.

155.    Answering Paragraph 155, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.  Defendants refer to the preferred stock certificates of designation for their contents.  Defendants deny all allegations of Paragraph 155 not specifically admitted herein.

156.    Answering Paragraph 156, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 156.

157.    Answering Paragraph 157, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 157.

158.    Answering Paragraph 158, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 158.

159.    Answering Paragraph 159, Defendants incorporate by reference Paragraphs 1 through 158 of this Answer as though fully stated herein.

160.    Answering Paragraph 160, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.

161.    Answering Paragraph 161, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that they lack knowledge or information sufficient to form a belief regarding the allegations of Paragraph 161 and therefore deny those allegations.

162.    Answering Paragraph 162, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the contractual relationship between Fannie Mae and Freddie Mac and their stockholders includes not only documents such as the stock certificate, certificate of designations, the corporate charter, and bylaws, but also the corporate law under which the corporation is formed and regulated—in this case, federal law.  Defendants refer to the Freddie Mac common stock certificates of designation for their contents.  Defendants deny all allegations of Paragraph 162 not specifically admitted herein.

163.    Answering Paragraph 163, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 163.

164.    Answering Paragraph 164, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 164.

165.    Answering Paragraph 165, Defendants state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Paragraph 165.

166.    Answering Paragraph 166, Defendants incorporate by reference Paragraphs 1 through 165 of this Answer as though fully stated herein.

167.    Answering Paragraph 167, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

168.    Answering Paragraph 168, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

169.    Answering Paragraph 169, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

170.     Answering Paragraph 170, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

171.     Answering Paragraph 171, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

172.     Answering Paragraph 172, Defendants incorporate by reference Paragraphs 1 through 171 of this Answer as though fully stated herein.

173.     Answering Paragraph 173, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

174.     Answering Paragraph 174, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

175.     Answering Paragraph 175, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

176.     Answering Paragraph 176, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

177.     Answering Paragraph 177, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

178.     Answering Paragraph 178, Defendants incorporate by reference Paragraphs 1 through 177of this Answer as though fully stated herein.

179.     Answering Paragraph 179, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

180.     Answering Paragraph 180, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

181.     Answering Paragraph 181, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

182.     Answering Paragraph 182, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

183.     Answering Paragraph 183, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

184.     Answering Paragraph 184, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

185.     Answering Paragraph 185, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

186.     Answering Paragraph 186, Defendants incorporate by reference Paragraphs 1 through 185 of this Answer as though fully stated herein.

187.     Answering Paragraph 187, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

188.     Answering Paragraph 188, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

189.     Answering Paragraph 189, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

190.     Answering Paragraph 190, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

191.     Answering Paragraph 191, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

192.     Answering Paragraph 192, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

193.     Answering Paragraph 193, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which

no response is required.  To the extent a response is required, Defendants admit that this count is barred.  Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 193 and therefore deny those allegations.

194.    Answering Paragraph 194, Defendants incorporate by reference Paragraphs 1 through 193 of this Answer as though fully stated herein.

195.    Answering Paragraph 195, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

196.    Answering Paragraph 196, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

197.    Answering Paragraph 197, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

198.    Answering Paragraph 198, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

199.    Answering Paragraph 199, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response.

Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

200.    Answering Paragraph 200, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

201.    Answering Paragraph 201, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this count is barred.  Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 201 and therefore deny those allegations.

202.    Answering Paragraph 202, Defendants incorporate by reference Paragraphs 1 through 201 of this Answer as though fully stated herein.

203.    Answering Paragraph 203, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

204.    Answering Paragraph 204, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

205.     Answering Paragraph 205, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

206.     Answering Paragraph 206, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

207.     Answering Paragraph 207, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

208.     Answering Paragraph 208, Defendants state that this paragraph pertains to a claim that was dismissed by the Court on September 28, 2018, and thus does not require a response. Defendants also state that the allegations of this paragraph constitute legal conclusions to which no response is required.

Answering the Prayer for Relief, to the extent any response is required, Defendants deny each and every allegation contained therein and deny that Plaintiffs are entitled to any relief whatsoever.

Defendants deny each and every allegation of the Complaint not specifically admitted in Paragraphs 1-208 and the Prayer for Relief.

Further, the Complaint contains section headings that do not require a response.  To the extent any response is required, Defendants deny all allegations in all section headings.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses without admitting any of the allegations in the Complaint that have previously been denied, without assuming any burden of proof that Defendants would not otherwise bear, and reserving the right to amend or supplement these affirmative defenses and raise counterclaims as additional facts become available or apparent in this action:

### First Affirmative Defense

Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Some or all of Plaintiffs' claims (including claims for money damages) are barred because they seek relief that would "restrain or affect the exercise of powers or functions of the [Federal Housing Finance] Agency as a conservator" within the meaning of 12 U.S.C. § 4617(f).

### Third Affirmative Defense

Some or all of Plaintiffs' claims are preempted and/or barred in whole or in part by federal law.

### Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because they seek to recover for alleged anticipatory repudiation of implied covenant obligations attendant to a unilateral contract.

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Defendants performed all duties owed under the implied covenant of good faith and fair dealing and therefore never breached the implied covenant.

<u>Sixth Affirmative Defense</u>

Plaintiffs' claims fail in whole or in part to the extent Plaintiffs purchased their stock after the alleged wrongdoing occurred.

<u>Seventh Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part because Plaintiffs suffered no actual injury.

<u>Eighth Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part because Plaintiffs were not harmed by, or have no recoverable damages caused by, any alleged actions or omissions by Defendants.

<u>Ninth Affirmative Defense</u>

Plaintiffs' claims fail in whole in part because at least a portion of Plaintiffs' alleged damages are based on intervening or supervening causes.

<u>Tenth Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

<u>Eleventh Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

<u>Twelfth Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

<u>Thirteenth Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part by the doctrine of assumption of risk.

<u>Fourteenth Affirmative Defense</u>

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

<u>Reservation of Defenses</u>

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in this action in the event that discovery or other developments indicate that they would be appropriate.

## **PRAYER**

Having fully answered the Complaint, Defendants respectfully pray as follows:

1.      That the Complaint be dismissed with prejudice in its entirety;

2.      That judgment be entered in favor of Defendants and against Plaintiffs on the Complaint as a whole;

3.      That Defendants be awarded attorneys' fees, costs, and disbursements in this action;

4.      That the Court award Defendants such other and further relief as the Court may deem appropriate.

Dated:  December 17, 2018                Respectfully submitted,

                                         /s/ Howard N. Cayne
                                         Howard N. Cayne (D.C. Bar # 331306)
                                         Asim Varma (D.C. Bar # 426364)
                                         David B. Bergman (D.C. Bar # 435392)
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         601 Massachusetts Ave NW
                                         Washington, D.C. 20001
                                         (202) 942-5000
                                         Howard.Cayne@arnoldporter.com
                                         Asim.Varma@arnoldporter.com
                                         David.Bergman@arnoldporter.com

                                         *Attorneys for Defendant Federal Housing*
                                         *Finance Agency and Director Melvin L. Watt*


s/ Michael J. Ciatti                     s/ Meaghan VerGow
Michael J. Ciatti  (D.C. Bar # 467177)   Meaghan VerGow  (D.C. Bar # 977165)
KING & SPALDING LLP                      O'MELVENY & MYERS LLP
1700 Pennsylvania Ave. N.W.              1625 Eye Street, N.W.
Washington, DC 20006                     Washington, DC 20006
Tel: (202) 626-5508                      Tel: (202) 383-5300
Fax: (202) 626-3737                      Fax: (202) 383-5414
mciatti@kslaw.com                        mvergow@omm.com

*Attorney for the Federal Home Loan*     *Attorney for the Federal National Mortgage*
*Mortgage Corp.*                         *Association*