IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

## STIPULATION FOR CLASS CERTIFICATION

WHEREAS, on August 12, 2021, Plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin (collectively, the "Class Plaintiffs") filed a Motion for Class Certification (ECF No. 132);

WHEREAS, in an effort to streamline and make efficient use of the Parties' and the Court's resources the Class Plaintiffs and Defendants Federal Housing Finance Agency ("FHFA"), the Federal National Mortgage Association ("Fannie Mae"), and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") have conferred regarding class certification with respect to the Class Plaintiffs' claims and have agreed, subject to approval of the Court, to stipulate to the certification of certain classes under Federal Rule of Civil Procedure 23(a) and 23(b)(3) on the terms set forth below; and

WHEREAS, the Class Plaintiffs assert, and Defendants for purposes of class certification do not contest, the terms and conditions set forth in this stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by the Class Plaintiffs and Defendants (the "Parties"), subject to the approval of the Court, that:

1.      For purposes of class certification only, the Parties agree that, pursuant to Federal Rule of Civil Procedure 23(a)(1), the proposed classes are so numerous that joinder of all members is impracticable. There are millions of shares of Junior Preferred Stock (as defined in the Motion for Class Certification) and Freddie Mac common stock outstanding, and thousands of members of each class.

2.      For purposes of class certification only, pursuant to Federal Rule of Civil Procedure 23(a)(2), the Parties agree that there are questions of law or fact common to the classes, including whether Defendants breached the implied covenant of good faith and fair dealing. Plaintiffs' claims all stem from the execution of the Third Amendment on August 17, 2012.

3.      For purposes of class certification only, pursuant to Federal Rule of Civil Procedure 23(a)(3), the Parties agree that the claims of the Class Plaintiffs are typical of the claims of the classes because Class Plaintiffs are all stockholders who assert the same claims and seek the same remedies based on the execution of the Third Amendment.

4.      For purposes of class certification only, pursuant to Federal Rule of Civil Procedure 23(a)(4), the Parties agree that the Class Plaintiffs will fairly and adequately protect the interests of the classes because their interests are not antagonistic to those of other class members, and that Class Plaintiffs' proposed Class Counsel, the law firms of Boies Schiller Flexner LLP ("Boies Schiller"), Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), Grant & Eisenhofer, P.A. ("Grant & Eisenhofer"), and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") are competent, experienced, and will vigorously pursue their duties to the classes.

5.  For purposes of class certification only, pursuant to Federal Rule of Civil Procedure 23(b)(3), the Parties agree that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6.  Based on the foregoing, the Parties agree that the following classes will be certified:

>  All current holders of junior preferred stock in Fannie Mae as of the date of certification, or their successors in interest to the extent shares are sold after the date of certification and before any final judgment or settlement (the "Fannie Preferred Class");

>  All current holders of junior preferred stock in Freddie Mac as of the date of certification, or their successors in interest to the extent shares are sold after the date of certification and before any final judgment or settlement (the "Freddie Preferred Class"); and

>  All current holders of common stock in Freddie Mac as of the date of certification, or their successors in interest to the extent shares are sold after the date of certification and before any final judgment or settlement (the "Freddie Common Class").

7.  Excluded from the foregoing three classes (the "Classes") will be Defendants, the United States Department of Treasury, and their respective officers, employees, agents, and directors.

8.  Plaintiff Cacciapalle owns Fannie Mae Series S Preferred Stock, Fannie Mae Series T Preferred Stock, and Freddie Mac Series J Preferred Stock, and will be appointed a class representative of the Fannie Preferred Class and the Freddie Preferred Class.

9.  Plaintiff Miller owns Freddie Mac common stock and will be appointed a class representative of the Freddie Common Class.

10. Plaintiff Cassell owns Freddie Mac common stock and will be appointed a class representative of the Freddie Common Class.

11. Plaintiff Borodkin owns Fannie Mae Preferred Stock in the following series: Series P, Series F, Series N, Series S, Series G, Series M, Series N, Series L, Series T, Series Q, Series H, and Series R. Borodkin will be appointed a class representative of the Fannie Preferred Class.

12. The law firms of Boies Schiller; Kessler Topaz; Grant & Eisenhofer; and Bernstein Litowitz will be appointed Co-Lead Class Counsel.

13. By entering into this Stipulation, Class Plaintiffs and Defendants do not waive any defenses, objections, or arguments that otherwise could be asserted in any motion (including but not limited to a summary judgment motion or a *Daubert* motion), at trial, or at any other stage of this litigation.

14. This Stipulation and the Court's order certifying the Classes (the "Order") shall not constitute an admission by any Defendant concerning liability or damages in this case.

15. This Stipulation and the Order are without prejudice to (i) Defendants' right to contend that some or all members of the Classes do not have any right to recovery, are subject to individual defenses, and/or did not suffer any damages; and (ii) Defendants' right to seek an offset or other appropriate adjustment to the damages that may be sought by some or all members of the Classes based on recoveries in other proceedings related to the Third Amendment.

16. This Stipulation and the Order are without prejudice to (i) the right of any party to bring an appropriate motion, without leave of the Court, at a later time to decertify, limit, extend, or otherwise modify or redefine the Classes, or to divide the Classes into sub-classes, or to challenge, substitute, or modify the Class representatives; (ii) the right of any party to oppose any motion asserted under subsection (i) of this paragraph; and/or (iii) the right of the Court to

alter or amend its Order at any time prior to entry of a final judgment on the merits, or to make such other orders as may be appropriate.

17. This Stipulation and the Order shall not be cited, referred to, utilized, or admitted as evidence for purposes of arguing that any class or collective action may be maintained or certified in any action other than the present action, and Defendants reserve all rights to oppose class certification on any ground in any other action.

18. Upon entry of the Order, the parties shall promptly meet and confer regarding an appropriate form, content, and method of providing the notices to be disseminated to the Class pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

19. No later than forty-five (45) days following the entry of the Order, the Parties shall submit a mutually satisfactory stipulation and proposed order setting forth the agreed-upon form, content, and method of providing the notices to be disseminated to the Classes pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

20. If the Parties are unable to reach agreement regarding an appropriate form, content, and method of providing notice to the Classes, Class Plaintiffs shall move for an order approving a proposed form, content, and method of providing notices to the Class pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) no later than forty-five (45) days following the entry of the Order.

21. The Parties agree that, in light of this Stipulation, the Class Plaintiffs' Motion for Class Certification (ECF No. 132) should be treated as withdrawn.

The Parties have attached hereto a proposed Order that is consistent with the terms of this Stipulation.

Respectfully submitted,

*/s/ Asim Varma*  
Asim Varma (D.C. Bar #426364)  
Howard N. Cayne (D.C. Bar #331306)  
David B. Bergman (D.C. Bar #435392)  
ARNOLD &PORTER KAYE SCHOLER LLP  
601 Massachusetts Ave NW  
Washington, DC 20001  
Tel: (202) 942-5000  
Asim.Varma@arnoldporter.com  
Howard.Cayne@arnoldporter.com  
David.Bergman@arnoldporter.com  

*Attorneys for Defendant Federal Housing Finance Agency*

*/s/ Michael J. Ciatti*  
Michael J. Ciatti (D.C. Bar #467177)  
KING &SPALDING LLP  
1700 Pennsylvania Ave. N.W.  
Washington, DC 20006  
Tel: (202) 626-5508  
Fax: (202) 626-3737  
mciatti@kslaw.com  

*Attorney for the Federal Home Loan Mortgage Corp.*

*/s/ Meaghan VerGow*  
Meaghan VerGow (D.C. Bar # 977165)  
O'MELVENY &MYERS LLP  
1625 Eye Street, N.W.  
Washington, DC 20006  
Tel: (202) 383-5300  
Fax: (202) 383-5414  
mvergow@omm.com  

*Attorney for the Federal National Mortgage Association*

*/s/ Hamish P.M. Hume*  
BOIES SCHILLER FLEXNER LLP  
Hamish P.M. Hume (D.C. Bar #449914)  
Samuel Kaplan (D.C. Bar #463350)  
1401 New York Ave. NW  
Washington, DC 20005  
Tel: (202) 237-2727  
Fax: (202) 237-6131  
hhume@bsfllp.com  
skaplan@bsfllp.com  

KESSLER TOPAZ MELTZER & CHECK, LLP  
Eric L. Zagar (*Pro Hac Vice*)  
280 King of Prussia Rd.  
Radnor, PA 19087  
Tel: (610) 667-7706  
Fax: (610) 667-7056  
ezagar@ktmc.com  

GRANT & EISENHOFER, P.A.  
Michael J. Barry (*Pro Hac Vice*)  
123 Justison Street  
Wilmington, DE 19801  
Tel: (302) 622-7000  
Fax: (302) 622-7100  
mbarry@gelaw.com  

BERNSTEIN LITOWITZ BERGER  
 & GROSSMANN LLP  
Adam Wierzbowski (*Pro Hac Vice*)  
1251 Avenue of the Americas  
New York, NY 10020  
Tel: (212) 554-1400  
Fax: (212) 554-1444  
adam@blbglaw.com  

*Co-Lead Counsel for Plaintiffs*