IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>———————————<br><br>This document relates to:<br>ALL CASES | Miscellaneous No. 13-1288 (RCL) |

**[PROPOSED] ORDER**

This matter comes before the Court on the parties' Stipulation for Class Certification. The Court, having considered the Stipulation, hereby ORDERS as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court finds that the proposed classes are so numerous that joinder of all members is impracticable. There are millions of shares of Junior Preferred Stock (as defined in the Motion for Class Certification) and Freddie Mac common stock outstanding, and thousands of members of each class.

2. Pursuant to Federal Rule of Civil Procedure 23(a)(2), the Court finds that there are questions of law or fact common to the classes, including whether Defendants breached the implied covenant of good faith and fair dealing. Plaintiffs' claims all stem from the execution of the Third Amendment on August 17, 2012.

3. Pursuant to Federal Rule of Civil Procedure 23(a)(3), the Court finds that the claims of the Class Plaintiffs are typical of the claims of the classes because Class Plaintiffs are all stockholders who assert the same claims and seek the same remedies based on the execution of the Third Amendment.

4. Pursuant to Federal Rule of Civil Procedure 23(a)(4), the Court finds that the Class Plaintiffs will fairly and adequately protect the interests of the classes because their interests are not antagonistic to those of other class members, and that Class Plaintiffs' proposed Class Counsel, the law firms of Boies Schiller Flexner LLP ("Boies Schiller"), Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), Grant & Eisenhofer, P.A. ("Grant & Eisenhofer"), and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") are competent, experienced, and will vigorously pursue their duties to the classes.

5. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. Based on the foregoing, the Court ORDERS that the following classes will be certified:

> All current holders of junior preferred stock in Fannie Mae as of the date of certification, or their successors in interest to the extent shares are sold after the date of certification and before any final judgment or settlement (the "Fannie Preferred Class");
>
> All current holders of junior preferred stock in Freddie Mac as of the date of certification, or their successors in interest to the extent shares are sold after the date of certification and before any final judgment or settlement (the "Freddie Preferred Class"); and
>
> All current holders of common stock in Freddie Mac as of the date of certification, or their successors in interest to the extent shares are sold after the date of certification and before any final judgment or settlement (the "Freddie Common Class").

7. Excluded from the foregoing three classes (the "Classes") will be Defendants, the United States Department of Treasury, and their respective officers and directors.

8. Plaintiff Cacciapalle owns Fannie Mae Series S Preferred Stock, Fannie Mae Series T Preferred Stock, and Freddie Mac Series J Preferred Stock, and is appointed a class representative of the Fannie Preferred Class and the Freddie Preferred Class.

9. Plaintiff Miller owns Freddie Mac common stock and is appointed a class representative of the Freddie Common Class.

10. Plaintiff Cassell owns Freddie Mac common stock and is appointed a class representative of the Freddie Common Class.

11. Plaintiff Borodkin owns Fannie Mae Preferred Stock in the following series: Series P, Series F, Series N, Series S, Series G, Series M, Series N, Series L, Series T, Series Q, Series H, and Series R.  Borodkin is appointed a class representative of the Fannie Preferred Class.

12. The law firms of Boies Schiller; Kessler Topaz; Grant & Eisenhofer; and Bernstein Litowitz is appointed Co-Lead Class Counsel.

13. By entering into the Stipulation, Class Plaintiffs and Defendants do not waive any defenses, objections, or arguments that otherwise could be asserted in a summary judgment motion, in a *Daubert* motion, at trial, or at any other stage of this litigation.

14. The Stipulation and this Order certifying the Classes shall not constitute an admission by any Defendant concerning liability or damages in this case.

15. The Stipulation and this Order are without prejudice to (i) Defendants' right to contend that some or all members of the Classes do not have any right to recovery, are subject to individual defenses, and/or did not suffer any damages; and (ii) Defendants' right to seek an offset or other appropriate adjustment to the damages that may be sought by some or all

members of the Classes based on recoveries in other proceedings related to the Third Amendment.

16. The Stipulation and this Order are without prejudice to (i) the right of any party to bring an appropriate motion, without leave of the Court, at a later time to decertify, limit, extend, or otherwise modify or redefine the Classes, or to divide the Classes into sub-classes, or to challenge, substitute, or modify the Class representatives; (ii) the right of any party to oppose any motion asserted under subsection (i) of this paragraph; and/or (iii) the right of the Court to alter or amend its Order at any time prior to entry of a final judgment on the merits or to make such other orders as may be appropriate.

17. The Stipulation and this Order shall not be cited, referred to, utilized, or admitted as evidence for purposes of arguing that any class or collective action may be maintained or certified in any action other than the present action, and Defendants reserve all rights to oppose class certification on any ground in any other action.

18. The Parties shall promptly meet and confer regarding an appropriate form, content, and method of providing the notices to be disseminated to the Classes pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

19. No later than forty-five (45) days following the entry of this Order, the Parties shall submit a mutually satisfactory stipulation and proposed order setting forth the agreed-upon form, content, and method of providing the notices to be disseminated to the Classes pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

20. If the Parties are unable to reach agreement regarding an appropriate form, content, and method of providing notice to the Classes, Class Plaintiffs shall move for an order approving a proposed form, content, and method of providing notices to the Class pursuant to

Federal Rule of Civil Procedure 23(c)(2)(B) no later than forty-five (45) days following the entry of this Order.

21.     The Class Plaintiffs' Motion for Class Certification (ECF No. 132) is deemed WITHDRAWN.

Dated: _____, 2021

_____
United States District Judge