**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re Fannie Mae/Freedie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | |
| This Order relates to: ALL CASES. | **Case No. 1:13-mc-1288-RCL** |

## ORDER

Before the Court are plaintiffs' motion for class certification [132] and the parties' stipulation for class certification [133]. The parties have filed a proposed order reflecting the terms of their stipulation [133-1] and providing that, in light of the stipulation, the motion for class certification should be treated as withdrawn. For the reasons explained below, the Court doubts the propriety of entering the parties' stipulated order and proceeding according to the parties' proposed course.

The Supreme Court has held that class certification is proper "only if the trial court is satisfied, after a *rigorous* analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (emphasis added); *see* 3 William B. Rubenstein, Newberg on Class Actions § 7:3 (5th ed.) ("The parties' presentation of an uncontested motion for class certification does not relieve the court of the duty of determining whether certification is appropriate."). Indeed, rigorous analysis is important to protect the due process rights of absent parties that will be bound by the final judgment. *Cf. Hansberry v. Lee*, 311 U.S. 32, 44–45 (1940). Additionally, the local rules of this Court contemplate that an order for class certification will be the result of "ruling upon [a] motion" brought pursuant to Fed. R. Civ. P. 23. *See* LCvR 23.1(b).

In light of these background principles and the procedure contemplated by the local rules, the Court doubts that entering the stipulated order of class certification—without a corresponding motion—would be permissible. The Court does not seek to challenge the parties' ability to stipulate to relevant facts that may support class certification. But the parties' proposed course seems inconsistent with the federal and local rules of civil procedure. Here, the parties have suggested that they wish to withdraw the class certification motion in light of their proposed stipulation. Thus, before the Court proceeds further on the class certification issue, the Court hereby **ORDERS** the parties to file a joint written response to this Order by November 25, 2021, informing the Court how they would like to proceed. If counsel believes that oral argument on this issue is necessary, they should so state in their response to this order.

**IT IS SO ORDERED.**

Date: 11/15/21

Royce C. Lamberth
United States District Judge