IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** <br><br> **THIS DOCUMENT RELATES TO: ALL CASES** | Misc. Action No. 13-mc-1288 (RCL) <br><br> <u>**CLASS ACTION**</u> |

**STIPULATION REGARDING FORM, CONTENT, AND METHOD FOR PROVIDING
<u>NOTICE OF CLASS ACTION PURSUANT TO RULE 23(c)(2)(B)</u>**

WHEREAS, on August 12, 2021, plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin (collectively, "Plaintiffs"), to the above-captioned shareholder class action (the "Action") filed a Motion for Class Certification;

WHEREAS, on October 14, 2021, Plaintiffs, the Federal Housing Finance Agency, the Federal National Mortgage Association, and the Federal Home Loan Mortgage Corporation (collectively, "Defendants," and with Plaintiffs, the "Parties"), sought to stipulate to certification of the classes under Federal Rule of Civil Procedure 23(a) and 23(b)(3), and filed a Stipulation and [Proposed] Order for Class Certification;

WHEREAS, on November 15, 2021, the Court expressed doubts as to the propriety of the Parties' proposed course of action relating to a stipulation to certification of the classes, which sought to "withdraw" Plaintiffs' motion for class certification;

WHEREAS, on November 22, 2021, in response to the Court's concerns, the Parties to the Action filed a joint response asking that the Court construe Plaintiffs' motion as still pending and uncontested to the extent that it requests certification under Federal Rule of Civil Procedure 23(b)(3);

WHEREAS, on December 7, 2021, the Court issued a Memorandum Opinion and Order (the "Certification Order") granting Plaintiffs' motion for class certification, and certifying three separate classes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3);

WHEREAS, the Certification Order directed the Parties to promptly meet and confer regarding an appropriate form, content, and method of providing the notices to be disseminated to the Classes pursuant to Federal Rule of Civil Procedure 23(c)(2)(B);

WHEREAS, the Certification Order further directed the Parties to submit a mutually satisfactory stipulation and proposed order setting forth the agreed-upon form, content, and method of providing the notices to be disseminated to the Classes pursuant to Federal Rule of Civil Procedure 23(c)(2)(B);

WHEREAS, the Parties have met and conferred and have determined that the form, content, and method of providing notice as set forth below and in the attached proposed Notice of Class Action (the "Notice") (attached as Exhibit 1) and Summary Notice of Class Action (the "Summary Notice") (attached as Exhibit 2) constitutes the "best notice that is practicable under the circumstances" as required by Federal Rule of Civil Procedure 23(c)(2)(B);

WHEREAS, the Parties believe that the proposed Notice and Summary Notice to be sent to each identifiable member of the Classes is sufficient to inform the members of the Classes (each such member of one of the Classes, a "Class Member") about, *inter alia*: (i) the nature of the Action; (ii) the definition of the Classes certified; (iii) the Class claims, issues, or defenses; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Classes any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a Class judgment on members under Rule 23(c)(3) (*See* Exhibits 1 and 2);

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by the Parties, subject to the approval of the Court, that:

1. The reputable third-party administrator A.B. Data, Ltd. (the "Administrator") will be engaged to disseminate the Notice to Class Members;

2. The Parties agree that an opt-out response date of sixty (60) days from the Notice Date (defined below) is appropriate;

3. The Parties agree to utilize a multi-tiered method of notice plan. Pursuant to the plan:

   a. The Administrator will send the Notice by first-class mail to all Class Members who can be identified through reasonable effort. Class Members will be identified through Defendants' shareholder records and through broker or other nominee purchasers. The brokers or other nominee purchasers will be required to either: (i) forward the Notice to Class Members; or (ii) send the list of names and addresses of Class Members to the Administrator, in which case the Administrator shall mail the Notice to them;

   b. Defendants shall reasonably cooperate with the Administrator by providing to the Administrator, at no cost to the Administrator, Plaintiffs, or the Classes, the current registered shareholders of Fannie Mae junior preferred share, Freddie Mac junior preferred shares, and Freddie Mac common shares, excluding Defendants, by not later than ten (10) business days after the date of entry of the accompanying Order.

   c. Within ten (10) business days after the date of entry of the accompanying Order, the Administrator will also obtain a Security Position Report from the Depository Trust Company ("DTC") identifying each brokerage firm or other DTC participant which currently

holds Fannie Mae junior preferred stock, Freddie Mac junior preferred stock, and Freddie Mac common stock.

    d. The Administrator shall use the above information to identify the beneficial owners of the shares, and shall begin mailing the Notice to potential Class Members identified by Defendants and DTC and through brokers or other nominees by no later than twenty (20) business days after entry of the accompanying Order (the "Notice Date");

    e. The Administrator will also publish a Summary Notice in the financial publication *Investor's Business Daily* and transmit over the internet through *PR Newswire* not later than ten (10) business days after the Notice Date.  The Summary Notice will provide Class Members with an abbreviated description of the items covered by the longer Notice, including, among other things, the pendency of the Action, the definition of the certified Classes, the binding effect of a judgment on Class members, how to request exclusion from the Classes, and where to seek more information.

    f. The Administrator will also cause a copy of the Notice to be posted on a website designated for this Action and maintained by the Administrator.

  4. The Notice shall provide an address for the purpose of receiving requests for exclusion from the Classes and requests for additional copies of the Notice.  The requests for exclusion from the Classes shall be made by submitting a written request for exclusion by mail or email as set forth in the Notice and shall be received no later than sixty (60) calendar days after the Notice Date (the "Exclusion Date").

  5. The Administrator shall identify and number all exclusion requests received and create copies of those requests for counsel for all parties.  The Administrator shall provide via

email weekly reports of exclusion requests received to counsel for all parties.  The Administrator will maintain original requests in its files.

6.  No later than fifteen (15) business days after the Exclusion Date, Plaintiffs' Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Classes.

7.  Except for the costs associated with providing the lists of current shareholders as set forth in ¶ 3(b) above, the costs of the notice process shall be borne by Plaintiffs, and not by Defendants.

The Parties have attached hereto a proposed Order that is consistent with the terms of this Stipulation.

Respectfully submitted,

/s/ Asim Varma
Howard N. Cayne (D.C. Bar #331306)
Asim Varma (D.C. Bar #426364)
David B. Bergman (D.C. Bar #435392)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, DC 20001
Tel: (202) 942-5000
Howard.Cayne@arnoldporter.com
Asim.Varma@arnoldporter.com
David.Bergman@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency and Acting Director Sandra Thompson*

/s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

/s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

/s/ Eric L. Zagar
Eric L. Zagar (*Pro Hac Vice*)
KESSLER TOPAZ MELTZER
 & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Hamish P.M. Hume (D.C. Bar #449914)
Samuel Kaplan (D.C. Bar #463350)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for Plaintiff*