## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** _____ **THIS DOCUMENT RELATES TO: ALL CASES** | **Misc. Action No. 13-mc-1288 (RCL)** **CLASS ACTION** |

## [PROPOSED] ORDER REGARDING FORM, CONTENT, AND METHOD FOR PROVIDING NOTICE OF CLASS ACTION PURSUANT TO RULE 23(c)(2)(B)

This matter comes before the Court on the parties' Stipulation Regarding Form, Content, and Method for Providing Notice of Class Action Pursuant to Rule 23(c)(2)(B) (the "Stipulation"). The Court, having considered the Stipulation, hereby ORDERS as follows:

1.      Plaintiffs' Counsel are hereby authorized to retain A.B. Data, Ltd. as the Administrator in connection with providing notice of the class action pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

2.      Defendants shall reasonably cooperate with the Administrator by providing to the Administrator, at no cost to the Administrator, Plaintiffs, or the Classes, the current registered shareholders of Fannie Mae junior preferred shares, Freddie Mac junior preferred shares, and Freddie Mac common shares, excluding Defendants, by not later than ten (10) business days after the date of the entry of this Order.  The Claims Administrator shall also obtain a Security Position Report from the Depository Trust Company ("DTC") identifying each brokerage firm or other DTC participant which currently holds Fannie Mae junior preferred stock, Freddie Mac junior preferred stock, and Freddie Mac common stock by not later than ten (10) business days after the date of the entry of this Order.

3.      The Administrator shall use the above information to identify the beneficial owners of the shares, and shall begin mailing the Notice to potential Class Members identified through brokers or other nominees by no later than twenty (20) business days after entry of the accompanying Order (the "Notice Date").

4.      The Court approves, as to form and content, the Notice and the Summary Notice and finds that the proposed Notice and Summary Notice satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

5.      The Court finds that the proposed method for disseminating the Notice and Summary Notice in the manner and form set forth in the Stipulation satisfies the requirements of due process, Federal Rule of Civil Procedure 23(c)(2)(B), is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class members entitled thereto who can be identified through reasonable effort.

6.      The Notice shall provide an address for the purpose of receiving requests for exclusion from the Classes and requests for additional copies of the Notice.  The requests for exclusion from the Classes shall be made by submitting a written request for exclusion as set forth in the Notice and shall be received no later than sixty (60) calendar days after the Notice Date (the "Exclusion Date").

7.      No later than fifteen (15) business days after the Exclusion Date, Plaintiffs' Counsel shall file with the Court proof of mailing of the Notice, proof of publication of the Summary Notice, and an affidavit setting forth a list of all persons and entities who have requested exclusion from the Classes.

8.     Except for the costs associated with providing the lists of current shareholders, the costs of the notice process shall be borne by Plaintiffs, and not by Defendants.


Dated: _Jan. 24_, 2022                          _Royce C. Lamberth_
                                                United States District Judge