**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC.*, et al.*, | |
| Plaintiffs, | Civil No. 13-1053 (RCL) |
| v. | |
| THE FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| ARROWOOD INDEMNITY COMPANY, *et al.*, | |
| Plaintiffs, | Civil No. 13-1439 (RCL) |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | Miscellaneous No. 13-1288 (RCL) |
| _____ | |
| This document relates to: ALL CASES | |

## <u>NOTICE OF RESPONSE TO MAY 5, 2022 MOTION BY BERKLEY PLAINTIFFS IN CIVIL NO. 13-01053</u>

The Berkley Plaintiffs filed a motion yesterday under FRCP 39(b) seeking a jury trial "to the extent the class plaintiffs do not withdraw their request for a jury trial."  ECF 155-1 at 2.  The Class Plaintiffs concur with Berkley Plaintiffs' view that a trial with two separate factfinders would

1

be highly inefficient, and file this short response (a) to confirm that they are not withdrawing their request for a jury trial, and (b) to address the statements made on this issue by one of the lawyers for the Class during the June 21, 2021 status conference.

The Class Plaintiffs included a jury demand in the original complaint they filed in this case on July 29, 2013, as well as in each of the subsequent amendments to that complaint.[1]  Class Plaintiffs' contractual claims are common law claims for which both plaintiffs and defendants have the right to a jury trial.

Having reviewed the recently ordered transcript of the June 21, 2021 status conference, which was called to discuss adjustment to the case schedule, Class Plaintiffs recognize that undersigned counsel made the following statement in response to a question from the Court:

> THE COURT: Is it my recollection this is not jury demandable or am I wrong?
>
> MR. HUME: Good question. We haven't discussed amongst the parties. I think we actually did make a jury demand, and it is an implied covenant claim, but we would be, I think the class would be willing to agree to a bench trial in order to accommodate scheduling.

Ex. 1.[2]

At the time, undersigned counsel believed, as stated, that the likelihood was that Plaintiffs would be willing to agree to a bench trial to accommodate scheduling concerns, but he had not undergone a full deliberation with his colleagues, and no definitive, final decision had been made. As reflected by the qualifiers used, undersigned counsel did not intend to convey that a final decision had been made.  But Class Plaintiffs nonetheless recognize upon review of the transcript that the exchange may have left the Court with the impression that Class Plaintiffs would be willing

---

[1] Case No. *13-mc-1288* ECF 4, Case No. *13-cv-01149*, ECF 1.

[2]  Later in the conference, the Court stated that 2-week bench trial would be a little easier to schedule, and counsel for Defendants stated that this was the first they had heard that Class Plaintiffs were not requesting a jury.  *Id.* at 14:14-16, 15:12-14.

to waive their right to a jury trial.  If so, Class Plaintiffs, and undersigned counsel in particular, regret leaving that impression and apologize to the Court for doing so.

Class counsel subsequently concluded that they wished to maintain their jury demand. During conversations with Defendants during February and March of this year regarding the pretrial schedule, Class Plaintiffs made clear that they were maintaining their jury demand, and discussed with Defendants the extent to which this might impact scheduling.  The parties discussed, for example, the extent to which the Court's current COVID protocols might make it challenging to conduct a jury trial in the same timeframe that might be possible for a bench trial. Counsel for Defendants did not express the view that Class Plaintiffs had waived their right to a jury trial, and it is certainly the view of Class Plaintiffs that the discussion on June 21 of last year was not a stipulation to a nonjury trial under Rule 39(a).

Class Plaintiffs remain ready to proceed to trial as expeditiously as the Court's schedule will permit consistent with their jury demand, and reiterate their regret for any confusion caused by our statements on June 21, 2021.  Further, and as reflected in the joint scheduling motion filed by the parties, Class Plaintiffs stand ready to discuss this issue or other issues of pretrial scheduling at the Court's convenience.

Dated: May 6, 2022                            Respectfully submitted,

/s/ Hamish P.M. Hume
Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

*Co-Lead Counsel for the Class*

Eric L. Zagar (*Pro Hac Vice*)
KESSLER TOPAZ MELTZER
   & CHECK, LLP
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Michael J. Barry (*Pro Hac Vice*)
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Richard D. Gluck (*Pro Hac Vice*)
Adam Wierzbowski (*Pro Hac Vice*)
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
rich.gluck@blbglaw.com
adam@blbglaw.com

*Co-Lead Counsel for the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

May 6, 2022 upon counsel for Defendants.


Date: May 6, 2022

Respectfully submitted,


<u>/s/ Hamish P.M. Hume</u>
Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

*Co-Lead Counsel for the Class*