*Exhibit C*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC.*, et al.*, | |
| Plaintiffs, | Civil No. 13-1053 (RCL) |
| v. | |
| THE FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | Miscellaneous No. 13-1288 (RCL) |
| _____ | |
| This document relates to: ALL CASES | |

**<u>PLAINTIFFS' PROPOSED JURY INSTRUCTIONS</u>**

## INSTRUCTION NO. 1
### Introduction and Voir Dire[1]

Good morning, ladies and gentlemen, and welcome.  I am Judge Lamberth.  You have been called to this courtroom for possible selection as jurors in a civil case

Would you all please stand so that the courtroom clerk can swear you in, and then we will begin the jury selection process.

The purpose of jury selection is to pick a jury whose members will be fair and impartial, who will keep an open mind, and who will decide the case on the facts and the law.  From the people here in the courtroom, we are going to pick twelve jurors.  I expect this process to take about ___ hours.

Before beginning jury selection, let me explain to you what this case is about and who the parties are.

This is a class action brought by plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin on behalf of the common and preferred shareholders of the Federal National Mortgage Association, normally called Fannie Mae, and the Federal Home Loan Mortgage Corporation, normally called Freddie Mac.  In addition to the class action plaintiffs, the plaintiffs also include several insurance companies, including plaintiff Berkley Insurance Company, on behalf of themselves.  When I refer to the "Class Action Plaintiffs," I mean plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin, and the Classes of shareholders they represent.  When I refer to the "W.R. Berkley Plaintiffs," I mean plaintiff Berkley Insurance Company and the other insurance companies who are plaintiffs in this case.  When I refer to the "Plaintiffs," I mean the Class Action Plaintiffs and the W.R. Berkley Plaintiffs together.

The defendants in this case are the Federal Housing Finance Agency, which I will refer to as FHFA, Fannie Mae, and Freddie Mac. I will sometimes refer to Fannie Mae and Freddie Mac collectively as the "GSEs" or the Companies.  When I refer to the "Defendants," I mean FHFA, Fannie Mae, and Freddie Mac together.

Fannie Mae and Freddie Mac are private, shareholder-owned for-profit corporations created by Congress to increase liquidity and stability in the secondary market for home mortgages. The Plaintiffs and class members are owners of common and preferred shares in the Companies under written agreements with the Companies.  These agreements are referred to as shareholder agreements, and they are treated by the law as contracts between the shareholders and the Companies. Among other things, the shareholder agreements entitled shareholders to receive dividends if the GSEs, in their discretion, determined that there were sufficient earnings to pay them.

In July 2008, in response to a crisis in the housing and mortgage markets, Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA"), which established FHFA and set forth specific circumstances under which it could place Fannie Mae and Freddie Mac into

conservatorship or receivership. HERA also granted the United States Treasury temporary authority to provide financial assistance to the GSEs by purchasing securities in them.

On September 6, 2008, FHFA placed the Companies into conservatorship.   The conservatorships did not modify any contractual rights held by the Companies' shareholders. What they did mean, however, is that the FHFA itself acted as the conservator that was in charge of Fannie Mae and Freddie Mac, and as such it became a party to those contracts with the shareholders – meaning with the Plaintiffs here.   That is why the FHFA is a defendant along with Fannie Mae and Freddie Mac.   All three Defendants are treated by the law as parties to the shareholder contracts with the Plaintiffs.

When Fannie Mae and Freddie Mac were placed into conservatorship, FHFA and Treasury entered into preferred stock purchase agreements for each Company.   Those agreements are referred to as PSPAs.   The PSPAs initially allowed Fannie Mae and Freddie Mac to borrow up to $100 billion each from Treasury when and if needed to avoid having a negative net worth. That amount was later increased to $200 billion each.   Treasury was paid a 10% annual dividend on all amounts borrowed by the Companies.   Treasury also received the right to purchase 79.9% of each Company's common stock for a nominal price. Treasury never exercised that right.

The PSPAs were amended several times, most recently in January 2021. This case concerns the third amendment, which occurred in August 2012 and became effective on January 1, 2013. Among other things, the third amendment replaced the fixed 10% dividend with the requirement that each Company pay Treasury 100% of its Net Worth each quarter, minus a reserve that was originally set to shrink to zero by 2018. This provision is referred to as the Net Worth Sweep.  This case is about whether or not that change from the 10% dividend to the Net Worth Sweep was a breach of the Plaintiffs' shareholder contracts with the Defendants.

Plaintiffs contend that Defendants, in agreeing to the Net Worth Sweep, breached something that is called the "implied covenant of good faith and fair dealing," which the law says is an inherent part of all contracts, inlcuding Plaintiffs' shareholder contracts with Defendants.  As I will explain later, this implied covenant basically says that neither party to a contract can take actions that will frustrate or destroy the benefits of the contract that the other party bargained for. Plaintiffs contend that when the Defendants agreed to the Net Worth Sweep, they arbitrarily and unreasonably extinguished any possibility of the Plaintiffs ever receiving any dividends in the future. Defendants deny that they acted arbitrarily or unreasonably in agreeing to the Net Worth Sweep.

I will instruct you more fully on the law that applies to this case later in the trial. But now I want to turn to jury selection.

You previously were sent a juror questionnaire with a number of questions for you to answer to help streamline jury selection.  The lawyers and I have reviewed your answers. I will now ask you some follow-up questions to help us ensure that we pick a fair and impartial jury.  In answering my questions, please remember that you are under an oath to tell the truth.

**GIVEN**          _____

**REFUSED**       _____

**GIVEN AS MODIFIED**    _____

---

[1] Adapted from Standardized Civil Jury Instructions for the District of Columbia §1.01.

**INSTRUCTION NO. 2**
**Preliminary Instruction[2]**

Before we begin the trial, I want to briefly describe how this trial will work and some important legal rules. I will give more detailed instructions at the end of the trial after you have heard all the evidence and before you start your deliberations.

Your responsibility as jurors is to determine the facts in the case and to apply those facts consistent with the legal principles that I will explain to you. You—and only you—are the judges of the facts. You alone determine the weight of the evidence, including the believability of each witness.

My responsibility is to conduct this trial in a fair and efficient manner. It is your sworn duty as jurors to accept and apply the law as I explain it to you. You should not take anything I do or say as any indication of my opinion about how you should decide the facts or what your verdicts should be.

To help you remember, you can take notes for your personal use. Your notes are only an aid to your memory, and they are not evidence. Those jurors who do not take notes should rely on their own memory of the evidence.

Whether you take notes or not is entirely up to you. Some people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to and watching the witnesses. You should make your own choice because each of us knows best how we take in and remembers information.

In case you want to take notes, we have provided a notebook and pen for each of you. Please take any notes in this notebook. If you take notes, you can take your notebook back with you into the jury room at the end of the trial to review while you deliberate. In breaks and overnight during the trial, please leave your notebooks on your chair. We will keep them safe and secure.

At the end of the trial, after you deliver your verdict, your notebooks will be collected, and the pages with notes will be torn out and destroyed. No one will ever look at any notes you have taken, so you may feel free to write whatever you wish.

You must pay careful attention to the testimony of all of the witnesses because you may not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely on your memory and your notes if you choose to take any.

I will now explain some legal terminology, including the burden of proof.

The Plaintiffs are the persons who started the lawsuit, and the Defendants are the persons the Plaintiffs have sued.

The Plaintiffs must prove that the factual basis of their claims is more likely true than not true. This burden of proof is sometimes called "the preponderance of the evidence" standard. Similarly, the Defendants must prove that the factual basis of their affirmative defenses is more likely true than not true. I will explain to you in more detail at the end of the case what the Plaintiffs have to prove and what the Defendants have to prove.

Although there are multiple Plaintiffs and Defendants, you must consider the evidence concerning each Plaintiff and each Defendant separately.

The lawyers may object from time to time to questions, exhibits, and statements. You must not hold such objections against the lawyer who makes them or the party the lawyer represents. A lawyer has a responsibility to object to evidence or argument he or she considers inappropriate.

If I overrule an objection to a question, it means only that the law permits the witness to answer the question. It is still up to you to decide how much weight, if any, the answer is entitled to.

If I sustain an objection, you should not hold it against the lawyer who asked the question. It means only that the law does not permit the witness to answer the question. You should ignore the question and you must not guess what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken, you may not consider either the question or the answer in your deliberations.

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. It is the witness's testimony that is evidence.

As I mentioned, you must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent investigation or research about this case. For example, you cannot use the Internet to research the facts or the law or the people involved in the case. Research includes something even as simple or seemingly as harmless as getting a definition of a legal term over the Internet or from a dictionary.

I want to explain why you should not conduct your own investigation or research. All parties have a right to have the case decided only on evidence and legal rules that they know about and to which they have a chance to respond. Relying on information you get outside this courtroom would be unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court, and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

You are not permitted to discuss this case with anyone until you begin your deliberations after I give you final instructions. This means that, until the case is submitted to you, you may not talk about it with family members, friends, or even your fellow jurors. You should not communicate about the case by any means—in person, over the phone, or using the Internet, including emailing, texting, blogging, or using social media such as Facebook or Twitter. The only communication you should have is with the jury as a whole once your deliberations begin. This is

because we want you to keep an open mind and not make any decisions until you've heard all the evidence and talked with your fellow jurors as a group.

When we take our first recess or when you leave the courthouse at the end of the day, you can call home or work and tell them you have been selected for a jury and how long it will last. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a civil case, but nothing else.

When the case is over, you may discuss any part of it with anyone, if you wish to do so.

As part of the prohibition against communicating with others, you may not speak with the parties, their lawyers, or the witnesses. And please do not be offended if a lawyer or party does not respond if you say hello if you happen to see them during the trial. They are under instructions not to communicate with you in any way under any circumstances.

It is unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by writing a note and giving it to the clerk. Do not tell the other jurors; just let me know, and I'll bring you in to discuss it outside the hearing of the other jurors.

Similarly, if during the trial you unexpectedly realize that you know anyone involved in the case or something about the facts, you should raise your hand immediately and ask to speak with me.

There may be reports in the newspaper or on television or in other media concerning this case (or facts relating to this case) during the trial. If there is any such media coverage, you may be tempted to read, listen to, or watch it. You must not do so. That is because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial or relating to the issues in this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or the courtroom clerk know as soon after it happens as you can, and I will then discuss it with you.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[2] Adapted from Standardized Civil Jury Instructions for the District of Columbia §1.02.

**INSTRUCTION NO. 3**
**Class Action – Defined**[3]

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Class Action Plaintiffs Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell and Barry P. Borodkin bring this action as the class representatives.  The W.R. Berkley Plaintiffs are not class members but bring the same claim as the Class Action Plaintiffs.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members and all of the W.R. Berkley Plaintiffs. All members of the class and all of the W.R. Berkley Plaintiffs will be bound by the result of this trial.

In this case, the classes consist of the following:

All current holders of junior preferred stock in Fannie Mae as of December 7, 2021, or their successors in interest to the extent shares are sold after December 7, 2021 and before any final judgment or settlement (the "Fannie Preferred Class");

All current holders of junior preferred stock in Freddie Mac as of December 7, 2021, or their successors in interest to the extent shares are sold after December 7, 2021 and before any final judgment or settlement (the "Freddie Preferred Class"); and

All current holders of common stock in Freddie Mac as of December 7, 2021, or their successors in interest to the extent shares are sold after December 7, 2021 and before any final judgment or settlement (the "Freddie Common Class").

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[3] Adapted from Judicial Council of California Civil Jury Instructions No. 115 (2022 edition).

**INSTRUCTION NO. 4**
**Role of the Court[4]**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**GIVEN**                    _____

**REFUSED**                _____

**GIVEN AS MODIFIED**    _____

---

[4] 4-71 Sand, et al., Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender).

**INSTRUCTION NO. 5**
**Role of the Jury[5]**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What I may have said – or what I may say in these instructions – about a fact issue is not evidence. Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not either party has proven its case.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

[5] 4-71 Sand, et al., Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender).

**INSTRUCTION NO. 6**
**Evidence in the Case[6]**

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence. Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.

**GIVEN**                        _____

**REFUSED**                      _____

**GIVEN AS MODIFIED**            _____

---

[6] Standardized Civil Jury Instructions for the District of Columbia § 2.02

**INSTRUCTION NO. 7**
**Direct and Circumstantial Evidence[7]**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something they know by virtue of their own senses—something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[7] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.01 (Matthew Bender).

**INSTRUCTION NO. 8**
**Burden of Proof[8]**

The party who makes a claim has the burden of proving it. This burden of proof means that the Plaintiffs must prove every element of their claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true. The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is more likely true on an issue the Plaintiffs had to prove, then your finding on that issue must be for the Plaintiffs. If you believe that the evidence is evenly balanced on an issue the Plaintiffs had to prove, then your finding on that issue must be for the Defendants.

If you believe the evidence is more likely true on an issue the Defendants had to prove, then your finding on that issue must be for the Defendants. If you believe that the evidence is evenly balanced on an issue the Defendants had to prove, then your finding on that issue must be for the Plaintiffs.

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable conclusions as you feel are justified in the light of your experience and common sense. You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

In this case, the Defendants have asserted affirmative defenses that they must prove by a preponderance of the evidence if Plaintiffs have proven their claims. When I discuss each of these defenses, I will instruct you on the Defendants' burden of proof.

**GIVEN**                         _____

**REFUSED**                    _____

**GIVEN AS MODIFIED**    _____

---

[8] Standardized Civil Jury Instructions for the District of Columbia §2.04

**INSTRUCTION NO. 9**
**Judicial Notice[9]**

  Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

**GIVEN**          _____

**REFUSED**        _____

**GIVEN AS MODIFIED**    _____

---

[9] Standardized Civil Jury Instructions for the District of Columbia § 2.02

**INSTRUCTION NO. 10**
**Evidence Produced by Adversary**[10]

  In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors it whether the party produced it or its adversary produced it.

**GIVEN**       _____

**REFUSED**      _____

**GIVEN AS MODIFIED**  _____

---

[10] Standardized Civil Jury Instructions for the District of Columbia § 2.09.

**INSTRUCTION NO. 11**
**Stipulations[11]**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

[11] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.02 (Matthew Bender).

**INSTRUCTION NO. 12**
**Summaries and Charts Admitted as Evidence[12]**

The parties have presented certain exhibits in the form of charts and summaries. I decided to admit these charts and summaries into evidence in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**GIVEN**            _____

**REFUSED**          _____

**GIVEN AS MODIFIED**    _____

[12] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.06 (Matthew Bender).

**INSTRUCTION NO. 13**
**Summaries and Charts as Demonstrative or Instructional Aids[13]**

The lawyers and witnesses have shown to you other charts and summaries that I have not admitted into evidence.  While those charts and summaries were used to help explain the facts, the charts or summaries themselves are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries that were not admitted into evidence are used only as a convenience; you can rely on the chart if you conclude that it correctly summarizes the evidence, but you should disregard any chart or summary that does not state the truth based on the evidence.

**GIVEN**                    _____

**REFUSED**                  _____

**GIVEN AS MODIFIED**        _____

---
[13] Adapted from Standardized Civil Jury Instructions for the District of Columbia §2.16.

**INSTRUCTION NO. 14**
**Depositions as Evidence[14]**

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. During the trial, you heard deposition testimony that was read from the deposition transcript or presented by videotape. You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

**GIVEN**                          _____

**REFUSED**                        _____

**GIVEN AS MODIFIED**              _____

[14] Adapted from Standardized Civil Jury Instructions for the District of Columbia §2.13.

# INSTRUCTION NO. 15
## Interrogatories[15]

You have heard and seen evidence in this case that is in the form of interrogatories. Interrogatories are written questions posed by one side that call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence that has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers that have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.

**GIVEN**                    _____

**REFUSED**                  _____

**GIVEN AS MODIFIED**        _____

---

[15] 4-74 Sand, et al., Modern Federal Jury Instructions-Civil, P 74.07 (Matthew Bender).

**INSTRUCTION NO. 16**
**Conduct of Counsel[16]**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**GIVEN**                           _____

**REFUSED**                      _____

**GIVEN AS MODIFIED**   _____

---

[16] 4-71 Sand, et al., Modern Federal Jury Instructions-Civil, P 71.01 (Matthew Bender).

**INSTRUCTION NO. 17**
**Evidence Admitted for a Limited Purpose**[17]

      Some evidence was admitted for a limited purpose only.  This evidence may be considered only for the limited purpose of [describe purpose] and for no other purpose.

**GIVEN**            _____

**REFUSED**            _____

**GIVEN AS MODIFIED**      _____

---

[17] Standardized Civil Jury Instructions for the District of Columbia §2.08

## INSTRUCTION NO. 18
## Witness Credibility[18]

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone determine whether to believe any witness and to what extent any witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility. You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case. You may consider the plausibility or implausibility of the testimony of a witness. You may also consider whether the witness's testimony has been contradicted or supported by other evidence.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[18] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.10.

## INSTRUCTION NO. 19
### Bias[19]

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**GIVEN**                    _____

**REFUSED**                 _____

**GIVEN AS MODIFIED**       _____

---

[19] 4-76 Sand, et al., Modern Federal Jury Instructions-Civil, P 76.01 (Matthew Bender).

**INSTRUCTION NO. 20**
**Impeachment by Prior Inconsistent Statements[20]**

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with [his] [her] testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony [he] [she] gave in court.

Unless I instructed you otherwise at the time, you may also treat what the witness said in that prior statement as evidence like any other evidence in this case.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

[20] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 3.08.

**INSTRUCTION NO. 21**
**Adopting Prior Inconsistent Statements[21]**

      If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

**GIVEN**            _____

**REFUSED**         _____

**GIVEN AS MODIFIED**    _____

---

[21] Standardized Civil Jury Instructions for the District of Columbia § 3.09.

**INSTRUCTION NO. 22**
**Number of Witnesses and Exhibits[22]**

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

**GIVEN**               _____

**REFUSED**             _____

**GIVEN AS MODIFIED**   _____

---

[22] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.11.

## INSTRUCTION NO. 23
## Expert Witnesses – Generally[23]

In this case, you heard opinion testimony from Dr. Bala Dharan, Dr. Joseph Mason, Dr. Anjan Thakor, and Dr. Mukkaram Attari on various economic issues.  Although the law allows such opinion testimony if the witness possesses sufficient knowledge, skill, experience, training, or education, you are not bound to accept these witnesses' opinions. If you find that any or all of the opinions are not based on sufficient knowledge, skill, experience, training, or education, or that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider opinion evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**GIVEN**                              _____

**REFUSED**                          _____

**GIVEN AS MODIFIED**        _____

---

[23] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 2.12.

**INSTRUCTION NO. 24**
**Expert Witnesses – Conflicting Testimony[24]**

You have heard conflicting testimony from expert witnesses in this case. The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

_____
[24] Adapted from 4-76 Sand, et al., Modern Federal Jury Instructions-Civil, P 76.01 (Matthew Bender).

**INSTRUCTION NO. 25**
**Consideration of the Evidence: Corporate Party's Agents and Employees[25]**

      Two of the defendants in this case are corporations. A corporation can act only through individuals as its agents or employees. In general, if any agent or employee of a corporation acts or makes statements while acting within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are of the corporation.

**GIVEN**              _____

**REFUSED**          _____

**GIVEN AS MODIFIED**    _____

---

[25] Adapted from Standardized Civil Jury Instructions for the District of Columbia § 4.05

**INSTRUCTION NO. 26**
**Equality of Litigants[26]**

      In this case, two of the defendants are government sponsored entities and the other is a government agency. The mere fact that some of the parties are government sponsored entities or a government agency does not mean they are entitled to any greater or lesser consideration by you. All litigants are equal before the law and are entitled to the same fair consideration as you would give any other individual party.

**GIVEN**           _____

**REFUSED**      _____

**GIVEN AS MODIFIED**   _____

---

[26] Adapted from 4-76 Sand, et al., Modern Federal Jury Instructions-Civil, P 72.01 (Matthew Bender).

**INSTRUCTION NO. 27**
**Testimony of Government Employees[27]**

You have heard the testimony of current and former government employees. The fact that a witness is or was employed as a government employee does not mean that (his)(her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for opposing counsel to try to attack the believability of a government employee on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the government employee and how much weight, if any, it deserves.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[27] Adapted from 4-18 Sand, et al., Modern Federal Jury Instructions-Civil, P 76.01 (Matthew Bender) (*citing United States v. Bethancour*t, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995) (approving instruction that "the government witnesses' testimony was not entitled to any greater consideration because of their federal employment").

**INSTRUCTION NO. 28:**
**Contract--Defined[28]**

A contract is an agreement between two or more parties to do or not to do something.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[28] Standardized Civil Jury Instructions for the District of Columbia § 11.01.

### INSTRUCTION NO. 29
### Implied Covenant of Good Faith and Fair Dealing[29]

In all contracts, each party to the contract has an obligation to comply with the implied covenant of good faith and fair dealing.

The implied covenant requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct that has the effect of preventing the other party to the contract from receiving the benefit of the bargain. A party is liable for breaching the covenant of good faith and fair dealing when its conduct frustrates the overarching purposes of the contract. This may include taking advantage of its position to control implementation of the agreement's terms or conduct that is specifically designed to reappropriate the benefits the other party expected to obtain from the transaction, thereby depriving that other party of a significant, central benefit of the contract.

Where a contract allows one party to exercise discretion in implementing certain terms of the contract, the party exercising that discretion must do so in good faith. In this case, while the contracts allowed Defendants to exercise discretion as it relates to the payment of dividends to the Plaintiffs (*i.e.*, the private shareholders of Fannie Mae and Freddie Mac), Defendants were not allowed to extinguish the possibility of dividends arbitrarily or unreasonably.

To establish a claim based on a breach of the implied covenant of good faith and fair dealing, a plaintiff must prove by a preponderance of the evidence that the defendant arbitrarily or unreasonably took steps that destroyed or injured the plaintiff's rights to receive the benefits of the contract.

In this case, Plaintiffs contend that Defendants' agreement to and/or implementation of the Net Worth Sweep breached the implied covenant of good faith and fair dealing by arbitrarily and unreasonably destroying Plaintiffs' ability to receive dividends under their shareholder contracts with Fannie Mae and Freddie Mac.

Although the Housing and Economic Recovery Act ("HERA") gave the FHFA discretion to act in the best interests of the GSEs, the FHFA, or the public, that does not mean that the FHFA could do whatever it wanted.  As explained above, the Implied Covenant of Good Faith and Fair Dealing required the FHFA to refrain from exercising its discretion arbitrarily or unreasonably in a way that prevented Plaintiffs from receiving the benefits of their bargain under the contracts.  To prevail, Plaintiffs must prove by a preponderance of the evidence that in agreeing to the Net Worth Sweep, Defendants exercised their discretion under HERA and the contracts arbitrarily or unreasonably in a way that destroyed or injured Plaintiffs' rights to receive the benefits of their contracts with the GSEs.

**GIVEN**                      _____

**REFUSED**                 _____

**GIVEN AS MODIFIED**      _____

---

[29] *Elenza, Inc. v. Alcon Laboratories Holding Corp.*, 2017 WL 8890677 (Del. Super. June 15, 2017); *Allen v. El Paso Pipeline GP Co., LLC*, 2014 WL 2819005, at *10-11 (Del. Ch. June 20, 2014); *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 888 (Del. Chl. 2009); *Professional Investigating & Consulting Agency, Inc. v. Hewlett-Packard Co.*, No. N12C-06-196 (Del. Super. Ct. Oct. 27, 2014); *Fitzgerald v. Cantor*, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998); *Fairholme Funds, Inc. v. Federal Housing Finance Agency*, 2018 WL 4680197 , at *13 (D.D.C. Sept. 28, 2018; September 28, 2018 Memorandum Opinion (Dkt. No. 84) at 27.

## INSTRUCTION NO. 30
## Arbitrary and Unreasonable Conduct[30]

As I instructed you previously, the implied covenant of good faith and fair dealing requires a party in a contractual relationship to refrain from arbitrary or unreasonable actions that have the effect of preventing the other party to the contract from receiving the benefits of the agreement.

Arbitrary actions or decisions are those taken or made without appropriate consideration of or regard for the existing facts and circumstances, or that are not supported by fair, solid, and substantial cause in light of all the facts and circumstances.

Unreasonable actions or decisions are those that are not guided by reason, that are beyond what can be expected or beyond the limits of acceptability or fairness, or that are lacking justification in fact or circumstance.

An action or decision is arbitrary or unreasonable if it is made or taken for the wrong or unsound reasons or is not supported by fair, solid, and substantial cause taking into account all the facts and circumstances. Failure to consider significant alternatives to the course ultimately chosen is evidence that the decision was arbitrary or unreasonable.

In deciding whether Defendants' agreement to the Net Worth Sweep arbitrarily or unreasonably destroyed Plaintiffs' rights to receive the benefits of their shareholder agreements with the GSEs, you should consider what if any need there was for the Net Worth Sweep at the time it was agreed to, taking into account all the facts and circumstances at the time, the process that FHFA followed and the care it did or did not take in deciding to enter into the Net Worth Sweep, and whether or not the Net Worth Sweep was consistent with the publicly stated goals of the conservatorship made in September 2008.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[30] *Arbitrary,* Black's Law Dictionary (11th ed. 2019); *Unreasonable,* Black's Law Dictionary (11th ed. 2019); *Neal v. Puckett,* 286 F. 3d 230, 248 (Jolly, J. concurring); *TikTok Inc. v. Trump,* 507 F. Supp. 3d 92, 111 (D.D.C. 2020) ("An agency's failure to 'consider significant alternatives to the course [it] ultimately cho[se],' is a telltale sign that its decision-making process cannot 'be regarded as rational.'"); *Allied Local and Regional Mfrs. Caucus v. U.S. E.P.A.,* (342 U.S.App.D.C. 61, 80 (D.C. Cir. 2000) ("To be regarded as rational, an agency must also consider significant alternatives to the course it ultimately chooses."); *Allen v. Hawley,* 74 Fed. Appx. 457, 461 (6th Cir. 2003) (quoting definitions of "unreasonable" in Black's Law Dictionary, Webster's Third New International Dictionary of the English Language Unabridged, and Oxford English Dictionary Online); *Walls v. Petrohawk Properties, LP,* 812 F.3d 621, 626 (8th Cir. 2015) (affirming district court's conclusion that landlord had unreasonably withheld consent to lease assignment by not giving "fair, solid and substantial cause or reason" for not consenting); *Jarzy nka v. St. Thomas Univ. School of Law,* 2005 WL8154066, at *7 (S.D. Fla. 2005) (a decision is arbitrary "if it is 'founded on prejudice or preference rather than on reason or fact.") (quoting Black's Law Dictionary (7th ed. 1999)); *McCawley v. Universidad Carlos Albizu, Inc.,* 461 F. Supp. 2d 1251, 1258 (S.D. Fla. 2006) (arbitrary actions are those not founded on reason and fact); ( *Long v. State Farm Ins.* 2014 WL 11531890, at *2 (S.D. Ohio Nov. 20, 2014) ("'The term

"arbitrary" means without fair, solid, and substantial cause and without reason given; without any reasonable cause; ... fixed or done capriciously or at pleasure; without adequate deter mining [sic] principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyrannical; despotic."'); *Leggett of Virginia, Inc. v. Crown American Corp.*, 1995 WL 17221216, at *2 (W.D. VA March 8, 1995 ("a decision is arbitrary when it is made without a fair, solid, and substantial cause or reason."); *Cerjanec v. FCA US, LLC*, 2018 WL 3729063, at *4 (E.D. Mich. Aug. 6, 2018) (adopting Black's Law Dictionary's definition of "arbitrary" as "'not supported by fair, solid, and substantial cause, and without reason given.'"); *Bergerson v. Salem-Keizer School Dist.*, 144 P.3d 918, 921 (Ore. Sup. Ct. 2006) (defining "unreasonable" to mean "lacking justification in fact or circumstance"); *Watson v. County of Yavapai,* 240 F. Supp. 3d 996, 1000 (D. Ariz. 2017) ("'Unreasonable' means 'not guided by reason; irrational or capricious.'") (quoting Black's Law Dictionary 692 (8th ed. 1999)*; Doe v. Dordt Univ.*, 2022 WL 2833987, at *29 (N.D. IA July 22, 2022); Merriam-Webster Online, https://www.merriam-webster.com/dictionary/unreasonable; Find Law Legal Dictionary, https://dictionary.findlaw.com/definition/unreasonable.html; Dunlap v. State Farm Fire and Cas. Co., 878 A.2d 434, 442, 446 (Del. 2005); Restatement (Second) of Contracts § 205, cmt. d; *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 829 (Fed. Cir. 2010)

**INSTRUCTION NO. 31**
**Agency – Defined**[31]

  The FHFA is a federal government agency that also acts as conservator for Fannie Mae and Freddie Mac  When FHFA acts as conservator for Fannie Mae and Freddie Mac, it steps into the shoes of the GSEs.  Because the FHFA's adoption of the Net Worth Sweep was taken on behalf of the GSEs as conservator, FHFA's conduct in entering into the Net Worth Sweep is deemed to be the conduct of the GSEs.

  Thus, if you find that entering into the Net Worth Sweep breached the implied covenant of good faith and fair dealing, then FHFA, Fannie Mae, and Freddie Mac are all jointly liable for the breach and for any and all damages caused by that breach.

**GIVEN**      _____

**REFUSED**     _____

**GIVEN AS MODIFIED**   _____

---

[31] September 9, 2018 Memorandum Opinion (Dkt. No. 84); *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 579 (4th Cir. 2017); *Collins v. Mnuchin,* No. 17-20364, 2018 WL 3430826, AT *8 (5th Cir. 2018); *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 631 (D.C. Cir. 2017).

## INSTRUCTION NO. 32
## Damages for Breach of the Implied Covenant[32]

A party that is harmed by a breach of the implied covenant of good faith and fair dealing is entitled to damages in an amount calculated to compensate it for the harm caused by the breach. There are two alternate kinds of damages that Plaintiffs can be awarded.

The first are called "expectancy" damages, which should place Plaintiffs in the same position they would have been in if the contract had been performed and the implied covenant not been breached.  You must not award damages that are speculative or that are based on guesswork or conjecture.

The second kind of damages are called "restitution" damages, which are designed to enable the non-breaching party to recover any benefit it has conferred on the breaching party.

In this case, the Plaintiffs who are preferred shareholders in Fannie Mae and Freddie Mac seek restitution damages as an alternative to expectancy damages.  They seek restitution damages in the amount of money they paid for the GSEs' preferred shares, less any dividends they received on those shares.

You should fill out the verdict form for both types of damages with the understanding that Plaintiffs will receive one or the other, and will not receive both.

If you find that Plaintiffs are entitled to a verdict in accordance with these instructions, but do not find that they have sustained actual damages, then you may return a verdict for them in some nominal sum. Nominal damages are not given as an equivalent for the wrong but rather merely in recognition of a technical injury and by way of declaring the rights of the party.

**GIVEN**              _____

**REFUSED**            _____

**GIVEN AS MODIFIED**       _____

---

[32] *Elenza, Inc. v. Alcon Laboratories Holding Corp.*, 2017 WL 8890677 (Del. Super. June 15, 2017); DEL. P.J.I. CIV. §; Villare v. Beebe Med. Ctr. Inc., 2014 WL 1095331, at *4 (Del. Super. Ct March 19, 2014), *aff'd*, 108 A.3d 1226 (Del. 2015); *Chemipal v. Slim Fast Nutritional Foods Int'l, Inc.*, 350 F. Supp.2d 582, 597 (D. Del. 2004); *Callahan v. Rafail*, 2001 WL 283012, at *1 (Del. Sup. Ct. March 16, 2001); *Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663, at *3 (Del Sup. Ct. Dec. 9, 1994); Restatement (Third) of Restitution and Unjust Enrichment § 38 (2011); *Amber Resources Co. v. United States,* 538 F.3d 1358, 1378 (Fed. Cir. 2008); *Amber Resources Co. v. U.S.,* 73 Fed. Cl. 738 (Ct. Fed. Cl. 2006); *Mobil Oil Exploration & Producing Southeast, Inc. v. United States*, 530 U.S. 604, 623 (2000).

**INSTRUCTION NO. 33**
**Burden of Proof – Speculative Damages[33]**

Plaintiffs must prove that it is more likely than not that they are entitled to damages. The evidence must establish the amount of Plaintiffs damages with reasonable certainty. You may award Plaintiffs only those damages that are based on a just and reasonable estimate based on relevant evidence.

Reasonable certainty does not require exact or mathematically precise proof of damages, or that future damages are absolutely certain to occur. You may award damages for future harm so long as Plaintiffs show that injuries will probably continue. However, you may not award damages that are speculative, based on guesswork, or dependent upon merely remote possibilities not reasonably certain to occur.

**GIVEN**                    _____

**REFUSED**                  _____

**GIVEN AS MODIFIED**        _____

---

[33] Standardized Civil Jury Instructions for the District of Columbia § 12.03

**INSTRUCTION NO. 34**
**Verdict With Regard to W.R. Berkley Plaintiffs**

A verdict for or against the Class Action Plaintiffs will also be a verdict for or against the W.R. Berkley Plaintiffs.

If you award damages to the Class Action Plaintiffs, the amount of damages awarded to the W.R. Berkley Plaintiffs will be determined automatically based on their holdings of Fannie Mae preferred shares, Freddie Mac preferred shares, and Freddie Mac common shares as a percentage of the number of shares in each Class.

**GIVEN**                     _____

**REFUSED**                   _____

**GIVEN AS MODIFIED**         _____

**INSTRUCTION NO. 35**
**Instructions To Be Considered as a Whole**[34]

      Before I excuse you to deliberate, I want to discuss a few final matters with you. During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

**GIVEN**                      _____

**REFUSED**                _____

**GIVEN AS MODIFIED**     _____

---

[34] Standardized Civil Jury Instructions for the District of Columbia § 3.01

**INSTRUCTION NO. 36**
**Selection of Foreperson[35]**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

**GIVEN**                _____

**REFUSED**              _____

**GIVEN AS MODIFIED**    _____

[35] Standardized Civil Jury Instructions for the District of Columbia § 3.02

**INSTRUCTION NO. 37**
**Unanimity and Duty to Deliberate[36]**

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict. You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions. However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts. You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations, your purpose should not be to support your own opinion but to determine the facts.

**GIVEN** _____

**REFUSED** _____

**GIVEN AS MODIFIED** _____

---

[36] Standardized Civil Jury Instructions for the District of Columbia § 3.03

**INSTRUCTION NO. 38**
**Communications Between Court and Jury[37]**

      If it becomes necessary during your deliberations to communicate with me, you may send a note, signed by your foreperson or by one or more members of the jury. If you have a note, the foreperson should knock on the courtroom door, and the clerk will get the note and give it to me. If you are divided on any matter, you should not reveal in any note or otherwise how the jury is divided.

**GIVEN**             _____

**REFUSED**          _____

**GIVEN AS MODIFIED**      _____

---

[37] Standardized Civil Jury Instructions for the District of Columbia § 3.05

**INSTRUCTION NO. 39**
**Right to See Exhibits and Hear Testimony; Communications with Court[38]**

       You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

       Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**GIVEN**           _____

**REFUSED**        _____

**GIVEN AS MODIFIED**    _____

---

[38] Adapted from 4-78 Sand, et al., Modern Federal Jury Instructions-Civil, P 78.01 (Matthew Bender).

**INSTRUCTION NO. 40**
**Delivering the Verdict[39]**

When you have reached your verdict, send me a note—signed by the foreperson—telling me you have reached your verdict. Do not tell me in the note what your verdict is. I will put a verdict form in the front of the binder with the instructions. The foreperson should fill out and sign the verdict form. I will then call you into the courtroom and ask the foreperson for the verdict form and for your verdict.

**GIVEN**                          _____

**REFUSED**                      _____

**GIVEN AS MODIFIED**      _____

[39] Standardized Civil Jury Instructions for the District of Columbia § 3.07