**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al*., | |
| Plaintiffs, | |
| v. | Civil No. 13-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Miscellaneous No. 13-1288 (RCL) |
| This document relates to: ALL CASES | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO**
**EXCLUDE TESTIMONY REGARDING PLAINTIFFS' EXPECTATIONS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.....................................................................................................ii

INTRODUCTION....................................................................................................................1

ARGUMENT ..........................................................................................................................1

I.      Shareholder Testimony Regarding Subjective Expectations Is Irrelevant.......................2

        A.      Plaintiffs' Expectations Testimony Is Not Representative of Shareholders at the
                Time of Contracting and Is Therefore Irrelevant ....................................................3

        B.      Shareholder Testimony Regarding Their Subjective Expectations is Irrelevant to
                Determining Whether FHFA's Enactment of the Third Amendment was
                "Arbitrary or Unreasonable".................................................................................5

II.     Plaintiffs' Proffered Testimony About Reasonable Expectations Should Also Be
        Excluded Under Rule 403 ..............................................................................................9

        CONCLUSION .............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aleman v. Volvo Cars of N. Am., LLC*,
   No. CV1900831DSFASX, 2020 WL 4742814 (C.D. Cal. Apr. 15, 2020) ............................... 6

*Barajas v. Mercedes Benz USA, LLC*,
   No. CV 19-0070 DSF (KK), 2020 WL 10431812 (C.D. Cal. Oct. 15, 2020) ........................... 6

*Barnes v. District of Columbia*,
   278 F.R.D. 14 (D.D.C. 2011) .................................................................................................... 4

*Fairholme Funds, Inc. v. FHFA*,
   No. CV 13-1053 (RCL), 2018 WL 4680197 (D.D.C. Sept. 28, 2018) ...................................... 2

*Gilfenbain v. Jaguar Land Rover N. Am., LLC*,
   No. 219CV10027MCSMRW, 2022 WL 2232226 (C.D. Cal. Mar. 28, 2022) .......................... 6

*Herman v. Seaworld Parks & Ent., Inc.*,
   320 F.R.D. 271 (M.D. Fla. 2017) ......................................................................................... 7, 8

*In re Chase Bank USA, N.A. CHECK LOAN Cont. Litig.*,
   274 F.R.D. 286 (N.D. Cal. 2011) ......................................................................................... 7, 8

*In re Checking Acct. Overdraft Litig.* (*Wachovia*),
   307 F.R.D. 656 (S.D. Fla. 2015) .......................................................................................... 7, 8

*In re Checking Acct. Overdraft Litig.* (*Wells Fargo*),
   307 F.R.D. 630 (S.D. Fla. 2015) .......................................................................................... 7, 8

*\*In re ICN/Viratek Sec. Litig.*,
   No. 87 CIV 4296, 1996 WL 34448146 (S.D.N.Y. July 15, 1996) .................................... 4, 7, 9

*Johnson v. Int'l Steel & Counterweights LLC*,
   No. 4:20-CV-2584, 2021 WL 5359198 (N.D. Ohio Nov. 17, 2021) ....................................... 10

*LaPorta v. BMW of N. Am., LLC*,
   No. 2:17-CV-5145-KS, 2019 WL 988675 (C.D. Cal. Jan. 24, 2019) ....................................... 5

*Lax v. APP of New Mexico ED, PLLC*,
   No. CV 20-264 SCY/JFR, 2022 WL 715735 (D.N.M. Mar. 10, 2022),
   *aff'd*, No. 22-2057, 2022 WL 2711230 (10th Cir. July 13, 2022) ............................................ 9

*Low v. Trump Univ., LLC*,
   No. 3:10-cv-00940GPC-WVG, 2016 WL 6732110 (S.D. Cal. Nov. 15, 2016) ........................ 9

*Martinez-Aguero v. Gonzalez*,
    Civil No. EP-03-CA-411 (KC), 2005 WL 388589 (W.D. Tex. Feb. 2, 2005) ......................... 8

*Roberts v. C.R. England, Inc.*,
    No. 2:12-CV-0302, 2017 WL 5312116 (D. Utah Nov. 13, 2017),
    *objections overruled*, No. 212CV00302RJSBCW, 2018 WL 3586562
    (D. Utah May 22, 2018) ...................................................................................................... 10

*Rockwell v. State Farm Mutual Automobile Insurance Co.*,
    No. 18-CV-0722-KG/SMV, 2022 WL 343665 (D. N.M. Feb. 4, 2022) .................................. 6

*Tovar v. FCA US LLC*,
    No. CV2001473ABJPRX, 2021 WL 3468111 (C.D. Cal. Apr. 23, 2021) ............................... 6

*Zomorodian v. BMW of North America, LLC*,
    No. CV-17-5061-DMG (PLA), 2018 WL 10087304 (C.D. Cal. Aug. 7, 2018) ................... 5, 6

**Rules**

Fed. R. Evid. 401 ................................................................................................................... 3

Fed. R. Evid. 402 ............................................................................................................... 1, 2

Fed. R. Evid. 403 .......................................................................................................... *passim*

## INTRODUCTION

The Federal Rules of Evidence do not permit witnesses—even plaintiffs—to testify about irrelevant topics. Only relevant evidence is admissible, Fed. R. Evid. 402, but even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time, Fed. R. Evid. 403. The proposed testimony of four shareholder plaintiffs regarding their subjective expectations should be excluded under both Rules.

Plaintiffs' subjective expectations are not relevant. But even if subjective expectations could inform objective, reasonable expectations in the abstract, a shareholder's subjective testimony must be representative of the shareholders at the time of contracting. Shareholder plaintiffs are but four of numerous shareholders who collectively own hundreds of millions of shares at issue in this case. Plaintiffs cannot handpick a minuscule sample of four shareholders and argue that their subjective expectations are representative of shareholders generally at the time of contracting, particularly when the operative test is an objective one. Despite Plaintiffs' unsupported protestations to the contrary, courts have routinely excluded subjective testimony, including in class actions, when the plaintiff's cause of action is governed by an objective standard. *See* ECF No. 177 (No. 1:13-mc-01288), ECF No. 183 (No. 1:13-cv-01053) ("Mot."), at 6–7 (collecting cases). The Court should do the same here.

## ARGUMENT

*First*, shareholder plaintiffs' testimony regarding their own, personal expectations is irrelevant. Their individual backgrounds, beliefs, and expectations are not representative of the shareholders at the time of contracting. Nor are they relevant to whether FHFA acted arbitrarily or unreasonably in agreeing to the Third Amendment. As importantly, Plaintiffs have failed to offer any indicia of how testimony about personal expectations or backgrounds from a curated

sample of four shareholders can serve as common proof.[1]  Plaintiffs' opposition does not even attempt to suggest how the testimony of the selected witnesses would be typical or representative of shareholders generally at the time of contracting.  Nor do Plaintiffs contend that these shareholders' testimony otherwise has any bearing on whether FHFA "acted arbitrarily or unreasonably."  *Fairholme Funds, Inc. v. FHFA*, No. CV 13-1053 (RCL), 2018 WL 4680197, at *7 (D.D.C. Sept. 28, 2018).  The testimony must be excluded under Rule 402.

*Second*, any potential probative value of the testimony is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time[.]"  Fed. R. Evid. 403.  The personal experiences, characteristics, or expectations of the four shareholder plaintiffs who seek to testify are in no way representative of shareholders at the time of contracting.  Plaintiffs also do not oppose, and, therefore, concede that any conceivable probative value of the challenged testimony is clearly outweighed by these Rule 403 considerations.  As a result, the testimony may also be excluded under Rule 403.

## I.    Shareholder Testimony Regarding Subjective Expectations Is Irrelevant

Plaintiffs argue that Defendants' motion to exclude shareholder testimony is overbroad and would preclude shareholder plaintiffs from testifying about relevant background and objective facts.  Pls.' Opp. to Defs.' Mot. to Exclude Testimony Re Pls.' Expectations ("Opp."), ECF No. 192 at 5–6 (No. 1:13-mc-1288).  They insist that the testimony of their four shareholder plaintiffs is admissible because their subjective testimony is about objective sources of contractual expectations.  *Id.* at 6–10.  Finally, Plaintiffs maintain that Defendants should not be allowed to "have it both ways" regarding shareholder expectations.  *Id*. at 10.  Each of these

---

[1]    Defendants refer to three class representatives but four shareholders because Edward Linekin has been identified by Plaintiffs as one of their trial witnesses.  Mr. Linekin is a shareholder but not a class representative.

assertions misses the mark.  Instead, Plaintiffs attempt to blur the distinction between the subjective evidence that Defendants seek to exclude and the objective evidence critical to the underlying determination of whether FHFA violated the expectations of the hypothetical reasonable shareholder in entering into the Third Amendment.  Plaintiffs, like every other litigant, are not entitled to provide irrelevant testimony in their action simply because they are plaintiffs.

> **A.**   **Plaintiffs' Expectations Testimony Is Not Representative of Shareholders at the Time of Contracting and Is Therefore Irrelevant**

Plaintiffs contend that the exclusion of shareholder testimony about subjective expectations will foreclose "plainly admissible" testimony, such as "Plaintiffs' experience and conduct as investors, including their investment decisions generally and with regard to Fannie and Freddie securities specifically[.]"  Opp. at 5.  Plaintiffs contend that testimony about each of the four shareholder plaintiffs' education, employment, and experience and conduct as investors (both generally and specifically with regard to Fannie and Freddie) is "plainly admissible."  *Id*.  But they fail to explain what fact of consequence in this case is made more or less probable by such testimony.  *See* Fed. R. Evid. 401.  Rather than articulate a basis for admissibility under the Federal Rules of Evidence, Plaintiffs, instead, simply assert that "any plaintiff in any case" is "entitled to testify about who they are and why they are suing Defendants."  Opp. at 5.  Indeed, Plaintiffs do not cite a single case, rule, statute, treatise, or anything else in support of their position, presumably because there is no such entitlement.

To the contrary, Plaintiffs may not introduce such individualized and subjective evidence after having obtained class certification by arguing there was common proof and, therefore, no need to present evidence that varies from person to person.  *See* Pls.' Class Cert. Mem., ECF No. 132-1 at 21 (No. 1:13-mc-1288).   The Court's typicality finding is the most applicable aspect of

the Rule 23 certification here.  In finding typicality of claims here, the Court *did not* hold that (i) the "factual bases for the class representatives' claims were (or should be assumed to be) identical to the factual bases for the other class members' claims" or (ii) "the class representatives' claims were typical of the claims of a reasonable investor."  *In re ICN/Viratek Sec. Litig.*, No. 87 CIV 4296, 1996 WL 34448146, *3 (S.D.N.Y. July 15, 1996).  And Plaintiffs do not suggest otherwise.  Notably, Plaintiffs' opposition ignores this Court's decision in *Barnes v. District of Columbia*, 278 F.R.D. 14 (D.D.C. 2011) (Lamberth, J.), which directly addresses this issue.  There, the Court certified a class after determining that the proposed representatives satisfied Rule 23, but nevertheless held that "[n]o testimony will be permitted that could lead the jury's valuation astray by causing it to believe that the witness' story was typical of the stories of the absent class members."  *Id.* at 21.

Further, in *Barnes*, this Court determined that, while both parties were permitted to introduce testimony from representatives to inform the determination of damages on a class-wide basis, the class members would not be permitted to offer a "non-random sample of class members" to testify about their "backgrounds—*e.g.*, their occupations, education levels, criminal histories, family situations, and similar, personal facts."  *Id.*  The Court reasoned that "such testimony would mislead the jury by causing it to project these witnesses' backgrounds onto the class as whole, even though the backgrounds of the absent class members are likely to differ substantially from those of the witnesses selected by the parties."  *Id*.  The identical situation is presented here.  And so too should shareholder plaintiffs be excluded from offering such irrelevant testimony that could unfairly prejudice the Defendants due to the misleading nature of the proffered testimony.

**B.      Shareholder Testimony Regarding Their Subjective Expectations is Irrelevant to Determining Whether FHFA's Enactment of the Third Amendment was "Arbitrary or Unreasonable"**

Plaintiffs have not disputed that the standard applicable to assessing shareholder reasonable expectations is an objective standard.[2]  Shareholder plaintiffs, instead, argue their testimony about *their* expectations is admissible because they allege their subjective testimony is relevant to the objective question of contractual expectations.  Opp. at 6–10.  This argument defies commonsense and seeks to do an end-run around the applicable objective standard.  Plaintiffs' cited precedent and characterization of Defendants' authorities do not bolster their argument.

Plaintiffs' assertion that courts have overwhelmingly permitted plaintiffs' subjective understanding of objective evidence, *id*. at 7, is unsupported.  Plaintiffs first rely upon *Zomorodian v. BMW of North America, LLC*, No. CV-17-5061-DMG (PLA), 2018 WL 10087304 (C.D. Cal. Aug. 7, 2018), where the district court permitted plaintiffs, who brought claims under California's Song-Beverly Consumer Warranty Act, to testify about "the [perceived] nature of the [vehicle] defects; the cost and length of time required for repair; whether past repair attempts have been successful; the degree to which the goods can be used while repairs are attempted; [inconvenience to buyer]; and the availability and cost of alternative goods pending repair," as well as "observations of the [] [v]ehicle's check engine alert or the malfunctioning of its dashboard and display illumination."  *Id.* at *5.  As an initial matter, the ultimate view adopted by the court in *Zomorodian* mirrors the case relied upon by Defendants, involving the same statute, to support *exclusion*.  *See LaPorta v. BMW of N. Am., LLC*, No. 2:17-

---

[2]      Plaintiffs conclude their motion by declaring that Defendants would "have it both ways" if the Court excludes testimony from shareholder plaintiffs regarding their expectations.  Opp. at 10–11. This assertion, again, ignores the relevance requirements in the Federal Rules of Evidence.

CV-5145-KS, 2019 WL 988675, at *3–4 (C.D. Cal. Jan. 24, 2019) (holding that whether a vehicle defect "substantially impairs the use, value, and safety of a vehicle" is an objective reasonable person test, so testimony regarding the plaintiff's subjective expectations regarding use, value, or safety is irrelevant and inadmissible).  But even at face value, the *Zomorodian* decision does not support the subjective expectations testimony Plaintiffs propose to present here.

While the plaintiffs in *Zomorodian* were permitted to testify about objective observations of the defective vehicles, they were *prohibited* from testifying "about whether these alleged defects *actually* affected the Subject Vehicle's worth, its drivability, or its safety." *Zomorodian*, 2018 WL 10087304, at *5.[3]  Here, however, the shareholder plaintiffs wish to testify about their *personal*, *subjective* expectations based on objective evidence.

Plaintiffs next cite *Rockwell v. State Farm Mutual Automobile Insurance Co.*, No. 18-CV-0722-KG/SMV, 2022 WL 343665 (D. N.M. Feb. 4, 2022), but that case too is inapposite. *Rockwell* was a personal injury case, and the court did *not* hold that the plaintiff's subjective testimony was relevant to informing an objective standard.  Instead, the court held that the plaintiff could testify about her pain and symptoms, the treatment she sought and why she sought that treatment, and her perception of what injuries and symptoms were caused by the car accident.  *Id.* at *2.  *Rockwell* in no way addresses or supports the argument that subjective

---

[3]    Other Song-Beverly Act cases hold that testimony going to subjective expectations is irrelevant and inadmissible.  *See, e.g.*, *Gilfenbain v. Jaguar Land Rover N. Am., LLC*, No. 219CV10027MCSMRW, 2022 WL 2232226, at *2 (C.D. Cal. Mar. 28, 2022) (granting motion to exclude testimony of subjective expectations); *Tovar v. FCA US LLC*, No. CV2001473ABJPRX, 2021 WL 3468111, at *2 (C.D. Cal. Apr. 23, 2021) (holding that subjective expectations are irrelevant and would serve only to confuse the issues for the jury); *Aleman v. Volvo Cars of N. Am., LLC*, No. CV1900831DSFASX, 2020 WL 4742814, at *6 (C.D. Cal. Apr. 15, 2020) (same); *Barajas v. Mercedes Benz USA, LLC*, No. CV 19-0070 DSF (KK), 2020 WL 10431812, at *4 (C.D. Cal. Oct. 15, 2020) (subjective expectations irrelevant).

expectations, experience, or characteristics are relevant in an implied covenant case where the standard is objective reasonable expectations.

Plaintiffs' attempts to undermine the cases supporting exclusion are likewise unavailing. In struggling to find a way to distinguish *ICN/Viratek* 1996 WL 34448146, Plaintiffs misstate the holding. Plaintiffs contend that "[t]he court denied the defendants' motion, holding that 'the class representatives' materiality testimony is of marginal relevance, if any . . . because, for materiality purposes, the reasonable investor is equivalent of the market itself.'" Opp. at 8–9. Although the plaintiffs contended that a sampling was irrelevant because the reasonable investor is the equivalent of the market itself, the court did not rest its decision on that ground. Rather, the court held: "In any case, *even accepting defendants' argument* that the class representatives' testimony has some slight relevance, *such a sample has little, if any, probative value*, and that value is greatly outweighed by the potential for jury confusion." *In re ICN/ Viratek*, 1996 WL 34448146  at *4 (emphasis added). Thus, the holding in *ICN/Viratek* is in no way dependent upon the reasonable investor being the market itself. Rather, it reinforces the irrelevance and Rule 403 risks related to such testimony.

Plaintiffs also dismiss *In re Checking Account Overdraft Litigation* (*Wachovia*), 307 F.R.D. 656 (S.D. Fla. 2015), *Herman v. Seaworld Parks & Entertainment., Inc.*, 320 F.R.D. 271 (M.D. Fla. 2017), *In re Checking Account Overdraft Litigation.* (*Wells Fargo*), 307 F.R.D. 630 (S.D. Fla. 2015), and *In re Chase Bank USA, N.A. CHECK LOAN Contract Litigation*, 274 F.R.D. 286 (N.D. Cal. 2011), with a wave of the hand because they are "decisions on motions for class certification and do not address trial testimony at all." Opp. at 9. But Plaintiffs miss the point. These are all implied covenant or breach of contract cases under Delaware and Virginia law. *See* Mot. at 6–7. And, in granting class certification, the court said that "subjective views

of Class members [are] irrelevant," *Wachovia*, 307 F.R.D. at 674–75, "individual expectations

are irrelevant," *Wells Fargo*, 307 F.R.D. at 642, and "the subjective desires of individual

members of the putative class are of no moment," *Herman*, 320 F.R.D. at 294.  *See also Chase*

*Bank*, 274 F.R.D. at 291 & n.6 (declining Chase's invitation to consider subjective expectations

of each class member because there was no supportive authority from Delaware, and no other

case from the Delaware Supreme Court indicated a different result where the claim concerns an

alleged breach of an implied term or covenant).  It necessarily follows that if evidence of

subjective views, desires, or expectations is irrelevant or of no moment, that it would be similarly

irrelevant and of no moment at trial.

Finally, the court in *Flythe v. District of Columbia*, 4 F. Supp. 3d 222 (D.D.C. 2014),

excluded expert testimony regarding the defendant officer's subjective mental state relating to

his use of deadly force, and held that "*any evidence* regarding [the officer's] subjective judgment

is *not probative on the issue of the objective reasonableness of his actions*."  *Id.* at 227 (emphasis

added).  While the court addressed expert testimony in that case, nothing in its holding suggests

its rationale depends on the lay-expert distinction.  *Id.* at 227–28.[4]

---

[4]      Plaintiffs also rely upon *Martinez-Aguero v. Gonzalez*, Civil No. EP-03-CA-411 (KC), 2005 WL 388589 (W.D. Tex. Feb. 2, 2005), but the opinion is a denial of summary judgment. The court there also did not squarely address the issue of subjective testimony.  Instead, in a footnote, the court declined to strike plaintiff's reference to an alleged epileptic seizure *en toto* and would consider the reference in her affidavit for summary judgment because "[t]estimony pertaining to subjective symptoms, including anything that may be detected by the senses, is clearly admissible and would be a matter known personally to plaintiff."  *Id.* at *1 n.1.  However, the court stated it was "less inclined to accept as admissible evidence plaintiff's declaration that the force of the arrest triggered an epileptic seizure and resulted in seizures of a greater frequency [than] she had previously experienced[,]" so that the court construed her statements "as limited to that declaration" and her "degree of pain resulting from the force used in her arrest."  *Id.*

In short, nothing cited by the Plaintiffs overcomes the commonsense conclusion embraced by numerous courts that evidence of plaintiffs' subjective expectation is irrelevant in a case in which the legal standard is an objective one.

## II.   Plaintiffs' Proffered Testimony About Reasonable Expectations Should Also Be Excluded Under Rule 403

Even if Plaintiffs' testimony were relevant—and it is not—their testimony should be excluded under Rule 403.  Notably absent from Plaintiffs' opposition is any attempt to address Defendants' Rule 403 arguments.  *See* Mot. at 9–12.  Plaintiffs' opposition makes no attempt to explain why any probative value of the testimony of the four shareholder plaintiffs is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay [or] wasting time[.]"  Fed. R. Evid. 403.  That omission effectively concedes the point and warrants exclusions.  It also reflects that Plaintiffs have no response.

As explained in Defendants' motion (Mot. at 10), permitting the three shareholder plaintiffs—who represent thousands of class members who own millions of shares—or other shareholders like Mr. Linekin to testify about their subjective expectations would invariably leave the jury with "a skewed perspective not statistically representative" of shareholders generally at the time of contracting.  *Low v. Trump Univ., LLC*, No. 3:10-cv-00940GPC-WVG, 2016 WL 6732110, at *2 (S.D. Cal. Nov. 15, 2016); *see In re ICN/Viratek Sec. Litig.*, 1996 WL 34448146, at *4–5 (finding that any probative value of the testimony of six class representatives as a "sampling of actual investors' views" is "greatly outweighed by the potential for jury confusion").  Plaintiffs make no attempt to argue that the personal experiences, characteristics, or expectations of four shareholder plaintiffs that they seek to have testify are in any way representative of shareholders at the time of contracting (or of the classes).  Nor can they.  *See Lax v. APP of New Mexico ED, PLLC*, No. CV 20-264 SCY/JFR, 2022 WL 715735, at *5

(D.N.M. Mar. 10, 2022), *aff'd*, No. 22-2057, 2022 WL 2711230 (10th Cir. July 13, 2022);

*Johnson v. Int'l Steel & Counterweights LLC*, No. 4:20-CV-2584, 2021 WL 5359198, at *5

(N.D. Ohio Nov. 17, 2021) ("[R]andom selection of the representative class is recognized to be a

most statistically sound means for approaching representative discovery.").  What is more, the

four shareholder plaintiffs have two obvious features that immediately make their

representativeness of shareholders at the time of contracting suspect:  they are part of a small

minority of shareholders who brought lawsuits, and they have apparently held their shares over

the past ten years.  Plaintiffs have made no attempt to show that they are nonetheless

representative of other shareholders, much less the hypothetical objectively reasonable

shareholder at the time of contracting.

Further, Plaintiffs have not presented any evidence that four individuals are a statistically

significant sample size.  *See Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2017 WL

5312116, at *6 (D. Utah Nov. 13, 2017), *objections overruled*, No. 212CV00302RJSBCW, 2018

WL 3586562 (D. Utah May 22, 2018) (refusing class discovery where the party seeking class

discovery had not presented any expert evidence that the number of depositions of class

members sought was a statistically significant sample).  Here, it is obvious on its face that four

shareholder plaintiffs are not a statistically significant sample of the thousands of shareholders

who own millions of shares of stock.  Instead, their testimony would be merely anecdotal

evidence that would leave the jury with a skewed perspective about the characteristics,

experiences, and expectations of shareholders.  Any probative value of such testimony is

substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the

jury, undue delay, and wasting time.

Plaintiffs seek to have the shareholder plaintiffs testify about the basic terms of their contracts, HERA, and statements of FHFA.  Opp. at 5.  Plaintiffs also intend to have them testify "regarding whether the Net Worth Sweep was or was not consistent with the objective sources of contractual expectations identified by this Court's 2018 decision."  Opp. at 6.  But none of the four shareholder plaintiffs have ever read HERA.  *See* Mot. at 11 n.7.  And they all admitted in their depositions to having never read various documents that make up their shareholder contracts.  *See id.*  It is simply impossible for  a witness to testify regarding whether an action was consistent with a document that he or she never even read.  Further, whatever probative value such testimony would have is substantially outweighed by the Rule 403 factors, as the jury can just as easily read these documents themselves and do the comparison themselves *after* having actually read the documents.  In the end, the state laws governing Plaintiffs' implied covenant claim (Delaware and Virginia) are clear that the subjective expectations of these four shareholders, as well as any of the other actual shareholders, is not the standard by which the applicable shareholder expectations must be judged—the jurors must decide the expectations inquiry based on the hypothetical objective reasonable shareholder.

Finally, Plaintiffs have nothing to say about the confusing and time-consuming mini-trial that will inevitably result from permitting the shareholder plaintiffs to testify.  *See* Mot. at 10–12. Since the standard is objective, any testimony about the shareholder plaintiffs' personal characteristics, experiences, and expectations is simply going to confuse the jury about what the actual standard is and will waste their time.

Accordingly, any marginal probative value that the testimony of the four shareholder plaintiffs might have regarding their subjective expectations, personal experiences, or personal

characteristics is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

## CONCLUSION

For the foregoing reasons, as well as those stated in Defendants' motion, this Court should grant Defendants' motion in limine.

Dated: September 23, 2022

Respectfully submitted,
/s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Howard N. Cayne (D.C. Bar # 331306)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Howard.Cayne@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
*Attorneys for Defendant Federal Housing*
*Finance Agency and Director Sandra L.*
*Thompson*

/s/ Michael J. Ciatti

Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com
*Attorney for the Federal Home Loan*
*Mortgage Corp.*

/s/ Meaghan VerGow

Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com
*Attorney for the Federal National Mortgage*
*Association*