**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 13-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Miscellaneous No. 13-1288 (RCL) |
| This document relates to: ALL CASES | |

**DEFENDANTS' MOTION IN LIMINE TO COMPEL**
**ONE APPEARANCE OF DEFENDANTS' PRINCIPAL FACT WITNESS**
**EDWARD DEMARCO IN DEFENDANTS' CASE-IN-CHIEF**

Defendants Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises"), Sandra L. Thompson, in her official capacity as Director of FHFA, and the Enterprises hereby move to compel one appearance of Defendants' principal fact witness Edward DeMarco in Defendants' case-in-chief for the reasons set forth in the Memorandum in Support filed with this motion.  A proposed order granting the relief requested by this motion is also being filed with this motion.

Dated: October 6, 2022                    Respectfully submitted,

  /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Howard N. Cayne (D.C. Bar # 331306)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Howard.Cayne@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency and Director Sandra L. Thompson*

  /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

  /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al*., | |
| Plaintiffs, | |
| v. | Civil No. 13-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Miscellaneous No. 13-1288 (RCL) |
| This document relates to: ALL CASES | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO COMPEL ONE APPEARANCE OF DEFENDANTS' PRINCIPAL FACT WITNESS EDWARD DEMARCO IN DEFENDANTS' CASE-IN-CHIEF

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT BACKGROUND ...................................................................................... 3

LEGAL STANDARD.................................................................................................... 3

ARGUMENT................................................................................................................. 4

    I.      Rule 611 Grants Courts Discretion to Order One Appearance of a Witness.......... 4

    II.     This Court Should Order One Appearance of Mr. DeMarco in Defendants'
            Case-in-Chief to Promote Fundamental Fairness, the Effective Presentation
            of Evidence, and Judicial Economy .................................................................... 5

           A.      One Appearance Would Promote the Purposes of Rule 611 ...................... 6

           B.      The One Appearance of Defendants' Principal Fact Witness
                 Should Be In Defendants' Case-in-Chief .................................................. 7

CONCLUSION.............................................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Athridge v. Aetna Cas. & Sur. Co.*,
  474 F. Supp. 2d 102 (D.D.C. 2007) .......................................................................3

*Cherrone v. Carter*,
  No. 2:17-cv-00232, 2020 WL 12752818 (S.D. Ind. Aug. 17, 2020) ......................5

*\*Elgabri v. Lekas*,
  964 F.2d 1255 (1st Cir. 1992) ................................................................................7

*Hart v. RCI Hosp. Holdings, Inc.*,
  90 F. Supp. 3d 250 (S.D.N.Y. 2015) ...................................................................4, 7

*Hudson v. IBM Corp.*,
  620 F.2d 351 (2d Cir. 1980) ...................................................................................5

*Morales Feliciano v. Rullan*,
  378 F.3d 42 (1st Cir. 2004) .....................................................................................4

*Peeler v. KVH Industries, Inc.*,
  13 F. Supp. 3d 1241 (M.D. Fla. 2014) .................................................................5, 6

*Peterson v. Willie*,
  81 F.3d 1033 (11th Cir. 1996) ................................................................................7

*Sumotext Corp. v. Zoove, Inc.*,
  No. 16-cv-01370, 2020 WL 533006 (N.D. Cal. Feb. 3, 2020) ...............................5

*United States v. Agee*,
  No. 1:19-cr-00103, 2021 WL 2894784 (S. D. Ind. July 9, 2021) ...........................6

*United States v. Washington*,
  876 F.2d 1008 (D.C. Cir. 1989) ..............................................................................4

**Rules**

\*Fed. R. Evid. 611(a) .............................................................................................3, 4

Fed. R. Evid. 611(b) ..................................................................................................5

**Other Authorities**

American Law Institute, GUIDELINES FOR DISCOVERY, MOTION PRACTICE, AND
  TRIAL, C380 ALI-ABA 177 (1989) ........................................................................4

Fed. Jury Prac. & Instr. § 6:2 (6th ed.) ........................................................................7

Federal Judicial Center, MANUAL FOR LITIGATION MANAGEMENT AND COST AND
DELAY REDUCTION, 1992 WL 494973 (1992)..........................................................4

## PRELIMINARY STATEMENT

Plaintiffs have subpoenaed Defendants' principal fact witness, Edward DeMarco, FHFA's Acting Director in August 2012 when he executed the Third Amendment as Conservator on behalf of Fannie Mae and Freddie Mac, to testify in their case-in-chief. Absent relief from the Court, the jury will hear testimony from Defendants' principal fact witness in a piecemeal and disjointed fashion that will further complicate an already complex trial and confuse the jurors. Specifically, it appears from Plaintiffs' Pretrial Statement[1] that Plaintiffs' initial examination of Mr. DeMarco will not cover significant portions of the matters relevant to Plaintiffs' claim that would be covered by Defendants' direct examination of this key witness. Therefore, Defendants would be forced to wait until the following week of trial, during their own case-in-chief, to fill in significant gaps in their principal fact witness's testimony. To avoid this result, and as permitted by Rule 611(a), the Court should order that Mr. DeMarco appear only once, and to do so in Defendants' case-in-chief.[2] This will avoid forcing Mr. DeMarco to needlessly appear twice, across two separate weeks, giving artificially limited testimony in the first instance and being subjected to two separate direct and cross examinations. Otherwise, the

---

[1]     *See* ECF No. 172 (No. 1:13-mc-1288), ECF No. 178 (No. 1:13-cv-01053), at 13.

[2]     Pursuant to L. Cv. R. 7(m), counsel for the parties have conferred and Plaintiffs have stated they intend to oppose this motion. Plaintiffs offered to "agree not to object to Defendants' examination of Mr. DeMarco in Plaintiffs' case as going beyond the scope of Plaintiffs' direct examination, so long as Defendants agree that their examination does not last longer than the greater of 2 hours or 100% of the length of Plaintiffs' examination." Email from Plaintiffs' Counsel (Oct. 5, 2022) (attached as **Exhibit A**). Defendants declined Plaintiffs' proposal. While Defendants agree that one appearance by Mr. DeMarco is appropriate, for the reasons set forth in the instant Motion, Defendants respectfully submit that the one appearance should take place in Defendants' case-in-chief. Also, while the Plaintiffs' proposal offers "not to object to Defendants' examination . . . going beyond the scope of Plaintiffs' direct examination" (and assuming for these purposes that the Court would so permit), the attendant time limitation that Plaintiffs' proposal would impose would necessarily operate to artificially limit the scope of Defendants' examination. As elaborated below, that limitation would deprive Defendants of the opportunity to present relevant testimony that they are entitled to present.

trial will be unnecessarily prolonged and complicated, the jury, the Court, and Mr. DeMarco will be burdened, and the presentation of Defendants' case will be unfairly disrupted.

Federal Rule of Evidence 611 grants courts broad discretion to control the mode and order of examining witnesses in order to make trial procedures effective for determining the truth, avoid wasting time, and protect witnesses from harassment.  Many courts have ordered one appearance of a witness pursuant to this broad discretion.  Similarly, various trial-management practice guides encourage parties to reach agreement to avoid the scenario in which a witness is called both as an adverse witness and later as a party's witness.

One appearance of Mr. DeMarco in Defendants' case will promote fundamental fairness, the effective presentation of evidence, and judicial economy.  In a case in which Plaintiffs are seeking billions of dollars from Defendants, fundamental fairness dictates that Defendants be allowed to present their principal fact witness to the jury on direct examination as part of their defense.  Permitting Plaintiffs to examine Defendants' key witness on limited topics in their case-in-chief, with the concomitant limitations on the scope of cross-examination, and then requiring Defendants to fill in gaps in a piecemeal fashion later in their own case would unfairly prejudice Defendants in presenting their defense.  Such a scattered approach certainly would not promote the jury's understanding of the evidence or judicial economy.

In the alternative, if the Court permits Plaintiffs to call Mr. DeMarco in their case-in-chief, Defendants request that the Court order one appearance in Plaintiffs' case, during which Defendants can conduct a full examination of their principal fact witness without regard to the scope (or duration) of Plaintiffs' examination.

## RELEVANT BACKGROUND

Defendants plan to solicit testimony from their principal fact witness—Mr. DeMarco—as a foundational element of their defense.  Defendants have indicated to Plaintiffs and the Court that they will call Mr. DeMarco to testify at trial as one of only two fact witnesses the Defendants expect to call.  Defendants have further indicated that they anticipate that Mr. DeMarco's direct examination will be lengthy.[3]

Plaintiffs have stated they also expect to call Mr. DeMarco in their case, and Plaintiffs have estimated that their examination of Mr. DeMarco will be much more limited than Defendants' anticipated direct, both with respect to anticipated duration[4] and with respect to anticipated subject matter.  While there is some overlap between Plaintiffs' and Defendants' lists of anticipated topics for Mr. DeMarco's testimony, Plaintiffs' list is much narrower and omits critical topics that would be covered by Defendants' direct examination, including "the role of the Enterprises in the mortgage market," "the impact of the financial crisis on the Enterprises' business and financial condition," and "the periodic commitment fee under the PSPAs." *Compare* Pls.' Pretrial Statement at 13, *and* Defs.' Pretrial Statement at 8.

## LEGAL STANDARD

Under Rule 611(a), this Court has broad discretion to control "the mode and order of examining witnesses and presenting evidence."  Fed. R. Evid. 611(a); *see also Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 106 (D.D.C. 2007) (explaining that Rule 611 grants the

---

[3]     In their pretrial statement, Defendants provided an estimate of approximately six hours of time for Mr. DeMarco's direct testimony.  *See* Defs.' Pretrial Statement at 8 ((ECF No. 173 (No. 1:13-mc-1288), ECF No. 179 (No. 1:13-cv-01053)).

[4]     Plaintiffs have estimated three hours for their direct examination of Mr. DeMarco.  *See* Pls.' Pretrial Statement at 13 (ECF No. 172 (No. 1:13-mc-1288), ECF No. 178 (No. 1:13-cv-01053)).

court "broad discretion"); *United States v. Washington*, 876 F.2d 1008 (D.C. Cir. 1989) (per curiam) (unpublished table decision) ("Decisions concerning the mode in which witnesses are interrogated lie within the sound discretion of the trial judge[.]"); *Morales Feliciano v. Rullan*, 378 F.3d 42, 57 (1st Cir. 2004) ("It is axiomatic that district courts enjoy wide latitude in matters concerning the ordering of proof and the presentation of evidence."). Courts should exercise their broad trial management powers to "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

## ARGUMENT

### I.    Rule 611 Grants Courts Discretion to Order One Appearance of a Witness

Exercising their broad trial management powers, courts frequently order one appearance of a witness, as opposed to separate appearances in both a plaintiff's case-in-chief and a defendant's case-in-chief.

It is "standard trial practice" for courts to "structure trial such that each witness will take the stand only once, at which time both [parties] will have the opportunity to elicit [the witness's] testimony for their cases in chief." *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 274 (S.D.N.Y. 2015) (citation omitted). Leading trial management authorities similarly urge one appearance of each witness at trial. *See, e.g.*, Federal Judicial Center, MANUAL FOR LITIGATION MANAGEMENT AND COST AND DELAY REDUCTION, 1992 WL 494973 (1992) (encouraging the avoidance of "calling a witness twice" "as an adverse witness and later as a party's witness"); American Law Institute, GUIDELINES FOR DISCOVERY, MOTION PRACTICE, AND TRIAL, C380 ALI-ABA 177 (1989) (similar).

Courts therefore often exercise their trial management discretion to order one appearance of a witness to promote the purposes of Rule 611(a), including avoiding prejudice and promoting

judicial economy and witness convenience.  *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370, 2020 WL 533006, at *13 (N.D. Cal. Feb. 3, 2020) (addressing defendants' concern about unfair prejudice from "a disjointed trial narrative" by allowing them to "elicit[] evidence for their case-in-chief from their designated witnesses at the time that Plaintiff calls those witnesses"); *Peeler v. KVH Industries, Inc.*, 13 F. Supp. 3d 1241, 1253 (M.D. Fla. 2014) (adhering to decision at trial removing the limitation on the scope of cross examination to allow for one appearance of a witness, which promoted "judicial economy and the witness's convenience"); *Hudson v. IBM Corp.*, 620 F.2d 351, 355 (2d Cir. 1980) (holding that plaintiff was not prejudiced by defendant's direct examination of defendant's witnesses when called during plaintiff's case-in-chief).

In practice, ordering one appearance allows one party to exceed the traditional limit on the scope of cross examination, which Rule 611(b) explicitly permits.  *See* Fed. R. Evid. 611(b) ("The court may allow inquiry into additional matters [on cross examination] as if on direct examination.").  Thus, to effectuate one appearance, courts permit the party who has not called the witness in the first instance to conduct its full examination beyond the scope of the preceding direct testimony.  *See, e.g.*, *Cherrone v. Carter*, No. 2:17-cv-00232, 2020 WL 12752818, at *1 (S.D. Ind. Aug. 17, 2020).

## II.    This Court Should Order One Appearance of Mr. DeMarco in Defendants' Case-in-Chief to Promote Fundamental Fairness, the Effective Presentation of Evidence, and Judicial Economy

This Court should exercise its broad trial management powers and order one appearance of Mr. DeMarco in Defendants' case-in-chief to preclude Plaintiffs from unfairly disrupting Defendants' presentation of their defense and unnecessarily burdening the jury, the Court, and Mr. DeMarco, and to reduce the risk of juror confusion.

### A.       One Appearance Would Promote the Purposes of Rule 611

One appearance by Mr. DeMarco would promote fundamental fairness and the effective

presentation of evidence.  Two appearances by Mr. DeMarco—one during the first week of trial

in Plaintiffs' case-in-chief and another during the second week of trial in Defendants' case-in-

chief—would unfairly prejudice Defendants in the presentation of their defense and increase the

likelihood of jury confusion.  If Mr. DeMarco were to provide testimony in Plaintiffs' case-in-

chief limited to the scope of Plaintiffs' direct examination, Defendants would likely be forced to

wait up to five days or longer, potentially separated by a weekend away from the courthouse, to

provide the jury with Mr. DeMarco's full testimony during their own case-in-chief.  And Mr.

DeMarco's second appearance, as much as a week after his first, would be negatively impacted

by Plaintiffs' earlier, limited examination of him.  This approach would needlessly impede the

jury's understanding of the evidence, whereas one appearance by Mr. DeMarco would promote a

better understanding.

One appearance by Mr. DeMarco would also promote judicial economy.  *See Peeler*, 13

F. Supp. 3d at 1253 ("As the term implies, the one-appearance rule promotes judicial

economy[.]"); *United States v. Agee*, No. 1:19-cr-00103, 2021 WL 2894784, at *7 (S. D. Ind.

July 9, 2021) (holding that one appearance would promote judicial economy).  If Mr. DeMarco's

testimony is broken across two weeks, it would likely be necessary for Defendants to seek to

elicit some repetitive testimony to contextualize new topics not previously addressed with Mr.

DeMarco during his earlier appearance in Plaintiffs' case-in-chief.  While Defendants would

seek to avoid repetition to the extent possible, some repetition would be unavoidable from

Defendants' perspective, especially in light of Mr. DeMarco's central role in the underlying

events.

Finally, one appearance would also minimize the burden on Mr. DeMarco. "It is inherently inconvenient to force a witness to travel to court and re-arrange h[is] ordinary work and home schedule to testify." *Hart*, 90 F. Supp. 3d at 274.

> **B.** **The One Appearance of Defendants' Principal Fact Witness Should Be In Defendants' Case-in-Chief**

Pursuant to their broad trial management discretion under Rule 611, courts may decide whether to require a witness to testify for an opposing party, as Plaintiffs aim to do here. This Court should exercise its broad discretion to order Mr. DeMarco's one appearance in Defendants' case-in-chief.

Whether a "witness should be permitted to testify for the opposing party" is a "decision [] committed to the sound discretion of the district court." *Peterson v. Willie*, 81 F.3d 1033, 137-38 & n.4 (11th Cir. 1996). Plaintiffs do not have an "unfettered right" to call a defense witness in their case-in-chief. *Elgabri v. Lekas*, 964 F.2d 1255, 1259 (1st Cir. 1992) (limiting plaintiff's examination of defendants in his case-in-chief to subject matter that could not be obtained in any other fashion); *see also* Fed. Jury Prac. & Instr. § 6:2 (6th ed.) ("While Rule 611(c) allows for leading questions of an adverse party on direct examination, it does not require the trial court to allow direct examination of defendant in plaintiff's case-in-chief."); *Elgabri*, 964 F.2d at 1260 (similar).[5]

Any benefits to Plaintiffs in examining Mr. DeMarco in their case-in-chief are substantially outweighed by the fundamental unfairness to Defendants. Defendants have made clear that they intend to call Mr. DeMarco in their defense, obviating any conceivable concern that Plaintiffs may be deprived of a full and fair opportunity to question him before the jury. *See*

---

[5]      While Mr. DeMarco is neither a current FHFA employee nor a defendant in this action, it is undisputed that he was a senior official and key principal for FHFA at the time of the Third Amendment.

Defs.' Pretrial Statement at 8 (ECF No. 173 (No. 1:13-mc-1288), ECF No. 179 (No. 1:13-cv-01053)).  On the other hand, Defendants will face an unavoidable disadvantage if their principal fact witness is made to appear in Plaintiffs' case.  As noted above, such an approach needlessly increases the risk of juror confusion and deprives Defendants of the opportunity to present their defense in an orderly manner of their choosing.

***

Defendants respectfully submit that Mr. DeMarco appear once at trial during Defendants' case-in-chief.  This is the most efficient and appropriate way for the jurors to assess Mr. DeMarco's testimony in whole.  At that time, Plaintiffs may elicit the direct testimony they seek from Mr. DeMarco as well as cross-examine Mr. DeMarco.  This would help negate any undue jury confusion from having the principal defense witness called during Plaintiffs' case to testify about an artificially limited set of topics.  However, to the extent the Court concludes that Mr. DeMarco may testify in Plaintiffs' case-in-chief, Defendants alternatively request one appearance in Plaintiffs' case, affording Defendants the opportunity to conduct their full direct examination of Mr. DeMarco at that time (i.e. not limited by the scope or duration of Plaintiffs' examination), along with any cross-examination on Plaintiffs' examination.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court to order one appearance of Mr. DeMarco in Defendants' case-in-chief pursuant to Federal Rule of Evidence 611.

Dated: October 6, 2022

Respectfully submitted,

 /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Howard N. Cayne (D.C. Bar # 331306)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Howard.Cayne@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com

*Attorneys for Defendant Federal Housing
Finance Agency and Director Sandra L.
Thompson*

 /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar #467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan
Mortgage Corp.*

 /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage
Association*

9