UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>        *Plaintiffs*,<br><br>v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>        *Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS<br>―――――――――――――――<br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

**PLAINTIFFS' RESPONSE TO SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE OPNINIONS OF PROFESSOR S.P. KOTHARI**

On May 19, 2022, Plaintiffs moved to exclude Professor S.P. Kothari's testimony for multiple reasons, including that it rests on a legally irrelevant conception of shareholder expectations. Briefing for that motion was completed on July 1, 2022. On October 7, 2022, Defendants submitted a supplemental memorandum arguing that this Court's September 13, 2022, Memorandum Opinion "unequivocally" supports denial of Plaintiffs' motion. This assertion borders on the Orwellian because this Court's summary judgment opinion rejected the proposed

1

legal standard on which Defendants premised their defense of Professor Kothari's opinions. It therefore "unequivocally" confirms that Professor Kothari's opinions must be excluded.[1]

Defendants' prior defense of Professor Kothari's opinion rested on their assertion that the implied covenant inquiry consist of two prongs under which the jury first determines the conduct's consistency with reasonable expectations and then analyzes whether it was arbitrary. *See* Defendants' Opposition to Motion to Exclude Professor Kothari filed under seal June 17, 2022, at § I(A) (captioned "A Two-Part Test Governs the Implied Covenant of Good Faith and Fair Dealing"). This Court properly rejected that test in its summary judgment order, ruling that "[w]hether defendants acted reasonably and whether they violated plaintiffs' reasonable expectations are not two separate prongs; rather, the former is determined *in reference* to the latter." ECF 193 at p. 11.

Rather than address this Court's rejection of the standard, Defendants now try to repurpose Professor Kothari's opinions to define the expectations against which arbitrariness is to be measured. That effort fails for multiple reasons. To begin with, Dr. Kothari is not merely opining just as to the content of shareholder expectations against which the arbitrariness of Defendants is to be measured. Rather, he purports to opine as to the ultimate question of whether the Net Worth Sweep *violated* shareholder expectations, which he does *without addressing* whether the agreement to the Net Worth Sweep was arbitrary or unreasonable when viewed in light of all the facts and circumstances, including nonpublic facts known to Defendants. He thus purports to

---

[1] Defendants' memorandum ignores that many of Professor Kothari's opinions must be excluded for reasons other than their irrelevance under the governing legal standard. Plaintiffs detail these reasons in prior filings. They include the lack of any methodology and various additional flaws. Those issues are addressed at pages 12-20 of Plaintiffs' May 19, 2022 motion to exclude Professor Kothari, and pages 12-22 of the July 1, 2022 reply (both filed under seal due to Defendants' designations).

opine on the ultimate issue in the case based on Defendants' incorrect conception of the legal standard in the case.  This will hopelessly confuse and mislead the jury.

Defendants assert that "because reasonableness must be determined with reference to the parties' reasonable expectations, Professor Kothari's opinions regarding shareholders' reasonable expectations are highly relevant."  This is sophistry.  The issue is not whether reasonable expectations are "relevant" to an implied covenant claim.  The issue is that Defendants chose to instruct Professor Kothari to offer opinions that fundamentally misunderstand the nature of the shareholder expectations that are relevant to an implied covenant inquiry, as well as the sources that define them, and how to determine whether they have been violated.

As explained previously, under the implied covenant inquiry, arbitrariness is determined with reference shareholders' reasonable expectations *under the contract*—here, the expectation that Defendants would not arbitrarily exercise their discretion to deprive shareholders of any potential for dividends. By contrast, Professor Kothari's conception of "expectations" asks whether a reasonable shareholder could have *predicted* "something like" the Net Worth Sweep. Because he addresses the wrong understanding of shareholder expectations, his testimony must be excluded.

Proceeding from this mistaken understanding, Professor Kothari relies on all publicly available information available as of the date of the breach to define shareholder "expectations." Shareholders' contractual expectations, however, are not defined by reference to all publicly available information available as of the date of the breach.  Instead, they are defined by the sources previously identified by the Court—*i.e.*, the contract, the law, and public statements at the outset of the conservatorship that help inform its meaning.  Those sources are the relevant sources because they define the scope of contractual discretion against which the arbitrariness of

Defendants' actions is to be measured.  Indeed, as Plaintiffs have pointed out a number of times, Defendants' proposed procedure for defining shareholder expectations is so untethered from the relevant legal standard that it would enable Defendants to avoid liability by announcing their intent to act arbitrarily just prior to taking the arbitrary action.  That would be an absurd result.  Yet Defendants have no answer to it.

Defendants rely on footnote 9 of the Court's summary judgment opinion to argue that the time of contracting is close to the date of the Third Amendment.  That footnote—which addresses a different issue related to the PCF that is irrelevant to the motion to exclude Dr. Kothari's opinions—provides nothing helpful to Defendants.  Given that the parties do not disagree that changes in law affect contractual expectations, and given that Defendants identify no material changes in the law or contract since the Second Amendment, the time of contracting is relevant here only because Defendants misunderstand the sources that inform contractual expectations.  Defendants also ignore that their sole basis for defining the time of contracting as of the Net Worth Sweep is the adoption of some irrelevant legal guidelines that went unmentioned for the previous nine years that this case has been pending and that were discovered only when Defendants needed to scramble for a hook for their flawed understanding of the relevant sources for defining shareholder expectations.  ECF 193 at 5-6 and note 1.

Professor Kothari's opinions also are irrelevant because (again at the instruction of Defendants' counsel) they ignore nonpublic information.  May 19 Motion to Exclude Kothari at 5-11; July 1 Reply at 5-11.  They therefore cannot illuminate the central question of whether the Net Worth Sweep violated Plaintiffs' expectation that Defendants would not exercise their discretion under the contract in a manner that unreasonably or arbitrarily deprived Plaintiffs of any possibility of dividends.  Instead, they would allow Defendants to evade liability for conduct that

is arbitrary and unreasonable when considered in light of all facts and circumstances by asserting "you didn't know that; only I did." That would be an absurd result. Again, Defendants have no answer.

Finally, Professor Kothari's conception of shareholder expectations is not relevant because it addresses shareholder expectations of "something like" the Net Worth Sweep, meaning a possibility of no dividends. Plaintiffs here, however, challenge the *Net Worth Sweep* as inconsistent with shareholder expectations based on the claim that the *Net Worth Sweep* violated their expectation not to be arbitrarily deprived of any possibility of dividends in light of the information available to Defendants. May 19 Motion to Exclude Kothari at 11, 19-20. Even apart from their numerous other flaws, Dr. Kothari's opinions do not address that expectation and are therefore irrelevant.

## CONCLUSION

Plaintiffs' motion to exclude Professor Kothari's opinions should be granted.

Dated: October 10, 2022

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*

*/s/ Hamish P.M. Hume*
Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Eric L. Zagar (*Pro Hac Vice*)
**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706

5

Fax: (610) 667-7056
ezagar@ktmc.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER, P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*