UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | Case No. 1:13-mc-1288-RCL <br><br> <u>CLASS ACTION</u> |

## OMNIBUS PRETRIAL ORDER ON MOTIONS IN LIMINE

For the reasons stated in the accompanying Memorandum Opinion:

It is hereby **ORDERED** that Defendants' Motion in Limine [154] to Exclude the Testimony of Dr. Bala Dharan is **DENIED**.

It is further **ORDERED** that Defendants' Motion in Limine [155] to Exclude the Testimony of Dr. Joseph Mason is **GRANTED** insofar as Dr. Mason may not testify about his DCF analysis, his rescission calculations, or his newly stated opinion that the appropriate measure of lost share value is 100 percent of that value on the day before the Net Worth Sweep.

It is further **ORDERED** that Plaintiffs' Motion in Limine [156] to Exclude the Testimony of Dr. Mukarram Attari is **DENIED** with respect to the bond yield event study and **GRANTED** with respect to the hypothetical setting of the PCF.

It is further **ORDERED** that Plaintiffs' Motion in Limine [157] to Exclude the Testimony of Professor S.P. Kothari is **DENIED**.

It is further **ORDERED** that Plaintiffs' Motion in Limine [169] to Admit Evidence Pursuant to Federal Rules of Evidence 801 and 803 is **DENIED**.

It is further **ORDERED** that Plaintiffs' Omnibus Motion in Limine [176] is **GRANTED** in part and **DENIED** in part as follows:

1) Defendants will be precluded from arguing that the "date of contracting" was any date after December 24, 2009, or that only publicly available information is relevant to shareholders' reasonable expectations.

2) Defendants' securities analyst reports will be excluded as hearsay unless defendants can show that any specific report factored into FHFA's decisionmaking process or a hearsay exception applies.

3) Defendants will not be precluded at this stage from making any reference to *Collins v. Yellen*.

4) The deposition testimony of Bruce Berkowitz will be excluded.

5) Defendants will be precluded from offering evidence or arguments regarding when plaintiffs purchased their shares, with the understanding that the same ruling applies to plaintiffs.

6) Defendants will be precluded from offering evidence or arguments regarding plaintiffs' wealth or sophistication.

It is further **ORDERED** that Defendants' Motion in Limine [177] to Exclude Evidence of Plaintiffs' Subjective Expectations is **GRANTED** insofar as plaintiffs may not offer evidence of individual shareholders' subjective expectations or when they purchased their shares and **DENIED** in all other respects.

It is further **ORDERED** that Defendants' Motion in Limine [178] to Exclude Evidence of Treasury or White House Intent Not Communicated to FHFA is **DENIED**.

It is further **ORDERED** that Defendants' Motion in Limine [181] to Exclude the Testimony of Susan Hartman is **GRANTED** insofar as she proposes to present demonstratives of non-voluminous records that are not themselves offered into evidence and **DENIED** in all other respects.

It is further **ORDERED** that Defendants' Motion in Limine [206] to Compel One Appearance of Defendants' Fact Witness Edward DeMarco is **DENIED** as untimely.

It is further **ORDERED** that Defendants' Motion [212] for Leave to File a Supplemental Memorandum Regarding Professor Kothari's Testimony is **GRANTED**.

3

The Memorandum Opinion was filed under seal because it references documents the parties filed under seal. It is hereby **ORDERED** that the parties meet and confer and jointly identify which, if any, parts of the Memorandum Opinion should remain sealed within three days.

**IT IS SO ORDERED.**

Date: October 13, 2022 　　　　　　　　　　　　　　　　　　　　_/s/ Royce C. Lamberth_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Royce C. Lamberth
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge