**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al*., | |
| Plaintiffs, | |
| v. | Civil No. 13-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Miscellaneous No. 13-1288 (RCL) |
| This document relates to: ALL CASES | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
**PURSUANT TO FED. R. EVID. 201(b)**

After spending hours examining former FHFA Acting Director Edward DeMarco as their own witness and failing to ask follow-up questions about the particular legislative "bills" the Acting Director referenced during his two days of testimony, Plaintiffs now want this Court to effectively instruct the jury that the witness was not truthful, and give the Court's imprimatur to a one-sided mischaracterization of the witness's testimony. The request is improper, and allowing it would be unfairly prejudicial.

Plaintiffs had every opportunity to probe Acting Director DeMarco about what "bills" and "Senate bill" the witness was recalling, but they failed to do so. Had they availed

themselves of that opportunity, Defendants would also have had the chance to explore the witness's recollection through recross.  Plaintiffs cannot obtain a do-over now.

Federal Rule of Evidence 201(b) allows the Court to take judicial notice of objective facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  It could, for example, permit the Court to take notice of *all* proposed legislation regarding reform of the Enterprises in the wake of the housing and financial crisis, which would reinforce that Acting Director DeMarco correctly recalled that legislative proposals were under discussion around the time of the Third Amendment.  But Plaintiffs instead seek to use "judicial notice" to impeach the witness after-the-fact with one-sided commentary about only a slice of the relevant objective facts.  This sort of "gotcha" nitpicking may be appropriate for cross examination, but it is not a proper subject for judicial instruction.

Defendants offered to discuss with Plaintiffs the introduction of objective legislative events into the record (*see* Ex. A).  But Plaintiffs instead proceeded to file their request for judicial notice.  Their request is at odds with Federal Rule of Evidence 201, misstates the record, and would result in unfair prejudice and jury confusion.

## ARGUMENT

Plaintiffs have asked the Court to take judicial notice of either one or both of two sentences that Plaintiffs drafted:

1.   "There was no legislation introduced or pending in 2011 or 2012 addressing the wind down of the GSEs that passed the Senate Banking Committee"; and/or

2.      "The legislation referenced in Acting Director DeMarco's testimony passed the

Senate Banking Committee in 2014, never received a floor vote, and never

became law."

Pls.' Mot. at 1.  They request that the sentences "be read to the jury" by the Court.  *Id.* at 3.

Their request is wholly inappropriate for multiple reasons.

*First*, "[m]atters testified to by witnesses are not facts subject to judicial notice."

*Oliverez v. Albitre*, No. 1:09-cv-00352, 2014 WL 12766514, at *1 (E.D. Cal. Mar. 26, 2014)

(referencing *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 n.1 (9th Cir. 2010)).  Since trial

proceedings are "recorded by a court reporter and are part of the record in this case," "a request

for judicial notice of witness testimony is both misplaced and unnecessary."  *Id.*  The trial record

speaks for itself, and Plaintiffs had the opportunity to ask Acting Director DeMarco—who

testified for multiple hours, over multiple days, during multiple examinations by Plaintiffs—

follow-up questions about the specific legislation that he had in mind while he was still on the

stand.  Had they probed Acting Director DeMarco's specific recollections, Defendants likewise

would have had the opportunity on recross to ask clarifying questions regarding the witness's

memory of proposed legislative solutions.  Plaintiffs simply neglected to elicit testimony from

the Acting Director about the issue on which they now seek a judicial instruction.  That is a

failure of examination, not of the witness.

*Second*, Plaintiffs misstate the record.  The "bills" that Acting Director DeMarco was

referencing during his testimony cannot be "accurately and readily determined" because

Plaintiffs never asked Acting Director DeMarco what specific "bills" he was recalling.  Plaintiffs

called Acting Director DeMarco in their own case-in-chief.  Plaintiffs claim that during

discussions on the issue on October 25, 2022 (*see* Ex. A), "Defendants sa[id] the referenced

legislation was S. 1217." Pls.' Mot. at 3. But Defendants did no such thing. Rather, Plaintiffs asked Defendants to "please identify what bill you or Mr. DeMarco believe meets these characteristics or to what bill he was referring." Ex. A at 3. In response, Defendants stated that "[a]s Mr. DeMarco noted in the testimony [], there were multiple bills in Congress," and Defendants' counsel proceeded to independently reference two such bills: (i) the Mortgage Finance Act of 2011 (S. 1973) and (ii) the Housing Finance Reform and Taxpayer Protection Act of 2014 (S. 1217). *Id.* at 1. Contrary to Plaintiffs' contention, at no point did Defendants represent the specific bill that *Acting Director DeMarco* was recalling during his testimony. Regardless, if Plaintiffs wanted information from the witness, they should have sought it during their lengthy examinations.

*Third*, Plaintiffs' request would cause unfair prejudice to Defendants and risk confusing the jury. *See* Fed. R. Evid. 403. Plaintiffs want the Court to effectively refute the testimony of a witness by reading to the jury a one-sided, inaccurate statement about a witness's testimony. It is "the duty of the trial judge to use great care" when commenting on the evidence. *Wabisky v. D. C. Transit Sys., Inc.*, 326 F.2d 658, 659 (D.C. Cir. 1963). The reason for this is clear: "[u]nquestionably, any comment by a trial judge concerning the evidence or witnesses may influence the jury considerably," including the risk of the jury inferring that the Court is taking a side on the evidence. *Gov't of Virgin Islands v. Williams*, 370 Fed. App'x 294, 296 (3d Cir. 2010) (quotation source omitted). As framed, Plaintiffs' request for judicial notice would present that very risk.

Ultimately, Acting Director DeMarco was never asked by Plaintiffs to identify any specific bill in his testimony. Plaintiffs had the opportunity to ask probing questions but failed to do so. Plaintiffs likewise had the opportunity to seek to introduce legislative facts into the

record, but again failed to do so.  The judicial notice rule should not be misused to supplement

matters that could have been addressed during Plaintiffs' examinations of a key witness, much

less to have the Court impugn the witness in a statement to the jury.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs'

Request for Judicial Notice Pursuant to Fed. R. Evid. 201(b).


Dated: October 30, 2022                    Respectfully submitted,

                                            /s/ Jonathan Stern
                                           Jonathan Stern (D.C. Bar # 375713)
                                           Asim Varma (D.C. Bar # 426364)
                                           David B. Bergman (D.C. Bar # 435392)
                                           Ian S. Hoffman (D.C. Bar # 983419)
                                           R. Stanton Jones (D.C. Bar # 987088)
                                           ARNOLD & PORTER KAYE SCHOLER LLP
                                           601 Massachusetts Ave NW
                                           Washington, D.C. 20001
                                           (202) 942-5000
                                           Jonathan.Stern@arnoldporter.com
                                           Asim.Varma@arnoldporter.com
                                           David.Bergman@arnoldporter.com
                                           Ian.Hoffman@arnoldporter.com
                                           Stanton.Jones@arnoldporter.com

                                           *Attorneys for Defendant Federal Housing
                                           Finance Agency*

 /s/ Michael J. Ciatti                      /s/ Meaghan VerGow
Michael J. Ciatti (D.C. Bar #467177)       Meaghan VerGow (D.C. Bar # 977165)
KING &SPALDING LLP                         O'MELVENY &MYERS LLP
1700 Pennsylvania Ave. N.W.                1625 Eye Street, N.W.
Washington, DC 20006                       Washington, DC 20006
Tel: (202) 626-5508                        Tel: (202) 383-5300
Fax: (202) 626-3737                        Fax: (202) 383-5414
mciatti@kslaw.com                          mvergow@omm.com

*Attorney for the Federal Home Loan         Attorney for the Federal National Mortgage
Mortgage Corp.*                             Association*