UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE FEDERAL HOUSING FINANCE AGENCY, et al., <br><br> *Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS <br><br> This document relates to: <br> ALL CASES | Case No. 1:13-mc-1288-RCL |

**PLAINTIFFS' REPLY TO OPPOSITION TO REQUEST
FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(b)**

Defendants' opposition to Plaintiffs' request for judicial notice never accounts for the fundamental point—namely that FHFA Acting Director Edward DeMarco submitted testimony in this case that is demonstrably inaccurate. Nothing in their response purports to defend the accuracy of the statement that Plaintiffs seek to correct. Nothing in their response proposes alternative language. Nothing in their response disputes that Plaintiffs have diligently attempted to correct the testimony in a restrained way without fanfare or demonstrativeness. And nothing in their response comes to terms with the fact that they are now advocating for knowingly allowing inaccurate testimony to go to the jury when that testimony can be readily corrected.

Plaintiffs also respectfully disagree that seeking to correct demonstrably inaccurate testimony is playing "gotcha" as Defendants allege. To the contrary, that label applies only to

Defendants' statement that failing to cross-examine a witness on the witness' inaccurate testimony is a "failure of examination, *not of the witness*."

The single case Defendants cite is inapt because that case involved judicial notice of witness testimony. *See Oliverez v. Albitre*, No. 1:09-cv-00352, 2014 WL 12766514, at *1 (E.D. Cal. Mar. 26, 2014). Plaintiffs do not seek judicial notice of witness testimony. Rather Plaintiffs seek judicial notice of a fact that is indisputably true.

Finally, Defendants offer an irrelevant and misleading account of the procedural history that led to the filing of the request. Defendants limit their description of those events to the statement that Defendants "offered to discuss with Plaintiffs the introduction of objective legislative events into the record. But Plaintiffs instead proceeded to file their request for judicial notice." First, Defendants' proposal was a dodge because the issue has never been a list of "objective legislative events" more generally. Rather, it has been about addressing an inaccuracy introduced into the record by witness testimony.

Second, it is untrue that Plaintiffs proceeded with filing the request without first attempting to work the issue out with Defendants. Far from it, Plaintiffs have diligently pursued this issue from the start. Plaintiffs first contacted Defendants the day after the testimony (October 22) both to confirm their understanding that no such bill existed and to work out a mutually acceptable way to correct the record assuming Plaintiffs were correct. *See* Exhibit A. Defendants did not respond until after Plaintiffs sent a follow up email on October 25. *Id*. Defendants subsequently responded by identifying legislation that passed the Senate Banking Committee in 2014. As Plaintiffs explained in response, that assertion did not demonstrate the accuracy of the testimony. *See* Exhibit B. In a final effort to resolve the issue, Plaintiffs sent a draft of the proposed request to Defendants on October 26 and then a follow up on October 28. *See* Exhibit C. Defendants'

opposition omits parts of this correspondence.  At that point, Plaintiffs had no choice but to file the response.  Plaintiffs also remain open to portraying the fact or facts that are the subject of the notice as stipulated rather than subject to judicial notice if Defendants would prefer.

Finally, despite the clear suggestion otherwise in their email response to Plaintiffs' inquiry, Defendants now claim that they were not making a representation that Mr. DeMarco was referencing the 2014 bill that they discuss in their email.  If so, the second sentence can be eliminated, and the attached proposed instruction therefore includes only the first sentence proposed in the request.  If, however, Defendants would like to retain the second sentence but without the reference to Mr. DeMarco, it can be modified and added to the attached proposed instruction by substituting the words "Such legislation" for "The legislation referenced in Acting Director DeMarco's testimony."

Plaintiffs thus respectfully request that the first sentence in the request be judicially noticed by the Court.  Alternatively, Plaintiffs request that both sentences be judicially noticed with the second sentence modified as set forth in the prior paragraph.  A proposed instruction is attached as Exhibit D.

| | |
|---|---|
| Dated: October 31, 2022 | Respectfully submitted, |
| /s/ Charles J. Cooper | /s/ Eric. L. Zagar |
| Charles J. Cooper (Bar No. 24870) | Eric L. Zagar (*Pro Hac Vice*) |
| David H. Thompson (Bar No. 450503) | **KESSLER TOPAZ** |
| Vincent J. Colatriano (Bar No. 429562) | **MELTZER & CHECK, LLP** |
| Peter A. Patterson (Bar No. 998668) | 280 King of Prussia Rd. |
| Brian W. Barnes (*Pro Hac Vice*) | Radnor, PA 19087 |
| **COOPER & KIRK, PLLC** | Tel: (610) 667-7706 |
| 1523 New Hampshire Avenue, N.W. | Fax: (610) 667-7056 |
| Washington, DC 20036 | ezagar@ktmc.com |
| Tel: (202) 220-9600 | |
| Fax: (202) 220-9601 | Hamish P.M. Hume (Bar No. 449914) |
| ccooper@cooperkirk.com | Samuel C. Kaplan (Bar No. 463350) |
| | **BOIES SCHILLER FLEXNER LLP** |
| *Counsel for Berkley Plaintiffs, et al.* | 1401 New York Ave. NW |
| | Washington, DC 20005 |

Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER, P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*