# EXHIBIT N

Jim Parrott          Confidential - Protected Information to Be Disclosed   January 20, 2016
                        Only in Accordance with Protective Order        Washington, D.C.

Page 1

```
 1           IN THE UNITED STATES COURT OF FEDERAL CLAIMS
 2     - - - - - - - - - - - - - - - X
 3     FAIRHOLME FUNDS INC, et al.,   :
 4         Plaintiffs,                :
 5             v.                     :  Case No. 13-465C
 6     THE UNITED STATES,             :
 7         Defendant.                 :
 8     - - - - - - - - - - - - - - - X
 9
10          CONFIDENTIAL - PROTECTED INFORMATION TO BE
11       DISCLOSED ONLY IN ACCORDANCE WITH PROTECTIVE ORDER
12
13          Videotaped deposition of JIM PARROTT, a witness
14     herein, called for examination by counsel for Plaintiffs
15     in the above-entitled matter, the witness being duly
16     sworn by AMANDA BLOMSTROM, a Notary Public in and
17     for the District of Columbia, taken at the offices of
18     Arnold & Porter, 601 Massachusetts Avenue, NW,
19     Washington, DC, at 8:31 a.m., Wednesday, January 20,
20     2016, and the proceedings being taken down by Stenotype
21     by AMANDA BLOMSTROM, CRR/RMR/CLR/CSR, and transcribed
22     under her direction.
```

Jim Parrott    Confidential - Protected Information to Be Disclosed    January 20, 2016
               Only in Accordance with Protective Order                Washington, D.C.

Page 2

```
 1       APPEARANCES:
 2
 3         On behalf of the Plaintiffs:
 4            DAVID H. THOMPSON, ESQ.
 5            HOWARD SLUGH, ESQ.
 6            PETE McGINLEY, ESQ.
 7            Cooper & Kirk
 8            1523 New Hampshire Avenue, NW
 9            Washington, DC  20036
10            (202) 220-9600
11            dthompson@cooperkirk.com
12
13         On behalf of the US DOJ:
14            ELIZABETH M. HOSFORD, ESQ.
15            ANTHONY SCHIAVETTI, ESQ.
16            KENNETH M. DINTZER, ESQ.
17            MARIANA TERESA ACEVEDO, ESQ.
18            US Department of Justice
19            1100 L Street, NW
20            Washington, DC  20530
21            (202) 353-2345
22            elizabeth.hosford@usdoj.gov
```

Page 3

```
 1       APPEARANCES (Cont'd):
 2
 3         On behalf of the Treasury:
 4            BRENDAN J. CRIMMINS, ESQ.
 5            US Department of the Treasury
 6            1500 Pennsylvania Avenue, NW
 7            Washington, DC  20220
 8            (202) 622-0351
 9            brendan.crimmins@treasury.gov
10
11         On behalf of the Cacciapalle Plaintiffs:
12            STACEY K. GRIGSBY, ESQ.
13            Boies, Schiller & Flexner, LLP
14            5301 Wisconsin Avenue, NW
15            Washington, DC  20015
16            (202) 237-2727
17            sgrigsby@bsfllp.com
18
19
20
21
22
```

Page 4

```
 1       APPEARANCES (Cont'd):
 2
 3         On behalf of the Washington Federal Plaintiffs:
 4            JENNIFER FOUNTAIN CONNOLLY, ESQ.
 5            Hagens, Berman, Sobol, Shapiro, LLP
 6            1701 Pennsylvania Avenue, NW
 7            Suite 300
 8            Washington, DC  20006
 9            (202) 580-6559
10            jenniferc@hbsslaw.com
11
12         On behalf of the Arrowood Plaintiffs:
13            RICHARD E. ZUCKERMAN, ESQ. (Telephonically)
14            Honigman, Miller, Schwartz & Cohn, LLP
15            2290 First National Building
16            660 Woodward Avenue
17            Detroit, Michigan  48226-3583
18            (313) 465-7618
19            rzuckerman@honigman.com
20
21
22
```

Page 5

```
 1       APPEARANCES (Cont'd):
 2         On behalf of the Bryndon Fisher and Bruce Reid
 3         Plaintiffs:
 4            MIRANDA KOLBE, ESQ. (Telephonically)
 5            Schubert, Jonckheer & Kolbe LLP
 6            Three Embarcadero Center, Suite 1650
 7            San Francisco, California  94111
 8            (415) 788-4220
 9            mkolbe@schubertlawfirm.com
10
11       ALSO PRESENT:
12            BRENT WIBLE, ESQ.
13            White House General Counsel's Office
14            Associate Counsel and Special
15            Assistant to the President
16
17            ALBERT SANDERS, ESQ.
18            Counselor to the General Counsel
19            U.S. Department of Homeland Security
20
21       VIDEOGRAPHER:
22            Patrick Graham
```

Jim Parrott                Confidential - Protected Information to Be Disclosed    January 20, 2016
                                  Only in Accordance with Protective Order            Washington, D.C.

Page 42

1  Q. Yeah. Were you concerned about Fannie
2  and Freddie's ability to main -- to retain top-
3  flight talent and managers given the caps on
4  compensation?
5     MS. HOSFORD: Same objections.
6     THE WITNESS: I will say that I was
7  concerned -- well, actually, as I stand here
8  today, I don't recall in that time period whether
9  I was concerned one way or the other about the
10 retention of management.
11 BY MR. THOMPSON:
12 Q. Do you recall ever having that concern?
13    MS. HOSFORD: Objection. Do -- please,
14 I instruct you not to answer to the extent it's
15 not within the time frame set by the Court.
16    THE WITNESS: Then I can't answer.
17 BY MR. THOMPSON:
18 Q. Cost of capital, does that affect the
19 profitability of Fannie and Freddie?
20 A. Yes, it could.
21 Q. And does the amount of capital cushion
22 that the companies had affect their cost of

Page 43

1  capital?
2     MS. HOSFORD: Objection; vague,
3  confusing terms.
4     THE WITNESS: I don't think that --
5  well, I can't say, as I stand here today, that I
6  would have had a judgment back then on whether or
7  not the capital buffer would have affected their
8  cost of capital.
9  BY MR. THOMPSON:
10 Q. Okay. Guarantee fees, who set those?
11 A. Who sets the guarantee fees?
12 Q. Yeah.
13 A. Back during that time period?
14 Q. Yes.
15 A. G-fees, my understanding and my
16 understanding at the time would have been that
17 g-fees were set with the advice of FHFA, so Fannie
18 and Freddie set the g-fees after consulting with
19 their regulator.
20 Q. The regulatory environment, could that
21 affect the profitability of Fannie and Freddie?
22 A. It could.

Page 44

1  Q. All right.
2     MS. HOSFORD: Objection; vague.
3  BY MR. THOMPSON:
4  Q. Are there other variables that affect
5  the profitability of Fannie and Freddie that we
6  haven't identified?
7  A. Although I can't think of any off the
8  top of my head, sure, there are bound to be.
9  There is --
10 Q. But you can't think of any off the top
11 of your head, can you?
12 A. No, not off the top of my head.
13 Q. Okay. Now, let's go back. We were,
14 when we got off on this discussion of
15 profitability, we were still going through the
16 background of how you ended up at the White House
17 and we were talking about your time at HUD. Did
18 you work with Dave Stevens while you were at HUD?
19 A. I did.
20 Q. And did you discuss Fannie and Freddie
21 with Mr. Stevens during your time at HUD?
22 A. Yes.

Page 45

1  Q. Okay. What did you discuss with him?
2     MS. HOSFORD: I, I caution you not to
3  answer to the extent it would require you to
4  reveal predecisional deliberations about
5  government decisions.
6     THE WITNESS: Well, then I can't
7  answer.
8  BY MR. THOMPSON:
9  Q. Now, you moved to the White House as a
10 senior advisor in 2010; is that right?
11 A. Yes.
12 Q. Was that December of 2010?
13 A. I don't recall if it was specifically
14 December, but it was around.
15 Q. Okay. What were the issues you were
16 primarily focused on while you were at the White
17 House?
18 A. While I was at the White House, I
19 focused on housing policy and housing finance
20 policy.
21 Q. And did you focus on the resolution of
22 Fannie and Freddie?

Page 282

1  CERTIFICATE OF DEPONENT
2
3  I hereby certify that I have read and examined the
4  foregoing transcript, and the same is a true and
5  accurate record of the testimony given by me.
6  Any additions or corrections that I feel are
7  necessary, I will attach on a separate sheet of
8  paper to the original transcript.
9            _____
10                Signature of Deponent
11
12  I hereby certify that the individual representing
13  himself/herself to be the above-named individual,
14  appeared before me this _____ day of _____,
15  2015, and executed the above certificate in my
16  presence.
17
18            _____
19            NOTARY PUBLIC IN AND FOR
20            _____
21                 County Name
22  MY COMMISSION EXPIRES:

Page 283

1      CERTIFICATE OF SHORTHAND REPORTER - NOTARY PUBLIC
2
3      I, Amanda Blomstrom, Registered Merit Reporter,
4  Certified Realtime Reporter, Certified Livenote Reporter,
5  Certified Shorthand Reporter, the officer before whom the
6  foregoing deposition was taken, do hereby certify that
7  the foregoing transcript is a true and correct record of
8  the testimony given; that said testimony was taken by me
9  stenographically and thereafter reduced to typewriting
10  under my supervision; and that I am neither counsel for,
11  related to, nor employed by any of the parties to this
12  case and have no interest, financial or otherwise, in its
13  outcome.
14      IN WITNESS WHEREOF, I have hereunto set my hand and
15  affixed my notarial seal this 2nd day of November, 2015.
16      My commission expires:  October 31st, 2016.
17
18      _____
19  AMANDA BLOMSTROM
20  NOTARY PUBLIC IN AND FOR THE DISTRICT OF COLUMBIA
21
22