## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE FEDERAL HOUSING FINANCE AGENCY, et al., <br><br> *Defendants*. | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS <br> _____ <br><br> This document relates to: <br> ALL CASES | Case No. 1:13-mc-1288-RCL |

### Plaintiffs' Motion In Limine No. 7: To Preclude Defendants From Using Certain Deposition Testimony To Prove The Truth Of Contested Facts In Freddie Mac's SEC Filings

Plaintiffs respectfully move *in limine* for an order precluding Defendants from offering into evidence, by deposition designation, certain testimony of Ross Kari ("Kari") admitted at the first trial concerning statements in Freddie Mac's SEC filings about its expected ability to satisfy dividend obligations to Treasury. Those statements about which Kari testified should be excluded from trial because they are forward-looking statements that are subject to considerable uncertainty and because they are inadmissible hearsay.

Defendants have designated deposition testimony where Kari characterized as "accurate at the time" statements in Freddie Mac's Form 10-Q (filed August 7, 2012) that Freddie Mac "expect[s] to request additional draws under the Purchase Agreement in future periods" and "it is unlikely that [Freddie Mac] will generate net income or comprehensive income in excess of our

annual dividends payable to Treasury over the long term."[1]  Defendants likewise designated Kari's testimony that similar statements in Freddie Mac's 10-K (filed December 17, 2013) – about Freddie Mac's supposed expectations about its future inability to pay dividends – comported with Kari's "understanding at the time."[2]

As explained in Plaintiffs' Motion In Limine No. 6 (in Plaintiffs' Omnibus Motion In Limine, filed on May 26, 2023), the statements in Freddie Mac's SEC filings about which Kari testified were forward-looking statements. *See* Pl. Omnibus Motion, at 26-30. The first page of the aforementioned Freddie Mac 10-Q specifically cautioned investors that the filing contained "forward-looking statements that are based on management's current expectations and are subject to significant uncertainties and changes in circumstances."[3]  That filing specifically sets forth the statements that are forward-looking, including statements about Freddie Mac's ability to pay dividends to Treasury.[4]  Freddie's 2013 10-K contained similar qualifying language.[5]

As Plaintiffs previously explained, these and other statements in Freddie Mac's (and Fannie Mae's) SEC filings are hearsay and their contents cannot be considered for the truth of the matter asserted. *See* Pl. Omnibus Motion (ECF No. 292, 1:13-mc-1288-RCL; ECF No. 307, 1:13-cv-1053-RCL) at 30-33.  Defendants have offered no exception to the hearsay rule (because none applies), so the statements are inadmissible.  Additionally, as Plaintiffs explained in their Omnibus Motion, the Court cannot take judicial notice of the documents for the truth of the disputed facts

---

[1] Kari Dep. Tr. (July 10, 2015), at 197:17-23; 198:6-8, 18-20; 199:11-23; 200:16-201:5 (Kari deposition excerpts attached hereto as "Exhibit 1"); Kari Dep. Ex. 19 at 10, 92 (excerpts from 10-Q filed August 7, 2012) ("Exhibit 2").

[2] Exhibit 1 at 201:8-10, 19-25; 202:1-18; Kari Dep. Ex. 11 (FHFA 2703, at -2716) (10-K filed Dec. 17, 2013) (excerpts from 10-K attached as "Exhibit 3").

[3] Exhibit 3 at FHFA 2708.

[4] *See* DX477 (complete 10-Q filed Aug. 7, 2012), at p. 96 (excerpts from 10-Q attached "Exhibit 4").

[5] Exhibit 3 at FHFA 2751.

asserted therein. Pl. Omnibus Motion at 33.  Accordingly, the Court should prohibit Defendants from offering into evidence, through deposition designations, Kari's testimony about the contents of Freddie Mac's SEC filings.

### Plaintiffs' Motion In Limine No. 8: To Preclude Defendants From Presenting Testimony From Ross Kari Regarding Whether The Net Worth Sweep Was "Beneficial" To Shareholders

Plaintiffs' previously filed Motion In Limine No. 2 seeks to preclude Defendants from offering into evidence any testimony by Kari (or any of Naa Awaa Tagoe or Timothy Mayopoulos) concerning their opinions about or reactions to the Net Worth Sweep. *See* Pl. Omnibus Motion, at 6-9.

Through this Motion, Plaintiffs seek to preclude Defendants from designating testimony introduced at Trial 1 regarding Mr. Kari's opinion as to whether the Net Worth Sweep was "beneficial" to private shareholders.[6]  For the reasons set forth in Omnibus Motion, Mr. Kari did not participate in the decision to impose the net worth sweep and only learned about it shortly before FHFA and Treasury announced the Third Amendment publicly.  Omnibus Mot. at 6.  Mr. Kari's beliefs about the net worth sweep's impact on private shareholders is thus irrelevant and inadmissible opinion testimony.  *See* Omnibus Motion at 7-8.  Such testimony will also confuse the issue that the jury will decide, which is whether the net worth sweep frustrated Plaintiffs' reasonable expectations that existed as of December 2009, not whether the net worth sweep was "beneficial" to Plaintiffs in August 2012.  *See, e.g.*, *United States v. Roberson*, 581 F. Supp.3d 65, 71 (D.D.C. 2022) ("Evidence is unfairly prejudicial if it prejudices a [party's] case 'for reasons other than its probative value,' such as by creating 'an undue tendency to suggest decision on an improper basis.'").

_____

[6] Exhibit 1 at 164:5-165:18

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court **GRANT** the motions and exclude Mr. Kari's testimony about inadmissible SEC Reports and whether the Net Worth Sweep was beneficial to private shareholders.

Dated: June 9, 2023                    Respectfully Submitted,

*/s/ Charles J. Cooper*                    */s/ Eric L. Zagar*

Charles J. Cooper (Bar No. 24870)          Eric L. Zagar (*Pro Hac Vice*)
David H. Thompson (Bar No. 450503)         **KESSLER TOPAZ**
Vincent J. Colatriano (Bar No. 429562)       **MELTZER & CHECK, LLP**
Peter A. Patterson (Bar No. 998668)        280 King of Prussia Rd.
Brian W. Barnes (*Pro Hac Vice*)           Radnor, PA 19087
**COOPER & KIRK, PLLC**                    Tel: (610) 667-7706
1523 New Hampshire Avenue, N.W.            Fax: (610) 667-7056
Washington, DC 20036                       ezagar@ktmc.com
Tel: (202) 220-9600
Fax: (202) 220-9601                        Hamish P.M. Hume (Bar No. 449914)
ccooper@cooperkirk.com                     Samuel C. Kaplan (Bar No. 463350)
                                           **BOIES SCHILLER FLEXNER LLP**
*Counsel for Berkley Plaintiffs, et al.*   1401 New York Ave. NW
                                           Washington, DC 20005
                                           Tel: (202) 237-2727
                                           Fax: (202) 237-6131
                                           hhume@bsfllp.com
                                           skaplan@bsfllp.com

                                           Michael J. Barry (*Pro Hac Vice*)
                                           John Kairis (*Pro Hac Vice*)
                                           Rebecca Musarra (*Pro Hac Vice*)
                                           **GRANT & EISENHOFER, P.A.**
                                           123 Justison Street
                                           Wilmington, DE 19801
                                           Tel: (302) 622-7000
                                           Fax: (302) 622-7100
                                           mbarry@gelaw.com
                                           jkairis@gelaw.com
                                           rmusarra@gelaw.com

                                           Adam Wierzbowski (*Pro Hac Vice*)
                                           **BERNSTEIN LITOWITZ BERGER**
                                           **& GROSSMANN LLP**
                                           1251 Avenue of the Americas

New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
adam@blbglaw.com

*Co-Lead Counsel for the Class*