**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, *et al.*, <br><br> Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations <br><br> _____ <br><br> This document relates to: <br> ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE
TO REVISIT THE COURT'S EVIDENTIARY RULING
ADMITTING PLAINTIFFS' EXHIBIT 205 (THE STEGMAN MEMO)
INTO EVIDENCE OVER DEFENDANTS' HEARSAY OBJECTION**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| INTRODUCTION | | 1 |
| ARGUMENT | | 3 |
| I. | The Stegman Memo Is Inadmissible Unless the Embedded Hearsay from Secretary Geithner Qualifies for Some Hearsay Exception or Exemption | 3 |
| II. | No Exception or Exemption Covers Secretary Geithner's Embedded Hearsay | 4 |
| | A. The Public Records Exception Does Not Apply to the Embedded Hearsay | 4 |
| | B. The Residual Exception Does Not Apply to the Embedded Hearsay | 9 |
| III. | Plaintiffs' Other Arguments Largely Ignore the Embedded Hearsay Issue in Dispute | 12 |
| CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. F.B.I.*,
    198 F.R.D. 306 (D.D.C. 2000) ................................................................................................ 10

*Burns v. Levy*,
    No. cv-13-898 (CKK), 2019 WL 6465142 (D.D.C. Dec. 2, 2019) ............................................ 4

*Charles v. Home Depot U.S.A., Inc.*,
    No. 1:16-cv-02054 (GMH), 2021 WL 4439057 (D.D.C. Sept. 28, 2021) ................................. 4

*Gilmore v. Palestinian Interim Self-Gov't Auth.*,
    843 F.3d 958 (D.C. Cir. 2016) ................................................................................................... 3

*Idaho v. Wright*,
    497 U.S. 805 (1990) ................................................................................................................... 8

*Jordan v. Binns*,
    712 F.3d 1123 (7th Cir. 2013) .................................................................................................... 4

*Lewis v. Velez*,
    149 F.R.D. 474 (S.D.N.Y. 1993) ............................................................................................... 6

*McNair v. Gov't of D.C.*,
    124 F. Supp. 3d 13 (D.D.C. 2015) ............................................................................................. 7

*In re Oil Spill by the Amoco Cadiz*,
    954 F.2d 1279 (7th Cir. 1992) .................................................................................................... 3

*Porter v. City of Lake Lotawana*,
    No. 07-00461-CV, 2009 WL 10441610 (W.D. Mo. Mar. 31, 2009) ......................................... 6

*S.E.C. v. First City Fin. Corp., Ltd.*,
    890 F.2d 1215 (D.C. Cir. 1989) ............................................................................................... 11

*Shields v. Eli Lilly & Co.*,
    No. cv-87-2166, 1991 WL 134614 (D.D.C. July 12, 1991) .................................................... 10

*Smith v. Isuzu Motors Ltd.*,
    137 F.3d 859 (5th Cir. 1998) ...................................................................................................... 8

*Sotloff v. Syrian Arab Rep.*,
    525 F. Supp. 3d 121 (D.D.C. 2021) ......................................................................................... 11

*Taylor v. Erna*,
    No. 08-10534, 2009 WL 2146675 (D. Mass. July 14, 2009) ....................................................6

*United States v. El-Mezain*,
    664 F.3d 467 (5th Cir. 2011) ...................................................................................................8

*United States ex rel. Miller v. Bill Harbert Int'l Const., Inc.*,
    No. cv-95-1231, 2007 WL 842079 (D.D.C. Mar. 16, 2007) ....................................................9

*United States v. Fuentes-Lopez*,
    994 F.3d 66 (1st Cir. 2021) ......................................................................................................7

*United States v. Hsia*,
    87 F. Supp. 2d 10 (D.D.C. 2000) .............................................................................................8

*Wannall v. Honeywell, Inc.*,
    775 F.3d 425 (D.C. Cir. 2014) .................................................................................................4

*Whole Foods Mkt. Grp., Inc. v. Wical Ltd. P'ship*,
    No. 1:17-CV-01079, 2019 WL 6910168 (D.D.C. Oct. 22, 2019) ............................................9

**Rules**

Fed. R. Evid. 803(8).............................................................................................................. *passim*

Fed. R. Evid. 805 .................................................................................................................. *passim*

Fed. R. Evid. 807 ....................................................................................................................9,11

**Other Authorities**

30B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
    6883 (2023 ed.) ........................................................................................................................8

5 *Jones on Evidence* § 34:11 (7th ed.) ...........................................................................................8

**INTRODUCTION**

Plaintiffs' opposition confirms three points that collectively require the exclusion of Plaintiffs' Exhibit 205 (the "Stegman Memo"): (1) the Stegman Memo contains two layers of hearsay; (2) the Stegman Memo is inadmissible unless both of those layers are subject to some hearsay exception or exemption; and (3) neither the public records exception, the residual exception, nor any other exception or exemption applies to the second layer of hearsay. Defendants' motion should be granted, and the Stegman Memo should be excluded from evidence in the second trial.

The first layer of hearsay is Mr. Stegman's out-of-court authorship of the written memorandum itself. The second layer, embedded in the written memorandum, is Secretary Geithner's purported out-of-court oral statements to Mr. Stegman describing the Secretary's meeting with Mr. DeMarco. This Court previously held that the first layer of hearsay—the written memorandum itself—qualifies as a public record under Federal Rule of Evidence 803(8)(A)(i). While Defendants respectfully disagree with that ruling,[1] the present motion addresses only the second layer, which the Court did not previously address directly.

Before the first trial, Plaintiffs argued that the Stegman Memo is admissible despite the embedded hearsay from Secretary Geithner because the public records exception "provides for the admission of public records notwithstanding that they may contain embedded hearsay." Pls.' Reply to Mot. in Lim. to Admit Evid. Pursuant to F.R.E. 801 and 803 ("Pls.' Reply") at 14

---

[1] Plaintiffs incorrectly assert, "Defendants do not dispute that the memorandum that is PX-0205 meets the criteria for the public records exception." Opp. at 2. Defendants objected to the Stegman Memo's admissibility as a public record and noted in their opening motion here that Defendants preserve that objection for appeal. Mot. at 1.

1

(Class ECF No. 169, Berkley ECF No. 176).[2]  Indeed, Plaintiffs' *only argument* for the admissibility of the embedded hearsay at that time was that Rule 803(8) supposedly operates as a multi-layer hearsay exception.

Defendants' opening motion demonstrated that Plaintiffs' prior argument—that Rule 803(8) is a multi-layer hearsay exception—was flatly incorrect as a matter of law.  In response, Plaintiffs have abandoned that argument.  Instead, Plaintiffs offer a plethora of unclear and incorrect arguments about why Secretary Geithner's out-of-court oral statements to Mr. Stegman, the second layer of hearsay embedded in the Stegman Memo, are purportedly admissible.

First, Plaintiffs suggest that Rule 805—which requires an exception or exemption for every layer of hearsay—does not apply when the declarant of embedded hearsay in a public record works for the same government entity as the record's author.  Second, Plaintiffs assert, in conclusory fashion, that Secretary Geithner's out-of-court oral statements to Mr. Stegman are independently admissible as public records.  Third, Plaintiffs suggest that the Stegman Memo merely conveys information from Secretary Geithner, not Secretary Geithner's untested out-of-court statements.  As explained below, each of these new arguments is meritless.

Plaintiffs' new alternative appeal to the residual hearsay exception likewise is meritless.  The residual exception applies only rarely in extremely narrow circumstances not present here.

Finally, Plaintiffs advance a series of arguments on issues that Defendants' motion did not raise.  They discuss in detail the "trustworthiness" prong of the public records exception, and they contend that the author of a public record need not have personal knowledge of facts

---

[2]   "Class ECF No." refers to Case No. 1:13-mc-1288-RCL, and "Berkley ECF No." refers to Case No. 1:13-cv-1053-RCL.

reported. Plaintiffs' discussion of these topics does not bear on the dispute at hand—namely, that the Stegman Memo is inadmissible because no exception or exemption covers the embedded hearsay from Secretary Geithner.

## ARGUMENT

**I.      The Stegman Memo Is Inadmissible Unless the Embedded Hearsay from Secretary Geithner Qualifies for Some Hearsay Exception or Exemption**

Plaintiffs' opposition acknowledges that the Stegman Memo contains two layers of hearsay—first, the written memorandum itself, and second, Secretary Geithner's out-of-court oral statements to Mr. Stegman about the Secretary's meeting with Mr. DeMarco. *See* Opp. at 2 (discussing "[b]oth the memorandum *and the statements recorded therein*" (emphasis added)); *id.* at 5 (asserting that Defendants' case law "does not apply to 'then-Secretary Geithner's purported out-of-court statements to Mr. Stegman'"). Under settled law applying Rule 805, the Stegman Memo is therefore inadmissible unless each layer of hearsay qualifies for an exception to or exemption from the rule against hearsay. *See* Fed. R. Evid. 805; *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 970 (D.C. Cir. 2016) (holding that there must be an applicable hearsay exception or exemption for each hearsay problem when several parts of a document qualify as hearsay within hearsay).

With respect to the embedded hearsay, Plaintiffs previously asserted that Federal Rule of Evidence 803(8) "provides for the admission of public records notwithstanding that they may contain embedded hearsay." Pls.' Reply at 14. As support for this notion that Rule 803(8) is a multi-level hearsay exception (*i.e.*, a carveout to Rule 805), Plaintiffs cited only one case—*In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279 (7th Cir. 1992). Pls.' Reply at 14. But Defendants' opening motion demonstrated that Plaintiffs' prior argument flatly misstated the law, including in the Seventh Circuit, which has clarified that *Amoco Cadiz* does *not* hold that Rule 803(8) is a

3

multi-layer hearsay exception. *See* Mot. at 6 (discussing *Jordan v. Binns*, 712 F.3d 1123, 1132-33 (7th Cir. 2013)).

In their opposition, Plaintiffs offer no answer to the caselaw discussed in Defendants' motion establishing that Rule 803(8) is *not* a multi-level hearsay exception. They do not even cite the *Amoco Cadiz* case. Plaintiffs should therefore be deemed to have abandoned their previous argument that Rule 803(8) is a multi-layer exception. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."); *Charles v. Home Depot U.S.A., Inc.*, No. 1:16-cv-02054 (GMH), 2021 WL 4439057, at *4 (D.D.C. Sept. 28, 2021) (treating portion of motion in limine as conceded where the plaintiff did not respond to the defendant's argument that certain evidence was inadmissible under Rule 407); *Burns v. Levy*, No. cv-13-898 (CKK), 2019 WL 6465142, at *7 (D.D.C. Dec. 2, 2019) (holding that the plaintiff conceded arguments raised in a motion in limine where the plaintiff responded "only summarily").

Because Rule 803(8) is not a multi-level hearsay exception, the Stegman Memo is admissible *if and only if* the embedded hearsay from Secretary Geithner independently qualifies for some hearsay exception or exemption. Fed. R. Evid. 805. As discussed below, none applies.

## II. No Exception or Exemption Covers Secretary Geithner's Embedded Hearsay

Plaintiffs are incorrect that Secretary Geithner's hearsay statements embedded in the Stegman Memo are admissible under the public records exception, *see* Opp. at 2-7, and the residual exception, *see id.* at 7-9.

### A. The Public Records Exception Does Not Apply to the Embedded Hearsay

Plaintiffs' invocation of the public records exception with respect to Secretary Geithner's out-of-court statements embedded in the Stegman Memo is unclear. Plaintiffs seem to argue

4

that: (1) Rule 805 does not apply to a public record when the declarant of embedded hearsay works for the same government agency as the record's author; (2) Secretary Geithner's out-of-court oral statements to Mr. Stegman are independently admissible as public records themselves; and/or (3) the Stegman Memo is not relaying Secretary Geithner's out-of-court statements but rather information provided by Secretary Geithner.  All three theories are wrong—the public records exception does not cover the hearsay statements from Secretary Geithner embedded in the Stegman Memo.

First, Plaintiffs suggest that Rule 805 does not apply where the declarant of embedded hearsay in a public record works for the same government agency as the record's author.  Opp. at 4-6.  Plaintiffs acknowledge that a public record may be excluded under Rule 805 when it embeds an out-of-court statement from a third party.  *Id*. at 4; *see also* Mot. at 3-5 (collecting cases holding that public records remain subject to Rule 805).  But Plaintiffs assert that "Defendants' cited authorities hold only that statements contained in a public record of a government agency that are attributed to someone *outside* the agency . . . may be excluded as hearsay unless they satisfy some other exception."  Opp. at 4.  To the extent Plaintiffs argue that, in the context of a public record, Rule 805 only applies to embedded hearsay by third parties, not to embedded hearsay by other agency employees, the law does not draw such an arbitrary line.

To begin with, Plaintiffs fail to cite a single case stating or suggesting that Rule 805 does not apply to embedded hearsay from another agency employee in a public record.

Plaintiffs' attempt to generate that arbitrary distinction from the cases Defendants cited is misguided and relies on mischaracterizations of those cases.  *Id*. at 4-5.  The cases themselves preclude the argument.  In one case, the court analyzed whether a hearsay statement embedded in a public record *independently qualified* for a hearsay exception even when the declarant of the

5

embedded statement worked for the same public entity as the record's author. *See Taylor v. Erna*, No. 08-10534, 2009 WL 2146675 (D. Mass. July 14, 2009) (cited at Mot. at 4 n.3). Specifically, the court considered whether one state trooper's out-of-court statements embedded within another state trooper's written report independently qualified for a hearsay exception or exemption. *See id.* at *8 ("This hearsay 'stacking' is what was anticipated by Fed. R. Evid. 805, and as a result, Lt. Walsh's report, in part relying on [Trooper Dorian's] hearsay statements independently admissible, is itself admissible."). That analysis would have been entirely unnecessary if Plaintiffs' strained theory were correct—that is, if the out-of-court statement by the second trooper was covered by the public records exception simply because that trooper and the trooper who authored the report worked for the same public entity. In another case, the court applied the public records exception to the minutes of a city board meeting, but *not* to the city administrator's out-of-court statements embedded "within the minutes," despite the fact that the administrator worked for the same public entity as the author of the meeting minutes. *Porter v. City of Lake Lotawana*, No. 07-00461-CV, 2009 WL 10441610, at *20 (W.D. Mo. Mar. 31, 2009) (cited at Mot. at 4 n.2). Again, that result directly contravenes Plaintiffs' theory.

Looking beyond the authority that Plaintiffs incorrectly characterize, other courts have in fact *excluded* public records because of embedded hearsay by declarants who worked for the same public agency as the author of the public record. For example, in *Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993), the court held that a written report authored by a prison captain was inadmissible because it was "comprised largely of hearsay statements from [his fellow] correction officers" involved in an alleged incident. *Id.* at 487. As the court explained, "Rule 803(8) does not circumvent the hearsay rule; any double hearsay contained in a report is admissible only if each level of hearsay qualifies independently for a hearsay exception." *Id.*

6

Plaintiffs also argue that applying Rule 805 to a public record with embedded hearsay from another agency employee "would turn Rule 803(8)(B) on its head." Opp. at 6. That hyperbole is misplaced. Plaintiffs assert that a party "challenging the admissibility of a public record that . . . conforms to the requirements of Rule 803(8)(A) can challenge its admission *only* by making an affirmative showing that the record is untrustworthy under Rule 803(8)(B)." *Id.* (quoting *United States v. Fuentes-Lopez*, 994 F.3d 66, 71 (1st Cir. 2021)). However, the sole case Plaintiffs rely on for this proposition did not involve or address multi-layer hearsay. The court merely stated that, if a document qualifies as a public record, the "only" way to challenge its trustworthiness under Rule 803(8)(B) is to make an affirmative showing of untrustworthiness, as opposed to "simply identify[ing] a lack of proof regarding the circumstances surrounding the creation of the [record]." *Fuentes-Lopez*, 994 F.3d at 71. This uncontroversial proposition has nothing to do with embedded hearsay in a public record. Moreover, Plaintiffs' sweeping argument that a public record may be excluded *only* on trustworthiness grounds would mean that a court could not even weigh the probative value of a public record against Rule 403's dangers. That is obviously not the law. *See, e.g.*, *McNair v. Gov't of D.C.*, 124 F. Supp. 3d 13, 17-18 (D.D.C. 2015) (holding that even if a document qualified as a public record, it would be excluded under Rule 403). Documents that satisfy Rule 803(8)'s public records hearsay exception remain subject to the other admissibility requirements under the Federal Rules of Evidence, including Rule 805's requirement that each layer of hearsay must be independently admissible under a hearsay exception or exemption. *See* Mot. at 3-5.

Second, Plaintiffs suggest that Secretary Geithner's out-of-court oral statements to Mr. Stegman are independently admissible as a public record. *See* Opp. at 2. They assert, without elaboration, that "the statements recorded therein [*i.e.*, in the Stegman Memo] constitute public

7

records pursuant to Rule 803(8)," and that Secretary Geithner's out-of-court statements "were created by Treasury and 'set[] out the office's activities.'" *Id.* (quoting Fed. R. Evid. 803(8)(A)(i)). These conclusory assertions do not come close to meeting Plaintiffs' burden to establish that each of Secretary Geithner's out-of-court statements to Mr. Stegman are admissible as a public record under Rule 803(8)(A)(i). *See United States v. Hsia*, 87 F. Supp. 2d 10, 13 (D.D.C. 2000) ("[T]he party seeking to introduce hearsay evidence . . . has the burden of proving each element of the exceptions it asserts." (citing *Idaho v. Wright*, 497 U.S. 805, 816 (1990))). In any event, Plaintiffs' argument is wrong on the merits because Rule 803(8)(A)(i) does not encompass an office's "internal deliberations[] or an office's observations of actions taken by those outside the office." 30B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6883 (2023 ed.) (citing *United States v. El-Mezain*, 664 F.3d 467, 499 (5th Cir. 2011); *Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998)); *see also* 5 *Jones on Evidence* § 34:11 (7th ed.) (explaining Rule 803(8)(A)(i) does not encompass "evaluations, tentative conclusions or opinions"). At most, the second layer of hearsay embedded in the Stegman Memo is composed of Treasury's preliminary deliberations and observations about FHFA's purported plans. If Plaintiffs' expansive theory were correct, then virtually all out-of-court statements by one government official to another, both written and oral, would be admissible as public records. This would render the limitations of Rule 803(8)(A)(ii) and (iii) surplusage, contrary to the rule's plain text. *See Isuzu Motors Ltd.*, 137 F.3d at 862.

Third, Plaintiffs intimate that the Stegman Memo is admissible because it conveys information from Secretary Geithner, as opposed to Secretary Geithner's out-of-court statements. Specifically, they assert that "there is no 'embedded hearsay from Secretary Geithner in the Memo,'" Opp. at 5, and refer to Secretary Geithner as a "source of information," *id.* at 6. But the

8

Stegman Memo does not merely relay information about the meeting with Mr. DeMarco; it relays *Secretary Geithner's out-of-court statements* about the meeting with Mr. DeMarco. *See* PX-0205 (stating that the "Secretary provided an overview of his . . . previous days' meeting with Ed DeMarco" and relaying what the Secretary told Mr. Stegman). Plaintiffs cannot rewrite the Stegman Memo simply to remove the second layer of hearsay from Secretary Geithner.

In sum, Plaintiffs' arguments regarding the application of the public records exception to the embedded hearsay in the Stegman Memo are all incorrect. Secretary Geithner's out-of-court statements are not admissible under the public records exception.

### B. The Residual Exception Does Not Apply to the Embedded Hearsay

Plaintiffs' argument that Secretary Geithner's embedded hearsay in the Stegman Memo "would be admissible under the residual exception of Rule 807," Opp. at 7, is meritless.

Rule 807 requires a proponent of hearsay to demonstrate that the out-of-court statement at issue is (a) "supported by sufficient guarantees of trustworthiness" and (b) "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807. "The residual hearsay exception is only used in rare circumstances." *Whole Foods Mkt. Grp., Inc. v. Wical Ltd. P'ship*, No. 1:17-CV-01079, 2019 WL 6910168, at *3 (D.D.C. Oct. 22, 2019) (Lamberth, J.). This is because "[t]he residual exception is extremely narrow and require[s] testimony to be very important and very reliable." *United States ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, No. cv-95-1231, 2007 WL 842079, at *3 n.3 (D.D.C. Mar. 16, 2007) (Lamberth, J.) (internal quotations omitted). The exception "is not meant to catch all of the arguably admissible evidence that rightly does not fit within the existing [hearsay exceptions]." *Id.* at *3.

First, Plaintiffs have failed to demonstrate the embedded hearsay in the Stegman Memo has "sufficient guarantees of trustworthiness." This requirement reflects the judiciary's

9

"recognition that since most out-of-court statements are not made under oath and are not subject to cross-examination, such statements lack inherent trustworthiness." *Shields v. Eli Lilly & Co.*, No. cv-87-2166, 1991 WL 134614, at *2 n.5 (D.D.C. July 12, 1991) (Lamberth, J.).  Plaintiffs suggest that the embedded hearsay here is sufficiently trustworthy "because Secretary Geithner is not an outside third party, but rather a trustworthy 'source of information' within the Treasury Department."  Opp. at 5.  But whether Secretary Geithner is himself a "trustworthy" source or not, an out-of-court statement purporting to describe his out-of-court statements about *another* person's out-of-court statements are precisely the kind of game of telephone that hearsay rules exist to police in the first place.  Even if each person in the chain is "trustworthy," the message is likely to get garbled along the way.  Moreover, Plaintiffs' suggestion that any conversation between two employees in an ongoing working relationship *per se* possesses the sufficient guarantees of trustworthiness required by the residual exception, *see id.* at 7 (citing *Alexander v. F.B.I.*, 198 F.R.D. 306, 320 (D.D.C. 2000)), simply blinks away the carefully crafted limitations of the applicable hearsay rules.[3]

None of Plaintiffs' attempts to corroborate Secretary Geithner's purported statements to Mr. Stegman establishes "sufficient guarantees of trustworthiness."  Plaintiffs point to an internal Treasury email from Mr. Stegman to Ms. Miller discussing Mr. DeMarco's opposition to principal reduction and embedding a series of internal Treasury emails regarding what Mr. DeMarco purportedly stated at a separate meeting.  Opp. at 8 (citing PX-0584).  However, this is just another document with multiple layers of inadmissible hearsay that does not indicate that Secretary Geithner's hearsay statements are trustworthy.  Plaintiffs also gesture at "the record

---

[3]  This Court specifically noted in *Alexander v. F.B.I.* that an "ongoing professional relationship" was just *one of the various factors* that favored finding that the out-of-court statements were supported by a sufficient guarantee of trustworthiness.  198 F.R.D. at 320.

from the first trial" generally, *id.*, but they fail to specify any particular portion. Lastly, Plaintiffs point to an internal Treasury document discussing FHFA's financial forecasts, *id.* (citing PX-0210), but Treasury's internal characterization of FHFA's forecasts is not corroborative of what Secretary Geithner purportedly reported that Mr. DeMarco told him at a meeting. In the rare cases when courts in this Circuit have applied the residual exception, they have identified corroborating circumstances of trustworthiness that are not remotely present here. *See, e.g.*, *S.E.C. v. First City Fin. Corp., Ltd.*, 890 F.2d 1215, 1225 (D.C. Cir. 1989) (noting that the district court identified the threat of criminal prosecution for false statements and the declarant's review of his own out-of-court statements in a written chronology before it was submitted to the SEC as corroborating indicia of trustworthiness); *Sotloff v. Syrian Arab Rep.*, 525 F. Supp. 3d 121, 131 n.11 (D.D.C. 2021) (holding that the trustworthiness of a hostage's out-of-court statement about his treatment in captivity was corroborated by the observed "physical effects of the torture the [declarant] said he endured," testimony by another party who witnessed the torture of the declarant, and expert testimony about how "ISIS routinely tortures its hostages").

<u>Second</u>, beyond the lack of sufficient guarantees of trustworthiness, the residual exception does not apply here because Secretary Geithner's out-of-court statements are not "more probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(2). Plaintiffs want to introduce the Stegman Memo to prove what Mr. DeMarco allegedly said to Secretary Geithner at a meeting. Opp. at 8 n.10. In particular, Plaintiffs seek to highlight Secretary Geithner's purported account of Mr. DeMarco expressing a lack of "urgency to amend the PSPAs." *Id.* at 8. But Mr. DeMarco will be testifying live at the upcoming retrial, as he did at the last trial, and thus Plaintiffs can ask him directly about what he said to Secretary Geithner. At the first trial,

11

Mr. DeMarco testified under oath that he recalled that the "thrust of th[e] discussion" with Secretary Geithner was "trying to prevent the Treasury secretary from including in the Third Amendment a requirement that Fannie and Freddie engage in principal reduction." Trial Tr. 655:10-17; *see also id.* 756:14-20.[4] When asked if he was trying to obtain "more time before doing the third amendment," Mr. DeMarco testified that he "wanted the third amendment done." *Id.* at 756:3-6. And when Plaintiffs confronted him with the Stegman Memo and asked whether its statement that "DeMarco no longer sees the urgency of amending the PSPAs this year" was a "true statement of what [he was] telling [Treasury] in June 2012," Mr. DeMarco answered under oath that the statement was nothing more than "[Mr.] Stegman's characterization of what he thinks he heard from the Treasury Secretary about a meeting he was not at." *Id.* at 756:14-16. In other words, Mr. DeMarco's firsthand account under oath of what he said to Secretary Geithner is the most probative evidence on the point for which Plaintiffs seek to introduce the Stegman Memo.

In sum, Secretary Geithner's out-of-court statements to Mr. Stegman embedded in the Stegman Memo are not admissible under the residual exception, which is rarely applied and reserved for extremely narrow circumstances not present here.

### III.  Plaintiffs' Other Arguments Largely Ignore the Embedded Hearsay Issue in Dispute

Plaintiffs obfuscate the disputed issue—whether the embedded hearsay from Secretary Geithner within the Stegman Memo is admissible under any hearsay exception or exemption—by raising multiple issues that Defendants' motion did not put in dispute.

---

[4]   The trial transcripts from the first trial are docketed at ECF Nos. 263-289 on the *Berkley* docket, No. 1:13-cv-1053-RCL; the transcripts are not docketed on the Class docket. In this brief, Defendants cite to the page–line numbers in the transcripts themselves.

12

First, Plaintiffs assert that "the circumstances surrounding [the Stegman Memo's] creation qualify it as a trustworthy public record," Opp. at 6, and that Defendants have "failed to make any affirmative showing under Rule 803(8)(B) that PX-0205 is untrustworthy," *id.* at 7. But this argument has nothing to do with the embedded hearsay issue disputed here. While Defendants do not necessarily accept that the Stegman Memo itself is trustworthy, Defendants' motion does not challenge the trustworthiness of the Stegman Memo for purposes of the second prong of Rule 803(8)'s public records exception. Rather, Defendants have argued that no hearsay exception covers the second layer of hearsay in the Stegman Memo—that is, Secretary Geithner's statements in the written memorandum. Mot. at 2. As discussed above, the "trustworthiness" prong of the public records hearsay exception is a distinct issue from Rule 805's requirement that each level of multi-level hearsay "conform with an exception to the rule" against hearsay. The "trustworthiness" prong of Rule 803(8) relates to whether a single level of hearsay is admissible under the public records exception.

Second, Plaintiffs assert that "the author of the [public record] need not have personal knowledge of the facts stated therein." Opp. at 3; *see also id.* at 3-4 (citing cases for this proposition). But this line of argument is irrelevant to the current motion. Defendants have not objected to the Stegman Memo based on lack of personal knowledge under Federal Rule of Evidence 602. Whether the author of a public record has personal knowledge of the facts recorded therein is a distinct issue from whether the author of a public record is relaying out-of-court statements. As discussed above, when a public record contains embedded out-of-court statements, the party seeking to admit the public record must demonstrate that each layer of hearsay is independently covered by a hearsay exception or exemption.

13

In sum, Plaintiffs' arguments about trustworthiness and personal knowledge miss the mark. Defendants requested that this Court revisit its prior evidentiary ruling on narrow grounds—namely, whether the embedded hearsay in the Stegman Memo is covered by an exception to, or exemption from, the rule against hearsay consistent with Rule 805.

## CONCLUSION

For the foregoing reasons, the Court should revisit its prior ruling that the Stegman Memo (PX-0205) is admissible and should exclude this document for the second trial because it contains inadmissible embedded hearsay from Secretary Geithner.

Dated: June 23, 2023                    Respectfully submitted,

 /s/ *Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

| | |
|---|---|
| */s/ Michael J. Ciatti* | */s/ Meaghan VerGow* |
| Michael J. Ciatti (D.C. Bar # 467177) | Meaghan VerGow (D.C. Bar # 977165) |
| KING & SPALDING LLP | O'MELVENY & MYERS LLP |
| 1700 Pennsylvania Ave. N.W. | 1625 Eye Street, N.W. |
| Washington, DC 20006 | Washington, DC 20006 |
| Tel: (202) 661-7828 | Tel: (202) 383-5300 |
| Fax: (202) 626-3737 | Fax: (202) 383-5414 |
| mciatti@kslaw.com | mvergow@omm.com |
| | |
| *Attorney for the Federal Home Loan Mortgage Corp.* | *Attorney for the Federal National Mortgage Association* |