**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | **Case No. 1:13-mc-1288-RCL**<br><br>CLASS ACTION |
|---|---|

**PRETRIAL ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

Plaintiffs' Motion in Limine [290] Regarding Expert Testimony is **DENIED** with respect to the bond yield event study and **GRANTED** with respect to the state of the MBS market.

Plaintiffs' Omnibus Motion in Limine [292] is **GRANTED** in part and **DENIED** in part as follows:

1. The motion to exclude analyst reports is **DENIED** with respect to DX 412 and 529 and **GRANTED** with respect to the other analyst reports that Dr. Attari read into the record.
2. The motion to preclude testimony regarding reactions to the NWS is **DENIED**.
3. The motion to clarify the Court's ruling on testimony regarding shareholders' subjective expectations is **GRANTED** in part and **DENIED** in part as follows:
    a. Plaintiffs may play the portion of the Cacciapalle deposition portion about the "harm" he suffered, but without the sentence about what he "expected."
    b. Miller and the other plaintiff-witnesses may testify that they brought the suit because their dividend rights were extinguished.
    c. Defendants may not draw attention in their closing argument to the omission of testimony by the plaintiff-witnesses about circular draws.
    d. All other relief plaintiffs request in the motion is denied.
4. The motion to exclude the Layton deposition testimony is **DENIED**.
5. The motion to exclude McFarland's deposition testimony regarding news articles is **DENIED**.

6. The motion to exclude improper use of SEC filings is **DENIED**, and the Court will reserve ruling on the admissibility of the SEC filings until it is clear what, if any, testimony defendants may offer by a qualified witness familiar with the GSEs' recordkeeping practices.

Plaintiffs' Motion in Limine [294] to Admit PX 550, 226, 562, 274, and 279 is **GRANTED** as to PX 226 and 550 and **DENIED** as to PX 274, 279, and 562.

Plaintiffs' Motion in Limine [301] to Exclude the Kari Deposition Testimony is **DENIED**.

Defendants' Omnibus Motion in Limine [289] is **GRANTED** in part and **DENIED** in part as follows:

1. The motion to exclude speculative deposition testimony is **GRANTED**.
2. The motion to exclude evidence and arguments comparing the Treasury Commitment to borrowing is **GRANTED**.
3. The motion to exclude evidence and arguments comparing the issuance price of shares and dividends paid is **GRANTED** in part and **DENIED** in part as follows:
   a. Plaintiffs may not suggest that the GSEs were obligated to repay private shareholders the entire amount they initially invested, that fairness would require that result, or that it would be objectively reasonable to expect that result.

   b. Plaintiffs may not suggest that the difference between the amount they invested and the amount they received in dividends informed shareholders' reasonable expectations.

   c. Plaintiffs may not suggest that GSE shares are "supposed to be better than a loan."

   d. However, plaintiffs are free to introduce evidence of the amount private shareholders invested and the amount they received in dividends, and to argue that the fact that they received some return on their investment for years means they reasonably could have expected to receive such returns in the future.
4. The Motion to exclude evidence and arguments concerning payments to Treasury is **DENIED**. However, the Court will give a limiting instruction that the jury is not to consider the value transferred to Treasury as evidence of either harm to the private shareholders or a measure of damages.

Defendants' Motion in Limine [291] to Revisit the Court's Ruling Regarding PX 205 is **DENIED**.

Defendants' Omnibus Motion [303] to Revise the Jury Instructions is **GRANTED** in part and **DENIED** in part with respect to the instruction on unreasonable action, with the modifications to defendants' proposed language set forth in the accompanying Memorandum Opinion, and **GRANTED** with respect to the instruction on nominal damages.

The Memorandum Opinion was filed under seal because it references documents the parties filed under seal. It is hereby **ORDERED** that the parties meet and confer and jointly identify which, if any, parts of the Memorandum Opinion should remain sealed within three days.

**IT IS SO ORDERED.**

Date: July 21, 2023

Royce C. Lamberth
United States District Judge