# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**<u>DEFENDANTS' MOTION IN LIMINE TO ADMIT ENTERPRISE SEC FILINGS</u>**

Defendants Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises"), and the Enterprises hereby move for the admission of certain of the Enterprises' quarterly and annual SEC filings (referred to as Form 10-Q and Form 10-K, respectively) from 2008 to 2012, for the reasons set forth in the accompanying Memorandum in Support.  A proposed order is being filed with this motion.

Dated: July 24, 2023

Respectfully submitted,

*/s/ Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

*/s/ Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

*/s/ Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION IN LIMINE TO ADMIT ENTERPRISE SEC FILINGS</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

I.   The SEC Filings Are Admissible as Business Records under Rule 803(6) ........................ 2

   A.   Mr. Satriano Is a "Qualified Witness" for Purposes of Certifying the Enterprises' SEC Filings as Business Records ........................................................................... 2

   B.   The Record Establishes That the Enterprises' SEC Filings Meet All Requirements to Qualify as Business Records ............................................................................... 5

   C.   Mr. Satriano's Certification Fully Complies With Rule 902(11) ........................... 7

II.  The SEC Filings Are Independently Admissible Under the Residual Exception ............... 8

CONCLUSION ................................................................................................................................. 8

## INTRODUCTION

At the first trial, the Court admitted without objection certain of the Enterprises' quarterly and annual SEC filings, referred to as Form 10-Qs and Form 10-Ks. For this trial, the Court recently denied Plaintiffs' motion to exclude the SEC filings, noting that "[t]he Court believes the SEC filings are likely to be admissible under the business-records exception" and reserving "ruling on the admissibility of the SEC filings until it is clear what, if any, testimony defendants may offer by a qualified witness familiar with the GSEs' recordkeeping practices." Class ECF No. 336 at 19-20; Berkley ECF No. 326 at 19-20. The Court declined to address Defendants' argument that the SEC filings are admissible under Rule 807's residual exception.

Defendants now move for the SEC filings to be admitted pursuant to Federal Rules of Evidence 803(6)(D) and 902(11) based on the certification of Nicholas Satriano, FHFA's Chief Accountant. Mr. Satriano has extensive personal knowledge of the Enterprises' record-keeping practices with respect to their SEC filings, including how, when, and under what circumstances these filings are created, maintained, and submitted to the SEC. *See* Decl. of N. Satriano (July 23, 2023) (attached as **Exhibit A**). Mr. Satriano also has extensive personal knowledge of the Enterprises' creation, distribution, and submission of the SEC filings. His certification explains that the SEC filings were prepared at or near the time of the recorded activities by persons with knowledge, were kept in the course of a regularly conducted business activity, and that preparing the SEC filings was a regular practice of the Enterprises.

Despite this, Plaintiffs contended after Defendants made a proffer of Mr. Satriano's testimony by providing Mr. Satriano's declaration to them that the contents of the certification do not satisfy the requirements of Rule 803(6) and that the proffer was untimely. They have accordingly objected to the admission of the SEC filings and to references to those filings in Defendants' opening statement. But Plaintiffs are wrong. Mr. Satriano's certification

1

conclusively establishes that the Enterprises' SEC filings are admissible as business records under Rule 803(6), and the proffer of Mr. Satriano's testimony to them yesterday, a mere two days after the Court's ruling inviting supportive testimony, was prompt.  Thus, the Court should admit the SEC filings from 2008 to 2012 identified herein.[1]

ARGUMENT

I.      **The SEC Filings Are Admissible as Business Records under Rule 803(6)**

Federal Rule of Evidence 803(6) carves out a hearsay exception for the following:

> A record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed R. Evid. 803(6).  Here, Mr. Satriano's declaration establishes both that he is a "qualified witness" and that the Enterprises' SEC filings from 2008 to 2012 satisfy each requirement of the business records exception under Rule 803(6).

   A.   **Mr. Satriano Is a "Qualified Witness" for Purposes of Certifying the Enterprises' SEC Filings as Business Records**

Under 803(6)(D), a custodian or qualified witness "need not have personal knowledge of the actual creation of the document." *United States v. Adefehinti,* 510 F.3d 319, 325 (D.C. Cir. 2007) (internal quotation marks omitted) (quoting *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000)).  "Rather, a 'custodian or other qualified witness' need only be 'familiar with the

---

[1] The SEC filings that Defendants move to admit are: DX102, DX103, DX136, DX137, DX158, DX159, DX175, DX176, DX188, DX189, DX212, DX213, DX226, DX227, DX237, DX238, DX252, DX253, DX275, DX276, DX297, DX298, DX327, DX328, DX341, DX342, DX367, DX369, DX420, DX421, DX476, DX477, DX576, DX577, DX597, DX598, DX642, DX645, DX663, DX664, DX674, DX675.

record-keeping procedures of the organization.'" *United States v. Khatallah*, 278 F. Supp. 3d 1, 6 (D.D.C. 2017) (quoting *United States v. Baker*, 458 F.3d 513, 518 (6th Cir. 2006)); *see also United States v. Al-Imam*, 382 F. Supp. 3d 51, 59 (D.D.C. 2019) ("[A] person is 'qualified' to attest to when a record was created based on general knowledge of a system and indicia on the documents themselves[.]"). This is a "low bar." *Curley v. Wells Fargo & Co.*, 120 F. Supp. 3d 992, 998 (N.D. Cal. 2015) ("The Ninth Circuit has set a low bar for what constitutes 'another qualified witness'; indeed, '[t]he phrase 'other qualified witness' is broadly interpreted to require only that the witness understand the record-keeping system.'" (quoting *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990))); *see also United States v. Collins*, 799 F.3d 554, 584 (6th Cir. 2015) (the phrase "another qualified witness" "should be given the broadest interpretation," and "[t]he only requirement is that the witness be familiar with the record keeping system . . . and does not need to have any personal knowledge of the records' preparation").

Applying these settled principles, this Court in *Wye Oak Tech., Inc. v. Republic of Iraq*, 2019 WL 1746326 (D.D.C. Apr. 18, 2019) (Lamberth, J.), held that a lawyer with Iraq's Ministry of Justice was "a qualified witness" whose Rule 902 certification established that certain records of a separate agency—Iraq's Ministry of Trade—qualified as business records under Rule 803(6). *Id.*, at *3-4. The Court explained that, "[a]s a result of her experience, [the lawyer] ha[d] developed a familiarity with the record-keeping systems of these offices, including how, when, and under what circumstances documents are created, maintained, and stored by the Office of the Prime Minister, the Council of Ministers, and the Ministry of Trade." *Id.* at *3. The fact that the lawyer "ha[d] not been employed by the Ministry of Trade and did not find the documents herself . . . d[id] not preclude her from being a qualified person" for purposes of certifying the Ministry of Trade's documents as business records. *Id.*

3

Likewise here, Mr. Satriano's familiarity with the record-keeping systems of Fannie Mae and Freddie Mac with respect to their SEC filings makes him a "qualified witness" for purposes of certifying those filings as business records. As Mr. Satriano's declaration explains, through his work as FHFA's Chief Accountant while FHFA has served as the Enterprises' Conservator since September 2008, he "ha[s] gained detailed personal knowledge of the Enterprises' record-keeping procedures with respect to their SEC filings, including how, when, and under what circumstances these filings are prepared, maintained, and submitted to the SEC." Satriano Decl. ¶ 4. For example, since the Enterprises were placed into conservatorships in September 2008, Mr. Satriano has regularly participated in meetings with each Enterprise's management to discuss the preparation and review of the Enterprise's SEC filings. *Id*. ¶ 5. Mr. Satriano or one of his reports within FHFA's Office of the Chief Accountant also attends each Enterprise's Disclosure Committee meetings about SEC filings, as well as the meetings of the Audit Committee of each Enterprise's Board of Directors, which oversees the process of reviewing the Enterprise's draft SEC filings. *Id*. ¶¶ 6, 12. Mr. Satriano is also familiar with each Enterprise's written guidelines for the preparation of SEC filings, and he has been personally involved in FHFA's review of each Enterprise's SEC filings since September 2008. *Id*. ¶¶ 7-8.

It is irrelevant that Mr. Satriano works at FHFA rather than Fannie Mae or Freddie Mac. For one, FHFA is the Conservator of both Enterprises and thus "succeeds to all the rights, titles, powers, and privileges of the companies." *Collins v. Yellen*, 141 S. Ct. 1761, 1772 (2020) (citing 12 U.SC. § 4617(b)(2)(A)(i)). But regardless, as this Court's decision in *Wye Oak* establishes, a "qualified witness" need not work at the entity whose business records are being certified, as long as the witness is familiar with that entity's record-keeping systems. Mr. Satriano is plainly a "qualified witness" to certify the Enterprises' SEC filings as business records.

### B. The Record Establishes That the Enterprises' SEC Filings Meet All Requirements to Qualify as Business Records

A document qualifies as a business record under Rule 803(6) if "(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and] (C) making the record was a regular practice of that activity." Mr. Satriano's declaration and other sworn testimony establish that each of these requirements is satisfied here.

First, the SEC filings were made at or near the time of the recorded activity by people with knowledge. *See* Satriano Decl. ¶ 20. As Mr. Satriano's declaration explains, each Enterprise's management, including the Chief Financial Officer (CFO) and Controller, oversees the preparation of the SEC filings, with input from the Enterprise's Disclosure Committee, the Audit Committee of its Board of Directors, its external auditors (Deloitte Touche for Fannie Mae and PricewaterhouseCoopers for Freddie Mac), as well as Mr. Satriano and others at FHFA. *Id*. ¶¶ 5, 6, 12-16. Further, each Enterprise's CFO and CEO certify the Enterprise's SEC filings in accordance with applicable securities laws. Notably, federal law requires each such officer to certify that the information in the SEC filing is "based on the officer's knowledge." 15 U.S.C. § 7241(a)(2), (3); *see also SEC v. Jensen*, 835 F.3d 1100, 1112 (9th Cir. 2016) ("Rule 13a–14 requires that for every report filed under Section 13(a) of the Exchange Act, including Form 10–Q and 10–K financial reports, each principal executive and principal financial officer of the issuer must sign a certification as to the accuracy of the financial statements within the report.") (citing 17 C.F.R. § 240.13a–14).

In compliance with Rule 13a–14, each Enterprise's CEO and CFO certifies SEC filings. For example, Ms. McFarland certified Fannie Mae's 10-Q for the quarter ending March

5

31, 2012.  *See* DX-420 (excerpt attached as **Exhibit B**).  The certification expressly states that "*[b]ased on my knowledge*, this report does not contain any untrue statement of a material fact or omit to state a material fact[.]"  DX-420 at 185 (emphasis added).  Moreover, the CEO and CFO certify that they are "responsible for establishing and maintaining disclosure controls and procedures . . . and internal control over financial reporting" as defined by applicable law.  *Id*.  These signed certifications by the CEO and CFO, attesting to both their knowledge of the statements contained in the report and the procedures in place to ensure the reliability of those statements, further support that the SEC filings qualify as business records.

Eliminating any doubt, each Enterprise's former CFO has testified in this case about their involvement in creating the SEC filings.  Ms. McFarland, who was Fannie Mae's CFO at the time of the Third Amendment, testified that she "had been involved in the review and approval of the 10-Q itself, familiar with our financial results," Dep. 170:24-171:1, and that "there's a lot of documentation that I looked at on both of those to get comfortable and ultimately sign off on the financials and sign off on the 10-Q[.]"  Dep. 50:15-25 (excerpt attached as **Exhibit C**).  Mr. Kari was Freddie Mac's CFO at the time of the Third Amendment and similarly testified that he "was responsible for managing the process that was focused on ensuring the accuracy" of Freddie Mac's SEC filings.  Trial Tr. 1757:4-14 (excerpt attached as **Exhibit D**).

Second, there can be no question that, as required by Rule 803(6)(B) and (C), making the SEC filings was and is a regular practice of each Enterprise, and those filings were and are kept in the course of a regularly conducted activity of each Enterprise.  *See* Satriano Decl. ¶ 20.  "Plainly, SEC filings . . . are created within the regular course of business" and thus "are well within the business record exception."  *Miller v. Metro. Life Ins. Co.*, 2018 WL 6625096, at *3 (S.D.N.Y. Sept. 25, 2018), *report and recommendation adopted*, 2018 WL 5993477 (S.D.N.Y.

6

Nov. 15, 2018); *see also In re Homestore.com, Inc.*, No. 01-cv-11115, 2011 WL 291176, at *5 (C.D. Cal. Jan. 25, 2011) (SEC filing "is a business record under rule 803(6)" because it "was created and kept in the regular business practice of the company" (citing *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 WL 375313, at *6 (S.D.N.Y. Feb. 17, 2005) (admitting SEC filing under business records exception))). And Mr. Satriano's certification confirms that since the imposition of the conservatorships in September 2008, each Enterprise has had a regular practice of preparing and submitting SEC Form 10-Qs every quarter, and preparing and submitting SEC Form 10-Ks each year. *See* Satriano Decl. ¶ 20. Each Enterprise maintains and stores complete copies of its SEC filings in the normal course of its business, and also makes complete copies of its SEC filings publicly available through its website. *Id*. ¶ 19.

In sum, the Enterprises' SEC filings qualify as business records under Rule 803(6).

### C. Mr. Satriano's Certification Fully Complies With Rule 902(11)

Under the present circumstances, Mr. Satriano's declaration fully complies with Rule 902(11). Defendants proffered Mr. Satriano's declaration *two days* after this Court's July 21, 2023 decision reserving "ruling on the admissibility of the SEC filings until it is clear what, if any, testimony defendants may offer by a qualified witness familiar with the GSEs' recordkeeping practices." Class ECF No. 336 at 19-20; Berkley ECF No. 326 at 19-20. On its face, the declaration establishes Mr. Satriano's personal knowledge of the relevant recordkeeping practices. Even before receiving the declaration, Plaintiffs examined Mr. Satriano under oath about the Enterprises' SEC filings on two occasions—at a deposition and at the first trial. Indeed, at the first trial, Plaintiffs did not even object to admission of the SEC filings. Under these circumstances, the notice given to Plaintiffs is sufficient, and the Court should admit the SEC filings on the basis of Mr. Satriano's Rule 902(11) certification (and the McFarland and Kari and CEO/CFO declarations made part of each SEC filing testimony described above). *See*

7

*United States v. Daniels*, 723 F.3d 562, 581 (5th Cir. 2013) (district court did not abuse discretion in admitting business records based on Rule 902(11) certifications provided to the opposing party for the first time on the second day of trial).

## II.     The SEC Filings Are Independently Admissible Under the Residual Exception

The SEC filings are also independently admissible under the residual exception because the rigorous process of their preparation, and the severe consequences for misstatements, confer indicia of accuracy and trustworthiness. Defendants hereby incorporate by reference the arguments on the residual exception in their opposition to Plaintiffs' motion in limine to exclude Enterprise SEC filings. *See* Class ECF No. 309 at 43-44; Berkley ECF No. 320 at 43-44.

## CONCLUSION

For the foregoing reasons, this Court should admit the SEC filings as business records under Rule 803(6) and under Rule 807's residual exception.

Dated: July 24, 2023

Respectfully submitted,

*/s/ Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

*/s/ Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

*/s/ Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*