UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., et al.,<br><br>                *Plaintiffs*,<br><br>      v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, et al.,<br><br>                *Defendants.* | Case No. 1:13-cv-1053-RCL |
| IN RE FANNIE MAE/FREDDIE MAC SENIOR PREFERRED STOCK PURCHASE AGREEMENT CLASS ACTION LITIGATIONS<br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288-RCL |

**MOTION TO REPLACE THE WORDS "THIRD AMENDMENT" WITH THE WORDS "NET WORTH SWEEP" IN QUESTIONS 1 AND 2 OF VERDICT FORM**

As discussed at the recent pretrial conference, Plaintiffs seek to replace the words "Third Amendment" in the first two questions of the verdict form with the words "Net Worth Sweep."[1]

The first two questions of the verdict form currently read as follows:

**Question No. 1**

Did the Plaintiffs prove by a preponderance of the evidence that FHFA, in its role as the Conservator of Fannie Mae and Freddie Mac, acted arbitrarily or unreasonably in entering into the Third Amendment, thereby violating the reasonable expectations of holders of Fannie Mae junior preferred stock, Freddie Mac junior preferred stock, and/or Freddie Mac common stock?

---

[1] Pursuant to L. Cv. R. 7(m), Plaintiffs conferred with Defendants prior to filing this motion. On July 20, 2023, Defendants informed Plaintiffs that they oppose the motion.

1

**Question No. 2:**

Did the Plaintiffs prove by a preponderance of the evidence that the Fannie Mae junior preferred shareholders, the Freddie Mac junior preferred shareholders, and/or the Freddie Mac common shareholders sustained harm as a result of the Third Amendment?

Plaintiffs claim that Defendants violated the implied covenant of good faith and fair dealing by entering into the *Net Worth Sweep*. Plaintiffs also claim that the *Net Worth Sweep* caused them harm. Plaintiffs do not claim that any other aspect of the Third Amendment violated the implied covenant or caused them harm. Thus, the proposed change would conform the verdict form to Plaintiffs' actual claims, and would avoid possible juror confusion over whether Plaintiffs' claim extends to other aspects of the Third Amendment, which it does not.

In addition to the Net Worth Sweep, the Third Amendment also provided that Fannie Mae and Freddie Mac would need to reduce the size of their "retained portfolio" of mortgages by 15% per year, rather than the 10% per year that was the previous requirement. *See* PX-0003-A4 at 6. Plaintiffs do not claim that provision breached the implied covenant. The current verdict form, however, may incorrectly cause the jury to believe that Plaintiffs are also challenging this aspect of the Third Amendment, and to conclude that Plaintiffs failed to provide any evidence that this provision was a breach of the implied covenant or caused them any harm.

While the words "Third Amendment" have been used in the past as shorthand for the Net Worth Sweep, that is not a reason to refrain from fixing the verdict form. The prior usage of Third Amendment as a shorthand for Net Worth Sweep was principally in court filings, rather than in presentations to the jury. As shown at the last trial and as will be evidence in this trial, Plaintiffs seek to make as clear as possible to the jury that their claim is based entirely on the Net Worth Sweep.

An additional reason to make the change is that it will conform the verdict form to the jury instructions. Those instructions currently refer 11 times to the "Net Worth Sweep." *See* Dkt. 250 at 7-10. By contrast, the jury instructions refer only once to the "Third Amendment," and that sentence refers to FHFA "agreeing to the Net Worth Sweep ***as part of*** the Third Amendment." *Id*. at 8 (emphasis added). Given that the purpose of the jury instructions is to instruct the jury on how it should decide what responses to give on the verdict form, the verdict form should use the same terminology as the instructions. Otherwise, the jury could be confused as to whether there is some reason why the verdict form uses the broader term "Third Amendment" when the instructions refer repeatedly to the "Net Worth Sweep."

Finally, as this Court observed in its recent memorandum opinion, this case is complicated and involves a "dizzying array of arcane terminology" that is more complex than typically seen in jury trials. Dkt. 336 at 28. The risk of confusion from such complexity provides an additional reason to be as clear and accurate as possible in describing what the jurors must decide, and for conforming the terminology in the verdict form to Plaintiffs' claim and to the jury instructions.

Plaintiffs therefore request the following edits to the verdict form:

**Question No. 1**

Did the Plaintiffs prove by a preponderance of the evidence that FHFA, in its role as the Conservator of Fannie Mae and Freddie Mac, acted arbitrarily or unreasonably in entering into the **Net Worth Sweep**~~Third Amendment~~, thereby violating the reasonable expectations of holders of Fannie Mae junior preferred stock, Freddie Mac junior preferred stock, and/or Freddie Mac common stock?

**Question No. 2:**

Did the Plaintiffs prove by a preponderance of the evidence that the Fannie Mae junior preferred shareholders, the Freddie Mac junior preferred shareholders, and/or the Freddie Mac common shareholders sustained harm as a result of the **Net Worth Sweep**~~Third Amendment~~?

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Dated: July 24, 2023                    Respectfully Submitted,

/s/ Charles J. Cooper                   /s/ Hamish Hume
Charles J. Cooper (Bar No. 24870)       Hamish P.M. Hume (Bar No. 449914)
David H. Thompson (Bar No. 450503)      Samuel C. Kaplan (Bar No. 463350)
Vincent J. Colatriano (Bar No. 429562)  **BOIES SCHILLER FLEXNER LLP**
Peter A. Patterson (Bar No. 998668)     1401 New York Ave. NW
Brian W. Barnes (*Pro Hac Vice*)        Washington, DC 20005
**COOPER & KIRK, PLLC**                 Tel: (202) 237-2727
1523 New Hampshire Avenue, N.W.         Fax: (202) 237-6131
Washington, DC 20036                    hhume@bsfllp.com
Tel: (202) 220-9600                     skaplan@bsfllp.com
Fax: (202) 220-9601
ccooper@cooperkirk.com                  Eric L. Zagar (*Pro Hac Vice*)
                                        **KESSLER TOPAZ**
*Counsel for Berkley Plaintiffs, et al.*   **MELTZER & CHECK, LLP**
                                        280 King of Prussia Rd.
                                        Radnor, PA 19087
                                        Tel: (610) 667-7706
                                        Fax: (610) 667-7056
                                        ezagar@ktmc.com

                                        Michael J. Barry (*Pro Hac Vice*)
                                        John Kairis *(Pro Hac Vice)*
                                        Rebecca Musarra *(Pro Hac Vice)*
                                        **GRANT & EISENHOFER, P.A.**
                                        123 Justison Street
                                        Wilmington, DE 19801
                                        Tel: (302) 622-7000
                                        Fax: (302) 622-7100
                                        mbarry@gelaw.com
                                        jkairis@gelaw.com
                                        rmusarra@gelaw.com

                                        Adam Wierzbowski (*Pro Hac Vice*)
                                        **BERNSTEIN LITOWITZ BERGER**
                                        **& GROSSMANN LLP**
                                        1251 Avenue of the Americas
                                        New York, NY 10020
                                        Tel: (212) 554-1400
                                        Fax: (212) 554-1444
                                        adam@blbglaw.com

*Co-Lead Counsel for the Class*