UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>      Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**DEFENDANTS' REPLY IN SUPPORT OF**
**<u>MOTION IN LIMINE TO ADMIT ENTERPRISE SEC FILINGS</u>**

**TABLE OF CONTENTS**

Page

ARGUMENT ................................................................................................................................. 1

I.  Plaintiffs' Procedural Objections to Mr. Satriano's Declaration Lack Merit ..................... 1

II. Mr. Satriano Is a "Qualified Witness" ............................................................................... 2

III. The Enterprises' SEC Filings Are Business Records ......................................................... 5

IV. The Enterprises' SEC Filings Are Admissible Under the Residual Exception .................. 6

V.  Defendants May Discuss and Display SEC Filings in Their Opening Statement .............. 6

CONCLUSION ............................................................................................................................... 6

Defendants respectfully submit this reply in support of their motion to admit Fannie Mae's and Freddie Mac's quarterly 10-Q and annual 10-K SEC filings from 2008 to 2012.

## ARGUMENT

**I.    Plaintiffs' Procedural Objections to Mr. Satriano's Declaration Lack Merit**

Plaintiffs devote more than half of their opposition to timing arguments, asserting that Defendants should have provided Mr. Satriano's declaration in May or June, and that Plaintiffs suffered prejudice as a result. Neither assertion withstands scrutiny.

First, Defendants acted promptly to provide Mr. Satriano's declaration certifying the SEC filings as business records as soon as the need for it became apparent and despite the fact that the Court denied Plaintiffs' motion to exclude those filings. Here is the sequence:

1. On Friday July 21, 2023, after the Court denied Plaintiffs' motion to exclude the SEC filings, Plaintiffs informed Defendants of their "position that Defendants should not be permitted to refer to the SEC reports in their opening statement," and asked for "a proffer of how [Defendants] intend to lay the foundation for the admissibility of the report." Pls.' Opp. Ex. D.

2. The next day (Saturday, July 22, 2023), Defendants responded that they "intend to submit a certification from Mr. Satriano under Rules 803(6)(D) and 902(11)," which Defendants would provide the next day. Pls.' Opp. Ex. A.

3. The next day (Sunday July 23, 2023), Defendants provided Mr. Satriano's declaration to Plaintiffs and asked if Plaintiffs would continue objecting to the admission of the SEC filings. Pls.' Opp. Ex. B.

4. Later the same day (Sunday), Plaintiffs responded that they still object to the SEC filings and to any reference to the filings in Defendants' opening statement.

5. The next morning (Monday July 24, 2023), Defendants filed the instant motion to admit the SEC filings before the start of jury selection.

Courts have accepted Rule 902(11) certifications under similar circumstances. As Defendants' opening motion explained, the Fifth Circuit found that a district court did not abuse its discretion in admitting business records based on Rule 902(11) certifications that were

1

provided to the opposing party for the first time on the second day of trial. *United States v. Daniels*, 723 F.3d 562, 581 (5th Cir. 2013) (cited at Mot. at 8). Plaintiffs offer no response.

The cases cited by Plaintiffs are readily distinguishable. In *Seoul Semiconductor Co., Ltd. v. Bath*, the party did not provide the Rule 902 certification until nearly *four weeks* after the court had excluded the documents at issue, and *four days* after the certification was apparently signed. 2022 WL 17251954, at *2 (C.D. Cal. Aug. 23, 2022). And in *In re Lyman Good Dietary Supplements Litigation*, before even analyzing whether the Rule 902 certification was timely, the court found that the certification failed to indicate "first-hand knowledge of the facts contained in the results or of the lab's record-keeping procedures," and that no disclosed witness could lay such a foundation at trial. 2020 WL 3414927, at *5 (S.D.N.Y. June 22, 2020). As set forth in Defendants' opening motion and below, none of that is true here.

Second, the only purported prejudice that Plaintiffs identify from the timing of the Satriano declaration is their inability to depose Mr. Satriano concerning his knowledge of the Enterprises' SEC filings. Opp. at 10. But Plaintiffs in fact already examined Mr. Satriano about the SEC filings under oath both in a deposition and at the first trial. *See* Mot. at 7.[1]

**II.    Mr. Satriano Is a "Qualified Witness"**

Plaintiffs do not and cannot deny that a "qualified witness" under Rule 803(6)(D) "need *only* be familiar with the record-keeping procedures of the organization." Mem. Op. at 19 (July 21, 2023) (Class ECF No. 326; Berkley ECF No. 336) (emphasis added) (quoting *United States v. Khatallah*, 278 F. Supp. 3d 1, 6 (D.D.C. 2017)). The Satriano declaration plainly shows that Mr. Satriano has such familiarity with the Enterprises' record-keeping procedures for SEC filings. *See* Satriano Decl. ¶¶ 2-8. Plaintiffs' arguments to the contrary are meritless.

---

[1] While Defendants do not believe this is necessary, they are willing to produce Mr. Satriano for voir dire by Plaintiffs concerning the SEC filings before opening statements.

First, Plaintiffs assert that the declaration "establishes that Mr. Satriano was only 'personally involved in FHFA's review' of the GSEs' draft SEC filings." Opp. at 14 (quoting Satriano Decl. ¶ 8). That is wrong and ignores the declaration. The declaration explains that, as Chief Accountant at FHFA which is the Conservator for Fannie Mae and Freddie Mac, Mr. Satriano regularly meets with each Enterprise's senior management regarding the preparation of the SEC filings. Satriano Decl. ¶ 5. He regularly receives reports on the preparation of the SEC filings, and he or members of his staff regularly attend each Enterprise's Disclosure Committee and Audit Committee meetings. *Id.* ¶¶ 6, 12. He is also personally familiar with each Enterprise's written guidelines for the preparation of SEC filings, and he was involved in creating FHFA's guidance to the Enterprises regarding their preparation of those filings. *Id.* ¶ 7.

Plaintiffs also quote a snippet from Mr. Satriano's deposition, out of context, to argue he purportedly lacks the requisite knowledge. Opp. at 12. But in this passage, Mr. Satriano was asked why Fannie Mae management had made a particular revision to a draft Form 10-K, and he answered that he would "have to infer into management['s rationale] in the preparation of the first draft or an earlier draft." Pls.' Opp. Ex. E at 91-92. This passage *confirms* that Mr. Satriano knows who prepares the first drafts of Fannie Mae's 10-Ks—company management—and is thus a qualified witness.

Second, Plaintiffs assert that Mr. Satriano's "knowledge is relevant *only* to the financial statements and financial information within the SEC filings, and thus cannot serve as a basis to admit the forward-looking risk disclosures." Opp. at 15 (emphasis added). Again, that is simply untrue. Mr. Satriano's declaration demonstrates his personal knowledge of the Enterprises' "SEC filings" as a whole, including the risk disclosures and the processes for preparing and submitting them. The declaration does not hint at the purported limitation Plaintiffs suggest.

Plaintiffs assert that "[n]umerous courts across the country have recognized as salient the distinctions among various portions of SEC filings," but none of the cases they cite support the point. Contrary to Plaintiffs' assertion, the Ninth Circuit in *SEC v. Jasper* did not admit "a portion of a 10-K filing," Opp. at 15; instead, the Ninth Circuit found that "it was not an abuse of discretion for the district court to admit *the 2006 10–K* into evidence," as in all of it. 678 F.3d 1116, 1124 (9th Cir. 2012) (emphasis added). In *Huddleston v. Herman & MacLean*, the court made no distinction among various portions of an SEC Form 10-K, but rather refused to admit it "in toto" because it was not prepared "at or near the time" of the recorded activity, as Rule 803(6)(A) requires. 640 F.2d 534, 553 (5th Cir. 1981), *aff'd in part and rev'd in part on other grounds*, 459 U.S. 375 (1983). And it appears that *Paddack v. Dave Christensen, Inc.* did not involve an SEC filing at all, but rather "three separate documents" pertaining to an audit, none of which qualified as business records. 745 F.2d 1254, 1257, 1258 n.4 (9th Cir. 1984).

Plaintiffs argue that Mr. Satriano's testimony from the first trial "confirms the limited scope of his role" in reviewing the Enterprises' SEC filings because he testified that his role as FHFA's Chief Accountant focuses on "accounting policy," "how to record transactions," and "*financial disclosures*." Opp. at 16-17 (emphasis in original). But in the very testimony that Plaintiffs quote and italicize, Mr. Satriano equates "financial disclosures" with "SEC filings," and he explains that "those are the kinds of documents we spent a lot of time reviewing and commenting on to ensure completeness and transparency." Opp. at 17 (quoting Trial Tr. 2206:17-25). What matters for present purposes is that Mr. Satriano is "familiar[] with the record-keeping systems of the [Enterprises], including how, when, and under what circumstances documents are created, maintained, and stored." *Wye Oak Tech., Inc. v. Republic of Iraq*, 2019

4

WL 1746326, at *3 (D.D.C. Apr. 18, 2019) (Lamberth, J.). Mr. Satriano's declaration amply satisfies this requirement, and he is therefore a qualified witness under Rule 803(6)(D).

### III. The Enterprises' SEC Filings Are Business Records

Mr. Satriano's declaration and other sworn testimony confirm that the Enterprises' SEC filings satisfy all the requirements of Rule 803(6), including that the filings were made "at or near the time" of the recorded activity by "someone with knowledge." Fed. R. Evid. 803(6)(A). Indeed, Plaintiffs ignore the evidence—including sworn testimony confirmed by the SEC filings themselves—that the Enterprises' then-CFOs and CEOs (including, Ms. McFarland and Mr. Kari and their relevant predecessors) certified the SEC filings *based on their knowledge*. Mot. at 5-6.

For Mr. Satriano, Plaintiffs assert that his declaration "provide[s] **no information** regarding the 'creation' of Fannie and Freddie's SEC filings." Opp. at 13. That is incorrect. Mr. Satriano's declaration explains in detail that the creation of an Enterprise SEC filing involves a review and update of the prior quarterly (or annual) SEC filing, and input from multiple sources, including the Enterprise's senior management, Disclosure Committee, Audit Committee, external auditors, and FHFA. Satriano Decl. ¶¶ 9-19. This is more than sufficient.

In any event, Rule 803(6)(D) does not require that a custodian or qualified witness "have personal knowledge of the actual creation of the document." *United States v. Adefehinti,* 510 F.3d 319, 325 (D.C. Cir. 2007) (internal quotation marks omitted) (quoting *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000)). As this Court recently explained in its opinion denying Plaintiffs' motion to exclude the SEC filings, the sponsor of a business record does not need to know who "drafted" the record; "that is more than Rule 803(6) requires." Mem. Op. at 19 (July 21, 2023) (Class ECF No. 326; Berkley ECF No. 336).

Finally, Plaintiffs do not dispute that the SEC filings also meet the requirements of Rule 803(6)(B) and (C). The filings are thus admissible as business records.[2]

## IV. The Enterprises' SEC Filings Are Admissible Under the Residual Exception

Defendants once again reiterate their position that, as an alternative to the business records exception, the SEC filings at issue satisfy Rule 807's residual exception, and incorporate by reference their prior briefing on this issue.

## V. Defendants May Discuss and Display SEC Filings in Their Opening Statement

Plaintiffs urge the Court to preclude Defendants from discussing and/or displaying SEC filings in their opening statement on the theory that the filings' admissibility is "questionable." Opp. at 17-18. To the contrary, the Court previously concluded that "the SEC filings are *likely to be admissible* under the business-records exception." Mem. Op. at 19-20 (Class ECF No. 336; Berkley ECF No. 326). And the Satriano declaration conclusively establishes their admissibility.

## CONCLUSION

For the foregoing reasons, this Court should admit the SEC filings as business records under Rule 803(6) and under Rule 807's residual exception.

---

[2] In a footnote, Plaintiffs argue that by providing the Rule 902(11) certification of Mr. Satriano, Defendants have somehow waived the opportunity to elicit such testimony at trial. Opp. at 18 n.5. That argument finds no support in the plain text of Rule 803(6), the cases Plaintiffs cite, or any other case. Providing a certification under Rule 902(11) is an alternative to, not a waiver of, a party's ability to lay the business records foundation through testimony.

Dated: July 24, 2023

Respectfully submitted,

/s/ *Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

/s/ *Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Tel.: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

/s/ *Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye St. NW
Washington, DC 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*