# Exhibit 1

| | |
|---|---|
| **From:** | Varma, Asim <Asim.Varma@arnoldporter.com> |
| **Sent:** | Thursday, June 8, 2023 10:34 PM |
| **To:** | Robert Kravetz; Hoffman, Ian S.; Jones, Stanton; skaplan@bsfllp.com; Kenya K. Davis; Grant Goodhart; Eric Zagar; Lee Rudy |
| **Cc:** | Stern, Jonathan L.; Bergman, David B.; mvergow@omm.com; MCiatti@kslaw.com |
| **Subject:** | Re: Follow-up on Call [re Mason] |

**[External]**

Thank you, Rocky.

I write to confirm Defendants' agreement on the terms in your emails of 6:00 pm and 10:27 pm today.

Thanks again, Asim

Get Outlook for iOS

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Thursday, June 8, 2023 10:27 PM
**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>; Lee Rudy <lrudy@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Asim,

As a follow-on to the email below and our subsequent conversation, I wanted to represent the following:

1. Based on our conversations and the representations set forth below, Plaintiffs will not file a motion tomorrow to restrict the scope of cross-examination or argument regarding Dr. Mason's testimony.

2. Plaintiffs understand that Defendants reserve the right to object to any testimony or argument regarding any affirmative Plaintiffs' testimony or argument as to price recovery. Plaintiffs will inform Defendants in advance of opening statements or Dr. Mason's testimony if Plaintiffs seek to present any testimony or argument regarding price recovery so as to allow Defendants a reasonable opportunity to lodge an objection.

Thank you,
Rocky

**From:** Robert Kravetz
**Sent:** Thursday, June 8, 2023 6:00 PM

**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>; Lee Rudy <lrudy@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

Asim,

Thank you for your email and for the courtesy of a phone call earlier this afternoon.

We appreciate your confirmation that Defendants will not ask Dr. Mason any questions about a purported price recovery in GSE shares following the NWS (*see, e.g.,* Tr. 1523:25-1524:17 (questions about a purported recovery in share prices in September 2012 and October 2012); *see also* Mason Supp. Dep. Tr. 66:6-78:18; 124:4-143:11;162:15- 168:13 (questions about price recovery)); and that Defendants will not otherwise argue to the jury that the share increases after the Third Amendment mitigated damages (*see, e.g.,* Tr. 2687:24-2688:8).   We also understand that Defendants will not present any testimony from Dr. Attari at trial regarding the equity event study.

We confirm that Dr. Mason will not testify that $1.61 billion represents a "conservative" estimate of damages.  Nor will Dr. Mason opine that the GSEs performance since 2012 makes the $1.61 billion measure of damages reasonable.  As we discussed earlier today, some portions of Dr. Mason's supplemental expert report refer to opinions that he previously expressed in his expert report or during prior trial testimony.   We understand that this agreement will not foreclose Dr. Mason from providing testimony at the second trial similar to his testimony at the first trial.

On that point, however, you asked for us to provide the specific portions of Dr. Mason's supplemental expert report that he will not testify about at trial, consistent with our prior discussions about the scope of his testimony.  Pursuant to our agreement, Dr. Mason will not testify about:

- Paragraph 7 (other than the first sentence)
- The last sentence of Paragraph 13
- The last sentence of Paragraph 14
- The last three sentences of Paragraph 15
- Paragraphs 16-18 in their entirety

Please let us know if that is consistent with your understanding, as well.

Finally, we understand this agreement relates only to Dr. Mason's opinions regarding damages and does not foreclose Plaintiffs' from seeking to introduce testimony or evidence through Dr. Mason in Plaintiffs' case-in-chief or rebuttal case that is otherwise admissible.  *See, e.g,* PX-444, PX-445 (admitted at trial without objection); Expert Report §§ V-VI & App. C; PX-442A; Rebuttal Report § IV.A-B ("Opinions on the Attari Report").  The parties reserve all rights to such testimony and evidence.

Please let me know if this accurately describes the scope of our agreement.

Best regards,
Rocky

---

**From:** Varma, Asim <Asim.Varma@arnoldporter.com>
**Sent:** Thursday, June 8, 2023 11:19 AM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart

<GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Rocky and Sam,

I write to memorialize the terms of proposed agreements we discussed yesterday, June 7, 2023, regarding the parties' potential filings on June 9, 2023.

I proposed that If Plaintiffs confirmed that Dr. Mason would not testify at trial as to any opinions disclosed in his supplemental expert report, Defendants would not file on June 9 a motion in limine seeking to exclude opinions in Dr. Mason's supplemental report.   My understanding is that plaintiffs will provide the confirmation.

Plaintiffs proposed that if Defendants agreed not to ask Dr. Mason questions on "price recovery" or otherwise argue to the jury that the share price increases after the third amendment mitigated damages, Plaintiffs would not file on June 9 a motion seeking such relief.

I now confirm that Defendants agree not to ask Dr. Mason questions on "price recovery" or otherwise argue to the jury that the share price increases after the third amendment mitigated damages.

Please confirm Plaintiffs agree to the terms described above.

Thanks, Asim

---

**From:** Varma, Asim
**Sent:** Wednesday, June 7, 2023 10:22 AM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

Rocky,

In light of the Court's ruling denying plaintiffs' motion to serve Plaintiffs' experts' supplemental reports, we seek confirmation that Dr. Mason will not testify at trial as to any opinions disclosed in his supplemental expert report.   If so, Defendants do not intend to file on June 9, 2023 a motion in limine regarding Dr. Mason's supplemental report.

Defendants believe that the parties may be able to reach agreement making it unnecessary for Plaintiffs to file a "motion to preclude certain cross-examination of Dr. Mason and argument as to damages" as indicated in your message below.   We would appreciate if plaintiffs would identify the specific relief they would be seeking in the motion if they were to file it.

Feel free to call me if you would like to discuss further.

Thanks, Asim

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 26, 2023 4:49 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Varma, Asim <Asim.Varma@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Thank you, Ian, you have our consent to file.

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Friday, May 26, 2023 4:31 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Varma, Asim <Asim.Varma@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Rocky et al. – Attached and copied below are a draft joint motion and proposed order.  Once we have Plaintiffs' OK, we will get these on file.  Thanks.

DRAFT

## JOINT MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiffs and Defendants ("the Parties") respectfully request that the Court modify the Scheduling Order submitted by the Parties and entered by the Court on March 10, 2023 (No. 1:13-cv-01053, ECF No. 292; No. 1:13-mc-01288, ECF No. 282), to extend by two weeks the deadline for motions in limine and *Daubert* motions for (1) Defendants' motion in limine regarding the scope of Plaintiffs' expert Dr. Joseph Mason, Ph.D.'s trial testimony, and (2) Plaintiffs' motion to preclude certain cross-examination of Dr. Mason and argument as to damages.

In support of this Motion, the Parties state:

Pursuant the March 10, 2023 Scheduling Order, any motions in limine and *Daubert* motions are currently due Friday, May 26, 2023, with oppositions due June 14 and replies due June 23.

The Parties request a two-week extension of these deadlines.  Under this requested extension, Defendants' motion in limine regarding the scope of Dr. Mason's trial testimony and Plaintiffs' motion to

preclude certain cross-examination of Dr. Mason and argument as to damages would be due June 9, 2023, with oppositions due June 23 and replies due June 30.

The Parties respectfully submit that good cause exists for the requested extension. The Parties are continuing to meet and confer regarding these issues, and the requested extension would enable the parties to continue those discussions in a manner that may eliminate or reduce the need for further motions practice.

WHEREFORE, the Parties respectfully request that the Court modify the March 10, 2023 Scheduling Order, to extend the deadline for motions in line and *Daubert* motions as related to (1) Defendants' motion in limine regarding the scope of Dr. Mason's trial testimony, and (2) Plaintiffs' motion to preclude certain cross-examination of Dr. Mason and argument as to damages by two weeks, to June 9, 2023, with oppositions due June 23 and replies due June 30. A proposed order is being submitted along with this motion.

### [PROPOSED] ORDER

Upon consideration of the Parties' Joint Motion to Modify the Scheduling Order, it is hereby:

**ORDERED** that the Motion is **GRANTED**. The deadline for (1) Defendants' motion in limine regarding the scope of Plaintiffs' expert Dr. Joseph Mason, Ph.D.'s trial testimony and (2) Plaintiffs' motion in limine to preclude certain cross-examination of Dr. Mason and argument as to damages is extended by two weeks, to June 9, 2023, with oppositions due June 23, and replies due June 30. The remaining deadlines set out in the March 10, 2023 Scheduling Order remain in effect.

---

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 26, 2023 3:28 PM
**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Thanks, Asim, we'll review it promptly.

**From:** Varma, Asim <Asim.Varma@arnoldporter.com>
**Sent:** Friday, May 26, 2023 2:38 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** Re: Follow-up on Call [re Mason]

**[External]**

Rocky,

Defendants will not be seeking an extension on their PX205 motion. One of us will circulate the draft joint motion for an extension on the Mason motions shortly.

Thanks, Asim

_____
Asim Varma
Partner

**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW | Washington, DC 20001-3743
T: +1 202.942.5180
asim.varma@arnoldporter.com | www.arnoldporter.com

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 26, 2023 12:53:30 PM
**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Thank you, Asim, that reflects my understanding, as well.

**From:** Varma, Asim <Asim.Varma@arnoldporter.com>
**Sent:** Friday, May 26, 2023 12:40 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>;

mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Rocky,

We are drafting the motion for the extension.     We are going to propose 2 weeks for this extension too but we will call you after the holiday to discuss the scope of Mason's testimony.

Sam also called to tell me that PX584, which we would be receiving from Grant shortly, might affect when Defendants want to file their motion on PX205.  Sam said Plaintiffs agreed that if defendants decide they do want an extension on PX205, we can fold in that extension into the same joint motion for extension on the Mason motions.

If I've got something wrong let me know.

Thanks, Asim

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 26, 2023 11:49 AM
**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Asim,

We are fine with an extension as to we continue to make progress on a possible agreement.  I just left a message for Stanton on his cell phone.

Can we please note in the motion that the extension request relates to (1) Defendants' motion regarding the scope of Dr. Mason's trial testimony; and (2) Plaintiffs' motion to preclude certain cross-examination of Dr. Mason and argument as to damages?

Today may be a bit hectic for everyone, but we should touch base on these topics shortly after the holiday weekend.

If we don't speak further, have a nice holiday weekend.

Thank you,
Rocky

**From:** Varma, Asim <Asim.Varma@arnoldporter.com>
**Sent:** Friday, May 26, 2023 11:13 AM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>

**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Hi Rocky,

Unfortunately, we don't have everyone on our end available.

I'm not sure whether you were suggesting that you had a motion in the works to file today or not.  We are willing to continue negotiating on the scope of Dr. Mason's testimony.

We suggest that the parties agree to an extension on the motion in limine on Mason we were going to file today and any motion you have planned to see if we might be able to reach a compromise.

We can draft the joint motion quickly if plaintiffs agree.

Thanks, Asim

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 26, 2023 11:06 AM
**To:** Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Cc:** Varma, Asim <Asim.Varma@arnoldporter.com>; Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Do you want to send a dial-in for 11:15 for whoever can join?

Thank you.

**From:** Jones, Stanton <Stanton.Jones@arnoldporter.com>
**Sent:** Friday, May 26, 2023 11:02 AM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Cc:** Varma, Asim <Asim.Varma@arnoldporter.com>; Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Thanks Rocky.  We do think a quick call would be helpful to see if we can come to ground on this.  What's a good # to call you now?

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 26, 2023 10:22 AM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>;

8

zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Cc:** Varma, Asim <Asim.Varma@arnoldporter.com>; Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Ian,

As we evaluate your proposal, can you please provide an answer to the following (from an earlier email) which is relevant to your proposal regarding paragraph 13:

> We have one additional question regarding Dr. Mason's testimony in the context of defense questioning (Tr. 1523:25-1524:18) and argument (Tr. 2687:21-2688:2).  You have proposed that Dr. Mason not testify as to the last two sentences in paragraph 13, which state:
>
>> Since the stock price increases after August 17, 2012 have nothing to do with the NWS, they cannot in any way mitigate or offset damages in this matter. In addition, those stock price increases likely would have been larger had the NWS not attenuated the link (in particular the upside link) between the GSEs' cash flows and investor returns.
>
> This section of Dr. Mason's report is in direct response to the series of cross-examination questions (Tr. 1523:25-1524:18) and argument (Tr. 2687:21-2688:2) from Defendants at trial.  In particular, in their Closing Argument, Defendants argued:
>
>> The shareholder always had only a hope that Treasury's bailout of the enterprises would one day benefit them by keeping the enterprises, and therefore their shares, alive. The fact that the share prices dipped on August 17th, and then began to immediately go back up in late 2012, reflects that shareholders were hoping to gain from their ownership of the shares, other than through dividends.
>
> Tr. 2687:21-2688:2.  We cannot agree to your proposal regarding Paragraph 13 if Defendants are going to ask similar questions/advance similar arguments at Trial 2.   Otherwise, we will (1) file a motion seeking to preclude the question and argument, as there is no factual basis in the record; and/or (2) seek Dr. Mason's testimony to explain why stock price increases after August 17, 2012 (through the date of the event study, Dec. 31, 2012, see PX-496-3) are unrelated to the NWS.

We understand your position regarding post-2013 events in relation to the last sentence of 2012, but the trial questions related to events in 2012 as captured by the event study.  The statement in the last sentence of paragraph 13 relates specifically to the cross examination questions at trial.

Let us know if a quick call would be helpful to finalize.

Thanks,
Rocky

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Friday, May 26, 2023 9:02 AM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>

9

**Cc:** Varma, Asim <Asim.Varma@arnoldporter.com>; Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Rocky – Below is Defendants' counter proposal regarding Dr. Mason, which attempts to meet in the middle. With apologies for the timing, we request that you let us know Plaintiffs' position on this by 5:00 p.m. ET today (Friday) as we intend to file our motion thereafter. Of course we would be happy to jump on a call today to discuss if that would be helpful.

- Your email does not mention Par. 7, which is in the intro to Dr. Mason's report. Per our prior email below, we would need Plaintiffs to agree that Dr. Mason will not testify to any of Paragraph 7, except the first sentence.
- To reach agreement, we would need Plaintiffs to agree to drop the last sentence of Paragraph 13. ("In addition, those stock price increases likely would have been larger had the NWS not attenuated the link (in particular the upside link) between the GSEs' cash flows and investor returns."). That sentence says, in substance, that the $1.6B damages calculation is conservative on a theory that share prices would have moved higher absent the Third Amendment. That is substantively identical to Dr. Mason's opinion in Section II(C) (Par. 14-18).
- While we believe that Par. 14-18 should be excluded in their entirety, because they are all under a heading of – and connected to – the challenged "conservative" opinion, we would accept your proposal as a compromise with the exceptions that Dr. Mason would not testify to:
  - Footnote 25 in Par. 15. This is a quotation from a portion of Dr. Mason's August 2021 report that already has been excluded by Judge Lamberth.
  - The third sentence of Par. 15 ("Instead, the benefits of the performance have accrued solely to Treasury as senior preferred shareholder with approximately $330 billion of value accruing to Treasury from 2013 through Q2 2022.") and the accompanying Footnote 26. This sentence contains the same information as the last sentence in Par. 14, which your proposal indicates you are prepared to drop.
  - The entirety of Par. 16, including Dr. Mason's quotation from Judge Lamberth's 2018 motion to dismiss decision. That Judge Lamberth used these words in an opinion does not make them admissible. Further, the substance of Par. 16, used in this way, tracks the same idea that $1.6B is conservative.

Please let us know if Plaintiffs agree to this proposed compromise. Thanks.

_____

Ian Hoffman
Partner | Bio

**Arnold & Porter**

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Wednesday, May 24, 2023 5:11 PM
**To:** Jones, Stanton <Stanton.Jones@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Cc:** Varma, Asim <Asim.Varma@arnoldporter.com>; Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>;

zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call

External E-mail

Thank you, Stanton.  Our confusion was the insertion of the bracket with the date of August 17, 2012 into the last sentence, which seemed to refer back to the prior sentence.

We would still have the same concerns about the last sentence.  For example, during Dr. Mason's most recent deposition, he was asked about share price increases in September and October 2012.  In providing an answer as to why those increases were "irrelevant to the harm," Dr. Mason explained that the stock price movement in October was unrelated to the NWS and that "had the Net Worth Sweep not been announced on - - on August 17th, then this stock price would be that much higher on October 9th.  It would be expected to be $1.6 billion higher, or thereabouts, on October 9th and would have risen, potentially even more on October 9th without a Net Worth sweep in [place] than it actually did no October 9th with the Net Worth Sweep in place."  Mason Supp. Dep. Tr. 91:22-93:19; see also id. 199:1-200:7.  We think that his testimony is a fair response to your question—which is why we posed the question below about related questions and argument at trial.

Happy to discuss further.

Thanks,
Rocky

**From:** Jones, Stanton <Stanton.Jones@arnoldporter.com>
**Sent:** Wednesday, May 24, 2023 4:31 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Cc:** Varma, Asim <Asim.Varma@arnoldporter.com>; Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call

[External]

Rocky: Before we answer the question at the end of your email, we want to correct an apparent misunderstanding of our proposal.  On paragraph 13, per my May 23 email below, we are challenging only the final sentence of that paragraph, which states: "In addition, those stock price increases likely would have been larger had the NWS not attenuated the link (in particular the upside link) between the GSEs' cash flows and investor returns."  Contrary to your email below, we are not challenging the second-to-last sentence of paragraph 13, which states: "Since the stock price increases after August 17, 2012 have nothing to do with the NWS, they cannot in any way mitigate or offset damages in this matter."  Our proposed agreement below would not preclude that second-to-last sentence, only the very last sentence of paragraph 13.

It appears that your concerns about Defendants' cross-examination questions etc. from the first trial relate to the second-to-last sentence of paragraph 13, which restates Dr. Mason's proposed opinion that the September/October share-price increases do not mitigate the alleged harm.  In contrast, we believe that the last sentence of paragraph 13 is substantially similar to Dr. Mason's section II.C opinion that $1.6 billion in damages is "conservative."

Can you please let us know if that clarification resolves the concerns you described below?  We can then evaluate the rest of your proposal below (and thank you for sending it).  We're happy to discuss, especially if there's any confusion about what we're proposing.

Thanks.

Stanton

---

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Wednesday, May 24, 2023 3:44 PM
**To:** Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Varma, Asim <Asim.Varma@arnoldporter.com>
**Subject:** RE: Follow-up on Call

External E-mail

Stanton et al:

Thank you for your email regarding an attempt to come to an agreement as to the scope of Dr. Mason's testimony at trial. Subject to these conditions, we propose the following compromise:

- Dr. Mason will not testify that $1.61 billion represents a "conservative" measure of damages in this case.

- Dr. Mason will not testify as to any information in Section II.C except as to the following:

    o   Dr. Mason may testify consistent with the first two sentences of Paragraph 14, which relate to then-existing conditions of the GSEs at the time of the Third Amendment.

    o   Dr. Mason may testify as to the first three sentences in Paragraph 15, which restate his prior testimony and does not incorporate any reference to later GSE performance.

    o   Dr. Mason may testify, consistent with Paragraph 16, that, in general, an investor would expect that additional available cash on hand may increase the value of underlying securities, but that the structure of the NWS eliminates the possibility of profits accruing in any way to their benefit. That general statement, not tied to any specific time period, is consistent with the Court's prior ruling and the trial evidence.

- Dr. Mason may testify as to any other information set forth in his supplemental expert report.

We have one additional question regarding Dr. Mason's testimony in the context of defense questioning (Tr. 1523:25-1524:18) and argument (Tr. 2687:21-2688:2). You have proposed that Dr. Mason not testify as to the last two sentences in paragraph 13, which state:

> Since the stock price increases after August 17, 2012 have nothing to do with the NWS, they cannot in any way mitigate or offset damages in this matter. In addition, those stock price increases likely would have been larger had the NWS not attenuated the link (in particular the upside link) between the GSEs' cash flows and investor returns.

This section of Dr. Mason's report is in direct response to the series of cross-examination questions (Tr. 1523:25-1524:18) and argument (Tr. 2687:21-2688:2) from Defendants at trial. In particular, in their Closing Argument, Defendants argued:

> The shareholder always had only a hope that Treasury's bailout of the enterprises would one day benefit them by keeping the enterprises, and therefore their shares, alive. The fact that the share prices dipped on August

17th, and then began to immediately go back up in late 2012, reflects that shareholders were hoping to gain from their ownership of the shares, other than through dividends.

Tr. 2687:21-2688:2.  We cannot agree to your proposal regarding Paragraph 13 if Defendants are going to ask similar questions/advance similar arguments at Trial 2.   Otherwise, we will (1) file a motion seeking to preclude the question and argument, as there is no factual basis in the record; and/or (2) seek Dr. Mason's testimony to explain why stock price increases after August 17, 2012 (through the date of the event study, Dec. 31, 2012, see PX-496-3) are unrelated to the NWS.

Please let us know your position as to our proposal and the above question.  We are happy to discuss further.

Plaintiffs reserve all rights.

Thank you,
Rocky

---

**From:** Jones, Stanton <Stanton.Jones@arnoldporter.com>
**Sent:** Tuesday, May 23, 2023 1:55 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Varma, Asim <Asim.Varma@arnoldporter.com>
**Subject:** RE: Follow-up on Call

**[External]**

Thanks Rocky.

---

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Tuesday, May 23, 2023 1:48 PM
**To:** Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Varma, Asim <Asim.Varma@arnoldporter.com>
**Subject:** RE: Follow-up on Call

External E-mail

This is helpful, thank you.

We will discuss this, as well as Ian's earlier email, and provide a response.

---

**From:** Jones, Stanton <Stanton.Jones@arnoldporter.com>
**Sent:** Tuesday, May 23, 2023 1:39 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Varma, Asim <Asim.Varma@arnoldporter.com>
**Subject:** RE: Follow-up on Call

**[External]**

13

Rocky: Thanks for following up on a possible agreement to obviate our motion directed to Dr. Mason's proposed supplemental testimony.  Our motion will seek to exclude (i) all of subsection II.C of Dr. Mason's proposed supplemental report, titled "The GSEs' Performance Since 2012 Makes the $1.6 Billion Measure of Damages Conservative"; (ii) paragraph 7 which summarizes section II.C, except for the first sentence; and (iii) the final sentence of section II.B, which states: "In addition, those stock price increases [*i.e.*, after August 17, 2012] likely would have been larger had the NWS not attenuated the link (in particular the upside link) between the GSEs' cash flows and investor returns."  That last sentence of section II.B, like section II.C, conveys a view the $1.6 billion damages calculation is conservative/understated on the theory that GSE share prices would have been higher in periods after August 17, 2012 in the absence of the Third Amendment.

To be clear, as you know we oppose Dr. Mason's proposed supplemental report in its entirety, per our opposition to the pending motion for leave for submit that report.  But subject to resolution of that motion, we would be willing to forgo our forthcoming motion directed to Dr. Mason's proposed supplemental testimony if Plaintiffs agree that Dr. Mason will not testify to the opinions/analysis in section II.C and the accompanying summary of it in paragraph 7 (except for the first sentence of that paragraph) and the last sentence of II.B.

Please let us know if this is acceptable to Plaintiffs.  We're also happy to discuss if helpful.

Best regards,
Stanton

---

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Tuesday, May 23, 2023 10:33 AM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>
**Cc:** zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Varma, Asim <Asim.Varma@arnoldporter.com>
**Subject:** RE: Follow-up on Call

External E-mail

Stanton/Ian,

So that we can get you a final decision from our side as to the scope of Dr. Mason's testimony, can you please provide us with the specific paragraphs that contain testimony that you would seek to preclude through your motion?  You informed us that you will seek to preclude Section II.C of the report (paragraphs 14-18).  Are there any additional paragraphs in the report that will be the subject of your motion?  We want to have a final discussion with our team to determine if there is a possibility of an agreement as to the scope of Dr. Mason's testimony.

Thank you,
Rocky

---

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Friday, May 19, 2023 4:33 PM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>
**Cc:** skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Subject:** RE: Follow-up on Call

**[External]**

Thanks Rocky.

Ian

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Friday, May 19, 2023 4:07 PM
**To:** Jones, Stanton <Stanton.Jones@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>
**Subject:** Follow-up on Call

External E-mail

Stanton and Ian:

Following up on your questions on our call this morning:

- The Treasury/WH documents that may be the subject of our motion in limine include: PX 226, 274, 279, 270, 271, PX 582, and PX-500 (cover letter is UST00469357).

- Section IV of Dr. Dharan's August 2021 expert report (pages 60-81) includes the documents on our exhibit list that we discussed during our meet-and-confer.

Best,
Rocky

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

_____
This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com