**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-1288 (RCL) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
TO REPLACE THE WORDS "THIRD AMENDMENT" WITH THE WORDS
"NET WORTH SWEEP" IN QUESTIONS 1 AND 2 OF VERDICT FORM**

　　　　The current verdict form correctly asks the jury, in the words of the D.C. Circuit, "whether *the Third Amendment* violated the reasonable expectations of the parties." *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 631 (D.C. Cir. 2017) (emphasis added). The current form also mirrors the verdict form used at the first trial and submitted by *both Parties*, without any change, as part of their June 30, 2023 Pretrial Statements for this second trial. *See* Ex. F. of Defs.' Pretrial Statement (Class ECF No. 318-7, Berkley ECF No. 329-7); Ex. F of Pls.' Pretrial Statement (Class ECF No. 321-8, Berkley ECF No. 332-8).

　　　　Plaintiffs now assert that the jury should not answer that question and should instead

1

decide whether FHFA's agreement to one term of the Third Amendment, the Net Worth Sweep, was arbitrary or unreasonable based on the shareholders' reasonable expectations under the shareholder contracts. Mot. at 3. Plaintiffs propose two specific changes to the verdict form. First, Plaintiffs want the jury to decide whether FHFA violated the reasonable expectations of the shareholders by entering into the "Net Worth Sweep," as opposed to the "Third Amendment." Mot. at 3. Second, Plaintiffs want the jury to decide whether Plaintiffs sustained harm as a result of the "Net Worth Sweep," as opposed to the "Third Amendment." *Id*. Plaintiffs' proposed revisions to the verdict form are at odds with the law of the case, and Plaintiffs' recharacterization of their claim would substantially increase the risk of jury confusion and unfair prejudice to Defendants. The Court should reject them and deny Plaintiffs' motion.

## BACKGROUND

On August 17, 2012, Treasury and FHFA, acting as conservator, executed *the Third Amendment* to the Senior Preferred Stock Purchase Agreements ("PSPAs"). *See* Joint Statement of Undisputed Facts ("JX-1") ¶ 35 (Class ECF No. 335-1, Berkley ECF No. 345-1). The Third Amendment had multiple provisions, changing multiple aspects of the PSPAs. It replaced the fixed 10% dividend with the Net Worth Sweep. As consideration for FHFA's agreement to the Net Worth Sweep, the Third Amendment suspended the PCF. DX-0535 (Fannie Mae); DX-0536 (Freddie Mac). And it accelerated the winddown of the Enterprises' retained mortgage portfolios. All of these changes to the PSPAs were part of a single agreement, involving the mutual exchange of consideration between Treasury and FHFA.

## ARGUMENT

**I. Plaintiffs' Proposed Revisions Are Inconsistent with the Law of the Case**

Plaintiffs' proposed revisions should be rejected because they contradict the D.C. Circuit's and this Court's explication of Plaintiffs' claim.

The D.C. Circuit remanded Plaintiffs' implied covenant claim "for the district court to evaluate . . . whether *the Third Amendment* violated the reasonable expectations of the parties." *Perry Cap.*, 864 F.3d at 631 (emphasis added). The court of appeals identified "FHFA's adoption of *the Third Amendment*" as "the action [Plaintiffs] challenge." *Id.* (emphasis added). On remand, this Court likewise noted that "[e]ach complaint asserts *the Third Amendment* breached the implied covenant of good faith and fair dealing." *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. CV 13-1053 (RCL), 2018 WL 4680197, at *7 (D.D.C. Sept. 28, 2018) ("MTD Ruling") (emphasis added). In denying Defendants' motion to dismiss, the Court explained that "Plaintiffs plausibly allege that they could not have reasonably expected their rights to dividends and liquidation preferences to be extinguished by *the Third Amendment*." *Id.* at *14 (emphasis added). Last year, this Court considered "whether a reasonable jury could conclude from the summary judgment record that *the Third Amendment* caused [P]laintiffs any harm." *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-CV-1053-RCL, 2022 WL 4745970, at *8 (D.D.C. Oct. 3, 2022) ("MSJ Ruling") (emphasis added).

Consistent with these statements by the D.C. Circuit and this Court, the verdict form from the first trial, which both Parties resubmitted without change in their Pretrial Statements, asks the jury: "Did the Plaintiffs prove by a preponderance of the evidence that FHFA, in its role as the Conservator of Fannie Mae and Freddie Mac, acted arbitrarily or unreasonably in entering into the Third Amendment, thereby violating the reasonable expectations of [the shareholders]." *See* Verdict Form (Class ECF No. 318-7, Berkley ECF No. 329-7). Plaintiffs' proposed revisions would materially alter this inquiry by asking only whether "FHFA . . . acted arbitrarily or unreasonably in entering into the Net Worth Sweep." Mot. at 2. These revisions are an

3

unwarranted and erroneous departure from the D.C. Circuit's and this Court's prior decisions, which constitute the law of the case.

## II. Plaintiffs' Recharacterization of Their Claim Would Prejudice Defendants and Confuse the Jury

After years of repeatedly characterizing their own claim as a challenge to the Third Amendment, Plaintiffs should not be permitted, on the eve of the second trial, to recharacterize their claim to narrowly focus on the Net Worth Sweep alone.

### A. Plaintiffs Repeatedly Said They Were Challenging the Third Amendment

For years, Plaintiffs have said over and over again that their claim challenges the Third Amendment.

To begin with, Plaintiffs agreed to the verdict form at the first trial, which asks the jury about the "Third Amendment," not the "Net Worth Sweep." *See* Verdict Form (Class ECF No. 318-7, Berkley ECF No. 329-7). And less than a month ago, Plaintiffs submitted the same verdict form, with its inquiries about the "Third Amendment," for use in this second trial. Plaintiffs' June 30, 2023 Pretrial Statement further states that "Plaintiffs commenced their respective actions in 2013, challenging *the Third Amendment* to [the] Amended and Restated Senior Preferred Stock Purchase Agreements." Pls.' Pretrial Statement at 2 (Class ECF No. 321, Berkley ECF No. 332) (emphasis added).

Plaintiffs directed all three of their experts to analyze this case as a challenge to the Third Amendment, not only to the Net Worth Sweep. Plaintiffs directed their expert, Dr. Mason, "to determine damages suffered by shareholders as a result of *the Third Amendment*." Expert Report of J. Mason, at ¶ 3 (Class ECF No. 163-1, Berkley ECF No. 170-1) (emphasis added).[1] They

---

[1] Dr. Mason has explained that he "understand[s] Plaintiffs allege, inter alia, that the Defendants breached the implied covenant of good faith and fair dealing in entering into *the Third Amendment*." *Id.* at ¶ 2 (emphasis added).

4

likewise asked Dr. Dharan to analyze FHFA's actions "in connection with *the Third Amendment*." Expert Report of Bala G. Dharan, at ¶ 1 (Class ECF No. 164-1, Fairholme ECF No. 171-1) (emphasis added). And Plaintiffs asked Dr. Thakor to analyze "what an appropriate [PCF] would have been (if any) if there had been no *Third Amendment* to the PSPA." Expert Report of A. Thakor, at ¶ 8 (emphasis added) (excerpt attached as **Exhibit A**).

Other examples abound. At the class certification stage, Class Plaintiffs stated that "the claims of the members within each Class are based on the same events that affected all Class members in the same way, i.e., *the Third Amendment to the PSPAs*." Class ECF No. 132-1 at 10 (emphasis added). Following Class Plaintiffs' lead, this Court stated "a class-wide proceeding would permit the Court to determine 'in one stroke' whether *the Third Amendment* breached the implied covenant." *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, No. 1:13-MC-1288-RCL, 2021 WL 5799379, at *6 (D.D.C. Dec. 7, 2021) (emphasis added). Later, at summary judgment, Plaintiffs explicitly acknowledged that their claim turns on more than just the Net Worth Sweep component of the Third Amendment. They stated that "the question [of] whether the shareholders reasonably expected the Companies' to ever pay the Periodic Committee Fee (PCF) is *directly relevant to [] liability . . . for Plaintiffs' implied covenant claim*." Pls' Partial S.J. Reply at 3 (Class ECF No. 151, Berkley ECF No. 156) (emphasis added).

In light of these and many similar statements by Plaintiffs, Plaintiffs should not be permitted to change the verdict form during trial to inquire only about the Net Worth Sweep.

      **B.**      **Plaintiffs' Proposed Revisions Risk Unfair Prejudice and Jury Confusion**

Plaintiffs' proposed changes to the verdict form obscure the proper inquiry by suggesting that the jury could find the Net Worth Sweep to be arbitrary or unreasonable in a vacuum,

without regard to the other provisions of the Third Amendment. That erroneous suggestion unfairly prejudices Defendants and could confuse and mislead the jury.

There can be no dispute that the Third Amendment was a single agreement and that FHFA did not agree to the Net Worth Sweep in isolation. Rather, FHFA and Treasury executed *the Third Amendment*, which included multiple components, including FHFA's agreement to the Net Worth Sweep *and* Treasury's agreement to suspend the Periodic Commitment Fee. *See* Final Jury Instr. at 8 (Class ECF No. 250, Berkley ECF No. 240) (explaining that the Net Worth Sweep was agreed to "as part of the Third Amendment"). Consistent with these uncontroverted facts, the D.C. Circuit properly identified the "Third Amendment as the action that [Plaintiffs] challenge." *Perry Cap.*, 864 F.3d at 631.

Plaintiffs say that they "do not claim that any other aspect of the Third Amendment violated the implied covenant or caused them harm." Mot. at 2. But that simply reinforces why Plaintiffs' proposed changes are prejudicial and incorrect. This argument is merely a roundabout admission that the other components of the Third Amendment lend no support for Plaintiffs' allegation that FHFA acted "arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party reasonably expected." Final Jury Instr. at 8 (Class ECF No. 250, Berkley ECF No. 240). Plaintiffs want the jury to ignore those other components when assessing liability in this case. Yet the disputed action is FHFA's agreement to the multi-component Third Amendment, and it is critical for the jury to assess the reasonableness of the overall agreement and not simply the one aspect of the Third Amendment that Plaintiffs do not like.

As Plaintiffs previously asserted, "[i]t is up to the jury to determine whether the decision to adopt the Third Amendment was reasonable." Pls.' Omnibus Reply at 6 (Class ECF No. 313, Berkley ECF No. 324). Plaintiffs' proposed revisions would threaten to wrongly induce the jury

to focus on one component of the multi-component Third Amendment, thereby unfairly prejudicing Defendants. Such an instruction would likely confuse the jury about whether it should evaluate the entire Third Amendment (as Plaintiffs previously said the jury should) by improperly signaling that one component of a bilateral transaction should be the focus of the jury's inquiry. The Court should not place its thumb on the scale by revising the verdict form to suggest that one component of the disputed action is more central to the evaluation of Plaintiffs' claim than the other components.

Plaintiffs argue that their proposed revisions to the verdict form would "avoid possible juror confusion" because the jury instructions sometimes refer to the "Net Worth Sweep." Mot. at 2. The same was true at the first trial, and there was no indication of any juror confusion. As explained above, it is Plaintiffs' proposed revisions, not the verdict form that was used at the first trial and resubmitted by both Parties without change, that would risk confusion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to replace the words "Third Amendment" with the words "Net Worth Sweep" in questions 1 and 2 of the verdict form.

Dated: July 28, 2023

Respectfully submitted,

 */s/ Asim Varma*
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing Finance Agency*

 */s/ Michael J. Ciatti*
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan Mortgage Corp.*

 */s/ Meaghan VerGow*
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage Association*