**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:13-cv-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Case No. 1:13-mc-1288 (RCL) |
| This document relates to: ALL CASES | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING THE COURT'S JULY 21, 2023 DECISION REGARDING THE ADMISSIBILITY OF DR. ATTARI'S TESTIMONY**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

LEGAL STANDARD.............................................................................................................. 1

ARGUMENT.......................................................................................................................... 2

    A.   Neither Clarification Nor Reconsideration Is Warranted ...................................... 2

    B.   Plaintiffs' Arguments Fail on the Merits .............................................................. 5

CONCLUSION....................................................................................................................... 6

## INTRODUCTION

This Court has twice denied Plaintiffs' attempts to exclude Dr. Attari's testimony about his bond event study, and the third attempt fares no better.  Despite labeling their third motion as one seeking "clarification," Plaintiffs are—yet again—seeking reconsideration of this Court's prior rulings.  Plaintiffs' motion should be denied because no clarification is necessary, the Court's prior rulings are law of the case, and Plaintiffs fail to meet the stringent reconsideration standard.  Plaintiffs are also wrong on the merits.

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Phillip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011).  Such a motion "cannot open the door to re-litigat[ing] a matter that the court has considered and decided." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016).  Matters the Court already has decided are subject to the law of the case doctrine:  the "family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided . . . by that court or a higher one in earlier phases." *Berkley Ins. Co. v. FHFA*, No. 1:13-CV-1053-RCL, 2023 WL 3790739, at *3 (D.D.C. June 2, 2023) (citation and quotation marks omitted).

Because Plaintiffs seek reconsideration of the Court's prior ruling, they must satisfy a "stringent standard for reconsideration of a court's prior order." *Fairholme Funds, Inc. v. FHFA*, No. 1:13-CV-1053-RCL, 2022 WL 11110548, at *6 (D.D.C. Oct. 19, 2022).  That standard can be met only "where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

**ARGUMENT**

**A.      Neither Clarification Nor Reconsideration Is Warranted**

Before the first trial and again just last week, the Court clearly held that Dr. Attari may

present his opinion that the bond event study shows the Third Amendment alleviated bond

market concerns, and that the proper avenue for Plaintiffs' challenge to that testimony is cross-

examination, not exclusion.  *See* Mem. Opp. (Class ECF No. 333, Berkley ECF No. 343) at 3;

*Fairholme Funds, Inc. v. FHFA* ("First Pretrial Op."), Nos. 1:13-cv-1053, 1:13-mc-1288, 2022

WL 13937460, at *1 (D.D.C. Oct. 13, 2022).  Neither "clarification" nor reconsideration of this

Court's most recent ruling is warranted.

Plaintiffs' "clarification" motion asks the Court to bar Dr. Attari from testifying "that the

decline in yield spreads was attributable to bond investors' (or any investors') increased

confidence in the GSEs' creditworthiness" because there is a purported alternative explanation

related to the supply of GSE bonds.  Mot. at 1.  But Plaintiffs made *identical* arguments in their

previous (second) motion on Dr. Attari's bond event study, which the Court denied a little over

one week ago.  In that motion, Plaintiffs repeatedly argued that Dr. Attari cannot testify that the

event study shows that the Third Amendment increased investor confidence:

- "Defendants squarely argued that the Event Study showed that the Net Worth Sweep alone ***reassured bondholders about the GSEs' credit risk*** . . . the Event Study cannot reliably be used for that purpose."  Pls.' Attari Mot. #2 (Class ECF No. 290, Berkley ECF No. 306) at 1 (emphasis added).

- "Defendants' theory [is] that the Net Worth Sweep was reasonable as a means of ***assuaging purported bondholder concern*** over GSE credit risk due to the possible exhaustion of the Treasury commitment. . . . [T]he Event Study could not reliably support that conclusion because there were plausible alternative causes" *Id.* (emphasis added).

- "At the outset of his testimony, Dr. Attari described 'the primary purpose of the Third Amendment' as ***resolving the purported concern of such investors*** that circular dividends would erode the commitment and thereby jeopardize the GSEs' financial stability."  *Id.* at 3. (emphasis added).

2

- "Dr. Attari then repeatedly used the Event Study to show that ***investors viewed the GSEs as 'safer' following the Third Amendment*** because it resolved the alleged problem with circular dividends." *Id.* at 4 (emphasis added).

- "[T]he Event Study was used . . . to argue that the study of bond prices establishes that the Net Worth Sweep ***reassured bond investors about the GSEs' credit risk*** due to circular dividends." *Id.* at 5 (emphasis added).

- "[T]he Court never ruled [before Trial 1]. . . whether Dr. Attari can reliably use the Event Study to demonstrate that the Net Worth Sweep ***increased investor confidence***, separate and apart from the impact of the Third Amendment on the market's expectation of declining supply." Pls' Attari Mot. #2 Reply (Class ECF No. 315, Berkley ECF No. 326) at 7 (emphasis added).

At the end of their present motion, Plaintiffs concede—as they must—that "this issue was raised in [their] prior motion." Mot. at 6. But Plaintiffs go on to argue that "it was not resolved by the Court's July 21 ruling." *Id.* That is simply false. In that ruling, the Court specifically *addressed and rejected* Plaintiffs' "investor confidence" argument, saying:

> The only new argument plaintiffs offer in their present motion is that at the first trial, ***Dr. Attari in his testimony***, and defense counsel in closing arguments, ***made statements implying that the event study actually showed that investors were responding positively to the NWS in particular***, violating a "representation" defendants made in their briefing prior to the first trial. But as the trial transcript passages quoted in plaintiffs' own motion show, Dr. Attari was careful never to use the words "Net Worth Sweep" in describing his event study. And to the extent that ***defense counsel argued in closing that Dr. Attari's testimony supports the conclusion that the NWS in particular addressed market concerns***, such statements are consistent with drawing the ***entirely permissible inference*** that shareholders could reasonably have expected FHFA, under the circumstances, to agree to a major part of [the Third Amendment] in its role as conservator. The Court will therefore DENY the motion with respect to the bond yield event study for the same reasons it denied the nearly identical motion prior to the first trial.

Mem. Op. at 3 (Class ECF No. 333, Berkley ECF No. 343) (emphasis added) (internal citations omitted). As shown above, the Court already rejected the same argument that Plaintiffs make again in their present motion. The Court's ruling was clear: Dr. Attari may testify that the bond event study shows that the Third Amendment alleviated bond market concerns over the GSEs'

3

creditworthiness, and Defendants may argue in closing that Dr. Attari's testimony supports the conclusion that the Net Worth Sweep component of the Third Amendment "in particular addressed market concerns." *Id.* The Court found the connection between the Third Amendment and the GSEs' creditworthiness to be an "entirely permissible inference" based on Dr. Attari's testimony about the bond event study. *Id.* Plaintiffs are wrong to suggest that the Court never addressed this argument, and they make no attempt to explain how the Court's ruling is vague, ambiguous, or confusing. The Court's opinion is clear and no clarification is needed.

The Court's ruling is also the law of the case and Plaintiffs "make no effort to explain why the Court should depart from that doctrine here, except to rehash the same arguments they made before." *Berkley Ins. Co.*, 2023 WL 3790739, at *5. Indeed, Plaintiffs expressly incorporate by reference the same documents discussed in their prior (second) motion, which in turn relied on many of the same documents Plaintiffs discussed in their first motion. *See* Mot. at 4-5 (citing and incorporating by reference Class ECF No. 290 at 6-8). Further, the two exhibits attached to Plaintiffs' Motion were among the "[c]ontemporaneous FHFA documents" Dr. Dharan reviewed as part of his now-stricken supplemental expert report, which Plaintiffs cited in their prior (second) motion on this issue. Pls.' Attari Mot. #2 (Class ECF No. 290, Berkley ECF No. 306) at 8.

Nor is reconsideration warranted. Plaintiffs do not, and cannot, identify any "misunderstanding of the parties," explain how the Court's prior decisions "exceeded the issues presented," argue that the Court "failed to consider controlling law," or identify a "significant change in the law" that occurred in the past week. *Pueschel*, 606 F. Supp. 2d at 85. None of these factors are remotely present here. Further, Plaintiffs previously argued that the

reconsideration standard did not apply to their second motion on Dr. Attari's bond event study because that standard "does not apply to evidentiary rulings from a *prior* trial."  Pls' Attari Mot. #2 Reply (Class ECF No. 315, Berkley ECF No. 326) at 2 (emphasis added).  That argument has no merit here, because the Court's most recent rejection of Plaintiffs' arguments to exclude Dr. Attari's testimony is from the *same* trial proceeding.

### B.      Plaintiffs' Arguments Fail on the Merits

While the Court need not reach the merits of Plaintiffs' "clarification" motion, it fails for the same reasons Defendants explained in their prior briefing.  *See generally* Defs.' Opp. to Pls' Attari Mot. #2 (Class ECF No. 306, Berkley ECF No. 320).  This Court has twice held that Dr. Attari may testify about the Third Amendment's impact on the prices of GSE bonds, both times noting that "plaintiffs can always cross-examine Dr. Attari regarding the weight that the jury should give *to the market's reaction to the entire package*."  Mem. Op. (Class ECF No. 333, Berkley ECF No. 343) at 3 (emphasis added) (quoting First Pretrial Op., 2022 WL 13937460, at *1 (D.D.C. Oct. 13, 2022)).  The Court should reach the same conclusion here.

Each time Plaintiffs moved to exclude the bond event study on the grounds that the bond event study was flawed and unreliable, Plaintiffs asserted the same argument: the study was flawed because it allegedly ignored alternative causes for the yield declines and narrowing spreads.[1]  Plaintiffs' arguments still fail.  As Defendants have previously explained, Plaintiffs' contention that Dr. Attari failed to account for the possibility that the decline in yields was caused by the accelerated reduction of the Enterprises' retained portfolios and an associated decrease in supply of bonds is incorrect.  The results of Dr. Attari's bond event study are not reasonably attributable to a market perception that the supply of Enterprise bonds would decline

---

[1]      *See* Pls' Attari Mot. #1 (Class ECF No. 156, Berkley ECF No. 161) at 5; Pls' Attari Mot. #2 (Class ECF No. 290, Berkley ECF No. 306) at 7-8.

as a result of the accelerated reduction of the Enterprises' retained portfolios, because the study

analyzed *long*-term Enterprise bonds not affected by that development.  *See* Defs.' Opp'n to Pls.'

Attari Mot. #2 (Class ECF No. 306, Berkley ECF No. 315) at 6-7.  The Third Amendment

accelerated the Enterprises' reduction of their retained portfolios from 10% per year to 15% per

year until each Enterprise's retained portfolio reached $250 billion.  Before the Third

Amendment, the decline in the Enterprises' retained portfolios was scheduled to be completed by

2021 or sooner.  The Third Amendment's acceleration of the annual decline in the Enterprises'

retained portfolios moved that date up to 2018 or sooner.  As Dr. Attari explains, bonds maturing

after 2022—*i.e.*, the long-term Enterprise bonds analyzed by Dr. Attari—would not be expected

to be impacted by the accelerated reduction of the retained portfolios, because that process was

already accounted for in the market's assessment of these long-term bonds.  *See id.*

Finally, Plaintiffs' renewed focus on documents that purportedly undermine Dr. Attari's

conclusions is misguided.  At most, the documents are fodder for cross-examination, and go to

the weight that should be given to Dr. Attari's opinion, not its admissibility.

## CONCLUSION

Plaintiffs' arguments for exclusion of Dr. Attari's testimony fail, and the Court should

deny Plaintiffs' Motion for Clarification.

Dated: July 30, 2023

Respectfully submitted,

 /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington, D.C. 20001
(202) 942-5000
Asim.Varma@arnoldporter.com
Jonathan.Stern@arnoldporter.com
David.Bergman@arnoldporter.com
Ian.Hoffman@arnoldporter.com
Stanton.Jones@arnoldporter.com

*Attorneys for Defendant Federal Housing
Finance Agency*


 /s/ Michael J. Ciatti
Michael J. Ciatti (D.C. Bar # 467177)
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
Tel: (202) 661-7828
Fax: (202) 626-3737
mciatti@kslaw.com

*Attorney for the Federal Home Loan
Mortgage Corp.*

 /s/ Meaghan VerGow
Meaghan VerGow (D.C. Bar # 977165)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
mvergow@omm.com

*Attorney for the Federal National Mortgage
Association*