# EXHIBIT 2

| | |
|---|---|
| **From:** | Varma, Asim <Asim.Varma@arnoldporter.com> |
| **Sent:** | Thursday, June 8, 2023 10:34 PM |
| **To:** | Robert Kravetz; Hoffman, Ian S.; Jones, Stanton; skaplan@bsfllp.com; Kenya K. Davis; Grant Goodhart; Eric Zagar; Lee Rudy |
| **Cc:** | Stern, Jonathan L.; Bergman, David B.; mvergow@omm.com; MCiatti@kslaw.com |
| **Subject:** | Re: Follow-up on Call [re Mason] |

**[External]**

Thank you, Rocky.

I write to confirm Defendants' agreement on the terms in your emails of 6:00 pm and 10:27 pm today.

Thanks again, Asim

Get Outlook for iOS

---

**From:** Robert Kravetz <Robert.Kravetz@blbglaw.com>
**Sent:** Thursday, June 8, 2023 10:27 PM
**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>; Lee Rudy <lrudy@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

External E-mail

Asim,

As a follow-on to the email below and our subsequent conversation, I wanted to represent the following:

1. Based on our conversations and the representations set forth below, Plaintiffs will not file a motion tomorrow to restrict the scope of cross-examination or argument regarding Dr. Mason's testimony.

2. Plaintiffs understand that Defendants reserve the right to object to any testimony or argument regarding any affirmative Plaintiffs' testimony or argument as to price recovery. Plaintiffs will inform Defendants in advance of opening statements or Dr. Mason's testimony if Plaintiffs seek to present any testimony or argument regarding price recovery so as to allow Defendants a reasonable opportunity to lodge an objection.

Thank you,
Rocky

**From:** Robert Kravetz
**Sent:** Thursday, June 8, 2023 6:00 PM
**To:** Varma, Asim <Asim.Varma@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; skaplan@bsfllp.com; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>; Lee Rudy <lrudy@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

Asim,

Thank you for your email and for the courtesy of a phone call earlier this afternoon.

We appreciate your confirmation that Defendants will not ask Dr. Mason any questions about a purported price recovery in GSE shares following the NWS (*see, e.g.,* Tr. 1523:25-1524:17 (questions about a purported recovery in share prices in September 2012 and October 2012); *see also* Mason Supp. Dep. Tr. 66:6-78:18; 124:4-143:11;162:15- 168:13 (questions about price recovery)); and that Defendants will not otherwise argue to the jury that the share increases after the Third Amendment mitigated damages (*see, e.g.,* Tr. 2687:24-2688:8).   We also understand that Defendants will not present any testimony from Dr. Attari at trial regarding the equity event study.

We confirm that Dr. Mason will not testify that $1.61 billion represents a "conservative" estimate of damages.  Nor will Dr. Mason opine that the GSEs performance since 2012 makes the $1.61 billion measure of damages reasonable.  As we discussed earlier today, some portions of Dr. Mason's supplemental expert report refer to opinions that he previously expressed in his expert report or during prior trial testimony.   We understand that this agreement will not foreclose Dr. Mason from providing testimony at the second trial similar to his testimony at the first trial.

On that point, however, you asked for us to provide the specific portions of Dr. Mason's supplemental expert report that he will not testify about at trial, consistent with our prior discussions about the scope of his testimony.  Pursuant to our agreement, Dr. Mason will not testify about:

- Paragraph 7 (other than the first sentence)
- The last sentence of Paragraph 13
- The last sentence of Paragraph 14
- The last three sentences of Paragraph 15
- Paragraphs 16-18 in their entirety

Please let us know if that is consistent with your understanding, as well.

Finally, we understand this agreement relates only to Dr. Mason's opinions regarding damages and does not foreclose Plaintiffs' from seeking to introduce testimony or evidence through Dr. Mason in Plaintiffs' case-in-chief or rebuttal case that is otherwise admissible.  *See, e.g,* PX-444, PX-445 (admitted at trial without objection); Expert Report §§ V-VI & App. C; PX-442A; Rebuttal Report § IV.A-B ("Opinions on the Attari Report").  The parties reserve all rights to such testimony and evidence.

Please let me know if this accurately describes the scope of our agreement.

Best regards,
Rocky

**From:** Varma, Asim <Asim.Varma@arnoldporter.com>
**Sent:** Thursday, June 8, 2023 11:19 AM

**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; mvergow@omm.com; MCiatti@kslaw.com
**Subject:** RE: Follow-up on Call [re Mason]

**[External]**

Rocky and Sam,

I write to memorialize the terms of proposed agreements we discussed yesterday, June 7, 2023, regarding the parties' potential filings on June 9, 2023.

I proposed that If Plaintiffs confirmed that Dr. Mason would not testify at trial as to any opinions disclosed in his supplemental expert report, Defendants would not file on June 9 a motion in limine seeking to exclude opinions in Dr. Mason's supplemental report.   My understanding is that plaintiffs will provide the confirmation.

Plaintiffs proposed that if Defendants agreed not to ask Dr. Mason questions on "price recovery" or otherwise argue to the jury that the share price increases after the third amendment mitigated damages, Plaintiffs would not file on June 9 a motion seeking such relief.

I now confirm that Defendants agree not to ask Dr. Mason questions on "price recovery" or otherwise argue to the jury that the share price increases after the third amendment mitigated damages.

Please confirm Plaintiffs agree to the terms described above.

Thanks, Asim

---

**From:** Varma, Asim
**Sent:** Wednesday, June 7, 2023 10:22 AM
**To:** Robert Kravetz <Robert.Kravetz@blbglaw.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Jones, Stanton <Stanton.Jones@arnoldporter.com>; zzz.External.skaplan@bsfllp.com <skaplan@bsfllp.com>; Kenya K. Davis <kdavis@bsfllp.com>; Grant Goodhart <GGoodhart@ktmc.com>; Eric Zagar <ezagar@ktmc.com>
**Cc:** Stern, Jonathan L. <Jonathan.Stern@arnoldporter.com>; Bergman, David B. <David.Bergman@arnoldporter.com>; zzz.External.mvergow@omm.com <mvergow@omm.com>; zzz.External.MCiatti@kslaw.com <MCiatti@kslaw.com>
**Subject:** RE: Follow-up on Call [re Mason]

Rocky,

In light of the Court's ruling denying plaintiffs' motion to serve Plaintiffs' experts' supplemental reports, we seek confirmation that Dr. Mason will not testify at trial as to any opinions disclosed in his supplemental expert report.   If so, Defendants do not intend to file on June 9, 2023 a motion in limine regarding Dr. Mason's supplemental report.

Defendants believe that the parties may be able to reach agreement making it unnecessary for Plaintiffs to file a "motion to preclude certain cross-examination of Dr. Mason and argument as to damages" as indicated in your message below.   We would appreciate if plaintiffs would identify the specific relief they would be seeking in the motion if they were to file it.

Feel free to call me if you would like to discuss further.