**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>       Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In Re Fannie Mae / Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>This document relates to:<br>*ALL CASES* | Case No. 1:13-mc-01288 (RCL) |

**REPLY TO OPPOSITON TO PLAINTIFFS' MOTION TO REPLACE THE WORDS "THIRD AMENDMENT" WITH THE WORDS "NET WORTH SWEEP" IN QUESTIONS 1 AND 2 OF VERDICT FORM**

Plaintiffs' motion seeks to modify Questions 1 and 2 of the verdict form in this case to replace "Third Amendment" with "Net Worth Sweep." Plaintiffs filed this motion because (i) the Net Worth Sweep is the only action and component of the Third Amendment that Plaintiffs have ever challenged, (ii) making the change conforms the form to the jury instructions (which repeatedly use the words "Net Worth Sweep"), and (iii) making the change enhances clarity and minimizes the risk of confusion, including any suggestion that Plaintiffs challenge any other provision or must prove that any other provision violated the implied covenant. It seems obvious

that "the Third Amendment" has been used as shorthand for the Net Worth Sweep, but the Verdict Form should be as clear and precise as possible.

Defendants do not address any of these points. Instead, they offer two arguments that fail to provide any basis for denying the requested relief. The first is that the proposed changes are "at odds with the law of the case." According to Defendants, under the "law of the case," the question is whether the "Third Amendment" violated the implied covenant of good faith and fair dealing, not whether the Net Worth Sweep did. Defendants purport to support their argument with citations to various opinions and party filings that use the words "Third Amendment."

This is wrong. As the passages cited by Defendants uniformly make clear, the opinions and papers use the words "Third Amendment" as a shorthand to refer to its "Net Worth Sweep" component. *See, e.g.*, *Perry Capital, LLC v. Mnuchin*, 895 F.3d 591, 598 (D.C. Cir. 2017) ("In 2012, FHFA and Treasury adopted the Third Amendment to their stock purchase agreement, which replaced the fixed 10% dividend with a formula by which Fannie and Freddie just paid to Treasury an amount (roughly) equal to their quarterly net worth, however much or little that may be."); *id*. at 602 ("In simple terms, the Third Amendment requires Fannie and Freddie to pay quarterly to Treasury a dividend equal to their net worth").[1] Likewise, any assertion in the

---

[1] This Court's opinions likewise describe the Third Amendment in terms of the Net Worth Sweep. *Fairholme Funds, Inc. v. FHFA*, 2018 WL 4680197, at *4 (D.D.C. Sept. 28, 2018) ("The Third Amendment changed the government's senior preferred dividend from 10% of the outstanding principal value of the Government Preferred Stock to a quarterly dividend equal to 100% of each company's net worth that exceeded a capital buffer of $3 billion, with that buffer decreasing annually down to zero by 2018."); *Fairholme Funds, Inc. v. FHFA*, 2022 WL 4745970, at *3 (D.D.C. Oct. 3, 2022) ("The Third Amendment replaced the fixed 10 percent dividend each GSE would pay to Treasury with a process known as the 'Net Worth Sweep,' whereby each GSE would be required to pay Treasury the difference between its net worth and a predetermined capital reserve each year, with that capital reserve decreasing until it reached zero in 2018.").

parties' papers suggesting that the "Third Amendment" violated the implied covenant has invariably referred to its Net Worth Sweep component.[2]

Defendants argue that other provisions of the Third Amendment, such as the periodic commitment fee, are "relevant to" Defendants' liability. That is a non sequitur. Nothing in the proposed change to the Verdict Form would prevent Defendants from arguing that other provisions mean that the Net Worth Sweep was reasonable, and did not violate the implied covenant. That was not, and is not, the intention of Plaintiffs' proposed change.

The verdict form, however, risks leaving the prejudicial misimpression that Plaintiffs must *prove* that *other* provisions actually *violated* the implied covenant, and/or that Plaintiffs are

---

[2] This is true in all of the snippets that Defendants cite. *See* Class ECF No. 132-1 at 5 ("The Third Amendment replaced the 10% Senior Preferred Stock dividend with a 'Net Worth Sweep' that required the Companies to pay Treasury a dividend equal to the full amount of their net worth every quarter, minus a small reserve buffer that was set to shrink to zero by 2018."); *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations*, 2021 WL 5799379, at *2 (D.D.C. Dec. 7, 2021) ("The Third Amendment changed the government's senior preferred dividend from 10% of the outstanding principal value of the Government Preferred Stock to a quarterly dividend equal to 100% of each company's net worth that exceeded a capital buffer of $3 billion, with that buffer annually decreasing down to zero by 2018"); Class ECF No. 151 at 2, *Berkley* ECF No. 156 at 2-3 ("Here, Plaintiffs' implied covenant claim arises from FHFA's agreement on behalf of the Companies to enter into the Net Worth Sweep—which promised to give Treasury all the Companies' profits in perpetuity for nothing in return. That determination, in turn, requires analysis of the Companies' expected profitability at the time of the Net Worth Sweep....***For this reason***, the question whether the shareholders reasonably expected the Companies' to ever pay the Periodic Commitment Fee (PCF) is directly relevant to both liability and damages for Plaintiffs' implied covenant claim.") (emphasis added); Class ECF No. 163-1, *Berkley* ECF No. 170-1, ¶ 2 ("Plaintiffs allege that ***this Third Amendment's Net Worth Sweep***…breached the implied covenant of good faith and fair dealing inherent in the certificates of designation applicable to each class members' stock.") (emphasis added); Class ECF No. 164-1, *Berkley* ECF No. 171-1, ¶ 2 ("I have been asked to determine whether ***the Net Worth Sweep*** (1) was reasonably necessary to avoid insolvency or other significant financial harm to the GSEs at the time of the Third Amendment, or (2) otherwise advanced, or was consistent with, FHFA's stated purpose of restoring the GSEs to a sound and solvent financial condition.") (emphasis added); Expert Report of A. Thakor, ¶ 14 ("on August 17, 2012, Treasury and FHFA amended the PSPAs (the 'Third Amendment'), to modify the dividend payable to Treasury beginning on January 1, 2013 to be equal to the positive net worth of Fannie and Freddie, less an applicable capital reserve.") (attached hereto as Exhibit A).

*challenging* other aspects of the Third Amendment. Such provisions could include the accelerated decline of the retained portfolio and/or the suspension of the PCF, both of which are provisions that have been discussed in this case. 7/26/23 Tr. (Afternoon) 67:23-68:1 (stating in Defendants' opening statement that Mr. DeMarco is "going to talk to you about reducing something called the retained portfolio and he's going to explain to you how he understood taking those actions to be in the best interests of the secondary mortgage market"). It is that misimpression (as well as the confusing disconnect with the instructions) that Plaintiffs seek to correct with the proposed amendment.

      Defendants' second argument is that it would risk unfair prejudice and confusion to make the change because the jury may focus on whether the Net Worth Sweep violated the implied covenant. To the contrary, it is the use of the words "Third Amendment" on the verdict form that risks confusing the jury. The jury instructions repeatedly refer to the Net Worth Sweep in discussing the law that the jury must apply. Defendants have no answer to this point, nor do Defendants address the fact that use of the term "Third Amendment" risks confusing the jury into believing that Plaintiffs must show that other aspects of the Third Amendment violated the implied covenant. By suggesting that Plaintiffs must show that the Third Amendment as a whole violated the implied covenant, the verdict form obscures the actual question the jury must decide.

      At the same time, there is no prejudice to Defendants to focusing the jury on the part of the Third Amendment that is and has always been the basis for Plaintiffs' claim. The instructions tell the jury that they must consider all "facts and circumstances" in determining whether the Net Worth Sweep was arbitrary or unreasonable, and Defendants are free to argue that those "facts and circumstances" include any and all purported benefits that resulted from entering into the Third Amendment, including other provisions. Class ECF No. 250 at 8; *Berkley*

4

ECF No. 240 at 8. But as reflected in the jury instructions and has been true since the start of this case, Plaintiffs' claim is that the *Net Worth Sweep* violated the implied covenant, and the verdict form should be conformed with the instructions to focus on that claim.

## **CONCLUSION**

For the foregoing reasons, the motion should be granted.

Dated:  August 6, 2023

*/s/* Charles Cooper
Charles J. Cooper (Bar No. 24870)
David H. Thompson (Bar No. 450503)
Vincent J. Colatriano (Bar No. 429562)
Peter A. Patterson (Bar No. 998668)
Brian W. Barnes (*Pro Hac Vice*)
**COOPER & KIRK, PLLC**
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Berkley Plaintiffs, et al.*

Respectfully submitted,

*/s/* Hamish Hume
Hamish P.M. Hume (Bar No. 449914)
Samuel C. Kaplan (Bar No. 463350)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
hhume@bsfllp.com
skaplan@bsfllp.com

Eric L. Zagar (*Pro Hac Vice*)
**KESSLER TOPAZ MELTZER
   & CHECK, LLP**
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
ezagar@ktmc.com

Michael J. Barry (*Pro Hac Vice*)
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
mbarry@gelaw.com

Adam Wierzbowski (*Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

adam@blbglaw.com

*Co-Lead Counsel for the Class*