**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:13-cv-1053 (RCL) |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |
| In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | |
| _____ | Case No. 1:13-mc-1288 (RCL) |
| This document relates to: ALL CASES | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A CURATIVE**
**INSTRUCTION REGARDING PLAINTIFFS' STATEMENT TO THE JURY THAT**
<u>**A DOCUMENT WAS "NEVER PRODUCED IN THIS CASE"**</u>

**INTRODUCTION**

Plaintiffs' counsel improperly told the jury that a document was "never produced in this case." The resulting prejudice is severe: the jury has been left with the false impression that Defendants withheld an important document on a contested issue in the case, when in fact that document was produced *and is on Plaintiffs' exhibit list*. Had Plaintiffs' counsel not aired an accusation about discovery misconduct in front of the jury, his confusion could have been easily cleared up outside the jury's presence. His prejudicial assertion requires an immediate curative instruction to address the misimpression that Defendants did not provide Plaintiffs with a critical document.

Plaintiffs do not dispute that the discovery accusation in front of the jury was improper. Rather, Plaintiffs now try to shift blame for their error to the cross-examined witness. But Mr. Satriano accurately answered the questions he was asked: Mr. Satriano made clear that he was testifying about a presentation in "2012/2013," and at no point referenced a "pre-Net Worth Sweep" presentation, as Plaintiffs now argue. Plaintiffs are also incorrect that counsel's questions on re-cross resolved the prejudice—in fact, counsel only made things worse, by (again, falsely) suggesting Mr. Satriano's earlier testimony had been incorrect.

Examination in any case is no cure for the prejudice caused by the improper accusation that Defendants withheld documents in discovery. By publicly asserting that a document was "never produced in this case"—an assertion that Plaintiffs now acknowledge was incorrect—Plaintiffs erred, and the error has prejudiced Defendants. The jury must be promptly instructed by the Court in clear and certain terms that the accusation was incorrect.

**ARGUMENT**

As the Court noted during Mr. Satriano's testimony on Wednesday, it was improper for Plaintiffs' counsel to assert a discovery violation in front of the jury. Putting the dispute over

1

Mr. Satriano's testimony to the side, and even assuming that there was a misunderstanding or confusion on the part of Plaintiffs' counsel, Defendants are still prejudiced by the untrue accusation in front of the jury.  This is why counsel should bring discovery issues to the Court outside the presence of the jury.  *See M.H. v. County of Alameda*, No. 11-cv-02868, 2015 WL 894758, at *11 (N.D. Cal. Jan. 2, 2015) (granting motion to preclude mention of movant's failure to produce a document in discovery because "[p]re-trial discovery conduct—as opposed to the materials actually produced in discovery—is usually irrelevant to a jury's consideration of the facts").  Therefore, no matter what Mr. Satriano said, and no matter whether Plaintiffs' mistake was understandable, the fact is that Plaintiffs' counsel made an inaccurate statement about conduct in discovery that is nearly certain to give the jury the impression that Defendants were dishonest.  That requires correction.  Indeed, following Defendants' objection, the Court stated: "The comments made in front of the jury were improper, but I'm not giving an instruction now[,]" Tr. 115:16-18, and suggested it would "straighten it all out" later,  Tr. 116:1.  Defendants respectfully submit that a curative instruction should be given to the jury at the first opportunity.

Without disputing that Plaintiffs' statement at issue was improper and inaccurate, Plaintiffs try to pin responsibility on Mr. Satriano as the source of any misunderstanding.  Opp. at 1-3.  Plaintiffs then assert that any prejudice has been cured through the remainder of Mr. Satriano's testimony.  Opp. at 4-5.  Plaintiffs are wrong on both counts: Mr. Satriano's testimony was clear that he was talking about a document created in 2012 or 2013, and in any event, at no point did Plaintiffs correct the misimpression that Defendants were dishonest.

Mr. Satriano never testified that he prepared a "pre-Net Worth Sweep presentation[.]"

Opp. at 1.  Plaintiffs focus on the phrase "in the event of a net worth sweep" in the below:

```
Q. When I was asking you a moment ago whether there
was any analysis done by FHFA about the DTA write-ups,
nobody at FHFA wrote any sort of analysis of what might
happen if these DTAs that they're sitting on, this $100
billion of assets were written back up, nobody at FHFA wrote
any sort of a memo analyzing the effect of what would happen
in the event of a net worth sweep. Is that your testimony?
A. What we did at FHFA --
Q. I asked you if there was a memo. Is that a
yes-or-no question?
A. There's a presentation that I prepared and
presented to many people within the agency.
Q. [Inaudible]
A. So it wasn't in a memo form, but it was in a
presentation form.
```

Tr. 35:1-12 (emphasis added).  Plaintiffs argue that asking about an analysis "in the event of a

net worth sweep" equates to asking about a "pre-Net Worth Sweep" analysis.  Opp. at 1-3.  It

does not.

As an initial matter, Mr. Satriano *did* create a presentation about what would happen if

there was a DTA release "in the event of a net worth sweep."  He did that in March 2013 and it is

PX-336.  It is not true that "in the event of a net worth sweep" could only mean it had been

created before the Third Amendment was signed.

Moreover, even if Plaintiffs were unsure whether "in the event of a net worth sweep"

pertained only to pre-Net Worth Sweep analyses, Mr. Satriano made clear in the immediately

following testimony that he was talking about a presentation in "2012/2013":

```
Q. Okay.
So you're saying that you showed up at a meeting
with no notes and you just talked about what might happen.
Is that what you're saying?
A. No, that's not what I said.
Q. Okay.
Well, you showed up at a meeting with nothing in
```

3

writing and you started talking; is that right?
**A.** *The question I heard was, Did FHFA or the Office*
*of the Chief Accountant prepare any analysis about the*
*deferred tax assets in the timeframe --* **I'm assuming you are**
**talking about 2012/2013; is that correct**?
**Q.** *Yes. Uh-huh*.
**A.** So I didn't write a memo, but we prepared several
different PowerPoint presentations discussing the issue and
the potential implications and the actions that the agency
was taking during that time.
**Q.** Okay.
So you say you created a PowerPoint presentation
analyzing the potential for DTA write-up?
**A.** And discussing and summarizing the issue, yes.
**Q.** Okay.
*So never produced in this case*. Where is it?
**MR. HOFFMAN:** Objection, Your Honor.
Characterize –
**MR. RUDY:** I asked him where is it.

Tr. 35:16-36:16 (emphasis added)

 Mr. Satriano was not identifying a "pre-Net Worth Sweep" presentation when he

expressly clarified that he was testifying about a "2012/2013" presentation; it necessarily follows

that the presentation could be pre- or post-Net Worth Sweep.  Mr. Satriano sought to clear any

misunderstanding by affirmatively asking "I'm assuming you are talking about 2012/2013; is

that correct?" to which Plaintiffs' counsel responded "Yes."  Tr. 36:1-3.  Having confirmed that

the relevant timeframe was 2012 or 2013, Mr. Satriano testified that he created a PowerPoint

presentation concerning a possible DTA write-up.  Plaintiffs' counsel then stated in open court

and in front of the jury that it was "never produced in this case."  Regardless of intent, Plaintiffs'

incorrect statement was extremely prejudicial.

 A later exchange also does not suggest that Mr. Satriano was testifying about a pre-Net

Worth Sweep analysis.  Mr. Satriano was asked whether there was "a PowerPoint analyzing what

would happen in the event of a DTA write-up in the event of a net worth sweep?"  Tr. 37:22-25.

He answered in the affirmative, consistent with his prior testimony and the documentary

evidence, as PX-336 is a presentation from early 2013 concerning a possible DTA write-up.

Plaintiffs claim that "Mr. Satriano's testimony on re-cross examination made clear that

Defendants' counsel had not violated any discovery protocols or failed to turn over

documents[.]" Opp. at 4-5. The re-cross did no such thing, as shown by the six lines Plaintiffs

rely on:

```
Q. And the questions that I was asking you before,
though, were did you do any sort of written analysis before
the net worth sweep. Right?
A. That's right.
Q. These PowerPoints were after the net worth sweep?
A. That's correct.
```

Tr. 113:10-15. Instead of curing any prejudice, these six lines worsened it by asking non-

sequitur questions that gave the appearance of "correcting" Mr. Satriano's testimony (which was

accurate) without informing the jury that Defendants complied with their discovery obligations.

On re-cross, Mr. Satriano was correct when he answered in the affirmative whether he had

been asked if he did "any sort of written analysis before the net worth sweep." He had been

asked those questions, to which Mr. Satriano responded "I don't know the date, sitting here

today, I can't say yes or no" (Tr. 40:3-6), and that the DTA presentation was not necessarily

before the Net Worth Sweep, but over the "2012/2013" timeframe (Tr. 36:1-3). Mr. Satriano

was also correct when he answered in the affirmative whether these "PowerPoints were after the

net worth sweep[,]" as he would learn that the document in question was PX-336, dated March

2013. There was no error by Mr. Satriano, much less an "admitted error." Opp. at 4. Plaintiffs'

re-cross left the prejudice uncured.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court provide a curative

instruction at the first opportunity to cure the prejudice of Plaintiffs' inaccurate statement to the

jury that a document was "never produced in this case."

Dated: August 7, 2023                          Respectfully submitted,

                                               */s/ Asim Varma*
                                               Asim Varma (D.C. Bar # 426364)
                                               Jonathan L. Stern (D.C. Bar # 375713)
                                               David B. Bergman (D.C. Bar # 435392)
                                               Ian S. Hoffman (D.C. Bar # 983419)
                                               R. Stanton Jones (D.C. Bar # 987088)
                                               ARNOLD & PORTER KAYE SCHOLER LLP
                                               601 Massachusetts Ave. NW
                                               Washington, DC 20001
                                               (202) 942-5000
                                               Asim.Varma@arnoldporter.com
                                               Jonathan.Stern@arnoldporter.com
                                               David.Bergman@arnoldporter.com
                                               Ian.Hoffman@arnoldporter.com
                                               Stanton.Jones@arnoldporter.com

                                               *Attorneys for Defendant Federal Housing
                                               Finance Agency*

*/s/Michael J. Ciatti*                         */s/ Meaghan VerGow*
Michael J. Ciatti (D.C. Bar # 467177)          Meaghan VerGow (D.C. Bar # 977165)
KING & SPALDING LLP                            O'MELVENY & MYERS LLP
1700 Pennsylvania Ave. NW                      1625 Eye St. NW
Washington, DC 20006                           Washington, DC 20006
Tel.: (202) 661-7828                           Tel.: (202) 383-5300
Fax: (202) 626-3737                            Fax: (202) 383-5414
mciatti@kslaw.com                              mvergow@omm.com

*Attorney for the Federal Home Loan            Attorney for the Federal National Mortgage
Mortgage Corp.*                                Association*