# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE, Co., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>  Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In Re Fannie Mae / Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations | Case No. 1:13-mc-01288 (RCL) |
| This document relates to:<br>*ALL CASES* | |

### AGREED UPON TERMS OF JUDGMENT

This action came before the Court for a trial by jury. The issues having been tried and the jury having rendered its verdict on August 14, 2023,

IT IS ORDERED AND ADJUDGED that judgment is hereby entered in favor of Lead Plaintiffs/Class Representatives Joseph Cacciapalle, Michelle M. Miller, Timothy J. Cassell, and Barry P. Borodkin in Case No. 1:13-mc-01288 (RCL) (hereinafter "Class Plaintiffs"), on behalf of themselves and the following Classes that were certified by the Court in its Order of December 7, 2021:

(1) All holders of junior preferred stock in the Federal National Mortgage Association (known as "Fannie Mae") as of December 7, 2021, or their successors in interest to the extent shares were sold after that date and before any final judgment[1] (the "Fannie Mae Preferred Class");

(2) All holders of junior preferred stock in the Federal Home Loan Mortgage Corporation (known as "Freddie Mac") as of December 7, 2021, or their successors in interest to the extent shares were sold after that date and before any final judgment (the "Freddie Mac Preferred Class"); and

(3) All holders of common stock in Freddie Mac as of December 7, 2021, or their successors in interest to the extent shares were sold after that date and before any final judgment (the "Freddie Mac Common Class").

IT IS FURTHER ORDERED AND ADJUDGED that judgment is also hereby entered in favor of Plaintiffs Berkley Insurance Company, Acadia Insurance Company, Admiral Insurance Company, Berkley Regional Insurance Company, Carolina Casualty Insurance Company, Midwest Employers Casualty, Nautilus Insurance Company and Preferred Employers Insurance Company in Case No. 1:13-cv-1053 (RCL) (hereinafter

---

[1] "Final judgment" for purposes of each the definitions of the Classes means the judgment of the Court after (1) any and all appeals to the U.S. Court of Appeals for the D.C. Circuit (the "Court of Appeals") have been adjudicated, or the time for appeal to the Court of Appeals has expired with no appeal having been taken, (2) any and all petitions for writ of certiorari to the U.S. Supreme Court (the "Supreme Court") have been adjudicated, or the time for filing petitions for writ of certiorari has expired with no petition having been filed, and (3) if any petition for writ of certiorari is granted, any and all appeals to the Supreme Court have been adjudicated. *See* ECF No. 140-1 at 6 (Class Notice Stipulation).

"WR Berkley Plaintiffs"), who will recover out of the overall judgment amounts listed for the Classes below;[2]

IT IS FURTHER ORDERED AND ADJUDGED that, for purposes of developing an appropriate claims procedure and Plan of Allocation, this Court shall retain jurisdiction over the claims procedure as well as the nature and amount of the distribution to be made to members of the Classes;[3]

IT IS FURTHER ORDERED AND ADJUDGED that said judgment shall be in the following amounts:

(1) $299,400,000.00 in favor of the Fannie Mae Preferred Class, plus $_____ in prejudgment interest;

(2) $281,800,000.00 in favor of the Freddie Mac Preferred Class;

(3) $31,200,000.00 in favor of the Freddie Mac Common Class,

for a total judgment in the amount of $612,400,000.00, plus $_____ in prejudgment interest;

IT IS FURTHER ORDERED AND ADJUDGED that post-judgment interest shall accrue separately on the principal, prejudgment interest, and costs awarded to each separate Class in this Judgment from the date of entry of this judgment until paid in full, at the rate

---

[2] As noted in the Joint Statement, the Classes and Berkley are continuing to discuss additional language to this paragraph regarding the scope of the Berkley opt out and the allocation of judgment amounts to it.

[3] As noted in the Joint Statement, the Parties have a dispute whether the Judgment can be final and appealable if the Plan of Allocation is not included.

3

established under 28 U.S.C. § 1961, with post-judgment interest computed daily to the date of payment and compounded annually;

IT IS FURTHER ORDERED AND ADJUDGED that taxable costs in this action shall be awarded to Lead Plaintiffs/Class Representatives and their counsel in accordance with Federal Rule of Civil Procedure 54(d)(1) and Local Rule of Civil Procedure 54.1, except that the deadline for the submission of the request for such taxable costs shall be the later of 30 days after the date this Judgment is entered or 30 days after the date this Court disposes of any motion under Federal Rules of Civil Procedure 50, 59, or 60;

IT IS FURTHER ORDERED AND ADJUDGED that:

(1) Judgment in favor of the Fannie Mae Preferred Class shall hereby be entered jointly and severally against Defendants Fannie Mae and the Federal Housing Finance Agency (often referred to as "FHFA" or "the Conservator"), in its role as Conservator of the company known as Fannie Mae;

(2) Judgment in favor of the Freddie Mac Preferred Class shall hereby be entered jointly and severally against Defendants Freddie Mac and FHFA, in its role as Conservator of the company known as Freddie Mac;

(3) Judgment in favor of the Freddie Mac Common Class shall hereby be entered in jointly and severally against Defendants Freddie Mac and FHFA, in its role as Conservator of the company known as Freddie Mac;

IT IS FURTHER ORDERED AND ADJUDGED that the Court shall retain jurisdiction to award attorneys' fees and nontaxable costs in this action, out of the final judgment amounts, to counsel for Lead Plaintiffs/Class Representatives. In accordance

with Federal Rules of Civil Procedure 54(d)(2) and 23(h), the Court extends the deadline for Lead Plaintiffs/Class Representatives and their counsel to make a motion for such attorneys' fees and costs beyond the date that is 14 days from the date of this Judgment, with such deadline being the later of 45 days after the date this Judgment is entered or 30 days after the date this Court disposes of any motion filed under Federal Rule of Civil Procedure 50, 59, or 60, unless set at a different time through subsequent order of this Court.

This is a [final] appealable order  [NOTE: Defendants believe this is only appropriate to include if the Judgment includes the Plan of Allocation], subject to the possibility that the Court may exercise its discretion under Federal Rule of Civil Procedure 58(e) to order that the anticipated motion for attorneys' fees and nontaxable costs under Federal Rules of Civil Procedure 54(d)(2) and 23(h) shall be treated as a timely motion under Rule 59 for purposes of establishing the deadline for filing notices of appeal under Federal Rule of Appellate Procedure 4(a)(4).

SO ORDERED.

DATED this ___ day of_____, 2023.     _____
                                                  Royce C. Lamberth
                                                  United States District Judge