# EXHIBIT C

| | |
|---|---|
| **From:** | Eric Zagar |
| **To:** | Varma, Asim |
| **Cc:** | Robert Kravetz - Bernstein Litowitz Berger & Grossmann LLP (robert.kravetz@blbglaw.com); Adam Wierzbowski; Michael Barry; Hamish Hume; zzz.External.skaplan@bsfllp.com; Lee Rudy; Grant Goodhart |
| **Subject:** | RE: Question re opt out traveling with the share? |
| **Date:** | Friday, December 29, 2023 3:50:08 PM |
| **Attachments:** | 4EAC625A143F414BAEF04E988E8A0B9E.png<br>391D99375CF4404CAD401FB8DB6FE486.png<br>F82E2B6A2EE74E57B62D68527E0185FB.png |

External E-mail

Asim:
Happy new year.

*Urdan v. WR Capital Partners*, 244 A.3d 668, 677-80 (Del. 2020), discusses, in general terms, the distinction between claims that inhere in the shares (and thus travel with the shares) and claims that are personal to the shareholder (and thus do not travel with the shares).

As the Delaware Court of Chancery discussed *in In re Activision Blizzard, Inc. Stockholder Litig.*, 124 A.3d 1025, 1056 (Del. Ch. 2015) regarding a claim for securities fraud, which the Court held was a personal claim, "The property happens to be shares, but the cause of action is not a property right carried by the shares, nor does it arise out of the relationship between the stockholder and the corporation." Likewise, the right to opt out "is not a property right carried by the shares, nor does it arise out of the relationship between the stockholder and the corporation."

Multiple authorities make it clear that the decision to opt out of a class is one that is personal to each class member and must be exercised by each class member individually. *See, e.g.:*

• Comments to the 2003 amendments to Fed. R. Civ. P. 23 ("Exclusion [from a proposed class action settlement] may be requested only by individual class members; no class member may purport to opt out other class members by way of another class action.").

• 3 NEWBERG ON CLASS ACTIONS § 9:49 (5th ed. 2021) ("The right to opt out in a Rule 23(b)(3) class action is considered an individual right. Practically, this means that a plaintiff who chooses to opt out herself may not also opt out a group en masse without the express consent of each individual.").

• *In re Tiktok, Inc., Consumer Privacy Litig.*, 565 F. Supp.3d 1076, 1092-93 (N.D. Ill. 2021) (quoting *In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 241 (3d Cir. 2002) and citing *In re Nat'l Football League Players' Concussion Inj. Litig.*, No. 14-1995, 2019 U.S. Dist. LEXIS 652, 2019 WL 95917, at *5 (E.D. Pa. Jan. 3, 2019); *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 275 (E.D.N.Y. 2017); 3 Newberg on Class Actions § 9:49 (5th ed. 2013)) ("Just as the requirements of notice and opportunity to opt out are designed to protect the due process rights of individual class members, courts have recognized that 'opting out is an individual right' that 'must be exercised individually.'").

• *In re NFL Players' Concussion Injury Litig.*, 2019 U.S. Dist. LEXIS 6154 (E.D. Pa. Jan. 14, 2019):

The right to opt out of a class action is one that must be exercised individually. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998). *See also*

  William Rubenstein et al., Newberg on Class Actions §9:49 (5th ed. 2013) ("The right to opt out in a Rule 23(b)(3) class action is considered an individual right."); *Sloan v. Winn Dixie Raleigh, Inc.*, 25 F. App'x 197, 198 (4th Cir. 2002) (finding that a class representative could not opt out on behalf of individual class members). Indeed, to allow a class representative, counsel, or other individual to opt out on behalf of other class members would "infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members." *Hanlon*, 150 F.3d at 1024 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-77, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974)).

  In light of the foregoing authorities, a class member's decision to opt out of the class applies only to herself, not to any other class member, including a purchaser of her shares.

  In addition, as we have noted, the case law is clear that only class members have standing to comment on or object to a plan of allocation. If you have authority to the contrary, please provide it.

_____
**Eric L. Zagar, Partner**



280 King of Prussia Road
Radnor, Pennsylvania 19087
Direct Dial: (610) 822-2209
Mobile: (215) 421-0314
General Firm Phone: (610) 667-7706
Direct Fax: (267) 948-2512
General Firm Fax: (610) 667-7056
e-mail: ezagar@ktmc.com
Internet: www.ktmc.com

**From:** Varma, Asim
**Sent:** Tuesday, December 26, 2023 2:21 PM
**To:** Robert Kravetz - Bernstein Litowitz Berger & Grossmann LLP (robert.kravetz@blbglaw.com); Eric Zagar
**Subject:** Question re opt out traveling with the share?

Rocky and Eric,

I hope you are having a good holiday. My apologies for interrupting it.

On the meet and confer call the parties had on December 18, 2023 I inquired as to the basis for plaintiffs' conclusion that the opt out does not "travel with the share" but the claim does travel with the share -- the import being that shares identified in the opt out notice if sold after the notice was submitted would permit the shareholder that held the shares on the final judgment date to participate in the recovery from the class action. On the call Eric said that was plaintiffs' understanding of the case law -- that opting out inhered in the holder but the claim did not. On the call, we requested that plaintiffs provide defendants the case law to consider.

I do not believe we received the case law. Could you let me know if plaintiffs could share the case law they are relying on with defendants? We would appreciate seeing the case law at the latest by January 3 so that we have it sufficiently in advance of the January 10 deadline to identify disputed issues.

Thanks very much, Asim

_____

**Asim Varma**

Partner | Bio

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.5180
Asim.Varma@arnoldporter.com

www.arnoldporter.com | LinkedIn

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com