UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERKLEY INSURANCE CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>Defendants. | Case No. 1:13-cv-1053 (RCL) |
| In re Fannie Mae / Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations<br><br>_____<br><br>This document relates to:<br>ALL CASES | Case No. 1:13-mc-01288 (RCL) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR APPROVAL OF POST-JUDGMENT NOTICE AND ENTRY OF SCHEDULING ORDER GOVERNING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**

Defendants respectfully submit this response to Plaintiffs' motion seeking approval of a post-judgment notice to class members and a scheduling order for their forthcoming fee motion (No. 1:13-mc-01288, ECF 432). In making this response, Defendants expressly reserve and do not waive all prior objections to the judgment, notice, plan of allocation, and all orders referenced in the Notice of Appeal filed on April 11, 2025, or otherwise merged in the judgment.

*First*, Defendants object to the definition of "Net Class Award" in Plaintiffs' Proposed Class Notice (ECF 432-1) because it does not include a deduction for the portion of the jury's damages award attributable to shares that were opted out of the classes. In this regard, Plaintiffs'

1

Proposed Class Notice contradicts the Court's March 20, 2024 Judgment (No. 13-mc-01288, ECF No. 421; 13-cv-1053, ECF No. 428), which ordered such a deduction.

Defendants opposed Plaintiffs' Proposed Judgment (ECF 415-1) in part on the ground that damages attributable to shares that were opted out of the classes had not been deducted from the damages amount and thus would be improperly paid to the classes. *See* ECF 417-0. The Court agreed with Defendants and ordered that the judgment "reduce the damages to be distributed by the amount of the jury's damages award attributable to shares held by the few optouts other than the Berkley Plaintiffs." ECF 427 at 2. The Court implemented this modification through the following paragraph in its March 20, 2024 Judgment (where "Specified Shares" refers to the shares identified by the opted-out shareholders):

> IT IS FURTHER ORDERED AND ADJUDGED that the judgment amount for each of the Classes shall be reduced by the sum of damages and interest attributable to "Specified Shares," as defined by the Plan of Allocation, incorporated herein.

*Id.*

Despite that directive, Plaintiffs' Proposed Class Notice does not incorporate any such reduction. Defendants therefore request that the Proposed Class Notice be revised to state expressly that the damages amounts distributed to the classes will be reduced by the amounts attributable to the opted-out shares from each class. In addition, Defendants request that Plaintiffs' forthcoming Plan of Allocation also expressly state the same. To facilitate class members' understanding, Defendants request that both the Class Notice and Plan of Allocation specify the result of reducing the amounts awarded to each class in the March 20, 2024 Judgment by the amounts attributable to the opted-out shares in each class. The number of shares that were opted out (and therefore the portion of the verdict attributable to such shares) will not change.

*Second*, the Court should reject Plaintiffs' request to order that their forthcoming fee motion extend the window for an appeal. Paragraph 1 of Plaintiffs Proposed Order states as follows:

> The Court exercises its discretion under Federal Rule of Civil Procedure 58(e) and hereby orders that Class Counsel's Fee and Expense Request shall have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely filed motion under Federal Rule of Civil Procedure 59.

ECF 432-1 at 2, ¶ 1.

The Court lacks authority under Rule 58(e) to order such treatment of Plaintiffs' forthcoming fee motion because Defendants have already filed a notice of appeal that has become effective. Rule 58(e) states that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act *before a notice of appeal has been filed and become effective* to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e). But here, Defendants already filed a notice of appeal that has become effective. Defendants timely filed their Notice of Appeal on April 11, 2025, within 30 days after the Court denied Defendants' Rule 50(b) Motion for Judgment as a Matter of Law on March 14, 2025 (13-cv-1053, ECF Nos. 439, 440; 13-mc-01288, ECF Nos. 430, 431). And it is "well established that a notice of appeal is effective on the date it is actually filed." *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 367 (5th Cir. 2002). Accordingly, the "filing of th[e] notice of appeal … cut[s] off the court's ability to enter the Rule 58(e) order giving the fee motion tolling effect." 16A Wright & Miller, Fed. Prac. & Proc. Juris. § 3950.4 (5th ed.); *see also* Kenneth J. Servay, *The 1993 Amendments to Rules 3 and 4 of the Federal Rules of Appellate Procedure-A Bridge over Troubled Water-or Just Another Trap?*, 157 F.R.D. 587, 605 (1994) (explaining that if, "on the first day after entry of judgment, a party files a notice of appeal, and later on that same day an attorney's fee motion is filed, the

3

district court would appear to have no authority to extend the appeal time pending consideration of that motion"). The Court should reject Plaintiffs' request because the Court no longer has authority under Rule 58(e) to order that Plaintiffs' forthcoming fee motion extend the window to appeal.

Even if Rule 58(e) still authorized such an order (and it does not), the Court should decline to order that Plaintiffs' forthcoming fee motion extend the appeal window. Defendants are entitled to pursue their appeal rights, and there is no valid justification for further delay in this long-running case.

**Third**, Plaintiffs' proposed Notice of Verdict and Judgment (ECF 432-1) should include notice that the judgment has been appealed.

**Finally**, Plaintiffs' proposed order (ECF 432-1) Paragraph 2 (and all related provisions relating to the post-judgment hearing) should provide that the hearing will occur after the United States Court of Appeals for the District of Columbia Circuit's ruling on the pending appeal. The Court should require that within ten days after the D.C. Circuit's ruling, the parties will file a joint status report concerning the ruling and its effect on the scope of or need for any hearing. Doing so will preserve party, class member, and judicial resources in the event the decision of the court of appeals materially changes the nature and scope of the judgment.

Dated: April 23, 2025

Respectfully submitted,

 /s/ Asim Varma
Asim Varma (D.C. Bar # 426364)
Jonathan L. Stern (D.C. Bar # 375713)
David B. Bergman (D.C. Bar # 435392)
Ian S. Hoffman (D.C. Bar # 983419)
R. Stanton Jones (D.C. Bar # 987088)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW

        Washington, DC 20001
        (202) 942-5000
        Asim.Varma@arnoldporter.com
        Jonathan.Stern@arnoldporter.com
        David.Bergman@arnoldporter.com
        Ian.Hoffman@arnoldporter.com
        Stanton.Jones@arnoldporter.com

        *Attorneys for Defendant Federal Housing Finance Agency*

| /s/ Michael J. Ciatti | /s/ Meaghan VerGow |
|---|---|
| Michael J. Ciatti (D.C. Bar # 467177) | Meaghan VerGow (D.C. Bar # 977165) |
| KING & SPALDING LLP | O'MELVENY & MYERS LLP |
| 1700 Pennsylvania Ave. N.W. | 1625 Eye Street, N.W. |
| Washington, DC 20006 | Washington, DC 20006 |
| Tel: (202) 661-7828 | Tel: (202) 383-5300 |
| Fax: (202) 626-3737 | Fax: (202) 383-5414 |
| mciatti@kslaw.com | mvergow@omm.com |
| *Attorney for the Federal Home Loan Mortgage Corporation* | *Attorney for the Federal National Mortgage Association* |